UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., | |
| Plaintiffs, | Index No.: 3:03 CV 222 (JBA) |
| - against – | |
| FISHER-PRICE, INC., | February 6, 2004 |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT UNDER RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs, Victor G. Reiling Associates ("Reiling") and Design Innovation, Inc. ("DI") (collectively, "Plaintiffs" or "Inventors"), submit this Memorandum of Law in support of their Motion for Leave to File a Second Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

In late 2003, well after the filing of the First Amended Complaint in this action on May 1, 2003, Plaintiffs learned that Defendant Fisher-Price, Inc. ("Fisher-Price") had significantly altered its "Rescue Heroes" product line. Specifically, Fisher-Price ceased manufacturing and selling the "Voice Tech Video Mission" line of action figures that formed the basis for the claims in Plaintiffs' Amended Complaint and instead replaced it with an action figure product line that used a new mechanism for displaying an image on the figure's backpack. Fisher-Price also introduced several new accessories and line extensions related to its "Rescue Heroes" line.

**ORAL ARGUMENT NOT REQUESTED**

Importantly, Fisher-Price's new action figures are strikingly similar to Plaintiffs' second and third product concept submissions that Fisher-Price considered and rejected in March 1999 and January 2001. Accordingly, Plaintiffs seek to file a Second Amended Complaint primarily to add Fisher-Price's recently-discovered products to the present lawsuit.

Plaintiffs submit that the Court should permit them to file a Second Amended Complaint because the proposed amendments are not futile, Plaintiffs have acted in good faith and without undue delay and Fisher-Price will not suffer undue prejudice because only minimal additional discovery will be needed by the parties. In addition, practical considerations favor granting Plaintiffs the relief sought herein. Indeed, the interests of justice and judicial economy are better served by having all of Plaintiffs' claims that form part of the case or controversy between the parties tried in a single proceeding, rather than engaging in piecemeal litigation by requiring Plaintiffs to file a second lawsuit.

For all of these reasons, the Court should grant Plaintiffs' motion and allow Plaintiffs to File a Second Amended Complaint.

## I.    BACKGROUND AND PROPOSED AMENDMENTS

Plaintiffs commenced this action by filing a Complaint on or about January 31, 2003. Plaintiffs' original Complaint asserted causes of action for breach of express contract, breach of implied-in-fact contract, misappropriation, statutory unfair competition, common law unfair competition and an accounting arising out of Fisher-Price's failure to compensate Plaintiffs for the company's use of Plaintiffs' novel toy concept in connection with Fisher-Price's "Voice Tech Video Mission Rescue Heroes" toy line.

On April 24, 2003, the Court held a pre-motion conference for the purpose of considering Fisher-Price's proposed motion to transfer this action to the U.S. District Court for the Western District of New York.   During that conference, Plaintiffs clarified that their express contract claim was not based upon the parties' long-expired Option Agreement, as Fisher-Price contended.   Plaintiffs obtained the Court's permission to file an amended complaint for the purpose of withdrawing their express contract claim.

Plaintiffs filed the First Amended Complaint on May 1, 2003. The First Amended Complaint did not enlarge the factual allegations asserted in the original Complaint because Plaintiffs had no knowledge of any other products or toy line extensions related to Fisher-Price's Rescue Heroes line at that time.   (Declaration of Victor G. Reiling, dated February 4, 2004 ("Reiling Decl.") ¶ 2.)

Fisher-Price moved to dismiss or transfer the action on venue grounds on May 15, 2003. The Court denied Fisher-Price's motion in a written opinion dated July 31, 2003.

Thereafter, in late 2003, Plaintiffs first learned of several additional action figures, accessories and toy line extensions that had been released or were to be released by Fisher-Price under the Rescue Heroes trademark.  (Reiling Decl. ¶¶ 3-4.)   Specifically, Plaintiffs discovered:

- A line of toys called Mission Select Rescue Heroes.  In addition to action figures, these products included the Mission Select Police Cruiser, the Mission Select Firetruck and the Mission Select Mountain Action Command Center.  (Reiling Decl. ¶ 3.)

