Service: **Get by LEXSEE®**
Citation: **185 frd 128**

*185 F.R.D. 128, \*; 1999 U.S. Dist. LEXIS 5520, \*\**

EDWIN E. WELLS, JR., RICHARD M. CAN, TRUSTEE FOR AROCHEM INTERNATIONAL, INC. ET AL., Plaintiffs v. WILLIAM HARRIS, ET AL., Defendants

B:89cv391 (WWE), B:89-CV-482 (WWE)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

185 F.R.D. 128; 1999 U.S. Dist. LEXIS 5520

March 26, 1999, Decided
March 26, 1999, Filed

**DISPOSITION:** [\*\*1] Trustee's Motion for Leave to Amend and Supplement Complaint and To Sever Causes of Action [Doc. No. 540] GRANTED IN PART and DENIED IN PART.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff trustee moved for the entry of an order, pursuant to Fed. R. Civ. P. 15(a) and 15(d), for leave to file an amended and supplemental complaint. Plaintiff further moved for entry of an order, pursuant to Fed. R. Civ. P. 21, severing his derivative claims against individual defendants into a separate action.

**OVERVIEW:** Plaintiff trustee sued individual defendants, in three derivative claims, contending that they exercised control over a certain corporation for their own purposes and financial gains, ultimately leading to the company's insolvency and bankruptcy liquidation. After a stay of litigation was lifted, plaintiff moved for leave to amend and supplement the amended complaint and to sever the three derivative claims. The court found that this was not a rare case in which amendment should be denied because there was no undue delay within the spirit of Fed. R. Civ. P. 15(a), and there was bit a dilatory motive or bad faith on plaintiff's part. Further, the court found that plaintiff's amplified claims related back to the date of the original amended complaint because they arose out of the same core of operative facts as the causes of action in the amended complaint. Therefore, defendants could not claim undue burden, prejudice or surprise. Accordingly, the court granted leave to amend the complaint. However, in the interests of judicial economy, the court denied that part of plaintiff's motion which sought to sever the derivative causes of action.

**OUTCOME:** Plaintiff trustee's motion for leave to amend and supplement complaint and to sever causes of action was granted in part and denied in part. That part of the motion, which sought to amend and supplement the complaint, was granted because there was not the rare type of case in which amendment should be denied. That part of his motion, which sought to sever the derivative causes of action, was denied in the interest of judicial economy.

**CORE TERMS:** causes of action, wrongful conduct, discovery, undue delay, freely, statute of limitations, occurrence, derivative, supplemental pleading, motion to amend, supplemental, revised, set forth, amend, sever, protracted, mediation, amplified, Federal Rules, alternative theories, course of conduct, reasonable notice, proper subject, date of filing, leave to file, time barred, side-by-side, prejudiced, premature, surprise

**LexisNexis (TM) HEADNOTES - Core Concepts -** ◆ Hide Concepts

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings

*HN1* Fed. R. Civ. P. 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief; he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason, then leave sought should be freely given. The phrase "freely given when justice so requires" is to be broadly construed to comport with the general policy of the federal rules to permit and encourage disposition of litigation on the merits. It is rare that leave to amend should be denied. Just as a court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, it should not deny leave to file a proposed amended complaint unless that same rigorous standard is met. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Relation Back

*HN2* Fed. R. Civ. P. 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Where a revised pleading contains alternative theories based on the same core facts as presented in a prior pleading, the alternative pleadings relate back to the original. Provided the amended is based on the same series of transactions and occurrences alleged in the original pleading, the revised pleading will relate back to the original pleading, even where the revised pleading contains legal theories not included in the original. Rule 15(c) is also to be liberally construed. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Supplemental Pleadings

*HN3* Fed. R. Civ. P. 15(d) permits a party to move to serve a supplemental pleading and the district court may grant such a motion, in the exercise of its discretion, upon reasonable notice and upon such terms as may be just. Leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading. It should also be granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay of trial, inconvenience and will not prejudice the rights of any other party. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings

*HN4* A defendant is not prejudiced by an amendment adding allegations of further wrongful conduct by the defendant against the background of many similar allegations. Amplification of previously alleged claims is one of the clearest cases for leave to amend. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings

*HN5* If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded to test his claims on the merits. The adverse party's burden of undertaking discovery, standing alone, does not warrant denial of a motion to amend a pleading. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Supplemental Pleadings

*HN6* Fed. R. Civ. P. 15(d) provides that, upon motion of a party, the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a

supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. More Like This Headnote

**COUNSEL:** For EDWIN E. WELLS, JR., STETSON CAPITAL CORP., consolidated plaintiffs (89-CV-391): Michael A. Caddell, Caddell & Chapman, Houston, TX.

