UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC., :
:
    Plaintiffs, : Civil No. 303CV222 (JBA)
v. :
:
FISHER-PRICE, INC., :
:
    Defendant. : FEBRUARY 18, 2004

## DECLARATION IN SUPPORT
## OF MOTION TO STRIKE

    STAN CLUTTON, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following is true and correct:

    1.    I am the Senior Vice-President of Inventor Relations for Fisher-Price, Inc. ("Fisher-Price"), defendant in this action. I make this declaration in support of Fisher-Price's motion to strike from the proposed Second Amended Complaint (if plaintiffs' motion to amend is granted) statements relating to settlement discussions between Fisher-Price and plaintiffs.

    2.    I have reviewed the proposed Second Amended Complaint submitted to the Court by plaintiffs. In paragraph 40 of the proposed Second Amended Complaint, plaintiffs have stated:

> "After the First Amended Complaint was filed, Defendant threatened to terminate its business relationship with Plaintiff DI unless DI withdrew from the lawsuit. Because the business relationship between Defendant and DI results in significant business to DI, DI considered this request. However, DI was then

> informed that not only would DI have to withdraw from the lawsuit in order to maintain the business relationship, but Reiling would have to withdraw as well. When Reiling refused to withdraw, Defendant terminated its business relationship with DI. The foregoing acts by Defendant constitute tortious interference with the business relationship between Reiling and DI in that Defendant has attempted and continues to attempt to force DI to use its influence with Reiling to persuade Reiling to withdraw from the lawsuit."

Another reference to the settlement discussions appears in plaintiffs' fourth cause of action for common law unfair competition, specifically at paragraph 57.

3. I was solely responsible for discussing with plaintiffs settlement of this matter and did so starting in September, 2003. Any direct discussions between Fisher-Price and DI or Reiling were settlement discussions, and were understood to be discussions only in furtherance of settlement. The only discussions that ever occurred relating to the possibility that Fisher-Price would cease doing business with Design Innovation were related to settling this case.

4. In fact, I provided Design Innovation and Reiling with a letter stating that the meeting in September was being conducted for settlement purposes, and that "[p]ursuant to Federal Rule of Evidence 408, the content of the meeting, including any oral or written statements made in the context of the meeting or any follow-up discussions among the parties, are confidential, not subject to discovery, inadmissible and are made without prejudice to any claims or defenses." Both Reiling and DI countersigned the letter. A copy of this letter is attached as Exhibit A.

5.  As a result, Fisher-Price respectfully requests that if the plaintiffs are permitted to amend their First Amended Complaint, that such amendment not contain any references to settlement discussions had between the parties be stricken from the Second Amended Complaint.

Dated: February 18, 2004

_____
Stan Clutton

_____
JACQUELINE COTTIERS
Notary Public - State of New York
No. 01CO6042167
Qualified in Bronx County
My Commission Expires May 15, 2006

# EXHIBIT A

*ATTACHED FOR STAN - SIGNATURE PAGE*

September 19, 2003

Victor G. Reiling Associates
119 North Main Street
P.O. Box 677
Kent, CT 06757

Design Innovation
20 Tower Lane
Avon, CT 06001

Gentlemen:

    Re:  Victor G. Reiling Associates & Design Innovation v. Fisher-Price, Inc.;
           Civil No. 303CV222(JBA)

This letter confirms that Victor G. Reiling Associates, Design Innovation, and Fisher-Price, Inc. will be meeting on September 23, 2003 to discuss the disputes in the action referred to above relating to Reel/Real Heroes. The parties will meet among themselves and without the presence of counsel. Attendees of the meeting are limited to Mr. Reiling, Bruce Popek, and Douglas Melville, on behalf of plaintiffs, and Stan Clutton and Steve Toth on behalf of Fisher-Price.

This letter also evidences the agreement of all of the parties that the meeting is being conducted for settlement purposes. Pursuant to Federal Rule of Evidence 408, the content of the meeting, including any oral or written statements made in the context of the meeting or any follow-up discussions among the parties, are confidential, not subject to discovery, inadmissible and are made without prejudice to any claims or defenses.

Please countersign where indicated to confirm this agreement.

Very truly yours,

*Stan Clutton* (signature)

Stan Clutton

Senior Vice President, Inventor Relations,
Licensing and New Business

Fisher-Price, Inc.

Victor G. Reiling and Design Associates
September 11, 2003
Page 2

*[signature]*

Steve Toth

Fisher Price

Director of Inventor Relations

*[signature]*

Victor G. Reiling Associates

*[signature]*
BRUE P. PARK, PRESIDENT

Design Innovation

BFLODOCS 551264v1 (28%8011.DOC)