UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> FISHER-PRICE, INC., <br><br> Defendant. | Index No.: 3:03 CV 222 (JBA) <br><br><br> March 3, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs, Victor G. Reiling Associates ("Reiling") and Design Innovation, Inc. ("DI") (collectively, "Plaintiffs"), respectfully move the Court for an Order, pursuant to Rule 37 of the Federal and Local Rules of Civil Procedure, compelling Defendant Fisher-Price, Inc. ("Fisher-Price") to produce certain documents requested by Plaintiffs to which Defendant has objected. The documents requested by Plaintiffs relate to outside inventor submissions made to Defendant from 1996 through 2000 that have resulted in or have been incorporated into commercialized products.

One of the defenses raised by Defendant in this action is that none of its "Rescue Heroes" products use, are based on or were influenced by Plaintiffs' concept as reflected in Plaintiffs' 1998, 1999 and 2000 submissions to Fisher-Price. (See Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File a Second Supplemental Complaint at 6, 13). Put another way, Defendant argues that Plaintiffs are not owed a royalty because its "Rescue

Heroes" action figures display images on their backpacks in a manner that is different from Plaintiffs' concept, akin to a defense of non-infringement in a patent case.

Plaintiffs obviously take a contrary view, contending that Defendant takes a far too narrow view of Plaintiffs' concept submission and that certain of Defendant's "Rescue Heroes" figures in fact display images on the backpacks in a manner that is covered by Plaintiffs' concept. To this end, Plaintiffs contend that it has long been the custom and practice in the toy industry that concept submissions made to toy companies by outside inventors are routinely changed by the time finished products incorporating the concept are ultimately offered for sale by the toy company, and the inventors are still paid a royalty for use of their concept or for products based on or influenced by the concept, regardless of any changes to the concept submissions. (See Declaration of James M. Kipling in Support of Plaintiffs' Motion to Compel Discovery, dated March 2, 2004, annexed to Plaintiffs' Motion to Compel Discovery ("Kipling Dec.") ¶¶ 3 - 5).

The documents at issue in this motion are crucial to support Plaintiffs' claims that they are owed a royalty for Defendant's unauthorized use of their concept because the documents will reveal the extent to which Defendant has paid a royalty to outside inventors in the past for products that were revised, enhanced or changed from the time of their original submission by the outside inventor. As such, the documents will likely undermine Defendant's defense that no "Rescue Heroes" products use, are based on or were influenced by Plaintiffs' concept.

Finally, Plaintiffs' document request, as revised in order to minimize the burden to Defendant, is not unduly burdensome because, in the estimation of Plaintiffs' expert, the number of products offered for sale by toy companies each year based on outside inventor submissions,

with a concomitant royalty obligation, is in fact quite small (approximately 10 per year). (Kipling Dec. ¶ 9).

## I.     PROCEDURAL BACKGROUND

Plaintiffs served a Second Request for Production of Documents to Defendant Fisher-Price on December 16, 2003. (Declaration of Russell D. Dize in Support of Plaintiffs' Motion to Compel Discovery, dated March 3, 2004, annexed to Plaintiffs' Motion to Compel Discovery ("Dize Dec.") ¶ 2, Exh. A). As part of their Second Request for Production of Documents, Plaintiffs requested that Defendant produce certain documents related to concept submissions made to Defendant by outside toy inventors that ultimately resulted in commercialized products. (*Id.* ¶ 3). Requests 19 through 22 of Plaintiffs' Second Request for Production of Documents pertain to these documents. (*Id.* Exh. A). Specifically, Plaintiffs made the following requests:

Request No. 19

> All documents that refer or relate to concept submissions made to Fisher-Price since January 1, 1998, including, but not limited to, all concept disclosure forms.

Request No. 20

> All agreements between inventors and Fisher-Price executed since January 1, 1998, including, but not limited to, all option agreements.

Request No. 21

> For each concept submission that is responsive to Request #19 herein, samples and photographs of the final product introduced by Fisher-Price.

Request No. 22

> For each agreement that is responsive to Request #20 herein, samples and photographs of the final product introduced by Fisher-Price.

(*Id.*, Exh. A).

