UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., | : : : | |
| Plaintiffs, | : : | Civil No. 303CV222(JBA) |
| v. | : : | |
| FISHER-PRICE, INC., | : : | March 3, 2004 |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
FISHER-PRICE, INC.'S MOTION TO COMPEL**

**Introduction**

Fisher-Price, Inc., ("Fisher-Price") submits this memorandum of law in support of its motion to compel the disclosure of documents from plaintiff Design Innovation, Inc. ("Design Innovation"). Fisher-Price has requested the production of documents related to Design Innovation's work on the Rescue Heroes line of toys from January 1997 through the present. Design Innovation has refused to produce responsive documents. Because these documents are directly relevant to plaintiffs' claims and Fisher-Price's defenses, this Court should compel Design Innovation to product all responsive documents.

**Factual Background**

On May 1, 2003, plaintiffs, including plaintiff Design Innovation, filed their amended complaint alleging that Fisher-Price's Voice Tech Video Mission Rescue Heroes figures misappropriated plaintiffs' concept, which was submitted to Fisher-Price on three

separate occasions in 1998, 1999 and 2000.  On February 6, 2004, plaintiffs moved for leave to amend their complaint to add fifteen additional Rescue Heroes products, including additional Rescue Heroes figures, vehicles and play sets, to their complaint.  Fisher-Price has opposed this motion.

Over the past several years, Design Innovation has consistently done projects, on a work-for-hire basis, for Fisher-Price.  This work has included work on the Rescue Heroes line of toys.

On January 5, 2004, Fisher-Price served its Second Request for the Production of Documents.  In Request No. 2, Fisher-Price requested:

> Any documents that reflect, refer, or relate to any work done by plaintiffs relating to Rescue Heroes figures, animals, accessories, vehicles, or play sets from January 1997 through the present, including, without limitation, project books, purchase orders, invoices, timesheets, billing records, calendar entries, sketches, photographs, notes and memoranda.

*See* Declaration of Robert J. Lane, Jr., dated March 2, 2004 ("Lane Declaration"), Exhibit A. Design Innovation refused to produce any responsive documents and objected that "the request was unduly burdensome, unreasonable, oppressive, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  *See* Lane Declaration, Exhibit B.

Fisher-Price then made a good faith effort to resolve the dispute and sent a letter to Design Innovation on February 20, 2004.  *See* Lane Declaration, Exhibit C.  Fisher-Price explained that the narrow category of information sought was directly relevant, among other

things, to Design Innovation's knowledge of the features of the Rescue Heroes line of toys, and this knowledge bore upon the merit of plaintiffs' claims of novelty of their submissions and particular features in their submissions. Fisher-Price also explained that the request was relevant to any role Design Innovation had in doing work on the Voice Tech Video Mission Figures. Finally, Fisher-Price indicated that the request was relevant to plaintiffs' claims, in their pending motion to amend, that they were not aware of certain Rescue Heroes products. *See id.*

Nevertheless, Design Innovation refused to produce responsive documents and maintained its objections. *See* Lane Declaration, Exhibit D. Design Innovation claims that Fisher-Price already has access to the requested documents. In addition, Design Innovation claims that the documents are not relevant, with the concession that at least documents relating to the Voice Tech Video Mission Rescue Heroes could be relevant.[1] Still, Design Innovation has refused to produce — and has apparently refused even to attempt to locate these documents — unless Fisher-Price provided copies of all purchase orders and invoices issued to Design Innovation. *See id*. Finally Design Innovation claims that producing responsive documents would be unduly burdensome. Each of these arguments should be rejected, as demonstrated below, and Fisher-Price's motion to compel should be granted.

---

[1] Design Innovation would therefore appear to agree that should its motion to amend be granted, documents relating to all fifteen additional products would also be relevant.

**Argument**

I.  **DESIGN INNOVATION SHOULD BE COMPELLED TO PRODUCE ALL DOCUMENTS RELATED TO ITS WORK ON RESCUE HEROES**

A.  **Fisher-Price's Alleged Access To Any Requested Information Is Not Relevant**

Design Innovation claims that it would be easier for Fisher-Price to locate documents related to its work on the Rescue Heroes line of toys in its own files. *See* Lane Declaration, Exhibit D. This argument must be rejected for two reasons.

First, whether Fisher-Price has any responsive documents in its own files is not the relevant inquiry in determining whether an answering party should be compelled to produce documents. ***"It is generally no objection that a party seeking discovery may already have knowledge of the matters inquired into***, and this principle applies to the production of documents and things under Rule 34." 7 MOORE'S FEDERAL PRACTICE § 34.12[5][a] (emphasis added).

