Only the Westlaw citation is currently available.

United States District Court, District of Columbia.
AMERICAN AIR FILTER COMPANY, INC., et al., Plaintiffs,
v.
Charles C. KANNAPELL, et al., Defendants.
CIV. A. No. 85-3566.
Sept. 10, 1990.

MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.
**\*1** On November 6, 1985, plaintiffs, American Air Filter Inc., ("AAFC") and Allis Chalmers Corporation filed a complaint against former employees, defendants Charles C. Kannapell and Joseph Rodgers, Jr., for intentional inducement to breach a contract, for breach of fiduciary duties, and for an accounting. [FN1] The complaint alleges that the defendants, while employed by plaintiffs, acted through an entity named Buildings Modernization Corporation ("BMC") to surreptitiously divert moneys away from the plaintiff, and to themselves. The complaint asserts that the defendants supplied materials and equipment on a number of projects, which could have been supplied by the plaintiffs, and utilized the plaintiffs' employees to install and to service such equipment.

This matter is now before the Court on the following motions filed by the plaintiffs: (1) Motion to Compel Answers to Certain Interrogatories As Well As the Production of Certain Documents, (2) Motion to Compel Answers to Questions Posed During Deposition of Defendants, and (3) Motion For Leave to File Second Amended Complaint. Also pending before the Court is plaintiffs' motion for partial summary judgment; the Court will address that motion in a separate Memorandum Order.

I.

Plaintiffs seek an order compelling defendants to answer interrogatories number 6, 7, 8, 9, and 11 and to produce documents in document request number 4, 5, 6, and 9. Defendants contend that the request are excessively broad, unduly vague, unlimited as to time and scope, and nondiscoverable in that they are directed towards a "nonparty." Additionally, the defendants maintain that the requests seek their individual tax returns which enjoy a qualified privilege from disclosure.

With respect to interrogatories numbers 6, 7, 8, 9, and 11 and requests to produce numbers 4, 5, and 6, the Court finds that the first two objections are without merit. While the Court is cognizant that these requests may require an extensive and time consuming search, mere inconvenience will not operate to preclude discovery where a thorough investigation is likely to yield pertinent information. Relevance is the touchstone.

[T]he mere fact that production would be onerous or inconvenient is not *per se,* grounds for denial of a Rule 34 request. Hardship upon the producing party does not necessarily justify denial of the request.

*Biliske v. American Livestock Insurance Co.,* 73 F.R.D. 124, 126 (W.D.Okla.1977) (ordering production of plaintiff's document requests relating to a seven year period). *Accord, United States v. American Optical Company,* 39 F.R.D. 580 (N.D.Cal.1986) (ordering production of documents covering a twelve year period); *Rockaway Pix Theatre, Inc. v. Metro Goldwyn Mayer, Inc.,* 36 F.R.D. 15 (E.D.N.Y.1964) (ordering production of all business correspondence covering a six year period and ordering production of all documents of corporations showing gross receipts and number of customers over a ten year period). In the present context, the relevance of the requested information is sufficient to justify requiring its production.

**\*2** The Court finds untenable the defendant's argument that the requests cover an "unlimited" time period, as it is clear from the face of the complaint that the requests relate, at most, to the thirteen year period commencing with the 1972 date of BMC's incorporation, and spanning through 1985. The defendants' principal reliance upon *V.D. Andersen Co. v. Helena Cotton Oil Co.,* 117 F.Supp. 932, 950 (E.D.Ark.1953) is misplaced. The court in *Andersen* declined to compel answers to interrogatories which "would [have] force[d] [the defendant] to go back over a twenty year period and report on probably thousands of transactions." *Id. at 950.* However, in the instant context, the defendants have stated that:

During the period of 1972-74, BMC specialized in air conditioning existing buildings and was a customer of AAFC. Upon employment of Rodgers with AAFC in 1974, BMC was deactivated from any contracting but did supply on several project controls so that orders would be obtained for AAFC. [FN2]

The current search will not require so arduous a task. Moreover, as plaintiff has pointed out, if defendants truly believe the requests too burdensome, they have the option under Fed.R.Civ.P. 33(c) to produce all of the documents for inspection and copying. Clearly, the defendants are in the best position to have access to the requested information. [FN3]

With respect to "vagueness," contrary to the defendant's protestations, the Court finds that the phrases of the request are "sufficiently comprehensible in order to allow [the defendant] to respond meaningfully." *Roseberg v. Johns Manville Corp.*, 85 F.R.D. 292, 298 (E.D.Pa.1980).

