UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., : : : : Plaintiffs, : : v. : : FISHER-PRICE, INC., : : : Defendant. : | Civil No. 303CV222 (JBA) <br><br> March 2, 2004 |

**DECLARATION IN SUPPORT OF
FISHER-PRICE, INC.'S MOTION TO COMPEL**

ROBERT J. LANE, JR., under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

1. I am a member of Hodgson Russ, LLP, attorneys and co-counsel, along with Robinson & Cole, LLP, for defendant Fisher-Price, Inc. ("Fisher-Price"). I make this declaration in support of Fisher-Price's motion to compel documents from plaintiff Design Innovation, Inc. ("Design Innovation").

2. On January 5, 2004, Fisher-Price served its Second Request for the Production of Documents. In Request No. 2, Fisher-Price requested:

> Any documents that reflect, refer, or relate to any work done by plaintiffs relating to Rescue Heroes figures, animals, accessories, vehicles, or play sets from January 1997 through the present, including, without limitation, project books, purchase orders, invoices, timesheets, billing records, calendar entries, sketches, photographs, notes and memoranda.

A copy of Fisher-Price's Second Request for the Production of Documents is attached as Exhibit A.

3. Plaintiff, Design Innovation, objected that the request was "unduly burdensome, unreasonable, oppressive, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." A copy of Design Innovation's Responses and Objections to Defendant's Second Request for Production of Documents is attached as **Exhibit B**.

4. In an effort to resolve this dispute, we wrote to Design Innovation's counsel on February 20, 2004. In that letter, we explained that the request was reasonably tailored to the Rescue Heroes line of toys. We also explained that the request is relevant because it seeks information related to: (1) plaintiffs' knowledge of the Rescue Heroes line of toys and its familiarity with the non-novel features of Rescue Heroes figures; (2) Design Innovation's role, in any, in development of the Voice Tech Video Mission Rescue Heroes figures or any other products plaintiffs seek to add to their complaint; and (3) plaintiffs' claims of their lack of awareness of Rescue Heroes products (which is contested in the current motion to amend brought by plaintiffs). A copy of our February 20, 2004 letter is attached as **Exhibit C**.

5. On February 26, 2004, plaintiffs' counsel responded to Fisher-Price's attempt to resolve the dispute. Design Innovation maintained its objections, arguing that: (1) the documents can be obtained by Fisher-Price; (2) Design Innovation's knowledge of the Rescue Heroes line, with the exception of the Voice Tech Video Mission Rescue Heroes figures, is "irrelevant"; and (3) Design Innovation would be burdened by having to respond to Fisher-Price's request because it is a "small toy development company that has worked on many projects over the years for Fisher-Price." A copy of plaintiffs' counsel's letter is attached as **Exhibit D**.

6.	Plaintiffs' arguments that Fisher-Price already has documents relating to Design Innovation's development must be rejected. As set forth in the accompanying memorandum of law, that a requesting party may potentially have knowledge of the matters inquired into is no objection. Further, it cannot be disputed that Fisher-Price would not have access to Design Innovation's *internal* documents reflecting its work, including project books, timesheets, calendar entries, sketches, photographs, notes and memoranda.

7.	Plaintiffs claim that their work on Rescue Heroes products is not relevant, with the exception of Voice Tech Video Mission figures. And, with respect to documents relating to the Voice Tech Video Mission figures, plaintiffs' counsel suggested that Fisher-Price provide "all purchase orders and work orders pertaining to Design Innovation for the relevant time period" to relieve Design Innovation of any claimed burden of locating documents. *See* **Exhibit D**.

8.	First, the requested documents are relevant as they bear directly upon Design Innovation's knowledge of the Rescue Heroes line of toys, the non-novel features of the line, and whether any of the non-novel features on which Design Innovation worked are claimed to be novel components of their submissions.

9.	Second, Design Innovation's claim of burden must also be rejected. Design Innovation has produced a mere 62 pages of documents in discovery. Fisher-Price has, on the other hand, produced over 3500 documents. This disparity alone undermines any claim of burden. Accordingly, plaintiffs' counsel's suggestion that Fisher-Price provide copies of "all purchase orders and work orders pertaining to Design Innovation" must be dismissed. Design

-3-

Innovation has never sought the documents in any discovery request and has made no showing that the claimed burden should be shifted to Fisher-Price.

10. Finally, Fisher-Price's request is narrowly tailored to encompass the time period during which Rescue Heroes were under development and asks only for documents related to Design Innovation's work on Rescue Heroes, and not documents relating to any other toys or products.

11. Accordingly, this Court should grant Fisher-Price's motion to compel the production of documents in response to Request No. 2 in its Second Request for the Production of Documents.

Dated: March 2, 2004

_____
Robert J. Lane, Jr.

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing Declaration in Support of Fisher-Price, Inc.'s Motion to Compel was mailed, first class postage prepaid, to the attorneys of record recited below on this 3rd day of March, 2004.

Gregory J. Battersby (Bar No. 07386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
Phone: 203-849-8300
Fax: 203-849-9300

_____
Bradford S. Babbitt