**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and )
DESIGN INNOVATION, INC., )
  )
        Plaintiffs, )
  ) Civil No.: 3:03 CV 222 (JBA)
- against - )
  )
FISHER-PRICE, INC., )
  )
        Defendant. )

## FISHER-PRICE'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we demand that plaintiff produce the following documents and/or things at One M & T Plaza, Suite 2000, Buffalo, New York on February 9, 2004 at 10:00 a.m., at which time the documents and/or things will be inspected, tested, copied and/or photographed, and then returned. All documents and/or things shall be organized in such a manner as to identify the demand to which each document and/or thing is responsive. We further demand a list of any documents and/or things withheld under a claim of privilege—providing the date, author, title, and addressee of any document or thing withheld, the identity of any person or entity to whom any such document or thing has been supplied, and a description of any such thing or the subject matter of any such document.

### Definitions

A.    "Fisher-Price" means defendant Fisher-Price, Inc.

Dated: January 5, 2004

                                              **FISHER-PRICE, INC.**

By _/s/ Robert J. Lane, Jr._
      Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
      Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391
tel. no: (716) 856-4000
fax no.: (716) 849-0349

and

      Bradford S. Babbitt
Federal Bar No.: ct13938
email: bbabbitt@rc.com
      Michael J. Kolosky
Federal Bar No.: ct22686
email: mkolosky@rc.com
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
tel. no.: (860) 275-8200
fax no.: (860) 275-8299

BFLODOCS 884143v1 ($Y7J01!.DOC)

## CERTIFICATE OF SERVICE

      I certify that I caused a copy of *Fisher-Price, Inc.'s Second Request for the Production of Documents*, dated January 5, 2004, to be served via U.S. Postal Service on January 5, 2004, upon:

>Russell D. Dize, Esq.
>Grimes & Battersby, LLP
>488 Main Avenue, Third Floor
>Norwalk, CT 06851-1008

                                                   */s/ Susan L. Pratts*
                                                     Susan L. Pratts

**EXHIBIT B**



## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

                Plaintiffs,

- against –

FISHER-PRICE, INC.,

                Defendant.

Index No.: 3:03 CV 222 (JBA)

February 4, 2004

### PLAINTIFF DESIGN INNOVATION, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Design Innovation, Inc. ("DI"), by its attorneys Grimes & Battersby, LLP, hereby sets forth the following responses and objections to Defendant Fisher-Price, Inc.'s Second Request for Production of Documents. Plaintiff DI reserves the right to supplement these responses should additional information become available through discovery or otherwise.

### RESERVATION OF RIGHTS

Plaintiff DI reserves all objections to the admissibility of any documents or materials produced in response to these requests. Inadvertent disclosure of any document shall not be a waiver of any claim of privilege, work-product protection or any other exemption from disclosure.

## GENERAL OBJECTION

Plaintiff DI objects to these Requests for Production on the grounds that they attempt to place a burden on DI that is outside the scope of the Federal Rules of Civil Procedure. Specifically, these requests attempt to compel the production of documents and things on a date certain at a location several hundred miles away from the location where the documents are kept in the ordinary course of business. In accordance with the previous course of dealing between the parties, Plaintiff DI will agree to produce copies of the documents it has in its possession, custody and control that are responsive to these requests at One M&T Plaza, Suite 2000, Buffalo, New York, at a mutually agreeable date and time.

## REQUESTS FOR PRODUCTION

1. Any documents or things that reflect, refer, or relate to the submission of "Reel Heroes" or any other submission, including either an action figure combined with film or an action figure with a backpack with images on it, to Toy Biz, including, without limitation, correspondence, design files, calendar entries, and notes.

**RESPONSE:**

Plaintiff DI will produce all documents and things within its possession, custody or control that are responsive to this request at a mutually agreeable date and time, subject to the protective order entered into by the parties.

2. Any documents that reflect, refer, or relate to any work done by plaintiffs relating to Rescue Heroes figures, animals, accessories, vehicles, or play sets from January 1997 through the present, including, without limitation, project books, purchase

2

orders, invoices, time sheets, billing records, calendar entries, sketches, photographs, notes and memoranda.

**RESPONSE:**

Plaintiff DI objects to this request on the grounds that it is unduly burdensome, unreasonable, oppressive, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.  Any documents that reflect, refer, or relate to Plaintiffs' conception or development of a project for Hasbro regarding projection of images on Teletubbies figures or plush, including, without limitation, project books, logbooks, purchase orders, invoices, prototypes, time sheets, billing records, calendar entries, sketches, drawings, photographs, correspondence, notes and memoranda.

**RESPONSE:**

Plaintiff DI objects to this request on the grounds that it seeks production of documents containing confidential, proprietary or other sensitive, non-public information. Subject to and without waiving the foregoing objection, Plaintiff DI will produce all documents and things within its possession, custody or control that are responsive to this request at a mutually agreeable date and time, subject to the protective order entered into by the parties.

