UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

              Plaintiffs,

- against -

FISHER-PRICE, INC.,

              Defendant.

Index No.: 3:03 CV 222 (JBA)

March 5, 2004

**REPLY DECLARATION OF RUSSELL D. DIZE IN SUPPORT OF
PLAINTIFFS' MOTION TO AMEND COMPLAINT**

I, RUSSELL D. DIZE, pursuant to the requirements of 28 U.S.C. §1746, declare that the following is true and correct:

1. I am an attorney associated with Grimes & Battersby, LLP in Norwalk, Connecticut, counsel to Plaintiffs, Victor G. Reiling Associates ("Reiling") and Design Innovation, Inc. ("DI") (collectively, "Plaintiffs"). I was the attorney that defended the depositions of Bruce Benedetto, Bruce Popek, Victor G. Reiling and James M. Kipling. Therefore, I am fully familiar with the facts set forth herein. I submit this declaration in support of Plaintiffs' Motion for Leave to File a Second Amended Complaint.

2. At the deposition of Bruce Benedetto on November 18, 2003, the following Fisher-Price products were marked as exhibits and questions regarding these products were posed to the witness:

     a.    A Voice Tech Mission Command Rescue Heroes figure (referred to as "Mission Card Rescue Heroes") was marked as Exhibit 216 and the witness was questioned at transcript pages 103-105, 110-112, 115-116 and 145;

     b.    A Mission Select Rescue Heroes figure was marked as Exhibit 218 and the witness was questioned at transcript pages 118-120 and 146;

     c.    The Voice Tech Fire Truck was marked as Exhibit 219 and the witness was questioned at transcript pages 122 and 146;

     d.    The Voice Tech Jet was marked as Exhibit 220 and the witness was questioned at transcript pages 122-123 and 147;

     e.    The Voice Tech Police Cruiser was marked as Exhibit 224 and the witness was questioned at transcript pages 123-124 and 147;

     f.    Catalog pages depicting the Aquatic Rescue Command Center were marked as Exhibit 221 and the witness was questioned at transcript pages 124-126, 128, 129 and 147;

     g.    The witness was questioned about Rescue Heroes videotapes at transcript pages 128 and 177;

     h.    The witness was questioned about Rescue Heroes computer games and DVD's at transcript pages 129, 147 and 176-177;

     i.    The witness was questioned about the Rescues Heroes motion picture at transcript pages 129, 147 and 176.

True and correct copies of the relevant transcript pages from the deposition of Bruce Benedetto are attached hereto as Exhibit A.

3. At the deposition of Bruce Popek on November 19, 2003, the following Fisher-Price products that had previously been marked as exhibits were shown to the witness and questions regarding these products were posed to the witness:

    a. The witness was questioned about a Voice Tech Mission Command Rescue Heroes figure, marked as Exhibit 216, at transcript pages 86-87, 89, 107-108, 136, 139 and 141-144;

    b. The witness was questioned about a Mission Select Rescue Heroes figure, marked as Exhibit 218, at transcript pages 83-84, 86-90, 101-102, 136 and 143-144;

    c. The witness was questioned about the Voice Tech Fire Truck, marked as Exhibit 219, at transcript page 113;

    d. The witness was questioned about the Voice Tech Jet, marked as Exhibit 220, at transcript page 113;

    e. The witness was questioned about the Voice Tech Police Cruiser, marked as Exhibit 224, at transcript page 113;

    f. The witness was questioned about catalog pages depicting the Aquatic Rescue Command Center, marked as Exhibit 221, at transcript pages 114-116 and 122-125;

True and correct copies of the relevant transcript pages from the deposition of Bruce Popek are attached hereto as Exhibit B.

4. At the deposition of Victor G. Reiling on December 10, 2003, the following Fisher-Price products that had previously been marked as exhibits were shown to the witness and questions regarding these products were posed to the witness:

a. The witness was questioned about a Voice Tech Mission Command Rescue Heroes figure, marked as Exhibit 216, at transcript pages 157-159, 161-163, 165-166, 168-169, 175-176, 180, 185, 191-192, 194, 198, 202, 204 and 209-210;

b. The witness was questioned about a Mission Select Rescue Heroes figure, marked as Exhibit 218, at transcript pages 158, 168-172, 175-176, 179-180 and 204-210;

c. The witness was questioned about Optic Force Rescue Heroes at transcript pages 154-155 and 159-160;

d. The witness was questioned about the Voice Tech Fire Truck, marked as Exhibit 219, at transcript pages 178-182;

e. The witness was questioned about the Voice Tech Jet, marked as Exhibit 220, at transcript page 183;

f. The witness was questioned about the Voice Tech Police Cruiser, marked as Exhibit 224, at transcript pages 182-183 and 202;

g. The witness was questioned about catalog pages depicting the Aquatic Rescue Command Center, marked as Exhibit 221, at transcript pages 183-184, 198-202 and 204;

True and correct copies of the relevant transcript pages from the deposition of Victor G. Reiling are attached hereto as Exhibit C.

