UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

MAR 23  7 53 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

VICTOR G. REILING ASSOCIATES and : 
DESIGN INNOVATION, INC.,  :

    Plaintiffs,  :  Civil No. 303CV222 (JBA)
v.

FISHER-PRICE, INC.,  :

    Defendant.  :  March 16, 2004

## REPLY DECLARATION IN FURTHER SUPPORT OF MOTION TO STRIKE

STAN CLUTTON, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following is true and correct:

1. I am the Senior Vice-President of Inventor Relations for Fisher-Price, Inc. ("Fisher-Price"), defendant in this action. I make this reply declaration in further support of Fisher-Price's motion to strike from the proposed Second Amended Complaint all statements relating to settlement discussions between Fisher-Price and plaintiffs.

2. Attached as Exhibit A to my February 18, 2004 declaration in support of this motion, was a letter which "evidence[d] the agreement of all of the parties that the [September 23, 2003] meeting [was] being conducted for settlement purposes." In this letter, the parties agreed that "the content of the meeting, including any oral or written statements made in the context of the meeting *or any follow-up discussions among the parties*, are confidential, not subject to discovery, inadmissible and are made without prejudice to any claims or defenses."

3. I asked that plaintiffs "countersign [the letter] to confirm this agreement." Both Victor Reiling, on behalf of Victor G. Reiling Associates, and Bruce Popek, on behalf of Design Innovation, countersigned the letter and returned it to me.

4. In the absence of an executed, countersigned copy of this letter, I would not have agreed to meet with plaintiffs to discuss settlement in September 2003, nor would I have had any follow-up discussions regarding settlement. I personally told plaintiffs this when the letter was under consideration by the parties.

5. While the parties did not reach an agreement in September 2003, there were follow-up discussions throughout October and November 2003. These discussions included telephone calls, telephone messages and e-mails.

6. For example, on October 28, 2003, Bruce Popek sent an e-mail to me regarding the continuation of ongoing settlement discussions. A copy of this e-mail (with financial terms and percentages redacted) is attached as **Exhibit A**. There can be no dispute that this e-mail is a continuation of the settlement discussions commenced in September 2003. Mr. Popek repeatedly refers to "settlement," "settling" and "offer." Mr. Popek also made an offer for a "general agreement" related to a settlement.

7. In furtherance of these ongoing settlement discussions, I sent an e-mail to Bruce Popek on November 7, 2003. *See* Declaration of Bruce Popek, dated March 5, 2004, Exhibit A. The subject line of the e-mail is "Your offer/Our Offer," and refers to "settlement" and "offer." Moreover, the e-mail contained a monetary amount offered for settlement and that

amount has been redacted. Amazingly, plaintiffs rely on this same e-mail to support their claim that I "threatened" them by indicating that Fisher-Price would not send new projects to a company that was suing it and falsely charging it with wrongdoing. First, this statement was an inextricable part of Fisher-Price's settlement discussions; *i.e.*, I was telling Design Innovation that, with the lawsuit pending, Fisher-Price would not be able to send it new projects,[1] but that we would agree to consider continuing to send it new projects as part of a settlement. Second, plaintiffs' attempt to use one part of what is indisputably a settlement communication in this Second Amended Complaint is a clear violation of our agreement that such communications "are confidential, not subject to discovery, inadmissible and . . . without prejudice . . ."

        8.       The chain of e-mail correspondence, along with the several telephone conversations and messages, clearly indicates that the parties were involved in ***mutual*** settlement negotiations which included exchanges of terms and possible monetary amounts. Therefore, there was continuity, throughout fall 2003, of settlement discussions among the parties.

        9.       Those negotiations continued at a settlement conference with the Special Masters assigned to this matter on January 21, 2004 and will further continue on March 23, 2004 at a follow-up settlement conference. That settlement conference also included discussions between the parties about the fact that no new projects would be sent to Design Innovation while it was actively litigating against Fisher-Price. Indeed, plaintiffs raised the issue in discussions with the Special Masters and requested that any settlement agreement include assurances that

---

[1] There was never any discussion of canceling projects already awarded or under way. Fisher-Price, if it chose to do so, had the right to cancel pending projects.

new projects would be assigned to Design Innovation going forward. This is further evidence that discussions of the issue of whether Design Innovation would receive future projects from Fisher-Price were an inextricable part of settlement negotiations. There is simply no support that any discussions have been "unilateral" or have been comprised of a "threat" made by Fisher-Price. And, as another matter, Fisher-Price did not remove any *active* projects from Design Innovation. Rather, Fisher-Price made a legitimate business decision not to send any *future* work to Design Innovation.

        10.     Accordingly, protection should be afforded to statements made by me in the context of settlement discussions. This is required under both Federal Rule of Evidence 408, as well as the contractual agreement between the parties to maintain the confidentiality and inadmissibility of any statements made either at the September 2003 meeting or in any follow-up discussions.

Dated: March 16, 2004

                                                                                      _____
                                                                                              Stan Clutton

-----Original Message-----
From: Design Innovation inc. [mailto:brucep@designii.com]
Sent: Tuesday, October 28, 2003 4:10 PM
To: Clutton, Stan
Cc: Greg Battersby; Bruce Benedetto; Doug Melville
Subject: Written Assurance

Dear Stan-

Time has slipped away since our last phone conversation. That call was concerning the written assurance form the Mattel attorneys promising no reprisal should Vic Reiling continuing the current Reel Heroes action. At that time you also briefly mentioned perhaps a settlement. I am not sure of the status of that assurance, but I felt it is important to let you know our thoughts on a settlement.

Since Design Innovation is only part of the lawsuit, and I am only a smaller part, I asked Greg Battersby to address this settlement issue directly with you. As far as I know he has not yet received the permission to do this form the Mattel attorneys.

Vic Reiling and certainly Design Innovation would consider settling this action if the offer was fair and reasonable, and based on accurate royalty numbers from Fisher Price. There is serious concern on our part and Greg's that the royalty statement disclosed by Fisher Price is not complete and only for a single SKU and not all the figures, vehicles and playsets sold to date. There was also a substantial royalty advance of ✱ that appears to have been already met previous to that statement. The ✱ mentioned also does not take in account any future royalty payments.

✱ — redacted

Our general agreement is for Fisher Price to match all past and future royalties including advances paid to ✱ for the "Voice Tech Video Mission" line even though our original option agreement was for ✱ and not ✱ The royalty would have to be applied to all products and SKUs that incorporate the video component. We would also need to receive ✱ on all current and future "Mission Select" Rescue Heroes, playsets and vehicles using the current discs format. Any videos based on the Mission Select and / or Video Mission feature would also warrant a percentage that can be negotiated.

We await your reply and sincerely hope this can be settled in a fair and timely order.

Sincerely,

Bruce

CC: V. Reiling

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing Reply Declaration in Further Support of Motion to Strike was mailed, first class postage prepaid, to the attorneys of record recited below on this 22nd day of March, 2004.

Gregory J. Battersby (Bar No. 07386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
Phone: 203-849-8300
Fax: 203-849-9300

_____
Bradford S. Babbitt

5