UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

        Plaintiffs,

- against -

FISHER-PRICE, INC.,

        Defendant.

Index No.: 3:03 CV 222 (JBA)

March 24, 2004

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

Plaintiffs, Victor G. Reiling Associates ("Reiling") and Design Innovation, Inc. ("DI") (collectively, "Plaintiffs"), respectfully oppose Defendant's Motion to Compel Discovery with regard to certain documents relating to Plaintiff DI's work on the Rescue Heroes line of toys from 1997 to the present. Plaintiffs submit that Defendant's Motion to Compel is premature and not warranted, because Plaintiff DI offered to produce documents responsive to Defendant's request before this motion was filed. Due to the difficulties that will be involved in locating the documents that Defendant has requested, DI simply requested that Defendant provide certain information that will make DI's search for responsive documents more accurate, complete and efficient. Despite DI's reasonable proposed compromise with respect to this discovery dispute, Defendant chose not to respond to the proposed compromise and instead filed this Motion to Compel. Accordingly, Defendant did not adequately attempt to resolve this dispute before filing this motion.

DI did maintain its objection to a portion of Defendant's requests for production that relates to work DI performed on certain products that have not yet been added to the Complaint. Plaintiffs have filed a Motion for Leave to File a Second Amended Complaint that would add the disputed products to this action, but as of this date the motion has not been resolved. Moreover, although DI has agreed to produce responsive documents, the documents requested are largely irrelevant to the claims at issue in this action. In view of the foregoing, Defendant's motion should be denied in all respects.

## I. PROCEDURAL BACKGROUND

Defendant served a Second Request for Production of Documents to Plaintiffs on January 5, 2004. (Declaration of Russell D. Dize in Opposition to Defendant's Motion to Compel Discovery, dated March 24, 2004 ("Dize Dec.") ¶ 2; Ex A). As part of its Second Request for Production of Documents, Defendant requested that Plaintiffs produce certain documents related to work performed by Plaintiffs on the Rescue Heroes line of toys. (Dize Dec. ¶ 3; Ex. A). Specifically, Defendant made the following request:

Request No. 2

> Any documents that reflect, refer, or relate to any work done by plaintiffs relating to Rescue Heroes figures, animals, accessories, vehicles, or play sets from January 1997 through the present, including, without limitation, project books, purchase orders, invoices, time sheets, billing records, calendar entries, sketches, photographs, notes and memoranda.

(*Id.*)

On February 4, 2004, Plaintiff DI served an objection to this request. (Dize Dec. ¶ 4; Ex B). Specifically, DI made the following objection:

Response to Request No. 2

> Plaintiff DI objects to this request on the grounds that it is unduly burdensome, unreasonable, oppressive, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

(*Id.*)

On February 20, 2004, Plaintiffs received a letter from counsel for the Defendant demanding production of the requested documents. (Dize Dec. ¶ 5; Ex. C). On February 26, 2004, Plaintiffs' counsel wrote to counsel for the Defendant in an attempt to resolve the discovery dispute. (Dize Dec. ¶ 6; Ex. D). In an effort to resolve the dispute, Plaintiff DI agreed to produce responsive documents. (*Id.*) Specifically, DI, through counsel, responded as follows:

> Notwithstanding the foregoing objection, in a good faith effort to avoid a motion to compel, Design Innovation will agree to produce documents related to the work it has done on the Voice Tech Video Mission Rescue Heroes from January 1997 through the present, to the extent that any such documents exist, provided that, in order to facilitate this exchange of information, Fisher-Price provides copies of all purchase orders and work orders pertaining to Design Innovation for the relevant time period. This is necessary because Design Innovation often works on components of products and does not know the exact product or line of products on which the component will ultimately be incorporated.

