UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

        Plaintiffs,

- against -

FISHER-PRICE, INC.,

        Defendant.

Index No.: 3:03 CV 222 (JBA)

March 24, 2004

---

### DECLARATION OF BRUCE P. POPEK IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

I, BRUCE P. POPEK, pursuant to the requirements of 28 U.S.C §1746, declare that the following is true and correct:

1. I am a principal of Design Innovation, Inc., a plaintiff in the above-captioned action. I have personal knowledge of all facts stated herein. I submit this declaration in opposition to Defendant's Motion to Compel Discovery.

2. I am aware that Fisher-Price has made the following document request in this action:

> Any documents that reflect, refer, or relate to any work done by plaintiffs relating to Rescue Heroes figures, animals, accessories, vehicles, or play sets from January 1997 through the present, including, without limitation, project books, purchase orders, invoices, time sheets, billing records, calendar entries, sketches, photographs, notes and memoranda.

3.   Design Innovation has worked on a number of projects for Fisher-Price since January 1997. However, Design Innovation often works on one or more components or pieces of a larger product, and often does not know the identity of the ultimate product on which the components or pieces will be used. This is true with respect to work Design Innovation has performed for Fisher-Price since January 1997.

4.   For example, Design Innovation is often hired by Fisher-Price to perform sculpting of individual components of larger products. However, Fisher-Price frequently does not disclose to Design Innovation whether it is working on a "Rescue Heroes" project or some other project. Most often, the assignments have only working names. Moreover, the ultimate product on which the individual component will be used is often not readily apparent from looking at the component itself.

5.   While Design Innovation most likely did perform work for Fisher-Price with respect to Rescue Heroes during the relevant time period, it will be nearly impossible for Design Innovation to ensure that it produces all responsive documents without input from Fisher-Price, because in many instances, only Fisher-Price will know if the work commissioned by Fisher-Price from Design Innovation was ultimately for Rescue Heroes action figures or related products.

6.   Likewise, Design Innovation does not maintain records that would allow for the efficient retrieval of documents related to work performed for Fisher-Price. In order to obtain the requested documents, Design Innovation would first have to search all of its project files since January 1997 (approximately 3,475 projects) to identify projects that it worked on for Fisher-Price. Design Innovation would then have to review each file to make a determination as

to whether the component was ultimately used or intended by Fisher-Price for use on Rescue Heroes action figures or related products. Without input from Fisher-Price, it will be difficult for Design Innovation to accurately make this determination in many instances.

7. Purchase orders and work orders related to work commissioned by Fisher-Price from Design Innovation, which Fisher-Price almost certainly has in its possession, would help us locate responsive documents because these documents would contain a description of the work commissioned by Fisher-Price and the approximate date on which the work was performed by Design Innovation. Since Fisher-Price knows exactly which projects were related to Rescue Heroes action figures and other products, this information would enable Design Innovation to respond fully and accurately.

8. Design Innovation is a small company with limited resources and it certainly pales in comparison to Fisher-Price, a subsidiary of the world's largest toy company. Conducting a random search of all project files without the requested information, which Fisher-Price could easily provide, would be unduly burdensome on Design Innovation due to the resources that would be expended in doing so. The purchase orders and work orders requested would enable Design Innovation to conduct the search of its files accurately and expeditiously.

9. Before Fisher-Price's Motion to Compel was filed, Design Innovation, through counsel, informed Fisher-Price that it would produce documents responsive to Fisher-Price's request if Fisher-Price could provide the purchase orders and work orders that would enable Design Innovation to respond accurately and completely.

I hereby declare that the foregoing is true and correct under penalty of perjury.

Dated: March 24, 2004

_____
Bruce P. Popek