UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> FISHER-PRICE, INC., <br><br> Defendant. | Index No.: 3:03 CV 222 (JBA) <br><br> March 24, 2004 |

### DECLARATION OF RUSSELL D. DIZE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

I, RUSSELL D. DIZE, pursuant to the requirements of 28 U.S.C. §1746, declare that the following is true and correct:

1. I am an attorney associated with Grimes & Battersby, LLP in Norwalk, Connecticut, counsel to Plaintiffs, Victor G. Reiling Associates ("Reiling") and Design Innovation, Inc. ("DI") (collectively, "Plaintiffs"). I assisted Plaintiffs with the preparation of responses and objections to Defendant's discovery requests in this matter, and therefore, I am fully familiar with the facts set forth herein. I submit this declaration in opposition to Defendant's Motion to Compel Discovery.

2. Defendant served a Second Request for Production of Documents to Plaintiffs on January 5, 2004. A true and correct copy of Defendant's Second Request for Production of Documents is attached hereto as Exhibit A.

3. As part of its Second Request for Production of Documents, Defendant requested that Plaintiffs produce certain documents related to work performed by Plaintiffs on the Rescue Heroes line of toys. Specifically, Defendant made the following request:

Request No. 2

> Any documents that reflect, refer, or relate to any work done by plaintiffs relating to Rescue Heroes figures, animals, accessories, vehicles, or play sets from January 1997 through the present, including, without limitation, project books, purchase orders, invoices, time sheets, billing records, calendar entries, sketches, photographs, notes and memoranda.

(See Defendant's Second Request for Production of Documents, attached hereto as Exhibit A).

4. On February 4, 2004, Plaintiff DI served an objection to this request. Specifically, DI made the following objection:

Response to Request No. 2

> Plaintiff DI objects to this request on the grounds that it is unduly burdensome, unreasonable, oppressive, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

A true and correct copy of Plaintiff DI's Responses and Objections to Defendant's Second Request for Production of Documents is attached hereto as Exhibit B.

5. On February 20, 2004, I received a letter from counsel for the Defendant demanding production of the requested documents. A true and correct copy of Defendant's February 20, 2004 letter is attached hereto as Exhibit C.

6. On February 26, 2004, I wrote to counsel for the Defendant in an attempt to resolve the discovery dispute. In an effort to resolve the dispute, Plaintiff DI agreed to produce responsive documents. Specifically, DI responded as follows:

> Notwithstanding the foregoing objection, in a good faith effort to avoid a motion to compel, Design Innovation will agree to produce documents related to the work

it has done on the Voice Tech Video Mission Rescue Heroes from January 1997 through the present, to the extent that any such documents exist, provided that, in order to facilitate this exchange of information, Fisher-Price provides copies of all purchase orders and work orders pertaining to Design Innovation for the relevant time period. This is necessary because Design Innovation often works on components of products and does not know the exact product or line of products on which the component will ultimately be incorporated.

A true and correct copy of my February 26, 2004 letter is attached hereto as Exhibit D.

7. Although Plaintiff DI agreed to produce responsive documents with respect to Voice Tech Video Mission Rescue Heroes, which are the only products currently at issue in this action, it maintained its objection to providing information relative to other action figures and accessories which have not yet been added to the Complaint. Plaintiffs have filed a Motion for Leave to File a Second Amended Complaint, which seeks to add additional products to the Complaint, but that motion has not been decided as of this date. Should Plaintiffs' Motion to Amend be granted, DI will produce responsive documents relative to the products that are added to the Complaint.

8. Defendant has objected to Plaintiffs' request for sales figures for the additional products on grounds that they are irrelevant, presumably because they have not yet been added to the Complaint. At true and correct copy of Defendant's Responses and Objections to Plaintiffs' Second Requests for Production of Documents is attached hereto as Exhibit E. (See Responses 2 and 4 through 15).

9. Plaintiff DI offered to produce responsive documents prior to the filing of this motion by Defendant. DI simply requested information from Defendant that would make the exchange of information more complete, accurate, efficient and less burdensome. Despite the

reasonable compromise proposed by Plaintiffs, Defendant did not contact Plaintiffs' counsel a second time to attempt to work out a resolution. Instead, Defendant filed this Motion to Compel.

I hereby declare that the foregoing is true and correct under penalty of perjury.

Dated: March 24, 2004

_____
Russell D. Dize