UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,          :
                                  :
                    Plaintiffs,   :        Civil No. 303CV222(JBA)
                                  :
v.                                :
                                  :
FISHER-PRICE, INC.,               :
                                  :
                    Defendant.    :

## FISHER-PRICE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL

### Introduction

Fisher-Price, Inc. ("Fisher-Price") submits this reply memorandum of law in further support of its motion to compel the disclosure of documents from plaintiff, Design Innovation, Inc. ("Design Innovation"). The documents sought relate to Design Innovation's knowledge of the Rescue Heroes line of toys and their non-novel features, and may additionally provide information as to whether plaintiffs' claimed concepts are reflected in work Design Innovation submitted to Fisher-Price under the design services agreement between Design Innovation and Fisher-Price. The documents Fisher-Price has requested are thus clearly germane to plaintiffs' novelty claims and to Fisher-Price's defenses. Moreover, Design Innovation has not made a sufficient showing of burdensomeness. Its inefficient record-keeping system provides no basis for withholding relevant documents, and its request that Fisher-Price produce documents (which plaintiffs

never requested in the first place) to facilitate its burden of production is unfounded. This

Court should compel Design Innovation to produce all responsive documents.

### Argument

### I. DESIGN INNOVATION SHOULD BE COMPELLED TO PRODUCE ALL DOCUMENTS RELATED TO ITS WORK ON RESCUE HEROES

**A. Documents Related To Design Innovation's Work On Rescue Heroes Projects Are Directly Relevant To Plaintiffs' Claims And Fisher-Price's Defenses.**

Design Innovation's argument that documents relating to its work on the

Rescue Heroes line of toys are not relevant is simply unsupportable. The requested

documents relate directly to Design Innovation's knowledge of the Rescue Heroes line of

toys and the non-novel features thereof. Plaintiffs' claimed submissions modified pre-

existing Rescue Heroes figures and any knowledge by Design Innovation of the Rescue

Heroes line of toys and their non-novel features is clearly germane to plaintiffs' claim

that its submissions were novel, as well as to Fisher-Price's defense that there was no

novelty and no misappropriation.

The requested documents are expected to show that plaintiffs are claiming

a right to features already existing in the Rescue Heroes line of toys when plaintiffs made

their claimed submissions, and that plaintiffs had knowledge of these preexisting features

when performing work under the design services agreement between Design Innovation

and Fisher-Price. Thus, for example, plaintiffs have asserted that the backpack feature of

Rescue Heroes was part of their claimed submissions. But the backpack was always a

feature of Rescue Heroes. The documents requested by Fisher-Price, which would

- 2 -

provide information regarding Design Innovation's work under the design services agreement, would demonstrate that Design Innovation knew of this even before making their claimed submissions.

The requested documents also relate directly to whether plaintiffs' claimed concepts or at least some of their features may be covered by other ideas or products submitted to Fisher-Price under a design services agreement. Pursuant to Design Innovation's design services agreement with Fisher-Price, Design Innovation agreed that it would work for Fisher-Price on a work-for-hire basis at an hourly rate. *See* Reply Declaration of Erwin Hetzelt, III, dated April 8, 2004 ("Hetzelt Reply Decl.") at ¶ 3, Exhibit A. The design services agreement also provided that Fisher-Price owned all work produced thereunder, and would not owe any royalties to Design Innovation based on the assigned work. *See id.* In other words, if any of the features of plaintiffs' claimed submissions were in fact disclosed by one of Design Innovation's work-for-hire assignments, plaintiffs have no right to those covered submissions. For example, plaintiffs have claimed that the use of images on backpacks is a feature covered by their submissions. The requested documents would show whether any work Design Innovation produced under the design services agreement included such use of images. If so, plaintiffs cannot claim a right to that feature.

Lastly, the requested documents will provide information as to whether there was any delay by Design Innovation in asserting some or all of its claims against Fisher-Price. For all of the above reasons, Design Innovation's records relating to any work on the Rescue Heroes line of toys clearly are relevant to plaintiffs' claims and to Fisher-Price's defenses.

- 3 -

**B.      Design Innovation's Claim Of Burden Must Be Rejected.**

Design Innovation's other reason for not producing the requested documents is equally untenable.  Design Innovation's request for documents from Fisher-Price to facilitate its search of its own records is unfounded and should be rejected.  In essence, Design Innovation argues that Fisher-Price's discovery request is unduly burdensome because of its own inefficient record-keeping system.  This is not an adequate excuse for withholding relevant documents, and Fisher-Price should not be forced to bear Design Innovation's burden of production.

