Westlaw.

Not Reported in F.Supp.
(Cite as: 1997 WL 222359 (N.D.N.Y.))

Page 1

C
Only the Westlaw citation is currently available.

United States District Court, N.D. New York.

Rosemary ROBERSON, Plaintiff,
v.
ALLIEDSIGNAL, INC. and Fluorglas, Defendants.

No. 95-CV-0616.

March 21, 1997.

In former employee Americans with Disabilities Act (ADA) action against employer, employee moved to compel discovery. The District Court, David N. Hurd, United States Magistrate Judge, granted motion to compel. Employer appealed. The District Court, Lawrence E. Kahn, J., held that: (1) former employee was entitled to obtain broad discovery of employer's employment practices which would not be limited to discovery of matters taking place in local division in which employee had worked and which included those practices not related to disability claims.

Affirmed.

West Headnotes

[1] United States Magistrates 394k29
394k29 Most Cited Cases

On review of nondispositive order, magistrate's finding is clearly erroneous when, although there is evidence to support it, reviewing court on the entire record is left with definite and firm conviction that mistake has been committed. Fed.Rules Civ.Proc.Rule 72(a), 28 U.S.C.A.; U.S.Dist.Ct.Rules N.D.N.Y., Rule 72.1(b).

[2] United States Magistrates 394k17
394k17 Most Cited Cases

[2] United States Magistrates 394k28
394k28 Most Cited Cases

Magistrate judge possessed broad discretion to decide discovery disputes and should not be overruled unless this discretion is clearly abused. Fed.Rules Civ.Proc.Rule 72(a), 28 U.S.C.A.; U.S.Dist.Ct.Rules N.D.N.Y., Rule 72.1(b).

[3] United States Magistrates 394k26
394k26 Most Cited Cases

[3] United States Magistrates 394k27
394k27 Most Cited Cases

In contrast to de novo review undertaken when party objects to magistrate judge's recommended disposition of dispositive motion, review of nondispositive order does not contemplate receipt of additional evidence by parties on issues. Fed.Rules Civ.Proc.Rule 72(a, b), 28 U.S.C.A.

[4] Federal Civil Procedure 170Ak1272.1
170Ak1272.1 Most Cited Cases

In ADA action, former employee was entitled to obtain broad discovery of employer's employment practices, and this would not be limited to discovery of matters taking place in local division in which employee had worked, where employee was claiming disparate impact and there was evidence that personnel matters were handled in one office for all of employer's divisions. Fed.Rules Civ.Proc.Rules 26(b)(1), 33(c), 34(a), 28 U.S.C.A.

[5] Federal Civil Procedure 170Ak1272.1
170Ak1272.1 Most Cited Cases

In ADA action, former employee was entitled to obtain broad discovery of employer's employment practices, including those not related to disability claims, to support her claim that her termination was pretext for discrimination. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Fed.Rules Civ.Proc.Rules 26(b)(1), 33(c), 34(a), 28 U.S.C.A.

Mandel Clemente & Associates, P.C., Latham, NY, for Plaintiff; Bonnie J. Riggi, of counsel.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
(Cite as: 1997 WL 222359 (N.D.N.Y.))

Page 2

Bond, Schoeneck & King, L.L.P., Albany, NY, for Defendants; Nicholas J. D'Ambrosio, of counsel.

### MEMORANDUM-DECISION & ORDER

KAHN, District Judge.

#### Introduction

*1 Defendants AlliedSignal, Inc. ("Allied") and Fluorglas appeal from Magistrate Judge David N. Hurd's order dated September 24, 1996 compelling them to provide supplemental responses to certain interrogatories and document demands. The defendants assert that certain portion's of Magistrate Judge Hurd's order is clearly erroneous.

#### Background

From 1974, plaintiff Rosemary Roberson was employed by defendant Fluorglas in Hoosick Falls, New York. Fluorglas is an unincorporated business unit of defendant AlliedSignal, Inc., a foreign corporation licensed to transact business in the State of New York. In August or September 1991, the plaintiff took disability leave for a work-related shoulder injury. On July 31, 1992, plaintiff informed defendants that she was given her physician's permission to return to work. By letter dated August 6, 1992, plaintiff was informed that she had been terminated because her medical leave had expired.

On May 5, 1995, plaintiff commenced the instant action, alleging that the defendants wrongfully terminated her because of her disability in violation of § 102(a) of the Americans With Disabilities Act (42 U.S.C. § 12112). Plaintiff also alleges claims under New York common and statutory law.

