UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

                Plaintiffs,

- against -

FISHER-PRICE, INC.,

                Defendant.

Index No.: 3:03 CV 222 (JBA)

June 22, 2004

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S CROSS-MOTION TO STRIKE AND IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE

Plaintiffs, Victor G. Reiling Associates ("Reiling") and Design Innovation, Inc. ("DI") (collectively, "Plaintiffs"), respectfully submit their Memorandum in Opposition to Defendant's Cross-Motion to Strike and in Support of Plaintiffs' Motion to Strike.

### I. DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTION SHOULD BE STRICKEN

As a threshold matter, the majority of Defendant's twenty-two page memorandum of law in support of its Cross-Motion to Strike should, itself, be stricken. Defendant seeks to strike the Declaration of Victor G. Reiling offered in support of Plaintiffs' Objection to the Magistrate Judge's Ruling on Plaintiffs' Motion to Compel ("Reiling Declaration"). Three pages of Defendant's memorandum of law address striking the Reiling Declaration, while the remainder of the memorandum impermissibly addresses the merits of Plaintiff's Objection. There is no authority in the Federal or Local Rules for Defendant's filing a memorandum in opposition to

**ORAL ARGUMENT NOT REQUESTED**

Plaintiff's Objection to the Magistrate Judge's ruling. Moreover, Defendant did not seek leave of Court to do so.

With the exception of a few pages (roughly pages five through seven), Defendant's Memorandum of Law should be stricken in its entirety. Defendant argues two main points in its memorandum. Defendant first argues that the Declaration of Victor G. Reiling in Support of Plaintiffs' Objection should be stricken. (Fisher-Price's Memorandum in Opposition to Objection to Ruling on Plaintiffs' Motion to Compel and in Support of Cross-Motion to Strike, dated June 1, 2004 ("Def. Mem.") at 5-7). Defendant then devotes the remainder of the brief – 19 pages – to arguments related to the merits of Plaintiffs' Objection. *Id.* at 8-22.

There is no authority in the Federal or Local Rules for filing a memorandum in opposition to an objection to a Magistrate Judge's ruling. Federal Rule of Civil Procedure 72(a) addresses review of a Magistrate Judge's decision on a non-dispositive matter. Fed. R. Civ. P. 72(a). The text of Rule 72(a) clearly provides for an objection to a Magistrate Judge's ruling. However, the rule does not authorize the filing of an opposition thereto. Likewise, Local Rule 72.2(a) does not authorize an opposition to an objection to a Magistrate Judge's ruling on a non-dispositive matter. D. Conn. L. Civ. R. 72.2. In contrast, Federal Rule 72(b), which addresses dispositive motions, provides for a response to an objection. Fed. R. Civ. P. 72(b).

Since this is a discovery motion, and not a dispositive motion, Defendant is not permitted by rule to file an opposition. Moreover, Defendant did not seek leave of Court prior to filing. In view of the foregoing, Defendant's memorandum should be stricken with the exception of the portions that specifically support its Cross-Motion to Strike the Reiling Declaration.

## II. THIS COURT MAY CONSIDER THE REILING DECLARATION

In the three pages of Defendant's memorandum that do address the Reiling Declaration, Defendant argues that the Court is precluded from considering additional evidence when reviewing a Magistrate Judge's decision on a non-dispositive matter. However, Defendant has cited no controlling authority which establishes that this Court may not consider such evidence. While Plaintiffs concede that courts outside this circuit have precluded consideration of additional evidence that was not available to the Magistrate Judge when reviewing a non-dispositive ruling, Plaintiffs submit that those decisions are not controlling and are merely persuasive authority. (Def. Mem. at 5-6). Plaintiffs have found no controlling authority that would preclude this Court from considering the Reiling Declaration.

## III. IRRESPECTIVE OF THE REILING DECLARATION, PLAINTIFFS' OBJECTION SHOULD BE SUSTAINED

Assuming, *arguendo*, that the Court chooses not to consider the Reiling Declaration, Plaintiffs' Objection to the Magistrate Judge's ruling should nevertheless be sustained. Irrespective of the Reiling Declaration, the Magistrate Judge's ruling is contrary to the law of the Second Circuit as set forth in *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368, 377 (2d Cir. 2000). As set forth more fully in Plaintiffs' Objection, *Nadel* makes clear that industry custom and practice is relevant to establish the existence of an implied in fact contract. Because the requested documents are evidence of industry custom and practice, they are clearly relevant under *Nadel* and should be produced.

It is well established that when considering objections to an order issued by a Magistrate Judge concerning a non-dispositive matter, a district court shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). See also *Young v. Liberty Mut. Ins. Co.*, 1999 U.S. Dist. LEXIS 6987 at *5-6 (D. Conn.

3

Feb. 16, 1999) ("magistrate's pretrial order on a nondispositive matter, such as a discovery motion, must be reviewed by district courts under a clearly erroneous or contrary to law standard").

