UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
JUL 6  2 15 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

    Plaintiffs,    :  Civil No. 303 CV 222 (JBA)

v.

FISHER-PRICE, INC.,

    Defendant.    :  July 1, 2004

**FISHER-PRICE'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE**

Fisher-Price respectfully submits this memorandum of law in opposition to plaintiffs' motion to strike Fisher-Price's opposition to plaintiffs' objections to the April 27, 2004 ruling of Magistrate Judge Margolis on certain discovery issues. Because the Federal Rules contemplate the submission of opposition papers to a party's objection to a magistrate's ruling, the Court should consider Fisher-Price's Memorandum in Opposition to Objection to Ruling on Plaintiffs' Motion to Compel and in Support of Cross-Motion to Strike ("opposition memorandum") in its Entirety.

Plaintiffs Victor G. Reiling Associates and Design Innovation, Inc., move to strike Fisher-Price's opposition memorandum on the basis that "[t]here is no authority in the Federal or Local Rules for Defendant's filing a memorandum in opposition to Plaintiff's Objection to the Magistrate Judge's ruling." (Plaintiffs' Motion to Strike, at 1-2.) The plaintiffs' claim is simply incorrect. As plaintiffs themselves note, district court review of Magistrate rulings on non-dispositive matters is governed by Rule 72(a) of the Federal Rules of Civil Procedure. The

Advisory Committee Notes to Federal Rule of Civil Procedure 72(a), specifically state that the rule "contemplate[s] that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling." FED. R. CIV. P. § 72(a), Advisory Committee Note, 1983 Addition.

Moreover, plaintiffs' argument is contrary to common sense and established federal court practice. In essence, plaintiffs argue that they should be permitted to argue their objections to the Magistrate Judge's ruling and that defendant should not be heard on their objections. This runs counter to the structure of the Federal Rules, which is specifically intended to ensure that ***both*** parties are heard on any application before a decision is made.

Finally, established local practice in this district permits the filing of a response to objections to a Magistrate Judge's discovery decision. Counsel is unaware of any instance where this Court has not permitted the filing of such a response in the past.

For the foregoing reasons, the Court should consider Fisher-Price's opposition memorandum in its entirety and deny plaintiffs' motion to strike.

Dated: July 1, 2004

                                  **DEFENDANT FISHER-PRICE, INC.**

By: _____
Bradford S. Babbitt
Federal Bar No.: ct13938
email: bbabbitt@rc.com
**ROBINSON & COLE, LLP**
280 Trumbull Street
Hartford, CT 06103-3597
Tel. no.: (860) 275-8200
Fax no.: (860) 275-8299

and

Robert J. Lane, Jr.
Federal Bar No.: ct24598
e-mail: rlane@hodgsonruss.com
Jodyann Galvin
Federal Bar No.: ct24599
e-mail: jgalvin@hodgsonruss.com
**HODGSON RUSS LLP**
One M&T Plaza, Suite 2000
Buffalo, New York 14023-2391
Tel. no: (716) 856-4000
Fax no.: (716) 849-0349

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing Memorandum of Law In Opposition To Motion To Strike was mailed, first class postage prepaid, to the attorneys of record recited below on this 1st day of July, 2004.

Gregory J. Battersby (Bar No. 07386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
Phone: 203-849-8300
Fax: 203-849-9300

Bradford S. Babbitt