UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,                    :
                                            :
                    Plaintiffs,             :
                                            :    Civil No. 303CV222(JBA)
v.                                          :
                                            :
FISHER-PRICE, INC.,                         :
                                            :
                    Defendant.              :    November 2, 2004

FILED
U.S. DISTRICT COURT
NEW HAVEN, CT
2004 NOV -4  P 3: 29

**FISHER-PRICE'S MEMORANDUM
IN OPPOSITION TO OBJECTION TO RULING ON
PLAINTIFFS' MOTION TO COMPEL**

**ROBINSON & COLE, LLP**
Bradford S. Babbitt (CT 13938)
Email: bbabbitt@rc.com
280 Trumbull Street
Hartford, CT 06103-3597

**HODGSON RUSS LLP**
Robert J. Lane, Jr.
Jodyann Galvin
One M&T Plaza, Suite 2000
Buffalo, New York  14203

## Table of Contents

Preliminary Statement ............................................................................................................2

Factual Background .................................................................................................................4

Argument .................................................................................................................................5

    I.  THE MAGISTRATE'S RULING WAS NOT "CLEARLY
        ERRONEOUS OR CONTRARY TO LAW" ...............................................................5

        A.  The Applicable Standard of Review .................................................................5

        B.  Plaintiffs Have Failed to Identify Any "Clear Error" in
            Either of the Magistrate's Rulings .................................................................8

    II.  THE DOCUMENT REQUESTS AT ISSUE ARE
        IRRELEVANT, OVERBROAD AND UNDULY BURDENSOME. ...........................10

        A.  Fisher-Price's Agreements With Other Inventors Are Not Relevant to
            Plaintiff's Claims ...........................................................................................10

        B.  The Documents Sought by Plaintiffs Will Not Demonstrate Custom in the
            Industry ..........................................................................................................13

            1.  Fisher Price's royalty obligations to other outside inventors are
            governed by particular license agreements ...........................................14

            2.  The practices of one industry participant cannot demonstrate custom
            and practice ...........................................................................................16

            3.  Review of outside inventor submissions and agreements would require
            a series of mini-trials ............................................................................16

        C.  Documents Relating to Other Outside Inventors are not Related to Fisher-
            Price's "Non-Use" Defense ...........................................................................18

        D.  Even if Other Agreements Were Relevant, the Burden to Fisher-Price
            Outweighs Any Probative Value ...................................................................19

Conclusion ...............................................................................................................................20

## **Preliminary Statement**

Fisher-Price, Inc. submits this memorandum of law in opposition to the Objection filed by Victor G. Reiling Associates ("Reiling") and Design Innovation, Inc. on October 18, 2004 ("Objection"). Plaintiffs have objected to both the April 27, 2004 and September 28, 2004 rulings by Magistrate Judge Margolis. In each of those decisions, Magistrate Judge Margolis denied plaintiffs' motion to compel the production of documents related to the submission of proposals by outside inventors other than plaintiffs to Fisher-Price. Having already been twice denied, Reiling and Design Innovation appeal to this Court for relief to which they are simply not entitled.

On April 27, 2004, Magistrate Judge Margolis issued a decision denying Reiling's and Design Innovation's motion to compel discovery (the "4/27 Ruling"). Reiling and Design Innovation then objected to the Magistrate Judge's 4/27 Ruling. On September 28, 2004, Magistrate Judge Margolis issued another decision (the "9/28 Ruling") which construed plaintiffs' objection as a motion for reconsideration because plaintiffs presented new factual and legal issues. *See* 9/28 Ruling at 2.[1] After addressing the "new" issues raised by plaintiffs, the Magistrate Judge's 9/28 Ruling granted plaintiffs' motion for reconsideration but ***denied plaintiffs' motion to compel*** for the second time and adhered to the conclusions in the Magistrate Judge's 4/27 Ruling. *See* 9/28 Ruling at 8.

Plaintiffs are simply not entitled to documents relating to outside inventor submissions other than their own, and there is no basis on which either of the Magistrate Judge's

---

[1]     When referred to collectively, the decisions are called the "Magistrate Judge's Rulings."