- Additional products that were released in connection with the Voice Tech Video Mission Rescue Heroes line of toys.   These products included the Rescue Firetruck, the Rescue Jet, the Police Cruiser and the Aquatic Rescue Command

Center. (Reiling Decl. ¶ 4.)

Importantly, the Mission Select Rescue Heroes line of toys closely resembles Plaintiffs' concept as submitted to Fisher Price in Plaintiffs' second and third submissions. (Reiling Decl. ¶ 3.)

Sometime later in 2003, Plaintiffs learned of yet another new line of Rescue Heroes toys, the "Optic Force" Rescue Heroes. (Reiling Decl. ¶ 5.) Again, this toy line is remarkably similar to the concept that Plaintiffs had submitted to Fisher-Price and even includes a camera man character, "Telly Photo," that is virtually identical in design and appearance to the storyboard artwork submitted with Plaintiffs' first "Reel Heroes" submission. (Reiling Decl. ¶ 5.)

On December 10, 2003, at his deposition taken by Fisher-Price, Plaintiff Victor G. Reiling first learned of the Voice Tech Mission Command line of toys that pre-dated the Voice Tech Video Mission Rescue Heroes toy line referenced in the First Amended Complaint and original Complaint. (Reiling Decl. ¶ 6.) This Mission Command toy line apparently used special "mission command" cards that were inserted into the Rescue Hero character's backpack to provide an image of a "mission" with accompanying sound. (Reiling Decl. ¶ 6.) Although this line of toys came out before the Voice Tech Video Mission Rescue Heroes toy line, Plaintiff Victor G. Reiling had never encountered this product line until his deposition. (Reiling Decl. ¶ 6.)

Finally, Plaintiffs have also since learned of a Rescue Heroes movie available on video and DVD that shows the characters using their Mission Select equipment, and a line of videos, DVDs, computer games and video games that have been released and/or are being released concurrent with the Voice Tech Video Mission Rescue Heroes line of toys, the Mission Select Rescue Heroes line of toys, and the Optic Force Rescue Heroes line of toys. (Reiling Decl. ¶ 7.)

Plaintiffs did not learn of these product extensions until after the filing of the First Amended Complaint. (Reiling Decl. ¶ 7.)

The proposed amendments to the First Amended Complaint simply expand the factual bases for the already alleged causes of action to encompass the newly discovered Rescue Heroes action figures, accessories and toy line extensions. Plaintiff does not seek to assert any new causes of action in the Second Amended Complaint. (Plaintiffs' proposed Second Amended Complaint and a red-lined version (without exhibits) for the Court's ease of reference are attached to Plaintiffs' Motion as indicated).

On February 2, 2004, counsel attended a Status Conference before the Honorable Janet B. Arterton. At the conference, Defendant's counsel refused to consent to the filing of an amended complaint by Plaintiffs.

## II.    ARGUMENT

Plaintiffs seek leave to file a Second Amended Complaint pursuant to Rule 15(a), or in the alternative, 15(d), of the Federal Rules of Civil Procedure.[1]  Regardless of the precise applicable provision of Rule 15, there is little doubt that Plaintiffs have satisfied Rule 15's liberal amendment standards.

### A.    Federal Rule of Civil Procedure 15(a)

The text of Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wells v. Harris*, 185 F.R.D. 128, 131 (D. Conn. 1999). This Court has broadly construed the phrase "when justice so requires" in considering motions for leave to amend out of consideration for the

---

[1]   Rule 15(a) deals with amendments generally, while Rule 15(d) addresses supplemental pleadings setting forth events subsequent to the filing of the complaint.