For STETSON CAPITAL CORP., STETSON PETROLEUM AND PETROCHEMICAL VENTURES, INC., consolidated plaintiffs (89-CV-391): James C. Graham, Pepe & Hazard, Hartford, CT.

For EDWIN E. WELLS, JR., STETSON CAPITAL CORP, defendants (89-CV-391): Marc Edrich, James C. Graham, Pepe & Hazard, Hartford, CT.

For S. L. HUTCHISON, CRAIL FUND, VICTORY OIL CO., VICTORY HOLDING CO., defendants (89-CV-391): Scott S. Centrella, Diserio, Martin, O'Connor & Castiglioni, Stamford, CT USA.

For S. L. HUTCHISON, ROBERT JOHNSON, ERIC C. JOHNSON, CRAIL FUND, VICTORY OIL CO., VICTORY HOLDING CO., defendants (89-CV-391): Richard E. Castiglioni, Diserio, Martin, O'Connor & Castiglioni, Stamford, CT USA.

For S. L. HUTCHISON, VICTORY OIL CO., VICTORY HOLDING CO., defendants (89-CV-391): Patrick Lynch, O'Melveny & Myers, Los Angeles, CA.

For ROBERT JOHNSON, ERIC C. JOHNSON, CRAIL FUND, defendants (89-CV-391, 89-CV-482): [**2] Patrick Lynch, O'Melveny & Myers, Los Angeles, CA.

For S. L. HUTCHINSON, VICTORY HOLDING COMPANY, VICTORY OIL COMPANY, defendants (89-CV-482): Patrick Lynch, O'Melveny & Myers, Los Angeles, CA.

For S. L. HUTCHISON, VICTORY OIL CO., VICTORY HOLDING CO., defendants (89-CV-391): Andrew J. Frackman, O'Melveny & Myers, New York, NY.

For ROBERT JOHNSON, ERIC C. JOHNSON, CRAIL FUND, defendants (89-CV-391, 89-CV-482): Andrew J. Frackman, O'Melveny & Myers, New York, NY.

For S. L. HUTCHINSON, VICTORY HOLDING COMPANY, VICTORY OIL COMPANY, defendants (89-CV-482): Andrew J. Frackman, O'Melveny & Myers, New York, NY.

For S. L. HUTCHISON, VICTORY OIL CO., VICTORY HOLDING CO., defendants (89-CV-391): Phillip R. Kaplan, O'Melveny & Myers, Newport Beach, CA.

For ROBERT JOHNSON, ERIC C. JOHNSON, CRAIL FUND, defendants (89-CV-391, 89-CV-482): Phillip R. Kaplan, O'Melveny & Myers, Newport Beach, CA.

For S. L. HUTCHINSON, VICTORY HOLDING COMPANY, VICTORY OIL COMPANY, defendants (89-CV-482): Phillip R. Kaplan, O'Melveny & Myers, Newport Beach, CA.

For ALLEN PETROLEUM & PETROCHEMICAL VENTURES, INC., defendant (89-CV-391): James C. Graham, Pepe & Hazard, Hartford, CT.

For [**3] WILLIAM R. HARRIS, defendant (89-CV-482): David L. Lewis, Lewis & Fiore, New York, NY.

For AROCHEM INTERNATIONAL, INC., defendant (89-CV-482): Michael A. Caddell, Scott W. MacDonald, Caddell & Chapman, Houston, TX.

For ROBERT MEISTER, defendant (89-CV-482): James T. Cowdery, Leigh A. Newman, Cowdery & Ecker, Hartford, CT.