On January 27, 2004, Defendant objected to each of these requests. (Id. ¶ 4, Exh. B). Specifically, Defendant objected to these requests as "overbroad, unduly burdensome and as seeking irrelevant information which is not likely to lead to the discovery of admissible evidence. (Id., Exh. B at 9-10). The same objection was raised to each of the four requests for production outlined above. (Id.)

On February 2, 2004, the Court conducted a Status Conference during which this discovery dispute was discussed. (Id. ¶ 5). Specifically, counsel for Defendant indicated that the requested documents were not relevant to any of the defenses raised by Defendant. (Id.) However, on February 11, 2004, during a telephone conversation with Robert J. Lane, Jr., lead counsel for the Defendant, Mr. Lane confirmed that one of Defendant's defenses in this action is that it did not use Plaintiffs' concept – that the concept is not included in any of Defendant's current products. (Id. ¶ 6).

On February 19, 2004, counsel for Plaintiffs wrote to counsel for the Defendant in an attempt to resolve the discovery dispute. (Id. ¶ 7, Exh. C). In an effort to resolve the dispute, Plaintiffs consolidated the four disputed discovery requests into one revised, narrowed request. (Id.) Plaintiffs narrowed the request by limiting it only to products that were actually commercialized (i.e., offered for sale) by Defendant, and by further limiting it to outside inventor submissions made to Defendant during a specific five year period of time. (Id.) Specifically, Plaintiffs' made the following consolidated request:

> All documents that refer or relate to outside inventor submissions made to Fisher-Price from 1996 through 2000 that have resulted in or have been incorporated into commercialized products (i.e., products offered for sale) by Fisher-Price, including, but not limited to: (a) documents reflecting each such submission and the corresponding concept disclosure forms; (b) any option agreement or license agreement relating thereto; and (c) a sample of the final product or a catalog page depicting the final product commercialized by Fisher-Price.

4

(*Id.*, Exh. C).

On February 25, 2004, counsel for Plaintiffs again wrote to counsel for the Defendant in an attempt to resolve the discovery dispute, requesting confirmation that Defendant would produce documents responsive to the consolidated request. (*Id.* ¶ 8, Exh. D). On February 26, 2004, counsel for Defendant responded and indicated that Defendant maintained its previous objections with respect to the consolidated request. (*Id.* ¶ 9, Exh. E).

Plaintiffs have submitted a declaration from counsel certifying that Plaintiffs have conferred with counsel for the Defendant in an effort in good faith to resolve by agreement the issues raised by this motion without the intervention of the Court, but the parties have been unable to reach such an agreement. (*Id.* ¶ 11).

## II.  RELEVANCE OF PLAINTIFFS' REQUEST FOR DOCUMENTS

"The standard for granting a motion to compel is clear. 'The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Massaro v. Allingtown Fire Dist.*, 2003 U.S. Dist LEXIS 17927 at *4 (D. Conn. Apr. 25, 2003) (Dorsey, J.) (granting motion to compel in part) (quoting *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P 26(b)(1); *Massaro*, 2003 U.S. Dist. LEXIS at *4-5.

As discussed above, Plaintiffs have made the following consolidated request for production:

> All documents that refer or relate to outside inventor submissions made to Fisher-Price from 1996 through 2000 that have resulted in or have been incorporated into commercialized products (*i.e.*, products offered for sale) by Fisher-Price, including, but not limited to: (a) documents reflecting each such submission and the corresponding concept disclosure forms; (b) any option agreement or license agreement relating thereto; and (c) a sample of the final product or a catalog page depicting the final product commercialized by Fisher-Price.

(Dize Dec. ¶ 7, Exh. C). Defendant has objected to the foregoing consolidated request as "overbroad, unduly burdensome and as seeking irrelevant information which is not likely to lead to the discovery of admissible evidence." (*Id.*, Exh. B at 9-10) (*See also* Exh. E, incorporating previous objections).