Courts have consistently rejected attempts by parties to withhold responsive documents on the basis that the opposing party has copies of the records in its own files. *See, e.g., Italia di Navigazione, S.p.A. v. M.V.P. Hermes*, 564 F.Supp. 492, 495 (S.D.N.Y. 1983), *aff'd on other grounds*, 724 F.2d 21 (2d Cir. 1983). *See also Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind. 1992) (granting motion to compel and rejecting objection that requesting party already possessed documents; citing MOORE'S); *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 625 (S.D. Fl. 1977) (rejecting plaintiffs' argument that information relating to its accounts were already in possession of defendant; noting that former

-4-

"restriction on discovery of information already within the knowledge of the moving party" does not apply under the Federal Rules). Fisher-Price is therefore plainly entitled to discover all documents related to Design Innovation's work on Rescue Heroes which are in the possession, custody, or control of Design Innovation.

Second, Fisher-Price could not possibly have most of the responsive documents in its own files. Fisher-Price's request encompasses documents which are ***internal documents unique to Design Innovation***, including: "project books, timesheets, billing records, calendar entries, sketches, photographs, notes and memoranda." Lane Declaration, Exhibit A. Any claim by Design Innovation that Fisher-Price would have all (or any) such documents in its files can simply not be credited. Even if Fisher-Price's prior knowledge or possession of responsive documents constituted an appropriate objection (which it does not), that objection would not apply here. As a result, this Court should order Design Innovation to produce all responsive documents.

**B.     Documents Related To Design Innovation's Work on Rescue Heroes Products are Directly Relevant to Plaintiffs' Claims and Fisher-Price's Defenses**

Design Innovation has also refused to produce documents relating to its work on the Rescue Heroes line of toys and has objected that the documents are not relevant. This is patently incorrect. The requested documents relate directly to Design Innovation's knowledge of the Rescue Heroes line of toys and the non-novel features thereof. This is relevant because plaintiffs claim their submissions were novel. Therefore, documents related to Design Innovation's knowledge that its submissions and any of the features in its submissions were not novel relate directly to the alleged merit of plaintiffs' claims, as well as to Fisher-Price's defense

that there was no novelty. Under Rule 26, this information is plainly relevant to a claim or defense; accordingly, this Court should compel the production of responsive documents.

**C.     Design Innovation's Claim of Burden Must Be Rejected**

Fisher-Price has not sought production of documents relating to Design Innovation's work on *all* Fisher-Price toys or products. On the contrary, Fisher-Price narrowly tailored its request to Rescue Heroes and to a specific time of frame of seven years during which Rescue Heroes were under development.

Notwithstanding this narrow request, Design Innovation claims the production of such documents would be unduly burdensome. Design Innovation's argument that it is a "small company" which will be unduly burdened by producing responsive documents cannot be credited. "The fact that production of documents would be burdensome and expensive and would hamper the party's business operations may not be a reason for refusing to order production of relevant documents, nor will the lack of an adequate filing system excuse a party from producing requested documents." *See* 7 MOORE'S FEDERAL PRACTICE § 34.14[3]. And, Design Innovation's suggestions that Fisher-Price itself produce documents to facilitate Design Innovations search must be rejected. This suggestion would merely shift the claimed burden on the requesting party. There is no authority for such a shift, especially where the request has been narrowly tailored and seeks only relevant information. Moreover, Design Innovation *never* requested these documents from Fisher-Price in discovery and cannot do so now.

Fisher-Price has produced, at its own expense, over 3500 pages of documents. Design Innovation has, on the other hand, produced a mere 62 pages of documents.

Accordingly, any claimed burden is, at best, doubtful. Simply put, Design Innovation is the plaintiff in a lawsuit. It must therefore abide by the rules of discovery and locate and produce responsive documents. *See Biliske v. American Live Stock Ins. Co.,* 73 F.R.D. 124, 126-27 (W.D. Ok. 1977) (ordering production of documents over a seven-year period and rejecting plaintiffs' claim of burden where plaintiff had claimed — like here — for over $1,000,000 in compensatory and punitive damages); *see also American Air Filter v. Kannapell,* 1990 WL 137385, at *1-2 (D.D.C. 1990) (rejecting responding party's argument that document requests were overly broad, vague, and unlimited in time and scope; ordering production of documents from thirteen-year period) (attached hereto as Exhibit A). This Court should dismiss any claims by Design Innovation that it would be unduly burdened if ordered to respond to the request and should compel the production of responsive documents.

**Conclusion**

For the foregoing reasons, Fisher-Price's motion to compel the production of documents by Design Innovation should be granted.

Dated: March 3, 2004

**ROBINSON & COLE LLP**

By_____
Bradford S. Babbitt
Federal Bar No.: ct13938
email: bbabbitt@rc.com
Michael J. Kolosky
Federal Bar No.: ct22686
email: mkolosky@rc.com
280 Trumbull Street
Hartford, CT 06103-3597
tel. no.: (860) 275-8200
fax no.: (860) 275-8299

and

Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391
tel. no: (716) 856-4000
fax no.: (716) 849-0349

*Attorneys for Fisher-Price, Inc.*

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing Memorandum of Law in Support of Fisher-Price, Inc.'s Motion to Compel was mailed, first class postage prepaid, to the attorneys of record recited below on this 3rd day of March, 2004.

Gregory J. Battersby (Bar No. 07386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
Phone: 203-849-8300
Fax: 203-849-9300

_____
Bradford S. Babbitt