The plaintiff is asking for information largely in the exclusive possession of defendant. It knows only the general nature and type of information which it wants, not the exact answer which it is to receive. It cannot be required to phrase its inquiries with mathematical precision.

*Banana Service Co. v. United Fruit Co.*, 15 F.R.D. 106, 109 (D.C.Mass.1953). "The requirement that interrogatories be definite is satisfied so long as it is clear what the interrogatories ask." *Struthers Scientific and International Corp. v. General Foods Corp.*, 45 F.R.D. 375, 379 (S.D.Tex.1968). As AAFC's requests appear sufficiently specific to command a response as well as "reasonably calculated to lead to the discovery of admissible evidence", the Court finds the request neither unduly burdensome, oppressive, nor representative of an attempt to harass the defendants. *Biliske*, 73 F.R.D. at 127; *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C.1977).

The defendants' argument that certain interrogatories are nondiscoverable because they are directed to a "nonparty" is equally unpersuasive. [FN4] As the plaintiffs suggest:

[I]nterrogatories nos. 6, 7, 8, 9, and 11 are not [directed to] BMC, nor do these interrogatories seek corporate documents of BMC. Rather, plaintiff seeks to obtain documents utilized by defendants to purchase, sell and service equipment to their own benefit, in derogation of their obligations as employees of plaintiff and which were purported to be, *but were not,* documents of BMC.

**\*3** Plaintiffs' Memorandum in Reply to Statement of Points and Authorities in Opposition to Plaintiffs' Motion to Compel at 2. According to the allegations set forth in the complaint, the defendants continued the operations of BMC after its corporate charter was annulled by the State of Maryland on December 30, 1976. It follows that BMC did not and could not have any legal existence from the December 30 annulment date through July 15, 1985, the time span for which the interrogatories seek information. Thus, the information sought which relates to these documents of BMC, as such documents must be, in actuality, the property of the defendants, generated under the name of the defunct corporation.

With respect to the discoverability *vel nom* of the tax returns, courts have recognized that "income tax returns are confidential communications between a taxpayer and the government." *Federal Savings & Loan Insurance Company v. Krueger*, 55 F.R.D. 512, 514 (N.D.Ill.1972). Case law addressing the issue reflects that courts "having broadly construed the statutory provisions to embody a general federal policy against indiscriminate disclosure of tax returns." *Payne*, 75 F.R.D. at 469. "While the courts vary in their interpretations of the breadth of the statutory protection ... most courts do not recognize the existence of a 'privilege' against disclosure ... rather [the courts] recognize a general federal policy limiting disclosure to appropriate circumstances." *Eglin Federal Credit Union v. Cantor*, 91 F.R.D. 414, 416 (N.D.Ga.1981). Thus, "although there is no privilege protecting the production of tax returns, the courts have been reluctant to [routinely order] their discovery." *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y.1979).

"The historic trend stems in part from the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Id.* (citations omitted). "[U]nless clearly required in the interests of justice, litigants ought not to be required to submit such returns as the price for bringing or defending a lawsuit." *Wiesenberger v. W.E. Hutton & Co.*, 35 F.R.D. 556, 557 (S.D.N.Y.1964).

Weighing the above concerns against the liberal policies of pretrial discovery, several courts have adopted a two prong test. In order to compel disclosure, the court must find:

(1) that the returns are relevant to the subject matter of the action; and (2) that there is a compelling need for the returns because the information contained therein is not readily otherwise obtainable.

*S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y.1985).

Here, the plaintiffs contend that the tax returns are relevant as the complaint alleges that the defendants breached the fiduciary duties owed as employees to the plaintiffs, in that they diverted business opportunities to themselves, and away from AAFC. Moreover, the complaint seeks an accounting of the profits realized by the defendants as a result of the alleged surreptitious activities. Therefore, the plaintiffs assert that the income earned by each of these defendants during the years that they were employed by the plaintiffs is directly relevant to the claims raised in the action.