4.  Any documents that reflect, refer or relate to a search for prior art conducted by Plaintiffs relating to "Reel Heroes" and documents that reflect, refer or relate to the results of any such search.

**RESPONSE:**

Plaintiff DI states that it has no documents in its possession, custody or control that are responsive to this request at this time.

Dated: Norwalk, Connecticut
      February 4, 2004

                      Respectfully Submitted,

                      **GRIMES & BATTERSBY, LLP**

                      By: _____
                      Gregory J. Battersby (Bar No. 9386)
                      Edmund J. Ferdinand, III (Bar No. 21287)
                      Russell D. Dize (Bar No. 23064)
                      Jessica L. Elliott (Bar No. 24871)
                      488 Main Avenue, Third Floor
                      Norwalk, Connecticut 06851-1008
                      (p) (203) 849-8300
                      (f) (203) 849-9300

                      Attorneys for Plaintiffs Victor G. Reiling
                      Associates and Design Innovation, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff Design Innovation, Inc.'s Responses and Objections to Defendant's Second Request for Production of Documents has been served upon Defendant Fisher Price, Inc., on this 4th day of February 2004, via U.S. Mail, First Class, postage prepaid, to:

Bradford S. Babbitt, Esq.
Michael J. Kolosky, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

_____
Russell D. Dize

**EXHIBIT C**

Jodyann Galvin
Senior Associate
Direct Dial: 716.848.1520
jgalvin@hodgsonruss.com



February 20, 2004

**VIA FACSIMILE
and U.S. Mail**

Russell D. Dize, Esq.
Grimes & Battersby, LLP
488 Main Avenue, Third Floor
Norwalk, CT 06851-1008

Dear Mr. Dize:

      Re:    <u>**Victor G. Reiling & Associates, et al. v. Fisher-Price, Inc.**</u>

This letter addresses deficiencies in the plaintiffs' responses to Fisher-Price's Second Request for the Production of Documents.

**Design Innovation's Responses**

Design Innovation has stated, in response to Request No. 1, that it will produce all responsive documents related the submission of "Reel Heroes" or a variation of "Reel Heroes" to Toy Biz. We remind you these documents were also responsive to Request No. 21 in Fisher-Price's First Request for Production of Documents. Accordingly, there can be no further delay in the production of these documents. Please produce these documents immediately.

Design Innovation has refused to produce any documents related to work it has done on Rescue Heroes figures, animals, accessories, vehicles, or play sets from January 1997 through the present. Contrary to Design Innovation's objection, this request is reasonably tailored to the Rescue Heroes line of toys and it seeks information that is directly relevant to plaintiffs' claims that they were not aware of certain Rescue Heroes products. Moreover, any such documents are directly related to Design Innovation's role, if any, in the development and/or creation of Voice Tech Video Mission Rescue Heroes figures or any of the products plaintiffs seek to add to their complaint. It also relates to plaintiffs' knowledge of the Rescue Heroes line, which is an important issue in this case. Accordingly, all responsive documents must be produced. In the absence of a satisfactory production by February 25, 2004, we will seek the court's intervention on this issue.

**Plaintiffs' Responses**

Design Innovation and Reiling have both stated that they will produce documents responsive to Request No. 3, which relates to plaintiffs' conception or development of a project for Hasbro relating to Teletubbies at a "mutually agreeable date and time." Please produce all responsive documents promptly.

Russell D. Dize, Esq.
February 20, 2004
Page 2

    Finally, in response to Request for Production No. 4, which seeks documents related to a search for prior art relating to "Reel Heroes," both plaintiffs have stated that they have "no documents in [their] possession, custody or control that are responsive to this request at this time. This response appears to be carefully drafted and implies that plaintiffs had responsive documents until recently. Please advise whether plaintiffs have had responsive documents in their possession, custody or control at any time after they first considered pursuing the claims at issue in this case. As I am sure you are aware, plaintiffs have had an obligation to reserve and maintain all relevant documents since at least that time.

                Very truly yours,

                Jodyann Galvin

JAG/slp

Russell D. Dize, Esq.
February 20, 2004
Page 3


bcc:    Daniel A. Dzialga, Esq.
        Bradford S. Babbitt, Esq.
        Robert J. Lane, Jr., Esq.

Russell D. Dize, Esq.