5. At the deposition of James M. Kipling on January 30, 2004, the following Fisher-Price products that had been marked as exhibits were shown to the witness and questions regarding these products were posed to the witness:

 a. The witness was questioned about a Voice Tech Mission Command Rescue Heroes figure, marked as Exhibit 216, at transcript pages 150-151; 195-196, 212, 216 and 250;

 b. The witness was questioned about a Mission Select Rescue Heroes figure, marked as Exhibit 237, at transcript pages 95-96, 105-106, 150, 194-197, 201 and 250;

 c. The witness was questioned about an Optic Force Rescue Heroes figure, marked as Exhibit 238, at transcript pages 95-97, 100-102, 104-106, 150, 250, 272 and 273;

 d. The witness was questioned about the Voice Tech Fire Truck at transcript pages 148-150, 251 and 255-256;

 e. The witness was questioned about Rescue Heroes videotapes at transcript pages 104, 213-215 and 220-224;

 f. The witness was questioned about Rescue Heroes computer games and DVD's at transcript pages 104, 219 and 223;

 g. The witness was questioned about the Rescues Heroes motion picture at transcript pages 104, 213, 218-219 and 220-223.

True and correct copies of the relevant transcript pages from the deposition of James M. Kipling are attached hereto as Exhibit D.

 6. In response to Defendant's Second Set of Interrogatories, Plaintiffs' have defined their concept as "adding an image component to the backpack of each "Rescue Heroes" action figure that enhanced role play for the child by depicting the mission of that particular "Rescue Heroes" character, which concept could be expanded into accessories and line extensions relating to the "Rescue Heroes" line pursuant to industry custom and practice." A true and

correct copy of Plaintiffs' Responses to Defendant's Second Set of Interrogatories is attached hereto as Exhibit E.

7. Plaintiffs' deposition testimony is consistent with their definition of the concept as stated in Plaintiffs' Responses to Defendant's Second Set of Interrogatories, as follows:

a. At his deposition, Bruce Popek stated: "what we brought in wasn't a mechanism, it was a concept. A concept of enhancing role play, and the other concept was putting the image on the backpack . . ." (Deposition of Bruce Popek at 133-134, attached hereto as Exhibit B). Mr. Popek also stated: "We looked at our concept submission from both a play standpoint and a marketing standpoint. From a play standpoint, it enhanced play value to the Rescue Hero line. From a marketing concept, it provided a valuable feature that was very appropriate for the Rescue Hero line, but if they wanted to put it on a different line of characters they were developing down the road, good." (*Id.* at 52). "We contributed the concept of putting an image on a backpack to enhance the role playing value of the toy." (*Id.* at 133).

b. At his deposition, Victor Reiling stated: "I think we rather quickly came up with the concept of using media and pictures to create exciting adventures and the sorts of things that Rescue Heroes could do." Mr. Reiling also stated that the "visual media" would be "in association with the backpack." (Deposition of Victor Reiling at 33-35, attached hereto as Exhibit C).

c. At his deposition, Bruce Benedetto stated: "I'm sure I said that it was in conjunction with the backpack, but my feeling is that it's, the concept that was brought in was images to enhance role play for the Rescue Heroes, and that is what this one does,

the ARCC [Aquatic Rescue Command Center]." (Deposition of Bruce Benedetto at 128, attached hereto as Exhibit A.)

8. Craig Nadel, the plaintiff in *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368 (2d Cir. 2000), is a client of our firm. He sent us a copy of the Complaint that he filed in his action against Play-By-Play. The Complaint asserts a cause of action for breach of implied-in-fact contract, in addition to claims for breach of express contract and breach of quasi contract.

I hereby declare that the foregoing is true and correct under penalty of perjury.

Dated: March 5, 2004

_____
Russell D. Dize