(*Id.*)

Although Plaintiff DI agreed to produce responsive documents with respect to Voice Tech Video Mission Rescue Heroes, which are the products currently at issue in this case, it maintained its objection to providing the information for other action figures and accessories which have not yet been added to the Complaint in this action. (Dize Dec. ¶ 7). Plaintiffs have filed a Motion for Leave to File a Second Amended Complaint that would add the disputed products to this action, but as of this date the motion has not been resolved. (*Id.*) It is worth noting that Defendant has objected to Plaintiffs' requests for sales figures for these additional

3

products on grounds that they are irrelevant, presumably because they have not yet been added to the Complaint. (Dize Dec. ¶ 8).

Plaintiff DI offered to produce responsive documents before Defendant filed this motion, and simply requested information from Defendant that would make the exchange of information more complete, accurate, efficient and less burdensome. (Dize Dec. ¶ 9). Despite this reasonable compromise proposed by DI, counsel for Defendant did not contact Plaintiffs' counsel with regard to the proposed compromise to attempt to work out a resolution. (*Id.*) Instead, Defendant filed this Motion to Compel. (*Id.*)

II.  ARGUMENT

   A.  **THE INFORMATION PLAINTIFFS REQUESTED FROM DEFENDANT WILL ENABLE PLAINTIFF DI TO RESPOND COMPLETELY, ACCURATELY AND EFFICIENTLY TO DEFENDANT'S DOCUMENT REQUESTS**

Design Innovation has worked on a number of projects for Fisher-Price since January 1997. (Declaration of Bruce P. Popek in Opposition to Defendant's Motion to Compel Discovery, dated March 24, 2004 ("Popek Dec.") ¶ 3). However, Design Innovation often works on one or more components or pieces of a larger product, and often does not know the identity of the ultimate product on which the components or pieces will be used. (*Id.*) This is true with respect to work Design Innovation has performed for Fisher-Price since January 1997. (*Id.*)

For example, Design Innovation is often hired by Fisher-Price to perform sculpting of individual components of larger products. (Popek Dec. ¶ 4). However, Fisher-Price frequently does not disclose to Design Innovation whether it is working on a "Rescue Heroes" project or some other project. (*Id.*) Most often, the assignments have only working names. (*Id.*)

4

Moreover, the ultimate product on which the individual component will be used is often not readily apparent from looking at the component itself. (*Id.*)

While Design Innovation most likely did perform work for Fisher-Price with respect to Rescue Heroes during the relevant time period, it will be nearly impossible for Design Innovation to ensure that it produces all responsive documents without input from Fisher-Price, because in many instances, only Fisher-Price will know if the work commissioned by Fisher-Price from Design Innovation was ultimately for Rescue Heroes action figures or related products. (Popek Dec. ¶ 5). Likewise, DI does not maintain records that would allow for the efficient retrieval of documents related to work performed for Fisher-Price. (Popek Dec. ¶ 6). In order to obtain the requested documents, Design Innovation would first have to search all of its project files since January 1997 (approximately 3,475 projects) to identify projects that it worked on for Fisher-Price. (*Id.*) Design Innovation would then have to review each file to make a determination as to whether the component was ultimately used or intended by Fisher-Price for use on Rescue Heroes action figures or related products. (*Id.*) Without input from Fisher-Price, it will be difficult for DI to accurately make this determination in many instances. (*Id.*)

Purchase orders and work orders related to work commissioned by Fisher-Price from Design Innovation, which Fisher-Price almost certainly has in its possession, would help DI locate responsive documents because these documents would contain a description of the work commissioned by Fisher-Price and the approximate date on which the work was performed by Design Innovation (Popek Dec. ¶ 7). Since Fisher-Price knows exactly which projects were related to Rescue Heroes action figures and related products, this information would enable Design Innovation to respond fully and accurately. (*Id.*)

DI is a small company with limited resources and it certainly pales in comparison to Fisher-Price, a subsidiary of the world's largest toy company. (Popek Dec. ¶ 8). Conducting a random search of all project files without the information requested from Fisher-Price, which Fisher-Price could easily provide, would be unduly burdensome for DI due to the resources that would be expended. (Id.) The purchase orders and work orders requested would enable DI to conduct the search of its files accurately and expeditiously. (Id.)