### 1.      Design Innovation's inefficient record-keeping system is not an adequate excuse to frustrate discovery.

Design Innovation requests that Fisher-Price produce documents to facilitate Design Innovation's "more complete, accurate, efficient and less burdensome" search.  Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Discovery, dated March 24, 2004 ("Plaintiff's Opp. Memo.") at 4.  It admits that it "does not maintain records that would allow for the efficient retrieval of documents" related to Fisher-Price work.  Plaintiff's Opp. Memo. at 5.  That, however, is not a legitimate reason for failing to produce relevant documents or for shifting the burden of production onto Fisher-Price.

It is unnecessary to point out that "[e]very law suit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom."  *V.O. Machinoimport v. Clark Equip. Co.*, 11 F.R.D. 55, 60 (S.D.N.Y. 1951).  This is

- 4 -

especially appropriate where the party objecting to discovery is the plaintiff—*i.e.*, the

party bringing suit in the first place and thereby voluntarily subjecting itself to the time

and expense of discovery. The fact that Design Innovation maintains an inefficient

record-keeping system is simply not an adequate excuse to relieve it from its obligation to

produce relevant documents. Clearly put, "creating an inadequate filing system, and then

claiming undue burden, would defeat the purposes of the discovery rules." *Kozlowski,*

*PPA v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D.Mass. 1976); *Baxter Travenol Labs.,*

*Inc. v. LeMay*, 93 F.R.D. 379, 383 (S.D. Ohio 1981) ("courts have held that an unwieldy

record-keeping system, which requires heavy expenditures in money and time to produce

relevant records, is simply not an adequate excuse to frustrate discovery"). Design

Innovation's inefficient record-keeping system is not a basis for withholding relevant

documents.

### 2. Fisher-Price's alleged access to any requested information is no less burdensome and is irrelevant.

Design Innovation's request that Fisher-Price produce documents to

facilitate its own search, because it would be easier for Fisher-Price to locate documents

related to Design Innovation's work on Rescue Heroes, is unfounded and should be

rejected. Whether Fisher-Price has any responsive documents in its own file is not the

relevant inquiry in determining whether an answering party should be compelled to

produce documents, and Design Innovation does not and cannot refute this. Instead,

Design Innovation attempts to distract the Court and garner its sympathy by resorting to

the excuse that it is a "small company with limited resources." Plaintiff's Opp. Memo. at

6. However, as shown above, the fact that production of documents would be

burdensome is not an adequate reason for refusing to produce responsive documents. In

any case, Design Innovation's argument that it is more burdensome for a smaller company to produce its records compared to a larger company liked Fisher-Price is also counterintuitive. The smaller the company, the smaller the business and documents generated. It should actually be less burdensome for Design Innovation to review its records, and to produce responsive documents.

In fact, if Fisher-Price was to produce the documents Design Innovation seeks, which it is under no obligation to do, it would likely be no less burdensome for Fisher-Price, if not more. Until October 2002, all purchase order forms and purchase authorization forms for outside designer engagements were maintained manually, and the purchasing department retained copies of them. *See* Hetzelt Reply Decl. at ¶ 5. However, these physical forms have been archived in Fisher-Price's retention areas. *See id.* Therefore, a production of Design Innovation's purchase order forms and purchase authorization forms from January 1997 through the present would require a significant amount of time and expense in manually reviewing the purchasing department files, locating the archive cartons at the retention centers that are likely to contain Design Innovation's forms, and thereafter matching each purchase order form and purchase authorization form. *See id.* at ¶ 6. There is just no basis for shifting its burden of production onto Fisher-Price in this way.

Plaintiffs' request that Fisher-Price conduct an extensive and burdensome production of documents that plaintiffs never requested in the first place, ***only*** to make it ***easier*** for Design Innovation to find its own documents, is also faulty because it completely misses the point that, even if such a review was completed, Fisher-Price still would not have the documents it is seeking from Design Innovation. Fisher-Price has

- 6 -

requested all documents relating to Design Innovation's work on Rescue Heroes, and the request encompasses documents which are ***internal documents unique*** to Design Innovation, including: "project books, time sheets, billing records, calendar entries, sketches, photographs, notes, and memoranda." Declaration of Robert J. Lane, Jr., dated March 2, 2004 (Lane Declaration, Exhibit A). Although Fisher-Price archives work product submitted through outside design engagements, archived items that are released into the market, that are repetitive of other Fisher-Price marketed products, or that for other reasons are not useful to a design team are discarded due to space constraints. *See* Reply Declaration of Tyler Berkheiser, dated April 8, 2004 ("Berkheiser Reply Decl.") at ¶ 9. Drawings submitted through outside design engagements were never archived, but rather remained directly with individual members of a design team and were similarly discarded when no longer useful, if they ever were. *See id.* at ¶ 10. Simply put, there is no way that Fisher-Price could possibly have all of Design Innovation's responsive documents in its own files. However, it is expected that outside designers, like Design Innovation, would keep photographs or drawings of their work products. *See id.* at ¶ 9. Such documentation of Design Innovation's work on Rescue Heroes is clearly relevant and should be produced.