To date, the plaintiff has served three sets of interrogatories and two sets of demands for the production of documents upon the defendants. The defendants objected to many of the interrogatory requests and document demands, asserting that they were vague, overbroad and sought information irrelevant to the subject matter of this action. These objections persisted despite a meeting between the parties on January 16, 1996 and a discovery conference with Magistrate Judge Hurd on April 25, 1996.

On August 15, 1996, the plaintiff filed a motion to compel discovery. Specifically, plaintiff sought an order compelling a supplemental response to the plaintiff's First and Second Set of Interrogatories and to plaintiff's First Set of Document Demands. By order dated September 24, 1996, Magistrate Judge Hurd granted most of the relief sought by the plaintiff. The defendants sought and were granted a stay of that order by this Court on October 10, 1996 pending the disposition of this appeal.

The defendants agree to provide responses for the interrogatories # # 19, 29 and 36 from the plaintiff's First Set of Interrogatories; for the demands # # 26 and 27 from the plaintiff's First Set of Document Demands; and for Interrogatory # 18 from the Second Set of Interrogatories. Defendants appeal Magistrate Judge Hurd's order insofar as it compels a supplemental response to plaintiff's First Set of Interrogatories (interrogatories # # 3, 13-18, 21, 24, 27-28, 32-33, and 35), plaintiff's First Set of Document Demands (demands # # 3-4, 11-12, 14, 16, 29-30, 33-39, 42, and 44-46, and 50) and plaintiff's Second Set of Interrogatories (interrogatories # # 14-17 and 21-23).

#### Discussion
I. Standard of Review

*2 [1][2] When a party timely appeals a magistrate judge's nondispositive order "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); N.D.N.Y.L.R. 72.1(b). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Germann v. Consolidated Rail Corp.*, 153 F.R.D. 499, 500 (N.D.N.Y.1994). A magistrate judge possesses broad discretion to decide discovery disputes and should not be overruled unless this discretion is clearly abused. *See id.*

[3] In contrast to the *de novo* review undertaken when a party objects to a magistrate judge's recommended disposition of a dispositive motion, the review of a nondispositive order does not contemplate the receipt of additional evidence by the parties on the issues. *Compare* Fed.R.Civ.P. 72(a) *with* Fed.R.Civ.P. 72(b). Accordingly, the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
(Cite as: 1997 WL 222359 (N.D.N.Y.))

Page 3

affidavits of Patrick W. McGovern, Esq. and Nicholas J. D'Ambrosio, Esq., submitted by defendants on behalf of their appeal but not part of the record below, will not be considered here.

*II. The Challenged Discovery Demands*

The defendants raise two arguments on this appeal. First, they argue that plaintiff is only entitled to discovery from the Fluorglas entity because the decision to terminate the plaintiff was made solely at the local level. Second, they contend that the plaintiff may only obtain information relating to disability discrimination, the crux of the plaintiff's complaint.

*A. Company-wide Discovery*

[4] Several of the plaintiff's demands seek discovery regarding matters that took place in Allied facilities other than the Hoosick Falls Fluorglass facility. Defendants, citing cases, contend that discovery should be limited to the plaintiff's employment unit. *See Earley v. Champion Int. Corp.*, 907 F.2d 1077, 1084 (11th Cir.1990); *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir.1991); *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 296 (W.D.N.Y.1996). Plaintiff argues that since this is a disparate impact employment discrimination case, she is entitled to broad discovery. Furthermore, plaintiff contends that (1) evidence produced by the defendants shows that human resource functions for all Allied divisions are being handled by Allied's Morristown office; (2) that Flourglas personnel relied on advice from Allied's legal department with respect to plaintiff's termination; (3) and that the policies implemented by Fluorglas personnel in the plaintiff's case were drafted by personnel at Allied's Morristown office.

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1). Interrogatories and document demands may relate to any matters which can be inquired into under Rule 26(b). Fed.R.Civ.P. 33(c), 34(a). In *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir.1990), upon which the magistrate judge relied, the Second Circuit permitted the plaintiff in an Age Discrimination in Employment Act case to acquire company-wide information, refusing to limit the request to his employment unit. *Id.* While the disputed interrogatory in Hollander was narrower in scope than those in the present case, Magistrate Judge Hurd did not commit clear error in compelling the defendants to disclose information and records in the possession of Allied's Engineered Materials Division. The authorities cited by the defendant are not binding on this Court. Also, defendants have not established that the Fluorglas facility operates independently of Allied's other offices. "It is well settled that an individual disparate impact plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation." *Id.* (citations omitted). However, as defendants note, the Engineered Materials Division has facilities located throughout the world. The magistrate judge's order does not address the geographical scope of plaintiff's demands. Although defendants have not made any showing that the sought-after discovery poses an undue burden, for the sake of clarity, discovery shall be limited to information and records in the possession of Allied's Engineered Materials Division facilities located in the United States and its territories. Discovery from facilities located in Europe, Asia and other areas governed by foreign law is clearly irrelevant to this matter.