An order may be considered contrary to law when it fails to apply, or misapplies, the relevant statutes, case law, or rules of procedure. *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002). "A decision is clearly erroneous, when, based on the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made." *Young*, 1999 U.S. Dist. LEXIS 6987 at *6.

As discussed more fully in Plaintiffs' Objection, it is clear that the Magistrate Judge has failed to apply *Nadel*, which is relevant case law in this Circuit bearing on Plaintiffs' discovery requests.[1] Therefore, the Magistrate's ruling may be considered contrary to law.

In addition, as discussed by Wright & Miller:

> Much as the district judge should defer to the magistrate judge's decision . . . he or she should not be hamstrung by the clearly erroneous standard. At its broadest, it is limited to factual findings; even the Third Circuit recognized that "the phrase 'contrary to law' indicates plenary review as to matters of law." (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

12 C. Wright and A. Miller, *Federal Practice and Procedure* § 3069 n.28 (2003).

In view of the foregoing, this Court has the power to undertake plenary review of the Magistrate Judge's application of the relevant law. In this case, the Magistrate Judge did not apply *Nadel*, which clearly indicates that evidence of industry custom and practice is relevant to Plaintiffs' implied in fact contract claim. Accordingly, this Court may modify the Magistrate Judge's ruling to conform to the controlling law of this Circuit.

---

[1] Although Plaintiffs discussed the need to establish industry custom and practice in their motion papers before the Magistrate Judge, the *Nadel* case was not specifically cited.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court sustain their Objection, grant their Motion to Compel and order Defendant to produce documents that are responsive to Plaintiffs' request for production.

Dated: Norwalk, Connecticut
June 22, 2004

Respectfully Submitted,

GRIMES & BATTERSBY, LLP

By: /s/ Russell D. Dize
Gregory J. Battersby (Bar No. 7386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
Jessica L. Elliott (Bar No. 24871)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300

Attorneys for Plaintiffs Victor G. Reiling Associates and Design Innovation, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Memorandum in Opposition to Defendant's Cross-Motion to Strike and in Support of Plaintiffs' Motion to Strike has been served upon defendant Fisher-Price, Inc., on this 22nd day of June 2004, via U.S. Mail, First Class, postage prepaid, to:

>Bradford S. Babbitt, Esq.
>Michael J. Kolosky, Esq.
>ROBINSON & COLE LLP
>280 Trumbull Street
>Hartford, CT 06103-3597
>
>Robert J. Lane, Jr., Esq.
>Jodyann Galvin, Esq.
>HODGSON RUSS LLP
>One M&T Plaza, Suite 2000
>Buffalo, New York 14203-2391

_____
Russell D. Dize

Case 3:03-cv-00222-JBA    Document 77    Filed 06/22/2004    Page 7 of 18

Case 3:03-cv-00222-JBA    Document 77    Filed 06/22/2004    Page 8 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987    Page 1 of 11

Service: Get by LEXSEE®
Citation: 1999 U.S. Dist. LEXIS 6987

*1999 U.S. Dist. LEXIS 6987, **

SOL YOUNG, Individually and in His Capacity as Trustee of the Nicole S. Zell Express Trust, BETTY YOUNG, DENISE TEICHER, DAVID H. ZELL, CHERYL O. GOTTFRIED, and BARBARA PACCETTI, Plaintiffs, v. LIBERTY MUTUAL INSURANCE COMPANY and NEWARK INSURANCE COMPANY, Defendants.

No. 3:96-CV-1189(EBB)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1999 U.S. Dist. LEXIS 6987

February 16, 1999, Decided
February 16, 1999, Filed

**NOTICE:** [*1] FOR ELECTRONIC PUBLICATION ONLY

**DISPOSITION:** Magistrate Judge Margolis' Ruling on Plaintiffs' Motion to Compel affirmed in its entirety and both plaintiffs' objections [Doc. No. 79] and defendant's objections [Doc. No. 80] denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs sued defendant insurance company for breach of contract and unfair trade practices and sought indemnification under comprehensive general liability insurance policies. Plaintiffs and defendant challenged magistrate's decision regarding plaintiffs' motion to compel, which required full production of documents that plaintiff sought in three categories, and limiting the production of documents from two other categories.

**OVERVIEW:** Plaintiffs were sued for costs associated with the environmental contamination of land. Defendant insurance company refused to provide plaintiffs' with a defense under their comprehensive general liability (CGL) policies. Plaintiffs settled environmental suit and sued defendant for indemnification, as well as for breach of contract and unfair trade practices. Plaintiffs moved to compel discovery, and the motion was referred to a magistrate. The magistrate held three categories of documents sought by plaintiffs had to be produced in their entirety and limited the discovery of documents from other two categories. Plaintiffs and defendant objected. The court affirmed the ruling because magistrate properly held that discovery of information would facilitate a full understanding of policies' terms and the fact that evidence might be excluded at trial should not prevent plaintiffs from discovering evidence. Moreover, magistrate's decision to limit discovery of certain documents was proper; he balanced burden of proposed discovery against likely benefit; determined that discovery had to be limited to avoid placing an undue burden upon defendant.