- 2 -

Rulings should be set aside. Plaintiffs have completely failed to carry the burden necessary to support an objection to a magistrate's discovery ruling. To set aside the Magistrate Judge's Rulings, plaintiffs must demonstrate that they were clearly erroneous or contrary to law. Plaintiffs have not even bothered to discuss the applicable standard of review — let alone show they have met it. In any event, because the Magistrate Judge's Rulings are clearly proper and consistent with other caselaw addressing the same issue, there is no basis for setting aside her determinations.

Through their Objection, plaintiffs are attempting to obtain information to which they are not entitled. Specifically, Reiling and Design Innovation seek documents related to the submission of proposals by unrelated outside inventors to Fisher-Price. These documents were individually negotiated agreements that Fisher-Price entered into with inventors who are not parties to this action regarding submissions and concepts that are unrelated to plaintiffs' submissions, and they are entirely irrelevant to the issues in this action. Moreover, these documents simply do not bear upon plaintiffs' implied-in-fact contract claim.[2]

Nor can the documents sought by plaintiffs be used to demonstrate "custom and practice" in the toy industry (as plaintiffs argue), because they reflect individualized agreements and payment decisions under specific, written agreements — not an industry-wide, standard practice which can be uniformly proven in order to explain or establish a contract. Finally, disclosure of

---

[2]    Plaintiffs have taken the position that they never had a written contract with Fisher-Price relating to the subject matter at issue in this action. *See* First Amended Complaint (which contains no claim for breach of an express or written contract). Plaintiffs never explain (because they cannot) how their request for written, express contracts Fisher-Price entered into with other inventors could possibly be relevant to their claim that a contract should be implied in the absence of a written agreement.

- 3 -

these documents would lead to multiple mini-trials during the trial of this case and would unnecessarily burden the Court with additional witnesses, discovery, and evidence unrelated to plaintiffs' submissions or claims.

### Factual Background

Fisher-Price develops products in two ways: it has an internal design staff which designs toys and juvenile products, and it accepts submissions from selected outside inventors. (*See* Declaration of Stan Clutton in Opposition to Plaintiffs' Motion to Compel, dated March 26, 2004 ("Clutton Decl.") ¶ 4.)[3] Submissions from outside inventors are generally first reviewed by Fisher-Price's Inventor Relations department. Then, if warranted, the submission may be forwarded for review by the appropriate Fisher-Price design team. If Fisher-Price selects a submission for further development, possibly for manufacture and sale to the public, it negotiates a formal license agreement with the outside inventor. The license agreement governs the rights and obligations of Fisher-Price and the outside inventor with respect to use of the inventor's submission, including royalty payment terms. (*See* Clutton Decl. ¶¶ 5-6.)

Reiling and Design Innovation are independent toy inventors who claim that Fisher-Price misappropriated the submission of their "Reel Heroes" concept. *See* First Amended Complaint. Plaintiffs' "Reel Heroes" concept was based on an already-existing and very successful line of Fisher-Price preschool action figures named "Rescue Heroes."

---

[3]     The declarations cited in this memorandum, other than the May 13, 2004 Declaration of Victor Reiling, were submitted in connection with the motions to compel determined by Magistrate Judge Margolis in the 4/27 Ruling.

- 4 -

Neither Reiling nor Design Innovation claim to have a license agreement (or any express agreement) with Fisher-Price related to their "Reel Heroes" submission. (*See* Clutton Decl. ¶ 8.) Nevertheless, plaintiffs inexplicably seek documents relating to license agreements of *other* outside inventors where the outside inventor's submission resulted in a product offered for sale by Fisher-Price. Specifically, in their motion to compel, plaintiffs sought the disclosure of:

> All documents that refer or relate to outside inventor submissions made to Fisher-Price from 1996 through 2000 that have resulted in or have been incorporated into commercialized products (*i.e.*, products offered for sale) by Fisher-Price including, but not limited to: (a) documents reflecting each such submission and the corresponding concept disclosure forms; (b) any option agreement or license agreement relating thereto; and (c) a sample of the final product or catalog page depicting the final product commercialized by Fisher-Price.