"general policy of the Federal Rules to permit and encourage disposition of litigation on the merits." *Wells*, 185 F.R.D. at 131 (*citing Grand Sheet Metal Prods. v. Aetna Cas. & Sur.*, 500 F. Supp. 904, 907 (D. Conn. 1980). Accordingly, courts generally grant such motions "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment." *Id.* (quoting *Foman*, 371 U.S. at 182). Moreover, "where the amended claim was obviously one of the objects of discovery and related closely to the original claim," the Second Circuit Court of Appeals has applied "freely given" leave to amend under Rule 15(a). *Id.* (citing *State Teachers Ret. Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981), *cited in Tokio Marine & Fire v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986)). Plaintiffs have satisfied all of the Rule 15(a) criteria.

First, there will be no undue prejudice to Fisher-Price should the Court grant Plaintiffs' Motion. The proposed amendments to the First Amended Complaint simply expand the factual bases for the already alleged causes of action to encompass the newly discovered Rescue Heroes action figures, accessories and toy line extensions. Indeed, the amplification of existing allegations is one of the "clearest cases for leave to amend." *Id.* (quoting *Price v. Int'l Union*, 621 F. Supp. 1243, 1245 (D. Conn. 1984)).

Plaintiffs' proposed amended complaint will not unduly burden Defendant by significantly enlarging the discovery process. Plaintiffs estimate that an extension of the current March 3, 2004 discovery deadline of no more than two months would be required in light of the filing of Plaintiffs' Second Amended Complaint. Plaintiffs have already sought discovery related to these newly discovered action figures, accessories and toy line extensions under the

Rescue Heroes trademark.  As such, Defendant is already on notice as to the discoverable information that Plaintiffs are seeking with respect to these additional action figures, accessories and toy line extensions, which consists primarily of sales figures that Fisher-Price has thus far refused to produce on relevancy grounds.  Besides sales figures, Plaintiffs anticipate that their expert, James Kipling, Esq., will need to file a supplemental report for the purpose of permitting Mr. Kipling to opine whether the newly-discovered Fisher-Price products are also based on or derived from Plaintiffs' concept submissions.  Plaintiffs anticipate that Fisher-Price will seek to re-depose Mr. Kipling.  Similarly, Defendant will likely seek to supplement the Expert Report of its witness, Mr. Howard Bollinger, dated February 3, 2004.[2]  Otherwise, Plaintiffs do not anticipate that Fisher-Price will need significant additional discovery since Plaintiffs' claims related to the newly-discovered products are based upon the same three product concept submissions that form the basis of the First Amended Complaint.  Moreover, many of the newly-discovered products were marked as exhibits during the depositions of Plaintiffs' fact and expert witnesses, and Defendant questioned Plaintiffs' witnesses in detail about these products.  Even so, whatever burden is placed on Fisher-Price to take additional discovery in this lawsuit will be far less than the burden Fisher-Price will incur if the discovery process were to begin anew in a second lawsuit.

Second, the amendments that Plaintiffs are seeking are not futile.  In many cases, the newly discovered Rescue Heroes action figures, accessories and toy line extensions come even closer to Plaintiffs' second and third concept submissions than the Voice Tech Video Mission Rescue Heroes line of toys that is referenced in the First Amended Complaint.  Plaintiffs' second and third submissions demonstrated different ways that the original concept could be executed,

---

[2] Plaintiffs have yet to depose Fisher-Price's expert witness.  If Fisher-Price ultimately does not contest this motion, Plaintiffs will likely delay deposing Fisher-Price's expert until after he prepares a supplemental report.

7

in response to Defendant's assertion that the original execution was too expensive. As such, it is imperative that this lawsuit encompass the newly-discovered products. Moreover, there is no danger that any of Plaintiffs' claims as they relate to the newly-discovered products are time-barred by any statute of limitation.

Third, Plaintiffs have not unduly delayed in filing this motion, particularly in light of the fact that they only discovered the additional action figures, accessories and toy line extensions under the Rescue Heroes trademark in late 2003. (Reiling ¶¶ 3-6). This Court has found that a seven-month time period following the triggering factor for seeking a motion for leave to amend was "not undue delay within the spirit of Rule 15(a)." *Wells*, 185 F.R.D. at 132. Here, the period has been far shorter and, therefore, does not constitute undue delay under the circumstances.