For HARRY E. PEDEN, defendant (89-CV-482): Henry K. Snyder, Whitman, Breed, Abbott & Morgan, Greenwich, CT.

For ALLAN J. LEE, defendant (89-CV-482): Lawrence M. Harnett, Richard B. Friedman, Marks & Murase, New York, NY USA.

For ALLAN J. LEE, defendant (89-CV-482): Mark Stern, Stern & Schrage, Westport, CT.

For AROCHEM INTERNATIONAL, INC., STETSON PETROLEUM & PETROCHEMICAL VENTURES, INC., consolidated defendants (89-CV-391): Michael A. Caddell, Caddell & Chapman, Houston, TX.

For AROCHEM INTERNATIONAL, INC., consolidated defendants (89-CV-391): Scott W. MacDonald, Caddell & Chapman, Houston, TX.

For ROBERT MEISTER, consolidated defendant (89-CV-391): James T. Cowdery, Leigh A. Newman, Cowdery & Ecker, Hartford, CT.

For HARRY E. PEDEN, III, consolidated defendant (89-CV-391): Richard F. Lawler, Henry K. Snyder, Whitman, [**4] Breed, Abbott & Morgan, Greenwich, CT.

For HARRY E. PEDEN, III, consolidated defendant (89-CV-391): Gary P. Rosenthal, Whitman, Breed, Abbott & Morgan, New York, NY.

For ROBERT JOHNSON, ERIC C. JOHNSON, consolidated defendants (89-CV-391): Scott S. Centrella, Diserio, Martin, O'Connor & Castiglioni, Stamford, CT USA.

For ROBERT JOHNSON, ERIC C. JOHNSON, consolidated defendants (89-CV-391): Patrick Lynch, O'Melveny & Myers, Los Angeles, CA.

For ROBERT JOHNSON, ERIC C. JOHNSON, consolidated defendants (89-CV-391): Andrew J. Frackman, O'Melveny & Myers, New York, NY.

For ROBERT JOHNSON, ERIC C. JOHNSON, consolidated defendants (89-CV-391): Phillip R. Kaplan, O'Melveny & Myers, Newport Beach, CA.

For RICHARD M. COAN, Trustee, trustee (89-CV-391, 89-CV-482): Timothy D. Miltenberger, New Haven, CT.

For RICHARD M. COAN, Trustee trustee (89-CV-391, 89-CV-482): Michael A. Caddell, Scott W. MacDonald, Caddell & Chapman, Houston, TX.

For EDWIN E. WELLS, JR., STETSON CAPITAL CORP., STETSON PETROLEUM & PETROCHEMICAL VENTURES, INC., plaintiffs (89-CV-482): Marc Edrich, James C. Graham, Pepe & Hazard, Hartford, CT.

For EDWIN E. WELLS, JR., STETSON PETROLEUM [**5] & PETROCHEMICAL VENTURES, INC., plaintiffs (89-CV-482): Keith P. Ellison, Caddell & Chapman, Houston, TX.

For EDWIN E. WELLS, JR., STETSON CAPITAL CORP., STETSON PETROLEUM & PETROCHEMICAL VENTURES, INC., plaintiffs (89-CV-482): Michael A. Caddell, Caddell & Chapman, Houston, TX.

**JUDGES:** WARREN W. EGINTON, SENIOR UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** WARREN W. EGINTON

**OPINION:** [*130] **RULING ON TRUSTEE'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT AND TO SEVER CAUSES OF ACTION**

**INTRODUCTION**

Plaintiff Richard M. Coan, Trustee of the Bankruptcy Estates of Arochem International, Inc. and Arochem Corporation (the "Trustee") moves this Court for the entry of an order, pursuant to Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure, for leave to file his Trustee's Amended and Supplemental Complaint. The Trustee further moves for an entry of an order, pursuant to Rule 21 of the Federal Rules of Civil Procedure, severing the Trustee's claims into a separate action.

**STATEMENT OF FACTS**

The Court sets forth only those facts deems necessary to an understanding of the issues in, and decision rendered on, this Motion. After ten years of protracted litigation, the parties [**6] are intimately familiar with the facts of this case.