The requests for production to which Defendant has objected are relevant and material to this proceeding, and should be complied with. (Dize Dec. ¶ 10). The requested documents are relevant in that one of Defendant's defenses in this action is that it did not use Plaintiffs' concept. (*Id.*) Implicit in this defense is an argument that Plaintiffs' submissions were not incorporated into the products actually produced by Defendant (*i.e.*, the products actually produced were not "close enough" to Plaintiffs' submissions). (*Id.*) In view of that defense, Plaintiffs are entitled to review past submissions made by outside inventors to Defendant, any resulting agreements relating thereto and the final products that Defendant ultimately commercialized. (*Id.*) These documents have probative value as to the extent to which Defendant has considered past products that it has commercialized to "read on" the corresponding concept submissions from outside inventors. (*Id.*) These documents are essential to Plaintiffs' case and Plaintiffs will need to explore these documents, once they are produced, with both Stan Clutton, Senior Vice

President of Inventor Relations of Fisher-Price, and Howard Bollinger, Defendant's expert witness, both of whom have been noticed for deposition. (*Id.*)

Central issues in this case are the extent to which concept submissions made to toy companies by outside toy inventors are changed by the time finished products incorporating the concept are ultimately offered for sale by the toy company, and the extent to which inventors are entitled to royalties for use of their concept or for products based on or influenced by the concept, regardless of changes to the concept submissions. (Kipling Dec. ¶ 3).

Toy concepts are usually disclosed by outside inventors to toy manufacturers in the form of "kit-bash" models that may use pieces of existing toy and non-toy products assembled by the inventor and used to demonstrate the structure and/or function of a proposed toy concept, as well as in the form of drawings and/or written descriptions. (Kipling Dec. ¶ 4). It is fully understood and widely accepted in the toy industry that manufacturers expect to acquire new toy properties from inventors in "concept" form and to expend substantial company resources in refining, embellishing and expanding those concepts into "finished" licensed products and product lines. (*Id.*)

James M. Kipling, Plaintiffs' expert witness, has indicated that he does not recall the occurrence of any manufacturer's marketing a product in the form submitted by an outside inventor. (*Id.* ¶ 5). The custom and practice for the 25 plus years of his participation in the industry has been to compensate inventors and designers for the underlying concept in its various product line manifestations regardless of revisions, enhancements and changes made by the toy company subsequent to submission. (*Id.*)

In this case, Defendant seeks to avoid payment of a royalty to Plaintiffs on the grounds that, *inter alia*, it did not "use" Plaintiffs' concept in the Rescue Heroes line and that the

7

Defendant's products were not "based on" or "influenced by" Plaintiff's concept. (*Id* ¶ 6). In Fisher-Price's Memorandum in Opposition to Plaintiffs' Motion to Amend, Defendant states that "it is undisputed that Fisher-Price never used the concepts reflected on any of the three submissions submitted by plaintiffs...." (Defendant's Memorandum in Opposition to Plaintiffs' Motion to Amend and in Support of its Motion to Strike, dated February 20, 2004 ("Def. Opp.") at 6); (Kipling Dec. ¶ 6). In addition, Defendant states that "Fisher-Price never made or sold a Rescue Heroes figure embodying the essential elements of plaintiffs' 1998 Submission;" "Fisher-Price never manufactured a Rescue Heroes figure embodying the essential elements of the 1999 Submission;" and "Fisher-Price never manufactured a Rescue Heroes figure with the essential elements of the 2000 Submission . . . ." (Def. Opp. at 13) (Kipling Dec. ¶ 6). Moreover, in its Answer and Affirmative Defenses to Amended Complaint, Defendant on three separate occasions "...denies any implication that Fisher-Price's product was *based on* or *influenced by* plaintiff's submission..." (Answer and Affirmative Defenses to Amended Complaint, dated May 15, 2003, at 13, 18 and 20) (emphasis added); (Kipling Dec. ¶ 6).