**\*4** It has been noted that:

where the income of a party to the litigation is in issue, income tax returns provide ... what may be the best source of competent information as to that party's income. In such circumstances, [courts] have not been hesitant to find that the information sought bears some relevance to the litigation. (citation omitted.)

*Eastern Auto Distributors, Inc. v. Peugot Motors of America, Inc.*, 96 F.R.D. 147, 149 (E.D.Va.1982). Clearly, the defendants' tax returns are relevant in the instant discovery context; the plaintiff has satisfied the first prong of the test.

Some courts have held that "[o]nce the party seeking production has made the required showing of relevancy, the burden then shifts to the party opposing production to show that sources other than the tax returns exist from which the information sought may be readily obtainable." *Id., See also Biliske,* 73 F.R.D. at 126. The defendants have failed to meet their burden, as the plaintiff points out that the alternative sources suggested by the defendants could not provide the precise information that the plaintiff seeks regarding other sources of income. It is also quite noteworthy that the traditional privacy concerns are not present in this action, as the plaintiff has offered to sign a confidentiality stipulation prohibiting disclosure of the returns to anyone other than counsel. See Smith, 83 F.R.D. at 439. In light of the compelling need for the information, the defendants' failure to affirmatively demonstrate the existence of viable alternative sources for the information, and the nonexistence of the traditional confidentiality concerns, the Court concludes that the tax returns must be produced.

II.

With respect to the motion to compel answers to question posed during deposition of defendants, the Court concludes that the motion should be granted. Defendants argue that they should not be required to respond to the question posed during the deposition until the Court has ruled on the motion to compel answers to certain interrogatories as well as the production of certain documents. Because the Court has ruled on that motion in this present Memorandum Order, defendants' arguments are now moot.

In this motion to compel, plaintiffs state that the checks upon which plaintiffs' counsel sought to ask questions of deponents Kannapell and Rodgers were obtained from Suburban Bank. Plaintiffs argue that they are equally available to defendants and plaintiffs should not be required to make copies for the defendants. The Court notes that it is unfortunate that counsel could not resolve this dispute among themselves; but seeks the Court's assistance. The Court will require the plaintiffs to make available for defendants to copy any checks referred to during the deposition.

III.

Upon review of plaintiffs' motion for leave to file a second amended complaint, the opposition thereto, and the entire record, the Court concludes that good cause being shown that the motion should be granted. The defendants argue that the plaintiffs have failed to adequately plead the elements necessary for a Racketeer Influence and Corrupt Organization Act claim. The Court disagrees.

*5 In view of the above, it is hereby

ORDERED that plaintiffs' motion to compel answers to certain interrogatories as well as the production of certain documents is granted, it is further

ORDERED that plaintiffs' motion to compel answers to questions posed during deposition of defendants is granted, it is further

ORDERED that plaintiffs' motion for leave to file second amended complaint is granted.

FN1. The Court granted the plaintiff's motion for leave to file an amended complaint on February 28, 1986.

FN2. Answers of Charles C. Kannapell and Joseph P. Rodgers, Jr., Defendants, to Plaintiffs' First Interrogatories to Defendants at 2.

FN3. The plaintiffs' motion makes clear that Interrogatory number 6, when read in the context of the allegations asserted in the complaint, requests information which will enable them to ascertain "what kind of documents were used by the defendants to implement the purchase and supply of equipment through Buildings Modernization Corporation while the defendants were employees of the plaintiffs." Memorandum in Support of Plaintiffs' Motion to Compel Responses to Interrogatories and Request to Produce at 3.

FN4. The defendants' argument concerning sections 3-516(a) and 3-516(b) of the Corporation and Association Article of the Annotated Code of Maryland is inapposite.

D.D.C.,1990.
American Air Filter Co., Inc. v. Kannapell
1990 WL 137385, 1990 WL 137385 (D.D.C.)
END OF DOCUMENT

Copr. (C) West 2004 No Claim to Orig. U.S. Govt. Works