BFLODOCS 897704v1 (J8_801!.DOC)

**EXHIBIT D**

**GRIMES & BATTERSBY, LLP**
ATTORNEYS AT LAW
488 MAIN AVENUE
NORWALK, CONNECTICUT 06851-1008
(203) 849-8300

www.gandb.com

FAX: (203) 849-9300

February 26, 2004
*Via Facsimile and U.S. Mail*

Jodyann Galvin, Esq.
Hodgson Russ LLP
One M&T Plaza
Suite 2000
Buffalo, NY 14203-2391

  **Re:** **Victor G. Reiling Associates v. Fisher-Price, Inc.**
     **Civil Action No. 3:03 CV 222 (JBA)**
     **Our File No. VGR001USL**

Dear Ms. Galvin:

  This letter will respond to your letter dated February 20, 2004 with respect to certain outstanding discovery issues relating to Defendant's Second Request for Production of Documents in the above-referenced matter.

Design Innovation's Responses

  With respect to Request No. 1, Design Innovation produced responsive documents on February 23, 2004 and can now confirm that it has produced all documents responsive to this request.

  In Request No. 2, Defendant has sought "any documents that reflect, refer, or relate to any work done by plaintiffs relating to Rescue Heroes figures, animals, accessories, vehicles or play sets from January 1997 through the present, including, without limitation, project books, purchase orders, invoices, time sheets, billing records, calendar entries, sketches, photographs, notes and memoranda." Design Innovation objected to this request on grounds that it is unduly burdensome, unreasonable, oppressive, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Jodyann Galvin, Esq.
February 26, 2004
Page 2 of 3

Design Innovation maintains its objection to produce documents related to the work it has done on Rescue Heroes' figures, animals, accessories, vehicles or play sets from January 1997 through the present. In support of its request of said materials, Defendant states that the information is necessary because it is "directly relevant to plaintiffs' claims that they were not aware of certain 'Rescue Heroes' products." However, there is a far less burdensome way for Defendant to obtain this information. Fisher-Price certainly has first-hand knowledge of the work that Design Innovation performed at Fisher-Price's request in relation to Rescue Heroes. In fact, a large corporation such as Fisher-Price would likely have more complete and more easily accessible records regarding any work that was performed at its request and on its behalf.

Next, Defendant argues that the requested "documents are directly related to Design Innovation's role, if any, in the development and/or creation of Voice Tech Video Mission Rescue Heroes figures or any of the products plaintiffs seek to add to their complaint." Again, these documents can be more easily obtained from Fisher-Price. Moreover, they are irrelevant with respect to the products that Plaintiffs seek to add to their complaint until such time as the motion to amend is resolved. Defendant has made a similar objection with respect to sales figures sought by Plaintiffs on products that have not yet been formally added to the complaint.

Finally, Defendant argues that the documents are relevant because they relate to "plaintiffs' knowledge of the Rescue Heroes line, which is an important issue in this case." To the contrary, the important issues in this case are whether Defendant misappropriated Plaintiffs' concept and whether Plaintiffs' concept was novel. Plaintiffs' knowledge of the Rescue Heroes line is not relevant to whether Plaintiffs' concept was novel. The concept was either novel or not novel at the time it was submitted – Plaintiffs' knowledge is irrelevant.

Design Innovation is a small toy development company that has worked on many projects over the years for Fisher-Price. Requiring them perform an exhaustive search for the requested materials would be unduly burdensome, especially considering that the documents are more easily obtainable from the Defendant.

Notwithstanding the foregoing objection, in a good faith effort to avoid a motion to compel, Design Innovation will agree to produce documents related to the work it has done on the Voice Tech Video Mission Rescue Heroes from January 1997 through the present, to the extent that any such documents exist, provided that, in order to facilitate this exchange of information, Fisher-Price provides copies of all purchase orders and work orders pertaining to Design Innovation for the relevant time period. This is necessary because Design Innovation often works on

components of products and does not know the exact product or line of products on which the component will ultimately be incorporated. Even with the purchase orders and work orders to facilitate the process, Design Innovation will need several weeks to search through its records to determine whether any responsive documents exist.

Documents related to work Design Innovation performed on other action figures, accessories, vehicles and play sets are not relevant to the First Amended Complaint, only to the Second Amended Complaint, which has not yet been entered by the Court. Documents related to work Design Innovation performed on "animals" are not relevant to either the First Amended Complaint or the Second Amended Complaint.

Plaintiffs' Responses

Design Innovation and Reiling have now produced all documents responsive to Request No. 3, which relates to Plaintiffs' conception or development of a project for Hasbro relating to Teletubbies.

In response to Request No. 4, Plaintiffs stated that they have "no documents in [their] possession, custody or control that are responsive to this request at this time." Plaintiffs did not intend to supply a "carefully drafted" response implying "that plaintiffs had responsive documents until recently." Instead, Plaintiffs state that there have never been any documents that are responsive to this request.

We trust that the foregoing will resolve all outstanding discovery disputes as raised in your letter dated February 20, 2004 regarding Defendant's Second Request for Production of Documents.

Very truly yours,

Russell D. Dize

cc: Gregory J. Battersby
Jed Ferdinand