Before Fisher-Price's Motion to Compel was filed, Design Innovation, through counsel, informed Fisher-Price that it would produce documents responsive to Fisher-Price's request if Fisher-Price could provide the purchase orders and work orders that would enable Design Innovation to respond accurately and completely. (Popek Dec. ¶ 9). This is a reasonable compromise which DI proposed in an effort to avoid the waste of judicial resources involved in resolving a motion to compel, and in an effort to respond as accurately and completely as possible to Defendant's discovery requests. Defendant's failure to acknowledge and respond to DI's proposed compromise before filing this Motion to Compel is evidence that this motion is premature and not warranted.

  B. **DEFENDANT'S REQUESTS ARE NOT RELEVANT TO THE ISSUES IN DISPUTE IN THIS CASE**

Defendant has requested "any documents that reflect, refer, or relate to any work done by plaintiffs relating to Rescue Heroes figures, animals, accessories, vehicles, or play sets from January 1997 through the present . . . ." (Dize Dec. ¶ 3). Defendant argues that these documents are relevant to "Design Innovation's knowledge of the features of the Rescue Heroes line of toys, and this knowledge bore upon the merit of plaintiffs' claims of novelty of their submissions and particular features in their submissions." (Defendant's Memorandum of Law in Support of Motion to Compel ("Def. Mem.") at 3). However, Plaintiffs fail to see the relevance with respect

to the claims at issue in this action. The important issues in this case are whether Defendant misappropriated Plaintiffs' concept and whether Plaintiffs' concept was novel. Plaintiffs' knowledge of the Rescue Heroes line is not relevant to whether Plaintiffs' concept was novel. The concept was either novel or not novel at the time it was submitted – Plaintiffs' knowledge of the Rescue Heroes line is irrelevant.

It is well established that the scope of discovery may be limited if the Court determines that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, or if the burden or expense of the proposed discovery outweighs its likely benefit, taking into account, *inter alia*, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2). Here, Plaintiffs' submit that the requested documents are not particularly important for resolving the issues in dispute, and given this fact, the burden of the proposed discovery outweighs its likely benefit. Moreover, many of the requested documents are equally available from Defendant, who commissioned Plaintiffs' work, if any, on the Rescue Heroes line of toys.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Compel Discovery. In the event that the Court grants Defendant's motion, Plaintiffs respectfully request that Defendant be ordered to provide the purchase orders and work orders that Plaintiff DI has requested that will allow it to produce responsive documents completely, accurately and efficiently.

Dated: Norwalk, Connecticut
       March 24, 2004

                    Respectfully Submitted,

                    GRIMES & BATTERSBY, LLP

By: _____
      Gregory J. Battersby (Bar No. 7386)
      Edmund J. Ferdinand, III (Bar No. 21287)
      Russell D. Dize (Bar No. 23064)
      Jessica L. Elliott (Bar No. 24871)
      488 Main Avenue, Third Floor
      Norwalk, Connecticut 06851-1008
      (p) (203) 849-8300
      (f) (203) 849-9300

      Attorneys for Plaintiffs Victor G. Reiling
      Associates and Design Innovation, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Memorandum in Opposition to Defendant's Motion to Compel Discovery has been served upon defendant Fisher-Price, Inc., on this 24th day of March 2004, via U.S. Mail, First Class, postage prepaid, to:

>Bradford S. Babbitt, Esq
>Michael J. Kolosky, Esq.
>ROBINSON & COLE LLP
>280 Trumbull Street
>Hartford, CT 06103-3597

>Robert J. Lane, Jr., Esq.
>Jodyann Galvin, Esq.
>HODGSON RUSS LLP
>One M&T Plaza, Suite 2000
>Buffalo, New York 14203-2391

*Russell D. Dize*
Russell D. Dize