Design Innovation also argues that it "often works on one or more components or pieces of a larger product, and often does not know the identity of the ultimate product on which the components or pieces will be used." Plaintiff's Opp. Memo. at 4. It asserts that "Fisher-Price frequently does not disclose to Design Innovation whether it is working on a 'Rescue Heroes' project or some other project. … Most often, the assignments have only working names. … Moreover, the ultimate

product on which the individual component will be used is often not readily apparent from looking at the component itself." Plaintiff's Opp. Memo. at 4-5. Any such claim can simply not be credited.

When contracting design work to outside designers for such work, it is necessary to identify for the outside designer the ultimate project for which the designer's sculpture will be used so that the outside designer will create the best sculpture possible to conform with the ultimate product or product-line. *See* Berkheiser Reply Decl. at ¶ 4. For example, it would be practically impossible for an outside designer to create a model to fit with Fisher-Price's Rescue Heroes line of toys "without knowing the assigned work was for Rescue Heroes. This is because Rescue Heroes toys are distinguished from other action figures by three prominent features: (1) they are approximately seven inches tall, broad and heavy with large feet so they stand up reliably, and made out of molded plastic so that their construction is much heavier than most action figures; (2) the individual characters for the Rescue Heroes line have 'rescue' identities - such as a firefighter, a police officer, a scuba diver, a paramedic, etc.; and (3) each of the figures comes with a backpack molded to relate to the figure's character (e.g., the firefighter's backpack looked like oxygen tanks, the paramedics carried medical equipment, etc.)." *Id.*

Correspondingly, "Rescue Heroes toys are intended to appeal to boys over 3 years of age." *Id.* at ¶ 5. Therefore, if work was assigned, for example, to an outside designer to create a Dalmatian dog model, the outside designer would have to know whether the model ultimately was intended for the Little People line of toys, which are intended for younger children, are smaller in scale, and which do not have moving appendages, or for the Rescue Heroes line of toys. *See id.* Although the working name

- 8 -

might not have been specific to each character or toy within the product line (*i.e.* the working name probably did not identify that the assignment was for the "Billy Blazes" character within Rescue Heroes), it would have included enough information for the outside designer to have to know that the assigned work was for the Rescue Heroes line of toys. *See id.* Each line of Fisher-Price's toys has particular features and it is imperative to disclose the necessary information regarding the intended use of the work product to outside designers so that they can construct the best possible sculpture corresponding with the ultimate product line. Based on these practical concerns, Design Innovation's assertion that the working names given by Fisher-Price did not disclose whether the project was intended for Rescue Heroes simply cannot be credited.

Design Innovation's suggestions that Fisher-Price itself produce documents to facilitate Design Innovation's search must therefore be rejected. All that Fisher-Price is asking for from Design Innovation is that Design Innovation comply with the Federal Rules of Civil Procedure by conducting a good-faith diligent search for documents related to the Rescue Heroes line of toys since January 1997. There is no authority for shifting the burden to produce on to the requesting party in this situation, especially where the request is narrowly tailored and seeks only relevant information. Design Innovation never requested those documents from Fisher-Price in discovery and cannot do so now.

- 9 -

## Conclusion

For the foregoing reasons, Fisher-Price's Motion to Compel should be granted.

Dated: April 12, 2004

<div style="margin-left: 40%;">

**DEFENDANT FISHER-PRICE, INC.**

By: _____

Bradford S. Babbitt
Federal Bar No.: ct13938
email: bbabbitt@rc.com
ROBINSON & COLE, LLP
280 Trumbull Street
Hartford, CT 06103-3597
tel. no.: (860) 275-8200
fax no.: (860) 275-8299

and

Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14023-2391
tel. no: (716) 856-4000
fax no.: (716) 849-0349

</div>

- 10 -

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing Reply

Memorandum in Support of Motion to Compel was mailed, first class postage prepaid, to

the attorneys of record recited below on this 12th day of April, 2004.

Gregory J. Battersby (Bar No. 07386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
Phone: 203-849-8300
Fax: 203-849-9300

Bradford S. Babbitt

- 11 -