*B. Discovery of Discrimination Claims Not Based Upon Disability*

*3 [5] Defendants contend that claims brought against Allied that allege discrimination of a type not involved in this case are wholly irrelevant and not discoverable. As authority for this proposition, defendants cite *Gheesling v. Carter*, 162 F.R.D. 649, 651 (D.Kan.1995); *Prouty v. Nat'l R.R. Passenger Corp.*, 99 F.R.D. 545, 546 (D.D.C.1983); *Smith v. Community Fed. S. & L. Assn. of Tupelo*, 77 F.R.D. 668, 671 (N.D.Miss.1977). None of these cases bound the magistrate judge and his failure to follow them was not clearly erroneous. Furthermore, in the context of this litigation defendants have not demonstrated that the discovery sought will not lead to relevant information, particularly with respect to the plaintiff's claim that the defendants' reason for termination was a mere pretext for discrimination.

Accordingly, it is hereby

ORDERED that Magistrate Judge Hurd's September 24, 1996 order is AFFIRMED and the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.  
(Cite as: 1997 WL 222359 (N.D.N.Y.))

Page 4

defendants' appeal is DENIED; and it is further

ORDERED that defendants shall serve their supplemental responses pursuant to the order of September 24, 1996 within 45 days; and it is further

ORDERED that this case is recommitted to Magistrate Judge Hurd for all further case management until certified as trial ready; and it is further

ORDERED that the clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

1997 WL 222359 (N.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



95 WL 591141                                                                    Page 1
Cite as: 1995 WL 591141 (W.D.N.Y.))

nly the Westlaw citation is currently available.

United States District Court, W.D. New York

The TRAVELERS INSURANCE COMPANY, The Travelers Indemnity Company and The Charter Oak Fire Insurance Company, Plaintiffs,
v.
Charles MONPERE, Individually and d/b/a All Steel Builders, Amanda Bernal, as Guardian-Ad-Litem of Gregorio Humberto Bernal, City of New York, Vim Waterproofing and Restoration Corp., New York City Public Development Corporation a/k/a New York City Economic Development Corporation, Defendants.

93-CV-0127E(F).

Sept. 8, 1995.

Christopher A. DiPasquale, Harris Beach & Wilcox, Rochester, NY, for plaintiff.

Anthony H. Gair, Gair, Gair, Conason, Steigman & Mackauf, New York City, for Bernal.

ay W. Wason, Mackenzie, Smith, Lewis, Mitchell & Hughes, Syracuse, NY, for VIM.

Heidi M. Weiss, Oshman, Helfenstein & Matza, New York City, for NYC and NYC Public Dev.

MEMORANDUM AND ORDER

ELFVIN, District Judge.

1 Herein defendants VIM Waterproofing and Restoration Corp. ("VIM") and New York City Public Development Corporation ("NYCPDC") object to the Memorandum and Order of Magistrate Judge Leslie G. Foschio, filed on June 14, 1995 ("Judge Foschio's Order"). [FN1] Judge Foschio's Order granted in part and denied in part VIM's motion to compel discovery and NYCDPC's "cross-motion" to compel, holding that certain documents within the possession of the plaintiffs (referred to collectively as "Travelers") [FN2] were protected by the attorney-client and/or work product privilege, that such privileges had not been waived by Travelers with respect thereto and that these defendants had not shown that such discovery was necessary for a proper resolution of the case. It is noted that Judge Foschio had ordered the disclosure of many documents, but that VIM and NYCPDC, unsated, direct their current plaints to those still-sought-but-deemed-protected documents. Their Objections are timely but will be rejected.

The controlling provision of the Judicial Code, section 636(b)(1)(A), states in part: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's [sic] order is clearly erroneous or contrary to law." FRCvP 72(a) substantially mirrors this mandate. Rule 72.3(a)(2) of this Court's Local Rules of Civil Procedure also pertinently states that "[t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out. It is also noted that "[a] magistrate's resolution of pretrial discovery disputes is entitled to substantial deference." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 373 (S.D.N.Y.1989). See also *United States v. District Council of New York City*, 782 F.Supp. 920, 922 (S.D.N.Y.1992).