**OUTCOME:** The court affirmed the magistrate's ruling on plaintiffs' motion to compel because plaintiffs sought relevant information, and the discovery of information plaintiffs sought would facilitate a full understanding of policies' terms. Moreover, decision limiting discovery of certain documents was proper because without the limitation the burden of production upon defendant would have been undue.

Case 3:03-cv-00222-JBA   Document 77   Filed 06/22/2004   Page 9 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987                      Page 2 of 11

**CORE TERMS:** discovery, extrinsic evidence, unambiguous, summary judgment, environmental, insurance policy, policyholder, drafting, reasonably calculated to lead, time period, pretrial, parol evidence rule, discovery of admissible evidence, insurance contract, written contract, contrary to law, discoverable, contradict, resolving, ambiguity, discovery order, breached, entirety, integrated agreement, clearly erroneous, entire agreement, heavy burden, nondispositive, nonprivileged, interpreting

### LexisNexis(R) Headnotes ◆ Hide Headnotes

Civil Procedure > Magistrates > Pretrial Orders
**HN1** District courts may refer non-dispositive, pretrial matters to a magistrate judge pursuant to 28 U.S.C.S. § 636(b)(1)(A) for a final decision. More Like This Headnote

Civil Procedure > Magistrates > Pretrial Orders
Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review
**HN2** A magistrate's pretrial order on a nondispositive matter, such as a discovery motion, must be reviewed by district courts under a clearly erroneous or contrary to law standard. More Like This Headnote

Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review
**HN3** A decision is clearly erroneous when, based on the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. More Like This Headnote

Civil Procedure > Magistrates > Pretrial Orders
Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
**HN4** A magistrate's order resolving a discovery dispute is afforded substantial deference and may be overruled only if abused. More Like This Headnote

Civil Procedure > Magistrates > Pretrial Orders
**HN5** See 28 U.S.C.S. § 636(b)(1)(A).

Civil Procedure > Disclosure & Discovery > Relevance
**HN6** Parties may obtain discovery regarding any matter, not privileged, which is to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed R. Civ. P. 26(b)(1). More Like This Headnote

Evidence > Relevance > Relevant Evidence
**HN7** Fed. R. Evid. 401 defines "relevant evidence" as that which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. More Like This Headnote

Evidence > Relevance > Relevant Evidence
**HN8** Relevancy should be broadly construed at the discovery stage of litigation. More Like This Headnote

Case 3:03-cv-00222-JBA   Document 77   Filed 06/22/2004   Page 10 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987                    Page 3 of 11

Civil Procedure > Disclosure & Discovery > Relevance
**HN9** Information inadmissible at trial is still discoverable if it is reasonably calculated to lead to the discovery of admissible evidence.  More Like This Headnote

Civil Procedure > Disclosure & Discovery > Undue Burden
**HN10** The frequency or extent of use of the discovery methods otherwise permitted under these rules, and by any local rule shall be limited by the court if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2).  More Like This Headnote

Civil Procedure > Disclosure & Discovery > Undue Burden
**HN11** Under the third exception in Fed. R. Civ. P. 26(b)(2), courts must engage in a balancing test to determine whether the burden or expense of proposed discovery outweighs its likely benefit to the party seeking it.  More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Contract Interpretation Rules
**HN12** Under Connecticut law, construction of an insurance contract presents a question of law for the court.  More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Contract Interpretation Rules
**HN13** The terms of an insurance policy must be construed according to the general rules of contract construction.  More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Contract Interpretation Rules
**HN14** The determinative question concerns the intent of the parties, that is, what coverage the plaintiff expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy. The parties' intent must be evaluated by examining the language of the policy. In this regard, every provision of an insurance contract should be given effect and no word or clause should be eliminated as meaningless, if any reasonable meaning consistent with other parts of the policy can be given to it.  More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Plain Language
**HN15** Where the terms of an insurance policy are clear and unambiguous, the contract language must be accorded its natural and ordinary meaning as written.  More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Plain Language
**HN16** The court cannot torture or ignore words to import ambiguity where the ordinary meaning leaves no room for it, and words do not become ambiguous simply because lawyers and laymen contend for different meanings.  More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Ambiguous Terms
**HN17** On the other hand, when the terms of an insurance contract are susceptible of two equally responsive interpretations, courts must adopt that interpretation favoring the policyholder which sustains the claim and covers the loss.  More Like This Headnote

Case 3:03-cv-00222-JBA   Document 77   Filed 06/22/2004   Page 11 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987   Page 4 of 11