(Declaration of Russell D. Dize, dated March 3, 2004 ("Dize Decl.") ¶ 7.)

As determined by Magistrate Judge Margolis, "the issue in this litigation is whether defendant incorporated *plaintiffs'* concepts and after doing so, failed to pay plaintiffs a royalty." 4/27 Ruling at 6, emphasis in original. Thus, submissions made by other inventors are plainly irrelevant; "the only relevant concept submission and resulting agreement or lack thereof, is that of plaintiffs." *Id.* Plaintiffs' motion to compel discovery was therefore properly denied.

## Argument

### I.    THE MAGISTRATE'S RULING WAS NOT "CLEARLY ERRONEOUS OR CONTRARY TO LAW"

#### A.    The Applicable Standard of Review

28 U.S.C. § 636(b)(1) provides as follows:

Notwithstanding any provision of law to the contrary -- (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the

- 5 -

court . . . .   A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is *clearly erroneous or contrary to law*.

28 U.S.C. § 636(b)(1)(A) (2004) (emphasis added).[4]

"The clearly erroneous standard *requires that the reviewing court affirm* unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Claytor v. Computer Assocs. Int'l*, 211 F.R.D. 665, 667 (D. Kan. 2003) (emphasis added) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 2d 746 (1948))). To demonstrate that a magistrate's determination is "contrary to law," an objecting party must show that "it fails to apply or misapplies relevant statutes, caselaw or rules of procedure." *Surles v. Air France*, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002).0

As articulated by this Court in *Hudson v. General Dynamics Corp.*, 186 F.R.D. 271, 273 (D. Conn. 1999), "[u]nder this deferential standard of review, magistrate judges are considered to have broad discretion over discovery matters, and a party seeking to overturn a magistrate judge's discovery ruling bears a 'heavy burden.'   Reversal based upon an improper order

---

[4]   *See also* FED. R. CIV. P. 72(a) ("A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."); D. CONN. L. CIV. R. 72.2 ("In matters determined by the Magistrate Judge under Rule 72.1(C)(2) [*i.e.*, pretrial matters "relating to discovery and other matters of procedure"], the reviewing Judge on timely objection shall set aside any order found to be clearly erroneous or contrary to law . . . .").

denying or curtailing discovery is 'unusual.'" *Hudson*, 186 F.R.D. at 273 (citations omitted).[5]

"Magistrate judges are thus afforded broad discretion in resolving discovery disputes, and

reversal is appropriate only if that discretion is abused." *Hudson*, 186 F.R.D. at 273 (citing

*Conway v. Icahn*, 16 F.3d 504, 510 (2d Cir. 1994)). *See also Surles*, 210 F. Supp. 2d at 502 ("A

magistrate judge's resolution of discovery disputes deserves substantial deference") (citing *Weiss*

*v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001)).

A party's dissatisfaction with a Magistrate's determination is not adequate to demonstrate

that it is "clearly erroneous." *Claytor*, 211 F.R.D. at 667 ("The mere fact that plaintiff disagrees

with [the Magistrate's] decision, however, does not demonstrate that the decision is clearly

erroneous."). Moreover, an objecting party may not simply "rehash" or incorporate on review

the same arguments which were unsuccessful before the Magistrate, since such arguments cannot

possibly demonstrate how the Magistrate "clearly erred." *See Travelers Ins. Co., v. Monpere*,

1995 WL 591141, at *2 (W.D.N.Y. Sept. 8, 1995) ("The incorporation [of] earlier-filed motion

papers is useless. They clearly do not--and indeed, cannot--point out to this Court where [the

Magistrate Judge] may have clearly erred.") (citing *Camardo v. Gen. Motors Hourly Rate*

*Employees Pension Plan*, 806 F. Supp. 380 (W.D.N.Y. 1992) (litigants are not entitled to rehash

arguments dealt with by a magistrate judge)). *See generally Dennard v. Kelly*, 1997 WL 9785, at

---

[5]     See *also Bath Petroleum Storage, Inc. v. Sovas*, 309 F. Supp. 2d 357, 361 (N.D.N.Y. 2004) ("Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion and reversal is only appropriate if there is an abuse of discretion."); *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y. 1982) ("In resolving discovery disputes, any judicial officer, including a magistrate, has broad discretion, and his exercise of this discretion will be overturned only if it is abused. A litigant who seeks to overturn a magistrate's discovery order bears a heavy burden.") (citations omitted).