Fourth, Plaintiffs do not have a bad faith motivation for filing another amended complaint. Rather, Plaintiffs' motive for seeking to file an amended complaint is a good faith attempt to resolve all of their outstanding issues with Fisher-Price in a single proceeding. Indeed, the new circumstances would provide Plaintiffs with a good faith basis for filing a separate complaint against Defendant and could lead to a prolonged and costly second litigation for both parties.

Finally, Plaintiffs' should not be penalized for failing to include the additional products at issue in their First Amended Complaint because Plaintiffs had no knowledge of these additional products as of May 1, 2003.

Because there is no apparent or declared reason that would prohibit granting Plaintiffs' Motion for Leave to File an Amended Complaint under Rule 15(a) of the Federal Rules of Civil

Procedure, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a Second Amended Complaint.

**B.    Federal Rule of Civil Procedure 15(d)**

Rule 15(d) of the Federal Rules of Civil Procedure provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have taken place since the filing of the original pleading. *Wells*, 185 F.R.D. at 132. The "purpose of subdivision (d) is to promote as complete an adjudication of the dispute between the parties as is possible." *6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §1504 at 177 (1990).* Leave to serve a supplemental pleading should be freely "granted where such supplementation will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay of trial, inconvenience, and will not prejudice the rights of any of the other parties to the action." *Wells*, 185 F.R.D. at 132 (citing *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989); *accord Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)).

All of the factors in this case weigh in favor of allowing Plaintiffs to file their proposed Second Amended Complaint, and Defendant's refusal to consent to the Second Amended Complaint is patently unreasonable.

The proposed Second Amended Complaint seeks to obtain a final resolution of all conceivable disputes between the parties arising out of Defendant's misappropriation of Plaintiffs' concept and breach of implied-in-fact contract. It will achieve such final resolution by amplifying existing causes of action so that they encompass all now known Fisher-Price products that are covered by Plaintiffs' concept submissions. As such, the proposed Second Amended

Complaint will promote the economic and speedy disposition of all of the issues between the parties. Unless Plaintiffs are permitted to supplement their First Amended Complaint to incorporate these issues into this litigation, they will have to commence a second lawsuit in order to obtain adjudication of these issues. Such a second litigation between the parties would unnecessarily waste judicial resources and inflict needless additional burden and expense.

Defendant has thus failed to advance any legitimate reason for the denial of Plaintiffs' request to amend and/or supplement its First Amended Complaint to enlarge the factual bases of the causes of action to encompass the recently discovered action figures, accessories and toy line extensions offered by Fisher-Price under the Rescue Heroes trademark so that the entire controversy between the parties can be resolved for all time in a coherent and consistent manner.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Plaintiffs' Motion for Leave to File a Second Amended Complaint or Supplemental Complaint under Rule 15 of the Federal Rules of Civil Procedure be granted in all respects.

Dated: Norwalk, Connecticut
       February 6, 2004

                        Respectfully Submitted,

                        GRIMES & BATTERSBY, LLP

                        By: _____
                            Gregory J. Battersby (Bar No.7386)
                            Edmund J. Ferdinand, III (Bar No. 21287)
                            Russell D. Dize (Bar No. 23064)
                            Jessica L. Elliott (Bar No. 24871)
                            488 Main Avenue, Third Floor
                            Norwalk, Connecticut 06851-1008
                            (p) (203) 849-8300
                            (f) (203) 849-9300

                            Attorneys for Plaintiffs Victor G. Reiling
                            Associates and Design Innovation, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiffs' Memorandum of

Law in Support of Plaintiffs' Motion for Leave to File Amended Complaint under Rule 15 of the

Federal Rules of Civil Procedure has been served upon Defendant Fisher Price, Inc., on this 6th

day of February 2004, via U.S. Mail, First Class, postage prepaid, to:


Bradford S. Babbitt, Esq.
Michael J. Kolosky, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York  14203-2391


Jessica L. Elliott