This action arises out of the demise of Arochem Corporation and Arochem International, Inc. (collectively "Arochem") and the alleged participation of the defendants in the activities that led to that demise. Arochem operated from 1988 until 1992. Throughout this time period, the Trustee contends that William Harris and the other defendants exercised control over Arochem for their own purposes and financial gains, ultimately leading to the company's insolvency and bankruptcy liquidation.

Plaintiffs filed an amended complaint on April 10, 1990, alleging an ongoing pattern of wrongful conduct by defendant William Harris, various officers and directors of Arochem, and others. Included in the amended claims were three derivative claims asserted on behalf of Arochem. It is now alleged that the course of wrongful conduct underlying the three claims continued well after the filing of the amended complaint, and Arochem was ultimately destroyed. Arochem was placed in involuntary Chapter 11 proceedings on February 4, 1992. Those proceedings were later converted to a voluntary Chapter 7 litigation, and the Trustee was permanently appointed [**7] on September 30, 1992. On June 14, 1995, this Court granted the motion of Edwin E. Wells, Jr. to join and substitute the Trustee as party plaintiff in the three derivative claims.

Upon the bankruptcy of Arochem, the automatic stay caused this litigation to become dormant. Prior to the bankruptcy, in the spring of 1991, this Court had entered a Consolidated Pretrial Discovery Order, which Order provided for double tracking of deponents that were divided into nine groups by issue. Only a fraction of the scheduled depositions were taken prior to the bankruptcy.

In a status conference held on February 14, 1994, this Court indicated that further litigation of this action should proceed in a stepwise fashion. The Court indicated that prior to recommencing discovery, a number of matters needed to be resolved, including the appointment of special counsel to the Trustee and resolution of any and all objections to the counsel of the Trustee's choice, the law firm of Cadell & Chapman. This choice, in and of itself, took four years of protracted litigation before this Court filed its opinion, on January 6, 1998, affirming the Order of the Bankruptcy Court authorizing the retention of Cadell [**8] & Chapman as special counsel to the Trustee.

This litigation has also been subject to mediation orders in the Arochem bankruptcy. On January 20, 1995, the Bankruptcy Court issued a Notice of Appointment of Mediator to all parties in interest in the Arochem bankruptcy. On September 5, 1996, the Bankruptcy Court issued an Order Referring Matters to Mediation, which Order encompassed this action. Mediation pursuant to that Order has been ongoing. As a result of this process, the Trustee has recently concluded a proposed settlement agreement with three of Arochem's primary lenders under Arochem's $ 245 million Revolving Credit Agreement. However, no resolution of the disputes at issue in this case has been achieved. Chief Judge Alan H.W. Shiff lifted [*131] the Order of Mediation as to this proceeding on March 26, 1999. Accordingly, the Trustee now moves this Court for leave to amend and supplement the amended complaint and to sever the three derivative claims.

**LEGAL ANALYSIS**

**A. The Standards of Review**

**I. Federal Rule of Civil Procedure 15(a)**

The seminal case of Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962) set forth the standard by which a motion [**9] to amend pursuant to Rule 15(a) of the Federal Rules should be judged:

> HN1
>
> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc. -- then leave sought should, as the rules require, be "freely given."

The Second Circuit Court of Appeals has applied the Foman rule where the amended claim was obviously one of the objects of discovery and related closely to the original claim. State Teachers Retirement Board v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981), cited in Tokio Marine & Fire v. Employers Ins. Of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)(both cases permitting amendment).

The phrase contained in Rule 15(a) -- that leave to amend pleadings [**10] is to be "freely given when justice so requires" -- is to be broadly construed to comport with the general policy of the Federal Rules to permit and encourage disposition of litigation on the merits. This is well settled law. Grand Sheet Metal Products v. Aetna Cas. & Sur., 500 F. Supp. 904, 907 (D.Conn. 1980). It is "rare" that leave to amend should be denied. Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991). Just as a court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", Conley v. Gibson, 355 U.S. 41, 45-6, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957), it should not deny leave to file a proposed amended complaint unless that same rigorous standard is met. Ricciuti, 941 F.2d at 123.

**II. Federal Rule of Civil Procedure 15(c)**

HN2 Rule 15(c) provides in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set [**11] forth in the original pleading. . . .