    The documents that Plaintiffs have requested are essential to Plaintiffs' case in that they will demonstrate that the custom and practice in the industry, as evidenced by Defendant's own actions, has been to compensate inventors and designers for the underlying concept in its various product line manifestations regardless of revisions, enhancements and changes made by the toy company subsequent to submission. (Kipling Dec. ¶¶ 7-8). These documents will also demonstrate the extent to which Fisher-Price has considered past products offered for sale by the company to use, be based on or influenced by concept submissions from outside toy inventors. (*Id.*)

Moreover, Plaintiffs' requests are narrowly tailored in that they are limited only to products that were actually commercialized (*i.e.*, offered for sale) by Defendant, and they are further limited to outside inventor submissions made to Defendant during a specific five year period of time. (Dize Dec. ¶ 7). According to Plaintiffs' expert witness, during his career at Kenner Products and Hasbro, Inc., of the hundreds of concepts that were submitted by outside inventors for consideration by the company, on average only about ten of the company's products offered for sale each year were subject to license agreements with outside inventors. (Kipling Dec. ¶ 9). Accordingly, Plaintiffs' request would not result in a document production that would be unduly burdensome.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its Motion to Compel Discovery and that Defendant be ordered to produce documents in accordance with Plaintiffs' consolidated request for production.

Dated: Norwalk, Connecticut
March 3, 2004

Respectfully Submitted,

GRIMES & BATTERSBY, LLP

By: _____
Gregory J. Battersby (Bar No. 7386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
Jessica L. Elliott (Bar No. 24871)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300

Attorneys for Plaintiffs Victor G. Reiling Associates and Design Innovation, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Memorandum of Law in Support of Plaintiffs' Motion to Compel Discovery has been served upon defendant Fisher-Price, Inc., on this 3rd day of March 2004, via U.S. Mail, First Class, postage prepaid, to:

Bradford S. Babbitt, Esq.
Michael J. Kolosky, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

_____
Russell D. Dize

LEXSEE 2003 U.S. DIST. LEXIS 17927

RICHARD F. MASSARO, Plaintiff, -vs- ALLINGTOWN FIRE DISTRICT, et al., Defendants.

Civil No. 3:02cv537 (PCD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2003 U.S. Dist. LEXIS 17927

April 25, 2003, Filed

**SUBSEQUENT HISTORY:** Motion granted by, Sanctions allowed by, in part *Massaro v. Allingtown Fire Dist.*, 2003 U.S. Dist. LEXIS 17929 (D. Conn., Aug. 2, 2003)

**DISPOSITION:** Plaintiff's motion to compel granted in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In plaintiff former employee's suit against defendant former employer and others, relating to termination of the employee's employment, the employee moved to compel the production of documents by the employer pursuant to Fed. R. Civ. P. 34. The employee also moved for sanctions against the employee, under Fed. R. Civ. P. 37(d), for its refusal to produce the requested documents.

**OVERVIEW:** The employee served the employer with a request for production, comprising 45 separate requests. The employer ultimately provided four boxes of photocopied documents allegedly lacking any labeling associating the documents as responsive to one of the 45 requests. The employee argued that employer should have been compelled to respond to his discovery requests, as its production was inadequate, disorganized and incomprehensible. The court found that the employer did not comply with Fed. R. Civ. P. 34(b). However, the relevant question before the court was whether the employer failed to produce requested documents without a legitimate basis for refusing to do so. The employer claimed that documents concerning the instant suit or its subject matter and documents pertaining to claims or defenses of the employer were protected by the attorney-client privilege. The court found that these requests were blanket requests seeking all documents relevant to the case without qualification and could not be read as possessing the degree of particularity required by Fed. R. Civ. P. 34(b). Otherwise, the employer had conceded its obligation to produce documents responsive to all other requests.

**OUTCOME:** The district court granted the employee's motion to compel in part, ordering the employer to comply with all requests for production, with the exception of requests for documents claimed to be privileged, to the extent it had not done so already.

**CORE TERMS:** discovery, pertaining, responsive, motion to compel, extension of time, boxes, forty-five, photocopies, written response, objected, lapsed, present motion, fully complied, termination, discipline, labeling

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Civil Procedure > Discovery Methods > Requests for Production & Inspection*
[HN1] See Fed. R. Civ. P. 34(a).

*Civil Procedure > Disclosure & Discovery > Relevance Civil Procedure > Discovery Methods > Motions to Compel*
[HN2] The standard for a granting a motion to compel is clear. The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.