VIM and NYCPDC both state that they object "to that portion of" Judge Foschio's Order which denied in part their motions to compel and deemed certain documents protected by the attorney-client and work-product privileges. VIM's "specific" objections are listed as follows:
"(1) The Decision and Order erroneously held that certain documents contained in the Tausanovich, Bernal and Hohman claims files are protected from disclosure by the attorney-client and/or work product privilege. (*See* Decision and Order at pp. 8-14);
"(2) The Decision and Order erroneously held that certain documents contained in the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1995 WL 591141
(Cite as: 1995 WL 591141 (W.D.N.Y.))

every argument which it presented to the Magistrate Judge." *Camardo,* at 382.

*3 In light of the above-cited statutory provisions, rules and case law, this Court concludes that VIM and NYCPDC have failed to set out their objections with the requisite specificity and have also failed to show that Judge Foschio clearly erred in his determinations. The objections to Judge Foschio's Order are, in short, frivolous and conclusive and general, and therefore are rejected.

Accordingly, it is hereby ORDERED that the Objections are rejected and the Memorandum and Order of Magistrate Judge Leslie G. Foschio, filed on June 14, 1995, is deemed final.

> FN1. By Order dated August 15, 1994, this Court referred all discovery and nondispositive matters to Judge Foschio pursuant to 28 U.S.C. § 636(b)(1)(A). By Order filed June 14, 1995, Judge Foschio directed Travelers to present to him for *in camera* review all requested documents as to which it was asserting attorney-client or work-product privileges. The result was Judge Foschio's Order and the current objections.

> FN2. For the purposes of the issues before this Court at this time, any separateness among the plaintiffs is not material.

1995 WL 591141, 1995 WL 591141 (W.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Westlaw.**

Page 1

1997 WL 9785
(Cite as: 1997 WL 9785 (W.D.N.Y.))

H
Only the Westlaw citation is currently available.

United States District Court, W.D. New York.

Dana DENNARD a/k/a Willie Kimbrough,
Petitioner,
v.
Walter R. KELLY, Superintendent of the Attica
Correctional Facility, and the
Attorney General of the State of New York,
Respondents.

No. 90-CV-0203E(F).

Jan. 2, 1997.

R. Nils Olsen, Jr., Getzville, NY, for plaintiff.

Susan D. Nusbaum, Asst. District Attorney for Erie County, Buffalo, NY, for defendant.

MEMORANDUM AND ORDER

ELFVIN, District Judge.

*1 Presently before this Court are the petitioner's timely [FN1] objections to the Report and Recommendation ("the R&R") issued by Magistrate Judge Leslie G. Foschio -- to whom this matter had been referred pursuant to 28 U.S.C. § 636(b)(1)(B) -- in which Judge Foschio recommended that the Petitioner's request for habeas corpus relief premised upon 28 U.S.C. §2254 be denied and that the Petition be dismissed in its entirety. The petitioner's objections will be overruled and the Petition dismissed for the reasons set forth in the R&R.

FN1. See Sicurella v. Chater, 896 F.Supp. 121, 122 (W.D.N.Y. 1995).

The petitioner generally objects to Judge Foschio's entire legal analysis and the resulting conclusions found in pages 13 through 34 of the R&R and "directs this Court's attention to the totality of [petitioner's] Memorandum of Law" previously submitted to Judge Foschio for legal authority supporting his objections. Affidavit of R. Nils Olsen, Jr., Esq., sworn to June 19, 1996, ¶¶6-18. [FN2] Such grossly fails to "specifically identify the portions of the [[R&R] to which [an] objection is made and the basis for such" and similarly fails to provide any "legal authority" as is required by Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York ("LRCvP") in support of such objections. Furthermore, the petitioner's attempt to resubmit his entire legal memorandum does not provide the "legal authority" supporting his objections required by LRCvP 72.3(a)(3). Didley v. General Motors Corp., 837 F.Supp. 535, 537 (W.D.N.Y. 1993) (failure to comply with LRCvP 72.3(a)(3) constitutes sufficient basis for the overruling of objections).

FN2. In addition to six paragraphs of summarization of the procedural posture of the case, the petitioner objects to Judge Foschio's conclusions and invites this Court's attention to particular pages and to the totality of his Memorandum of Law for legal authority supporting his objections. Olsen Afft, ¶¶1-19.