Contracts Law > Contract Interpretation > Parol Evidence Rule
**HN18** The parol evidence rule is not a rule of evidence, but a substantive rule of contract law. The rule forbids the use of extrinsic evidence outside of the four corners of the contract, such as prior communications or written agreements, to vary or contradict the written terms of an integrated, unambiguous contract. More Like This Headnote

Contracts Law > Contract Interpretation > Parol Evidence Rule
**HN19** The parol evidence rule is triggered when: (1) the written contract at issue constitutes the entire agreement between the parties; and (2) the evidence sought to be introduced has the effect of varying or contradicting terms whose meaning is unambiguous. However, the rule remains subject to several exceptions. More Like This Headnote

Contracts Law > Contract Interpretation > Parol Evidence Rule
**HN20** Courts may utilize extrinsic evidence in deciding whether the parties intended the written contract to embody their entire agreement. More Like This Headnote

Contracts Law > Contract Interpretation > Parol Evidence Rule
**HN21** If the evidence leads to the conclusion that the parties intended the writing to contain their whole agreement, parol evidence may not be considered to vary or alter any unambiguous terms, even though it was admitted to evaluate whether the writing was an integrated agreement. More Like This Headnote

Contracts Law > Contract Interpretation > Parol Evidence Rule
**HN22** Another exception to the parol evidence rule provides that extrinsic evidence may be admitted when analyzing whether the parties actually formed a contract. More Like This Headnote

Contracts Law > Contract Interpretation > Parol Evidence Rule
**HN23** Courts may admit extrinsic evidence when relevant: (1) to explain an ambiguity in the written instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in a writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud. More Like This Headnote

Contracts Law > Contract Interpretation > Parol Evidence Rule
**HN24** The recognized exceptions to the parol evidence rule are only examples of situations where the evidence: (1) does not vary or contradict the contract's terms; (2) may be considered because the contract has been shown not to be integrated; or (3) tends to show that the contract should be defeated or altered on the equitable ground that relief can be had against any deed or contract in writing founded in mistake or fraud. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance
**HN25** Documents and materials may be discovered if they are nonprivileged, relevant, and reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). The court does not evaluate whether information ultimately will be admissible, it merely decides whether information is discoverable. More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation
**HN26** To facilitate a full understanding of the meaning of an insurance policy's terms, many courts have allowed discovery of the drafting history and interpretations of standard form comprehensive general liability policy

Case 3:03-cv-00222-JBA    Document 77    Filed 06/22/2004    Page 12 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987                                Page 5 of 11

language. More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard
*HN27* Summary judgment on an ambiguous insurance policy should not be granted discovery is still incomplete. More Like This Headnote

Civil Procedure > Disclosure & Discovery
*HN28* Fed. R. Civ. P. 26(b)(2) requires courts to balance the burden and expense of proposed discovery against its likely benefit, and to issue any appropriate limiting orders. More Like This Headnote

**COUNSEL:** For Plaintiff: David R. Schaefer, Brennan, Saltzman & Wallman, New Haven, CT.

For Plaintiff: Kenneth S. Kaufman, Arnold B. Podgarsky, Wright Talisman, Washington, D.C.

For Defendant: Frank H. Santoro, Kathleen F. Munroe, Danaher, Tedford, Lagnese & Neal, Hartford, CT.

For Defendant: Robert L. Joyce, Wilson, Elser, Moskowitz, Edelman & Dicker, NY, NY.

For Defendant: Thomas C. Clark, Hartford, CT

**JUDGES:** ELLEN BREE BURNS, SENIOR JUDGE, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** ELLEN BREE BURNS

**OPINION: RULING ON OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER**

Plaintiffs Sol Young, individually and in his capacity as Trustee of the Nicole S. Zell Express Trust, Betty Young, Denise Teicher, David H. Zell, Cheryl O. Gottfried, and Barbara Paccetti ("plaintiffs") brought this action seeking indemnification and other remedies from defendant Liberty Mutual Insurance Company under several standard form Comprehensive General Liability insurance policies [*2] ("CGL policies"). Both the plaintiffs and Liberty Mutual have filed objections to a Ruling on Plaintiffs' Motion to Compel issued by Magistrate Judge Joan Glazer Margolis on October 27, 1998. For the following reasons, the Court denies plaintiffs' objections [Doc. No. 79] and the defendant's objections [Doc. No. 80], and affirms the Magistrate's ruling in its entirety.