*1 (W.D.N.Y. Jan. 2, 1997) ("The purposes of the Federal Magistrate's Act are, *inter alia*, to relieve courts of unnecessary work and to increase the overall efficiency of the federal judiciary. Such would be thwarted if parties were permitted to simply retrace every step precisely taken before a Magistrate Judge in order to repeat them before this Court.") (citations omitted). "Simply stated, a proceeding before a Magistrate Judge is not a [mere] dress rehearsal." *Klawitter v. Chater*, 1994 WL 899094, at *1 (W.D.N.Y. May 4, 1994).

**B.    Plaintiffs Have Failed to Identify Any "Clear Error" in Either of the Magistrate's Rulings**

In an apparent effort to avoid the heavy burden placed upon them by section 636(b)(1)(A), plaintiffs have not even cited the relevant standard of review for the Court — much less authority suggesting the nature of their burden on this appeal. Further, plaintiffs have failed to identify any portion of the Magistrate's Ruling which is "clearly erroneous."

Most important, plaintiffs have not identified any authority which is contrary to the Magistrate's Rulings. While plaintiffs suggest that *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368 (2d Cir. 2000), demonstrates the relevance of the information sought by their document requests (Objection at 7-8), *Nadel* does not stand for (or support) the proposition that the documents plaintiffs seek are relevant. 9/28 Ruling at 7.[6] At most, *Nadel* provides that the particular element of mutual assent (necessary for an implied contract claim) can be shown by

---

[6]    Magistrate Judge Margolis rejected plaintiffs' contention that the documents sought could provide competent evidence of custom and practice. And even if the documents did so, *Nadel* would still not "compel discovery into industry custom and practice." 9/28 Ruling at 7.

- 8 -

demonstrating industry custom and practice. *Nadel*, 208 F.3d at 377 n.5.[7]  Plaintiffs do not

attempt to explain how Fisher-Price's individually negotiated, express written agreements with

unrelated inventors could provide evidence of mutual assent supporting their ***implied*** contract

claim (which plaintiffs allege arose in the absence of an express, written agreement).  In fact, the

existence of written, express agreements between Fisher-Price and other inventors would appear

to directly contradict plaintiffs' implied contract claim.

       In any event, plaintiffs do not even argue that they are seeking the documents at issue for

the purpose recognized in *Nadel*.  Instead, they contend that the requested documents might

assist them in showing that "custom and practice" in the toy industry has been to "compensate

inventors and designers for the underlying concept in its various product line manifestations

regardless of revisions, enhancements and changes made by the toy company subsequent to

submission." (Declaration of James M. Kipling, dated March 2, 2004 (the "Kipling Decl.") ¶ 8.)

Use of "custom and practice" evidence for this purpose is not authorized by *Nadel* — nor could

it be.  In essence, plaintiffs are attempting to use "custom and practice" evidence to form a

contract where no agreement of any type on any terms has been reached.  This is a far cry from

*Nadel*, which merely recognizes that custom and practice evidence may provide a single missing

element in appropriate circumstances. *See also* II.B. *infra* (discussing the limited purposes of

custom and practice evidence).

---

[7]    Inexplicably, plaintiffs criticize Magistrate Judge Margolis' analysis for "seemingly focus[ing] on [p]laintiffs' misappropriation claim and ignoring the implied-in-fact contract claim." (Objection at 7.)  In fact, Magistrate Judge Margolis specifically addressed plaintiffs' implied-in-fact contract claim in ruling that the documents they seek are not relevant. 9/28 Ruling at 1, 3, 5-8.