The Second Circuit has repeatedly made clear that where a revised pleading contains alternative theories based on the same core facts as presented in a prior pleading, the alternative pleadings relate back to the original. n1 Provided the amended pleading is based on the same series of transactions and occurrences alleged in the original pleading, the revised pleading will relate back to the original pleading, even where the revised pleading contains legal theories not included in the original. White v. White Rose Food, 128 F.3d 110, 116 (2d Cir. 1997); Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114, 125 (2d Cir. 1994). In Shane v. Connecticut, 821 F. Supp. 829, 834 (D.Conn. 1993) this Court wrote: "Although these counts were added after the original complaint was filed, their date of filing relates back to the date of filing of the original complaint because they arise out of the same core of operative facts as the other causes of action in the complaint."

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 This is especially true when one of the defenses to the relation back of amendments is the statute of limitations.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [**12]

As within the entire purview of Rule 15, Rule 15(c) is also to be liberally construed. [*132] Siegel v. Converters Transp., Inc., 714 F.2d 213, 216 (2d Cir. 1983).

### III. Federal Rule of Civil Procedure 15(d)

HN3 Fed.R.Civ.P. 15(d) permits a party to move to serve a supplemental pleading and the district court may grant such a motion, in the exercise of its discretion, upon reasonable notice and upon such terms as may be just. Leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading. It should also be granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay of trial, inconvenience and will not prejudice the rights of any other party. Bornholdt v. Brady, 869 F.2d 57, 68 (2d Cir. 1989). Accord Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995).

### B. The Standards As Applied

### I. Federal Rule of Civil Procedure 15(a)

The Trustee's amended complaint falls squarely within the strictures and policy of Rule 15(a). This is not the "rare" case in which the amendment should be denied. See [**13] Ricciuti, 941 F.2d at 123.

Initially, there has been no undue delay in the filing of this motion. The Trustee was not responsible for the four years of protracted litigation over his choice of special counsel. It was not until January of 1998 that special counsel was finally appointed and the motion to

amend, supplement and sever was filed a scant seven months later. This is not an undue delay within the spirit of Rule 15(a). Likewise, there has been no dilatory motive on the Trustee's part and, most assuredly, no bad faith.

The Court also finds that the defendants will not be prejudiced by the Trustee's amended complaint. The Court has performed a thorough comparison between the original amended complaint and the proposed amended complaint and finds that the wrongful course of conduct as alleged in the 1990 amended complaint is alleged to have continued until 1992. HN4 A defendant is not prejudiced by an amendment adding allegations of further wrongful conduct by the defendant against the background of many similar allegations. Malave v. Bolger, 599 F. Supp. 221, 224 (D. Conn. 1984). As noted above, a side-by-side comparison of the allegations contained in both complaints fully [**14] negates a claim of surprise or prejudice. "Amplification of previously alleged claims is one of the clearest cases for leave to amend." Price v. International Union, United Auto. Aerospace & Agric. Workers, 621 F. Supp. 1243, 1245 (D. Conn. 1984)

**II. Federal Rule of Civil Procedure 15(c)**

The identical analysis is present under section (c) of Rule 15. The side-by-side review of the amended complaint and the proposed complaint clearly shows that the claims against defendant Peden were present in the original amended complaint and are amplified in the proposed amended complaint. The amplified claims, as alleged, relate back to the date of the original amended complaint because they arise out of the same core of operative facts as the causes of action in the amended complaint. Peden, therefore, cannot claim undue burden, prejudice or surprise. Despite its apparent age, and because of its unique circumstances, this case is still in its infancy and full discovery will take care of the assertions to the contrary in defendant Peden's moving papers.

This Court has clearly expressed the policy underlying the relation back of alternative theories when it stated that:

> Whether [**15] to permit an amendment is not decided by mechanically measuring it against a statute of limitations. Once a complaint has been served, the policy behind the statute of limitations has been satisfied so long as the different theories introduced by the amendment fuse together within the "conduct, transaction, or occurrence" set forth in the complaint. . . It is not unreasonable to require [a defendant] to anticipate all theories of recovery and prepare its defense accordingly . . . . The question is whether the defendant ought to have known from the original [*133] complaint the facts which the plaintiff is now adding.