*Civil Procedure > Disclosure & Discovery > Relevance*

Case 3:03-cv-00222-JBA   Document 49   Filed 03/03/2004   Page 14 of 16

2003 U.S. Dist. LEXIS 17927, *                                       Page 2

[HN3] See Fed. R. Civ. P. 26(b)(1).

*Civil Procedure > Disclosure & Discovery > Undue Burden*
[HN4] The scope of discovery is not without bounds, and limitations are imposed where the discovery is unreasonably cumulative or duplicative, overly burdensome or expensive or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). An order compelling discovery may be tailored to the circumstances of the case.

*Civil Procedure > Discovery Methods > Requests for Production & Inspection*
[HN5] A request for production need not specifically identify documents sought but may permissibly identify documents by individual item or by category. Fed. R. Civ. P. 34(b). Serving two requests, one of which seeks all documents relevant to a 16-count complaint, the other seeking all documents relevant to the answer, satisfies neither requirement.

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN6] Fed. R. Civ. P. 37(d) allows sanctions in absence of violation of a court order if a party fails to address a discovery request.

**COUNSEL:** [*1] For Richard F Massaro, PLAINTIFF: Michael J Melly, Employment Law Group, Woodbridge, CT USA.

For Allingtown Fire Dist, Allington BD of Fire Comm, Louis Esposito, John Samperi, Aaron Haley, DEFENDANTS: Robert E Arnold, III, Law Offices of Robert E Arnold LLC, New Haven, CT USA.

**JUDGES:** Peter C. Dorsey, United States District Judge.

**OPINIONBY:** Peter C. Dorsey

**OPINION:**

RULING ON MOTION TO COMPEL

Plaintiff moves to compel the production of documents by defendant Allingtown Board of Fire Commissioners. For the reasons set forth herein, the motion is granted in part.

I. BACKGROUND

On October 22, 2002, plaintiff served defendant with a request for production consisting of forty-five separate requests. On December 6, 2002, defendant was granted an extension of time, until December 28, 2002, in which to respond to the requests for production. On December 27, 2002, defendant was granted a second extension of time, until January 15, 2003, in which to respond. On December 30, 2002, defendant served plaintiff with its response and objections to the request for production. On January 21, 2003, defendant provided, in response to the request, four boxes of photocopied documents allegedly lacking [*2] any labeling associating the documents as responsive to one of the forty-five requests within the request for production.

II. DISCUSSION

Plaintiff argues that defendant should be compelled to respond to his discovery requests as its production was "inadequate, disorganized and incomprehensible," arriving as four boxes of photocopies lacking any markings that might indicate to what requests defendant considered the documents responsive. n1 Defendant responds that it fully complied with the request for production and that it possesses no other document responsive to the request.

- - - - - - - - - - - - - - - - - -

n1 Plaintiff also argues that defendants did not timely provide a written response to their request as required by FED. R. CIV. P. 34(b). As this Court expressly granted defendants an extension of time in which to respond, albeit to a request filed after the thirty day response period had lapsed, the extension will be considered granted *nunc pro tunc* thus rendering the response timely. If plaintiff argues that the date of actual production of the documents was untimely, his request for production indicates only that supplemental disclosures shall be made within thirty days and provides no guidance on the initial production as required. See FED. R. CIV. P. 34(a) ("request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts").

[*3]

Defendant, by providing four boxes of unlabelled photocopies, did not comply with FED. R. CIV. P. 34(b), which requires that [HN1] "[a] party who produces documents . . . shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." The collected photocopies are not argued to be representative of how the documents are maintained by defendant in the normal course of business, and the absence of any labeling fails the alternative requirement. Defendant's written response to the request for production similarly fails to characterize the documents.

This defect in the manner in which documents are produced is not dispositive of the motion to compel. The documents were produced almost three months ago, n2 and the discovery deadline is now almost upon the parties. This Court could order defendants to mark the documents produced with references to specific production requests, but it is expected that plaintiff is well aware of the contents of those boxes at this time. The relevant question on the present motion to compel is whether defendant failed to produce documents [*4] requested without a legitimate basis for refusing to do so.

n2 Although plaintiff sought and was granted expedited briefing for purposes of expeditiously resolving the present motion. After defendant filed its opposition, plaintiff sought and was granted an extension of time in which to file a reply. The reply brief was never filed, causing this Court to wait until the reply period lapsed and further protracting the present dispute.