The purposes of the Federal Magistrate's Act are, inter alia, to relieve courts of unnecessary work and to increase the overall efficiency of the federal judiciary. Camardo v. GM Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992). Such would be thwarted if parties were permitted to simply retrace every step previously taken before a Magistrate Judge in order to repeat them before this Court. It is clear from the plain language and spirit of LRCvP 72(a)(3) that objections to the R&R "are to be specific and are to address only those portions of the [R&R] to which the party objects." Id., at 381-382. It is improper for the petitioner "to attempt to relitigate the entire

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Page 2

1997 WL 9785
(Cite as: 1997 WL 9785 (W.D.N.Y.))

contents" of the proceedings previously had "before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments [made] and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to" an R&R. *Id.*, at 382. In this instance, the petitioner has not tendered to the undersigned the same arguments as were advanced to Judge Foschio using new language but has instead attempted to present and rely entirely and verbatim on his previous papers by incorporating such in toto. Such is frivolous and not acceptable and the objections must be rejected. [FN3] A proceeding before the Magistrate Judge is not a meaningless dress rehearsal. *Klawitter v. Chater*, No. 93-CV-0054E(H), 1996 WL 643367, *1 (W.D.N.Y. Oct. 18, 1995).

> FN3. This Court, also and disapprovingly, notes that, by submitting a letter to chambers as their opposition, the respondents were derelict in their duty to properly respond to the objections or to otherwise address the manner in which the petitioner has objected.

*2 Notwithstanding the foregoing, this Court has, pursuant to 28 U.S.C. §636(b)(1), made a *de novo* review of the parties' prior submissions and Judge Foschio's R&R and thereafter has determined to adopt the findings and conclusions in the R&R, finding the rationale presented therein to be well-reasoned.

Accordingly, it is hereby ORDERED that the petitioner's objections are overruled, that the Report and Recommendation filed June 5, 1996 is confirmed in its entirety and that this case shall be closed.

1997 WL 9785, 1997 WL 9785 (W.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw.

1994 WL 899094
(Cite as: 1994 WL 899094 (W.D.N.Y.))

Page 1

H
Only the Westlaw citation is currently available.

United States District Court, W.D. New York.

Paul T. KLAWITTER, Plaintiff,
v.
Shirley S. CHATER, Commissioner, Social
Security Administration, Defendant.
[FN1]

No. 93-CV-0054E(H).

May 4, 1994.

Kenneth R. Hiller, Jeffrey Freedman Attorneys at Law, Buffalo, New York, for plaintiff.

Patrick H. Nemoyer United States Attorney, Western District of New York, for the Government; Russell P. Buscaglia, Assistant United States Attorney, of counsel Buffalo, New York.

MEMORANDUM and ORDER

ELFVIN, District Judge:

*1 Herein the plaintiff objects to the Report and Recommendation ("the R&R"), filed and submitted by Magistrate Judge Carol E. Heckman of this Court on May 5, 1994. This case involves the denial to the plaintiff of disability insurance and supplemental security income ("SSI") under an application filed in 1990. The dispute had been referred to Judge Heckman pursuant to 28 U.S.C. § 636(b)(1)(B). The R&R recommended the granting of the defendant's (and denial of the plaintiff's) motion for judgment on the pleadings. The plaintiff's "Objections" will be rejected.

Said Objections are rejected because the plaintiff has failed to "specifically identify the portions of the R&R to which objection is made and the basis for such ***" as required by Rule 72.3(a)(3) of this Court's Local Rules of Civil Procedure ("LRCvP");

see also 28 U.S.C. §636(b)(1); FRCvP [FN2] 72(b) and the R&R at 14. The Objections are presented as a memorandum which is nearly identical to the plaintiff's motion papers submitted earlier to Judge Heckman. The only mention of the R&R -- and the only difference between the two -- is in the clone's "conclusion," which states "As such,, [sic] the Magistrate Judge's Report and Recommendation should not be confirmed or adopted." This "rehash" does not, as is required, specify any objection to Judge Heckman's factual or legal recommendations.

"The purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work." *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980). It would defeat this purpose if a district court were required simply to duplicate every step taken by a Magistrate Judge. See *Camardo v. GM Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380 (W.D.N.Y. 1992):

"It is clear from the plain meaning of [LRCvP 72(a)(3)] that objections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects. It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a Report and Recommendation, as the 'goal of the federal statute providing for the assignment of cases to magistrates is to "increas[e] the overall efficiency of the federal judiciary."' *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D.Conn.1982), aff'd, 714 F.2d 234 (2d Cir. 1983) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (Former 5th Cir.1982) (en banc)) (footnote omitted)." *Id.* at 381-382.

Simply stated, a proceeding before a Magistrate Judge is not a dress rehearsal. [FN3]

Accordingly, it is hereby ORDERED that the plaintiff's Objections are rejected, that the R&R is

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Page 2

1994 WL 899094
(Cite as: 1994 WL 899094 (W.D.N.Y.))

accepted, that the defendant's motion for judgment on the pleadings is granted and that the plaintiff's motion for judgment is denied.

REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge:

*2 This matter has been referred to me by order of Hon. John T. Elfvin to hear and report, pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff initiated this action to seek review of the final decision of the Secretary of Health and Human Services (the "Secretary") denying him disability insurance and supplemental security income ("SSI") benefits. The Secretary has moved, and plaintiff has cross-moved, for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the following reasons, it is recommended that the Secretary's motion be granted and plaintiff's cross-motion be denied.

BACKGROUND

Plaintiff alleges that he has been disabled since March 20, 1990 due to an impairment of his right arm and his heart. The evidence in the record indicates that plaintiff was born on September 27, 1955 (T. 62). [FN1] On April 13, 1986, he was injured in an automobile accident, suffering a traumatic rupture of the descending thoracic aorta, lacerated liver, and fractures of both the radius and ulna in his right forearm (T. 158-59, 170). He was hospitalized at Erie County Medical Center ("ECMC") from April 13, 1986 to May 2, 1986 (T. 158). He underwent surgery on admission to repair the ruptured aorta (T. 159). On April 21, 1986 he underwent a bone graft to repair the fractured arm bones (T. 170). On May 20, 1986, plaintiff applied for disability insurance benefits alleging disability as a result of these injuries (T. 105-08).

Plaintiff underwent further surgery on his right arm and hand on October 10, 1986 (T. 204-06) and March 27, 1987 (T. 256). He also regularly attended therapy sessions at the Hand Center of Western New York between July 1986 and February 1987 (T. 218-237). In a letter dated July 31, 1987, Dr. Clayton Peimer, Chief of Hand Surgery at the Hand Center, indicated that plaintiff was disabled since he met the listing of impairments set forth at Part 404, Subpart P, App. 1, Section 1.13 of the Secretary's regulations. [FN2] According to Dr. Peimer, plaintiff had not -- and would not -- recover full and complete use of his right arm, and had "continued at a level of serious and significant disability although he [had] made further and gradual improvements" (T. 257).

After plaintiff's disability claim was denied initially (T. 110-11) and on reconsideration (T. 120-23), a hearing was held on August 11, 1987 before Administrative Law Judge ("ALJ") F. Lambert Haley at which plaintiff testified and was represented by counsel. In a decision dated September 10, 1987, ALJ Haley found that plaintiff was entitled to a period of disability and disability insurance benefits from April 13, 1986 through August 31, 1987 (T. 262-67). ALJ Haley also found that the record indicated medical improvement resulting in plaintiff's ability to perform a limited but significant number of sedentary [FN3] jobs as of June 30, 1987 (T. 265).

Plaintiff reapplied for disability and SSI benefits on November 9, 1989, alleging disability as of September 1, 1987 due to heart and arm impairments (T. 271-74). This application was denied (T. 275-77), as was his request for reconsideration (T. 291-94). Plaintiff did not seek review of this determination.

*3 On December 13, 1990 plaintiff filed another application for disability insurance benefits, alleging disability due to damaged vocal cords, chest pain, injured right arm, dyslexia and mental impairment (T. 383). After this application was denied initially and on reconsideration (T. 298-310, 322-25), plaintiff requested a hearing which was held on November 4, 1991 before ALJ Karen H. Baker (T. 59-104). Plaintiff testified and was represented by counsel.

In an opinion dated January 17, 1992, ALJ Baker found that plaintiff was not under a disability since he had the residual functional capacity to perform the full range of sedentary work (T. 18-27). ALJ Baker relied on the medical report of Dr. Dean Ormon dated January 8, 1990, which indicated that plaintiff was not under active medical care and took no medications (T. 518). Dr. Ormon noted that plaintiff had chest pain upon heavy lifting, and persistent numbness of his thumb and first two fingers of his right hand (id.). Upon examination, Dr. Ormon noted that plaintiff's blood pressure was 170/80, and that his heart rate was regular without rubs, clicks, murmurs or gallops (T. 518-19). He

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1994 WL 899094  
(Cite as: 1994 WL 899094 (W.D.N.Y.))

Page 3

had several longitudinal scars on his right forearm, and minimal pronation and supination. No atrophy was noted. His grip strength was 2/5 in the right arm and 5/5 in the left arm. Dr. Ormon's impressions were status post right arm injury with subsequent decreased pronation and supination, status post traumatic injury to the thoracic aorta, and systolic hypertension (T. 519). Dr. Ormon's medical assessment of plaintiff's ability to do work-related activities indicated that plaintiff's right arm impairment limited his lifting and carrying capacity to 10-15 pounds, but that his ability to stand, walk and sit were not affected by his impairments (T. 525).