**BACKGROUND**

This action arose out of two suits brought by the United States Department of Environmental Protection ("EPA") and EDO Corporation ("EDO") against the plaintiffs to recover costs associated with the environmental contamination of the Kellogg-Deering Well Field Superfund Site ("Kellogg-Deering") in Norwalk, Connecticut. Plaintiffs had demanded that Liberty Mutual defend and indemnify them against these suits pursuant to several CGL policies that Liberty Mutual had issued to them. In response to this demand, Liberty Mutual undertook the defense, under a reservation of rights, and conducted a three-year investigation. Following the investigation, the defendant concluded that the CGL policies did not cover plaintiffs' claims, denied coverage, and discontinued the defense. Plaintiffs eventually [*3] settled the environmental claims asserted against it by EPA and EDO, thus incurring proportionate financial responsibility for the clean-up of Kellogg-Deering.

Plaintiffs brought this suit in 1996, alleging that Liberty Mutual: (1) breached its contractual duty to defend the plaintiffs against the Kellogg-Deering claims; (2) breached its contractual

Case 3:03-cv-00222-JBA    Document 77    Filed 06/22/2004    Page 13 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987                                    Page 6 of 11

duty to indemnify the plaintiffs for those claims; (3) violated the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes §§ 38a-815 and 38a-816; (4) violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.; and (5) breached its duty of good faith and fair dealing. (Pls.' Am. Compl. at 18-24.) As relief, plaintiffs sought a declaratory judgment, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and costs and attorney's fees. (Id. at 24.) The case was transferred to this Court in July 1998. That same month the Court denied both plaintiffs' motion for partial summary judgment and Liberty Mutual's cross-motion for summary judgment, without prejudice to renew them at a later date.

The Court then referred plaintiffs' motion to compel Liberty Mutual [*4] to produce thirty-document requests and to answer thirteen interrogatories to Magistrate Judge Margolis on July 28, 1998. (Doc. Nos. 73-74.) The Magistrate issued a Ruling on Plaintiffs' Motion to Compel ("Ruling") on October 27, 1998. (Doc. No. 78). In the Ruling, the Magistrate grouped the documents and materials sought into five categories and addressed each *in seriatim*: (1) documents, premium calculations, and policies for the plaintiff policyholders; (2) drafting history and interpretive information related to policy language; (3) environmental claims of nonparty policyholders; (4) Liberty Mutual's communications with its reinsurers and auditors, regarding reinsurance and reserve information; and (5) advertising and promotional materials. The Magistrate ordered the defendant to produce the first category, the fourth category, and the fifth category of documents and materials as described above in their entirety. With regard to the second category involving drafting history and interpretive information, the Magistrate permitted discovery of such materials, but limited production from the date the first policy was issued to the time the last policy was renewed. As to the [*5] third category of environmental claims by nonpolicyholders, the Magistrate allowed discovery limited to the ten earliest and ten most recent claims files since 1967.

The parties filed their objections within ten days of the ruling pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a). Plaintiffs specifically object to: (1) the time period applicable to drafting history documents, claims manuals, and guidelines ordered to be produced; and (2) the time period applicable to "first ten/last ten" production of other policyholder claims files pertaining to environmental actions. (Pls.' Objection at 1-2.) On the other hand, while the defendant does not oppose production of the information in the first category, it objects to the rest of the Ruling "because it orders the production of extrinsic evidence, which is in conflict with Connecticut law as articulated in Heyman Assocs. No. 1 v. Insurance Co. of State of Pa., 231 Conn. 756, 653 A.2d 122 (Conn. 1995)." (Def.'s Objection at 2.)

## STANDARD OF REVIEW

HN1 District courts may refer nondispositive, pretrial matters to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) n1 for a final decision. HN2 A magistrate's [*6] pretrial order on a nondispositive matter, such as a discovery motion, must be reviewed by district courts under a clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(1)(A) (1998); Fed. R. Civ. P. 72(a); Thomas F. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13 (1st Cir. 1992). HN3 A decision is clearly erroneous when, based on the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. See In re Savitt/Adler Litig., 1997 U.S. Dist. LEXIS 9200, *3, No. 95 Civ. 1842 (RSP/DH), 1997 WL 369387, at *4 (N.D.N.Y. 1997). HN4 A magistrate's order resolving a discovery dispute is afforded substantial deference and may be overruled only if abused. See Nova Biomedical Corp. v. i- Stat Corp., 182 F.R.D. 419, 422 (S.D.N.Y. 1998); Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 125 F.R.D. 51, 53 (S.D.N.Y. 1989). Thus, a litigant seeking to overturn a magistrate's discovery order bears a heavy burden. See Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990); Empire Volkswagen, Inc. v.

Case 3:03-cv-00222-JBA   Document 77   Filed 06/22/2004   Page 14 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987                    Page 7 of 11

World-Wide Volkswagen Corp., 95 [*7] F.R.D. 398, 399 (S.D.N.Y. 1982).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 *HN5* 28 U.S.C. § 636(b)(1)(A) states in relevant part:

> [A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

- - - - - - - - - - - End Footnotes - - - - - - - - - - - - - -

**DISCUSSION**

**I. Scope and Limits of Discovery**

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of relevant, nonprivileged matter that is reasonably calculated to lead to the discovery of admissible evidence. The rule provides in [*8] relevant part:

> *HN6*
> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). *HN7*Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *HN8*Relevancy should be broadly construed at the discovery stage of litigation. See Smith v. MCI Tele. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991). It must be stressed that *HN9* information inadmissible at trial is still discoverable if it is reasonably calculated [*9] to lead to the discovery of admissible evidence.