Zagurski v. American Tobacco Co., 44 F.R.D. 440, 442-43 (D. Conn. 1967). This Court finds that defendant Peden could well have anticipated the amplified allegations, based on the facts set forth in the original amended complaint.

The Court also finds, based on the authorities cited by defendant Peden, that it is premature to assert that the breach of contract and Connecticut Unfair Trade Practices claim are without merit, therefore "futile" within the meaning of Rule 15(c). Futility has been narrowly construed in the Second Circuit. See Ryder Energy Distrb. [**16] Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 783 (2d Cir. 1984), cited in Ferber v. Travelers Corp., 785 F. Supp. 1101, 1112 (D. Conn. 1991). If a cause of action is colorable, leave should be given to amend. Ryder, 748 F.2d at 783. The Court finds that the amended causes of action fall within this category as to defendant Peden.

So, too, do the amended causes of action against the Victory Group, which allege conspiracy to breach fiduciary duties and RICO violations. The original amended complaint alleged breach of fiduciary duty and causes of action well within the RICO statute. It would not be within the letter, spirit and mandate of Rule 15(c) for the Court to find that these allegedly "new" causes of action do not relate back to the original complaint, as a review of both complaints has revealed. The allegations of the amended complaint served Victory with the notice required within the meaning of the statute of limitations. The new claims are therefore not time barred, thus, they are not "futile" within the meaning of Rule 15(c) and it is premature to so claim. Such is the purpose of discovery and dispositive motion practice. "HN5 If the underlying facts or [**17] circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded to test his claims on the merits . . . . The adverse party's burden of undertaking discovery, standing alone, does not warrant denial of a motion to amend a pleading." United States ex rel Maritime Admin. V. Continental Illinois Nat'l Bank & Trust Co., 889 F.2d 1248, 1254-55 (2d Cir. 1989).

The Court will allow the amended complaint under the auspices of Rule 15(c).

III. **Federal Rule of Civil Procedure 15(d)**

HN6 Rule 15(d) provides in pertinent part:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

The supplemental events alleged in the proposed amended and supplemented complaint are precisely the type of events contemplated by Rule 15(d). These events are directly connected to, and a continuation of, the defendants' wrongful conduct as set forth in plaintiffs' prior amended complaint as, again, a comparison of the two complaints demonstrates. [**18] In contrast to defendants' claims, the amended complaint made the continuing nature of their conduct clear. Defendants seemingly argue that they should not be held accountable to answer to allegations of a course of continued wrongdoing, because their alleged wrongful conduct occurred after the filing of the amended complaint. They claim these are "new events" and are therefore time barred. Such a claim is directly contrary to the language of Rule 15(d). Where, as here, the original amended complaint placed the defendants on notice that the alleged wrongful conduct was of a continuing nature, the defendants are expected to defend against all the claims arising out of that course of conduct, whether accruing before or after the amended complaint was filed. "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. V. ITT Continental Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1981), cert. denied 459 U.S. 825, 74 L. Ed. 2d 61, 103 S. Ct. 57, 103 S. Ct. 58 (1982).

[*134] The Court will grant the Trustee's Motion [**19] under the aegis of Rule 15(d), also.

**CONCLUSION**

The Trustee's Motion for Leave to Amend and Supplement Complaint and To Sever Causes of Action [Doc. No. 540] is hereby GRANTED IN PART and DENIED IN PART. That part of the motion which seeks to amend and supplement his complaint is GRANTED. That part of his

Get a Document - by Citation - 185 F.R.D. 128
Case 3:03-cv-00222-JBA   Document 37-2   Filed 02/06/2004   Page 10 of 10   Page 10 of 10

motion which seeks to sever the derivative causes of action is DENIED, in the interest of judicial economy.

SO ORDERED

WARREN W. EGINTON

SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this 26th day of MARCH, 1999.

Service: Get by LEXSEE®
Citation: 185 frd 128
View: Full
Date/Time: Friday, February 6, 2004 - 11:31 AM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any Shepard's signal to Shepardize® that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.