[HN2] The standard for a granting a motion to compel is clear. "The scope of discovery under FED. R. CIV. P. 26(b) is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). [HN3] "Parties may obtain discovery regarding [*5] any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). [HN4] The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2). An order compelling discovery may be tailored to the circumstances of the case. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Plaintiff argues that "there may yet be items provided or omitted." Defendant, initially objecting to forty-four out of forty-five requests, responds that the production represents "full compliance" with the requests and that "there are no other documents . . . responsive to Plaintiff's Request for Production." Defendant does, however, indicate that it did not produce "those documents [*6] designated as [subject to] attorney client privilege."

Other than plaintiff's general claim that he suspects the production is not a complete response to the requests, he specifically argues that defendant has not produced

1. plaintiff's personnel file, which defendants contend was given to plaintiff when he left their employ, Request No. 1,

2. documents related to the termination/separation of plaintiff, which defendants argue do not exist, Request No. 2,

3. documents describing all positions held by plaintiff while employed by defendants and compensation therefor, Request No. 6,

4. documentation describing the training and education of management on issues of diversity and employee discipline, Request No. 7,

5. documents describing defendants' performance evaluation procedures, Request No. 10,

6. documents pertaining to investigations of plaintiff while employed by defendants, Request No. 13, 29 and 33,

7. documents concerning this action or its subject matter, Request No. 14,

8. documents pertaining to discrimination claims lodged against defendants since 1990, Request No. 18 and 25,

9. documents detailing all benefits provided [*7] to plaintiff that accrued as of November 28, 2000, Request No. 21,

10. biographical details of all employees terminated by defendants during the term of plaintiff's employment, Request No. 22, and information provided to state or federal agencies in response to claims that such terminations were discriminatory, Request No. 23,

11. documents pertaining to Allingtown Fire District employees who have been

disciplined and the reason for such discipline, Request No 32,

12. documents pertaining to appointment of Calvin Deloatch and Aaron Haley as commissioner and chairman of board, respectively, Request No. 35-37,

13. documents pertaining to claims or defenses of defendant, Request No. 39,

14. documents pertaining to the return of the automobile provided plaintiff by Allingtown Fire District, Request No. 40,

15. documents pertaining to Allingtown Fire District locking plaintiff out of his office in November 2000, Request No. 41, and

16. documents pertaining to civil or administrative suits filed by Allingtown Fire District employees against their employer, Request No 44.

Defendant alleges in its memorandum in opposition that it has fully complied [*8] with the requests for production except for documents that it has withheld as protected by attorney-client privilege. The only requests identified above that were objected to as protected are requests 14 and 39. These requests constitute blanket requests seeking all documents relevant to the case without qualification and cannot be read as possessing the degree of particularity required by FED. R. CIV. P. 34(b). n3 As such represent the only requests to which defendant objects, it concedes its obligation to produce documents responsive to all other requests Defendant is therefore ordered to comply with all requests for production, with the exception of Requests 14 and 39, to the extent it has not done so already.

n3 [HN5] A request need not specifically identify documents sought but may permissibly identify documents by "individual item or by category," FED. R. CIV. P. 34(b). Serving two requests, one of which seeks all documents relevant to a sixteen-count complaint, the other seeking all documents relevant to the answer, satisfies neither requirement.

[*9]

Plaintiff also moves for sanctions against defendant for its refusal to produce the requested documents. See [HN6] FED. R. CIV P. 37(d) (allowing sanctions in absence of violation of court order if party fails to address discovery request). Although defendant objected to substantially all discovery requests, it generally qualified its objections with a statement that documents responsive to the request would be produced. As there is no evidence that defendant has not in fact responded to all discovery requests, there is no basis for sanctioning defendant.

III. CONCLUSION

Plaintiff's motion to compel (Doc. No. 24) is **granted in part** consistent with the foregoing opinion.

SO ORDERED.

Dated at New Haven, Connecticut, April, 2003.

Peter C. Dorsey

United States District Judge