ALJ Baker also relied on a consultative medical report dated February 8, 1991 from the Primary Health Clinic at Erie County Medical Center, which indicated that plaintiff was "employable where he doesn't have to use his right hand" (T. 530). Plaintiff was also seen at the Clinic by Dr. Jai Wadhwani on March 8, 1991. Dr. Wadhwani reported that plaintiff had an obvious injury to his right forearm with residual weakness of grip (T. 538), but was employable with restrictions and was not permanently and totally disabled (T. 539). In an 8 hour workday plaintiff could sit for 8 hours, stand for 5 hours, and walk for 4 hours. He could occasionally lift or carry up to 10 pounds, but no more. He could use both his right and left hand for repetitive actions such as simple grasping, pushing and pulling, but could not use his right hand for fine manipulation. He could not use either his left or right foot for repetitive movements as in operating foot controls. He was able to frequently bend, squat, crawl and reach above shoulder level, and occasionally climb. He had total restriction of activities involving unprotected heights, being around moving machinery, and driving automotive equipment. He had moderate restriction of activities involving exposure to dust, fumes and gases, and no restriction of activities involving marked changes in temperature and humidity (T. 540).

*4 ALJ Baker also relied on the report of psychologist Thomas C. Dickinson dated September 27, 1991 (T. 546-49). Dr. Dickinson noted plaintiff's "low- average intelligence with poor educational background and current finding of moderate educational deficiencies" (T. 549). Plaintiff displayed mild visual memory troubles possibly resulting from either a recent head injury or long- term learning disability. Dr. Dickinson also noted "general negativism and strong frustration which stems from loss of right hand function" (id.). His impression was moderate reactive depression with social isolation and a cynical attitude. Dr. Dickinson noted that he would ordinarily recommend referral to the Office of Vocational Rehabilitation, but he doubted that plaintiff "would take to this with much enthusiasm. He can use his right hand in some limited ways so that one would think that vocational rehabilitation could be successful if coupled with supportive and encouraging counseling sessions" (id.).

Vocational expert Norman Fertig, Program Director for Niagara Frontier Vocational Rehabilitation Center (T. 543), testified at the hearing before ALJ Baker. Mr. Fertig testified that an individual of plaintiff's age with limited reading, writing and math skills, who was limited to the use of one arm and who could lift and carry no more than 10 pounds, could perform a number of sedentary occupations in the national or regional economy such as assembly, heat sealing, security guard, or dispatcher (T. 93-94).

Based on the medical evidence and testimony presented, ALJ Baker found that plaintiff suffered from severe impairment of his right hand and chest pains resulting from aortic laceration, but that these impairments did not meet or equal the severity of the impairments listed in Appendix 1, Subpart P of the Secretary's regulations. Specifically, the ALJ noted that plaintiff's right hand impairment "no longer meets or equals the severity specified in, but not limited to, Section 1.13 of the Listings" (T. 22). The ALJ found no evidence of severe hypertension, mental or alcohol-related impairments. She also found that none of plaintiff's treating physicians gave the opinion that plaintiff was totally and permanently disabled (T. 22). Based on the evidence in the record, the ALJ found that plaintiff could not perform his past relevant work as a truck driver. However, the ALJ found that plaintiff "retain[ed] a sedentary residual functional capacity," limited by the inability to lift and carry more than ten pounds, engage in work requiring the use of his right hand for any fine or gross manipulation, or work around machinery (T. 24).

The ALJ then applied the Medical-Vocational Guidelines in Appendix 2, Subpart P of the Secretary's regulations which, considering plaintiff's sedentary residual functional capacity, age at the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Page 4

1994 WL 899094
(Cite as: 1994 WL 899094 (W.D.N.Y.))

time of the hearing (36), limited education (10th grade) and unskilled work experience, directed a finding that plaintiff was not disabled within the meaning of the Act under Rule 201.24.

*5 ALJ Baker's decision became the final determination of the Secretary on November 23, 1992, when the Appeals Council denied plaintiff's request for review (T. 8-9). Plaintiff filed this action on January 19, 1993.

### DISCUSSION

The Social Security Act states that, upon review of the Secretary's decision by the district court, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g)(1991). Substantial evidence is defined as evidence which a "reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991). Under these standards, the scope of judicial review of the Secretary's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Secretary. *Richardson, supra*, 402 U.S. at 401. The court's sole inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Secretary. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

In evaluating disability claims, the Secretary follows a five step sequence. This five step sequence, as stated at 20 C.F.R. §404.1520, is as follows:
1. An individual who is working and engaging in substantial gainful activity will not be found to be disabled regardless of medical findings;
2. An individual who does not have a "severe" impairment will not be found to be disabled;
3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of disabled will be made without consideration of vocational factors;
4. If an individual is capable of performing work he or she has done in the past, a finding of not disabled must be made;
5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