While the Federal Rules mandate a liberal standard, they also afford courts the means to limit discovery. Rule 26(b)(2) provides in relevant part:

Case 3:03-cv-00222-JBA   Document 77   Filed 06/22/2004   Page 15 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987                    Page 8 of 11

*HN10*
The frequency or extent of use of the discovery methods otherwise permitted under these rules, and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*HN11* Under the third exception in Rule 26(b)(2), courts must engage in a balancing test to determine whether the burden or expense of proposed discovery outweighs its likely benefit to the party seeking it.

## II. Insurance [*10] Contracts

### A. Construction

*HN12* Under Connecticut law, "construction of an insurance contract presents a question of law for the court." Aetna Life & Cas. Co. v. Bulaong, 218 Conn. 51, 588 A.2d 138, 142 (Conn. 1991); Hammer v. Lumberman's Mut. Cas. Co., 214 Conn. 573, 573 A.2d 699, 703 (Conn. 1990). *HN13* The terms of an insurance policy must be construed according to the general rules of contract construction. See Schultz v. Hartford Fire Ins. Co., 213 Conn. 696, 569 A.2d 1131, 1134 (Conn. 1990); A.M. Larson Co. v. Lawlor Ins. Agency, Inc., 153 Conn. 618, 220 A.2d 32, 34 (Conn. 1966); St. Paul Fire and Marine Ins. Co. v. Shernow, 22 Conn. App. 377, 577 A.2d 1093, 1095 (Conn. App. Ct. 1990). *HN14* The determinative question concerns the intent of the parties, "that is, what coverage the [plaintiff] expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy." Marcolini v. Allstate Ins. Co., 160 Conn. 280, 278 A.2d 796, 798 (Conn. 1971). The parties' intent must be evaluated by examining the language of the policy. See Aetna Life, 588 A.2d at 142; Hammer, 573 A.2d at 703-04. In this regard, every provision of an [*11] insurance should be given effect and no word or clause should be eliminated as meaningless, if any reasonable meaning consistent with other parts of the policy can be given to it. See Hammer, 573 A.2d at 709; Schultz, 569 A.2d at 1136.

*HN15* Where the terms of an insurance policy are clear and unambiguous, the contract language must be accorded its natural and ordinary meaning as written. See Heyman Assocs. No. 1 v. Insurance Co. of State of Pa., 231 Conn. 756, 653 A.2d 122, 130 (Conn. 1995); EDO Corp. v. Newark Ins. Co., 878 F. Supp. 366, 371 (D. Conn. 1995); Town of Plainville v. Travelers Indem. Co., 178 Conn. 664, 425 A.2d 131, 136 (Conn. 1979). *HN16* The Court cannot torture or ignore words to import ambiguity where the ordinary meaning leaves no room for it, see EDO Corp., 878 F. Supp. at 371; Hammer, 573 A.2d at 704, and words do not become ambiguous simply because lawyers and laymen contend for different meanings. See Aetna Life, 588 A.2d at 143; Marcolini, 278 A.2d at 799. *HN17* On the other hand, when the terms of an insurance contract are susceptible of two equally responsive interpretations, courts must adopt that interpretation favoring the [*12] policyholder which sustains the claim and covers the loss. See, e.g., O'Brien v. United States Fidelity and Guar. Co., 235 Conn. 837, 669 A.2d 1221, 1224-26 (Conn. 1996); Ceci v. National Indem. Co., 225 Conn. 165, 622 A.2d 545, 548 (Conn. 1993); Beach v. Middlesex Mut. Assurance Co., 205 Conn. 246, 532 A.2d 1297, 1299 (Conn. 1987); Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 442 A.2d 920, 923 (Conn. 1982). Insurers must carry a heavy burden when seeking to

Case 3:03-cv-00222-JBA    Document 77    Filed 06/22/2004    Page 16 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987                          Page 9 of 11

avoid the duty to defend against a lawsuit. See State of N.Y. v. Blank, 27 F.3d 783, 789 (2d Cir. 1994); Seaboard Sur. Co. v. Gillette Co., 64 N.Y.2d 304, 476 N.E.2d 272, 275, 486 N.Y.S.2d 873 (N.Y. 1984).