In this case, plaintiff challenges the ALJ's determination at step three. He claims that his right arm impairment clearly meets the listing at Section 1.13 of Appendix 1 of the Secretary's regulations, relying primarily on Dr. Peimer's July 31, 1987 report. However, Dr. Peimer's report itself noted that while plaintiff's right arm impairment resulted in "serious and significant disability" as of July 31, 1987, he had made "further and gradual improvements" (T. 257). Significantly, this report is the only one in the voluminous record expressing an opinion as to the level of plaintiff's disability. Indeed, as the ALJ's determination pointed out, the record contains no treating physician's opinion -- including Dr. Peimer's -- that plaintiff is or ever was totally and permanently disabled from any kind of work.

*6 Furthermore, there is substantial evidence in the record to support the ALJ's determination that plaintiff retained the residual functional capacity to perform a limited but significant number of sedentary jobs. The reports of Dr. Ormon (T. 518-19; 523-26), Dr. Wadhwani (T. 536-40) and Dr. Dickinson (T. 546- 49), as well as the Primary Health Clinic report (T. 530-35) and the testimony of vocational expert Norman Fertig (T. 93-103), support this conclusion. All of these reports and opinions were prepared or rendered subsequent to Dr. Peimer's July 31, 1987 opinion as to plaintiff's disability.

Plaintiff also claims that the ALJ erred by applying the Medical-Vocational Guidelines due to the presence of non-exertional impairments such as loss of manipulative capacity, loss of intellectual capacity, loss of emotional capacity, and possible excessive alcohol consumption. As plaintiff points out, the Guidelines should not be relied on where the record shows that the claimant's work capacity is significantly diminished by non-exertional impairments. *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986); *see also Hurt v. Secretary of Health and Human Services*, 816 F.2d 1141, 1143 (6th Cir. 1987)(citing *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 529 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Page 5

1994 WL 899094
(Cite as: 1994 WL 899094 (W.D.N.Y.))

record shows that the ALJ did not rely solely on the Guidelines, but also specifically relied on the hearing testimony of the vocational expert in making her determination that plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs (T. 23-24). *See Bapp v. Bowen, supra*, 802 F.2d at 605-06; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e)(2).

Finally, plaintiff claims that ALJ Baker erred by failing to reopen the prior decision of ALJ Haley. It is not clear from the record that this request was ever made directly to ALJ Baker. In any event, plaintiff has failed to meet any of the conditions for reopening a determination or decision, as set forth in the Secretary's regulations at 20 C.F.R. §§ 404.988 and 404.989. Specifically, plaintiff failed to request reopening or to file a new application for benefits within 12 months of the date of ALJ Haley's September 10, 1987 decision, as required by § 404.988(a). Plaintiff has also failed to show good cause for reopening as required by § 404.988(b) and § 404.989(a)(1).

Plaintiff claims that the record reflects his failure to show medical improvement subsequent to the date of ALJ Haley's initial determination, and that this constitutes new and material evidence under § 404.989(a)(1). However, as found by ALJ Baker and as discussed above, the medical reports in the record dated subsequent to ALJ Haley's decision clearly support the determination that plaintiff retained the residual functional capacity to perform sedentary work, with noted limitations.

Accordingly, based on this court's review of the record as a whole, the Secretary's determination is supported by substantial evidence.

CONCLUSION

*7 For the foregoing reasons, it is recommended that the Secretary's motion for judgment on the pleadings (Item 8) be granted, and that plaintiff's cross-motion for judgment on the pleadings (Item 10) be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the plaintiff and the defendant.

SO ORDERED.

FN1. Pursuant to Section 106(d) of P.L. No. 103-296 (eff. August 15, 1994), Shirley S. Chater, Commissioner, Social Security Administration, is substituted as the defendant in this action.

FN2. Federal Rules of Civil Procedure.

FN3. This Court also notes -- with a frown -- the defendant's failure to address the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Page 6

1994 WL 899094
(Cite as: 1994 WL 899094 (W.D.N.Y.))

manner in which the plaintiff has objected.

FN1. References preceded by "T" are to pages of the transcript of the administrative record submitted by the government as part of the Secretary's answer to the complaint.

FN2. Section 1.13 provides:
*Soft tissue injuries of an upper or lower extremity* requiring a series of staged surgical procedures within 12 months after onset for salvage and/or restoration of major function of the extremity, and such major function was not restored or expected to be restored within 12 months after onset.

FN3. 20 C.F.R. § 404.1567(a) provides:
Sedentary work: involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
According to Social Security Ruling ("SSR") 83-10:
"Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

1994 WL 899094, 1994 WL 899094 (W.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works