**B. Parol Evidence Rule**

HN18 The parol evidence rule is not a rule of evidence, but a substantive rule of contract law. See TIE Communications, Inc. v. Kopp, 218 Conn. 281, 589 A.2d 329, 332 (Conn. 1991); Security Equities v. Giamba, 210 Conn. 71, 553 A.2d 1135, 1138 (Conn. 1989); Damora v. Christ-Janer, 184 Conn. 109, 441 A.2d 61, 64 (Conn. 1981); Restatement (Second) of Contracts § 213, comment (a) (1981). The rule forbids the use of extrinsic evidence outside of the four corners [*13] of the contract, such as prior communications or written agreements, to vary or contradict the written terms of an integrated, unambiguous contract. See, e.g., Heyman, 653 A.2d at 135; TIE Communications, 589 A.2d at 332; EDO Corp., 878 F. Supp. at 374; Champion Int'l, 129 F.R.D. 63, 66; American Home Prods. Corp. v. Liberty Mut. Ins. Co., 748 F.2d 760, 765 (2d Cir. 1984). Therefore, HN19 the parol evidence rule is triggered when: (1) the written contract at issue constitutes the entire agreement between the parties; and (2) the evidence sought to be introduced has the effect of varying or contradicting terms whose meaning is unambiguous. However, the rule remains subject to several exceptions.

HN20 Courts may utilize extrinsic evidence in deciding whether the parties intended the written contract to embody their entire agreement. See Damora, 441 A.2d at 64-65 (reasoning that the determination of whether a written contract constitutes an integrated agreement depends on the parties' intentions). HN21 If the evidence leads to the conclusion that the parties intended the writing to contain their whole agreement, parol evidence may not be considered to vary or alter any unambiguous [*14] terms, even though it was admitted to evaluate whether the writing was an integrated agreement. See id.; Panaroni v. Johnson, 158 Conn. 92, 256 A.2d 246, 255 (Conn. 1969); Shelton Yacht & Cabana Club, Inc. v. Suto, 150 Conn. 251, 188 A.2d 493, 496 (Conn. 1963); Cohn v. Dunn, 111 Conn. 342, 149 A. 851, 853 (Conn. 1930). HN22 Another exception to the parol evidence rule provides that extrinsic evidence may be admitted when analyzing whether the parties actually formed a contract. See Damora, 441 A.2d at 65 (concluding that extrinsic evidence may be used to show that the parties did not intend for the writing to be operative); Arnold Palmer Golf Co. v. Fuqua Indus., Inc., 541 F.2d 584, 588 (6th Cir. 1976).

In addition, HN23 courts may admit extrinsic evidence when relevant: (1) to explain an ambiguity in the written instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in a writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud. See Jay Realty, Inc. v. Ahearn Dev. Corp., 189 Conn. 52, 453 A.2d 771, 773 (Conn. 1983); Heyman, 653 A.2d [*15] at 135; TIE Communications, 589 A.2d at 333. Of course, HN24 these recognized exceptions are only examples of situations where the evidence (1) does not vary or contradict the contract's terms, (2) may be considered because the contract has been shown not to be integrated, or (3) tends to show that the contract should be defeated or altered on the equitable ground that relief can be had against any deed or contract in writing founded in mistake or fraud. See TIE Communications, 589 A.2d at 333.

**III. Application of Standards**

This case now rests at the discovery phase, where HN25 documents and materials may be discovered if they are nonprivileged, relevant, and reasonably calculated to lead to evidence. See Fed. R. Civ. P. 26(b)(1). At this stage, the Court does not evaluate whether information ultimately will be admissible, it merely decides whether information is discoverable. HN26 To facilitate a full understanding of the meaning of an insurance policy's

Case 3:03-cv-00222-JBA    Document 77    Filed 06/22/2004    Page 17 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987                          Page 10 of 11

terms, many courts have allowed discovery of the drafting history and interpretations of standard form CGL policy language, see Montrose Chem. Corp. of Cal. v. Admiral Ins. Co., 10 Cal. 4th 645, 913 P.2d [*16] 878, 891 (Cal. 1995); National Union Fire Ins. Co. of Pittsburgh, Pa. v. Stauffer Chem. Co., 558 A.2d 1091, 1095 (Del. Super. Ct. 1989), reinsurance information, see Hoechst Celanese Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 623 A.2d 1099, 1108 (Del. Super. Ct. 1991); National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Ill. Corp., 116 F.R.D. 78, 83-84 (N.D. Ill. 1987), and other insureds' claims. See Eli Lilly and Co. v. Home Ins. Co., 1983 U.S. Dist. LEXIS 20338, No. 82-0669 (D.D.C. July 8, 1983); Commercial Union Ins. Co. v. Pittsburgh Corning Corp., No. 81-2129 (E.D. Pa. June 1, 1982).

HN27 Summary judgment on an ambiguous insurance policy should not be granted while discovery is still incomplete. See Uniroyal, Inc. v. Home Ins. Co., 707 F. Supp. 1368, 1374 (E.D.N.Y. 1988); Aetna Cas. & Sur. Co. v. Abbott Labs., Inc., 636 F. Supp. 546, 550 n.7 (D. Conn. 1986). Although the Court previously denied the parties' cross-motions for summary judgment, it did so without prejudice. Accordingly, nothing prevents the defendant from moving for summary judgment again at a later date after the parties have completed discovery, where it may renew its argument that the Court [*17] should not admit parol evidence to aid in interpreting the CGL policies. However, even if the Court were to ultimately conclude that the CGL policies at issue are unambiguous, this should not prevent the plaintiffs from discovering evidence which may present an ambiguity in the CGL policies at issue. See Stonewall Ins. Co. v. National Gypsum Co., 1988 U.S. Dist. LEXIS 9938, No. 86 Civ. 9671 (SWK), 1988 WL 96159, at *3 (S.D.N.Y. Sept. 6, 1988); Security Equities, 553 A.2d at 1138; National Union Fire Ins., 558 A.2d at 1094.

The defendant invokes Heyman Assocs. No. 1 v. Insurance Co. of State of Pa. to support its contention that Magistrate Judge Margolis wrongfully allowed discovery of extrinsic evidence, but that case is inapposite to ours. In Heyman, both parties had moved for summary judgment, arguing that the terms of the contract were unambiguous. The Supreme Court of Connecticut accordingly found that "the absolute pollution exclusions [of the insurance policy] are unambiguous as applied to the facts of this case," and therefore barred the discovery of extrinsic evidence to vary or contradict the plain meaning of the exclusions. 653 A.2d at 135-36 (emphasis added). Heyman stands [*18] in direct contrast to this case, where the Magistrate determined that discovery could aid in interpreting the meaning of the terms in the CGL policies -- such as "damages," "occurrence," "suit," "sudden and accidental," and "neither expected nor intended from the standpoint of the insured" — that plaintiffs' claims depend on. (Ruling at 6-7.)

Where an insurance policy is susceptible of more than one reasonable interpretation, the Court may look to extrinsic evidence of the parties' intent and their communications, as well as rules of construction, to discern the contract's meaning. See, e.g., Heyman, 653 A.2d at 135; TIE Communications, 589 A.2d at 333; Jay Realty, 453 A.2d at 773. Courts from other jurisdictions have held the same. See Schering Corp. v. Home Ins. Co., 712 F.2d 4, 9 (2d Cir. 1983) (precluding summary judgment where the defendant submitted affidavits of the drafters of the industry-wide standardized CGL clause asserting an explication completely at variance from plaintiff's construction of the contract); Champion Int'l, 129 F.R.D. at 67; United States Fidelity and Guar. Co. v. Colorado Nat'l Bank, 1989 U.S. Dist. LEXIS 18438, No. 86-Z-1033 (D. Col. Aug. 15, 1989). As a [*19] result, the Court denies Liberty Mutual's objections to the Magistrate's Ruling. The defendant must produce the requested documents and information as described in the discovery order.

The Court also denies plaintiffs' objections to the Magistrate's limiting orders regarding: (1) the time period applicable to drafting history documents, claims manuals, and guidelines ordered to be produced; and (2) the time period applicable to "first ten/last ten" production of other policyholder claims files pertaining to environmental actions. HN28 Rule 26(b)(2) requires courts to balance the burden and expense of proposed discovery against its likely

Case 3:03-cv-00222-JBA     Document 77     Filed 06/22/2004     Page 18 of 18

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 6987                                          Page 11 of 11

benefit, and to issue any appropriate limiting orders. See Continental Ins. Co. v. Ventresca, 1992 Del. Super. LEXIS 336, No. Civ. A. 90 C-JL-219, 1992 WL 207248, at *3 (Del. Super. Ct. Aug. 5, 1992). The Magistrate determined that the preceding limiting orders were necessary in light of the burden and expense plaintiffs' proposed discovery would impose on Liberty Mutual taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving [*20] the issues. Because the Court finds that the Magistrate's limiting orders were neither clearly erroneous nor contrary to law under Rule 26, see Stonewall Ins., 1988 WL 96159, at *3, plaintiffs' objections are denied.

## CONCLUSION

For the preceding reasons, the Court affirms Magistrate Judge Margolis' Ruling on Plaintiffs' Motion to Compel in its entirety, and thus denies both the plaintiffs' objections [Doc. No. 79] and the defendant's objections [Doc. No. 80].

SO ORDERED.

ELLEN BREE BURNS, SENIOR JUDGE

UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut, this 16th day of February, 1999

Service: Get by LEXSEE®
Citation: 1999 U.S. Dist. LEXIS 6987
View: Full
Date/Time: Tuesday, June 22 2004 - 1:13 PM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any Shepard's signal to Shepardize® that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

http://www.lexis.com/research/retrieve?_m=17604dd86abe43cd539ec8da174eacec&csvc=l...   6/22/2004