UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

          Plaintiffs,

- against -

FISHER-PRICE, INC.,

          Defendant.

Index No.: 3:03 CV 222 (JBA)

November 22, 2004

## REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' OBJECTION TO RULING ON MOTION TO COMPEL

Plaintiffs, Victor G. Reiling Associates ("Reiling") and Design Innovation, Inc. ("DI") (collectively, "Plaintiffs"), respectfully submit this reply memorandum in further support of their Objection to the Magistrate Judge's ruling on Plaintiffs' Motion to Compel.

Throughout its opposition papers, Defendant consistently mischaracterizes the nature of Plaintiffs' document requests. Defendant claims that Plaintiffs are seeking "individually negotiated agreements." (Fisher-Price's Memorandum in Opposition to Objection to Ruling on Plaintiffs' Motion to Compel, dated November 2, 2004 ("Def. Opp.") at 3). Defendant also argues that "[p]laintiffs do not attempt to explain how Fisher-Price's individually negotiated, express written agreements" could be relevant. (Def. Opp. at 9). Contrary to Defendant's assertions, Plaintiffs have made clear that they do not seek Defendant's written agreements with outside inventors.[1] Rather, Plaintiffs seek: (i) a limited number of concept submission

---

[1] Plaintiffs originally requested written license agreements, but have withdrawn that request.

documents over a five year period; (ii) documents which show the ultimate product that was produced from those submissions; and (iii) confirmation that a royalty was paid to the inventor.

Plaintiffs do not seek to use the circumstances of a single transaction to prove what should happen in this case, as Defendant suggests. (Def. Opp. at 10). Instead, Plaintiffs expect to prove a pattern of conduct with respect to the handling of concept submissions that Fisher-Price, and the toy industry as a whole, follows in every case. This is evidence of both Fisher-Price's custom and practice and industry custom and practice (as explained more fully in Plaintiffs' Objection), both of which are clearly relevant under *Nadel* to establish assent to an implied-in-fact contract. Simply stated, the requested documents will show that Defendant systematically changes inventor concepts from the time they are submitted to the time an ultimate product is produced, and that a royalty is systematically paid regardless of the changes that are made.

Defendant is incorrect in its assertion that Plaintiff has not demonstrated clear error with respect to the Magistrate Judge's decision. (Def. Opp. at 8-10). The *Nadel* case, in discussing implied-in-fact contract claims, makes clear that "[t]he element of mutual assent . . . must be inferred from the facts and circumstances of each case, including such factors as *the specific conduct of the parties, industry custom, and course of dealing*." *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368, 377 (2d Cir. 2000) (emphasis added). Moreover, the *Vantage Point* case makes clear that the adoption of a regular system by a defendant concerning submission of ideas permits the inference of such a custom. *Vantage Point, Inc. v. Parker Brothers, Inc.*, 529 F. Supp. 1204, 1217-18 (E.D.N.Y. 1981), *aff'd without op.*, 697 F.2d 301 (2d Cir. 1982) ("the existence of such a custom, *and [defendant's] adherence to it*, as well as the terms of any contract that might be implied, are issues of fact which would require resolution at

trial"). In view of these cases, the conclusion that the requested documents are not relevant is clearly erroneous. The requested documents go to the heart of the parties' understanding of how Fisher-Price and the toy industry as a whole operate, and to the parties' expectations at the time the implied-in-fact contract was formed.

Finally, Defendant's argument that producing the requested documents would be unduly burdensome is not credible. (Def. Opp. at 17). Fisher-Price is a subsidiary of Mattel, one of the largest toy companies in the world. Moreover, Plaintiffs' request is narrowly tailored in that it would involve disclosure of only three sets of submission documents for each year during a five year period. In addition, the requested documents would not necessitate a series of mini-trials and additional testimony, as Defendant suggests. (Def. Opp. at 16-17). The jury in this case will be able to ascertain, from the face of the requested documents, the extent to which the concept submissions have been changed from the time they were submitted to the time when the ultimate product was produced. The jury will also be perfectly capable of determining, from the face of the requested documents, whether Fisher-Price has followed a regular system with regard to submission of ideas that permits the inference of such a custom. No additional testimony will be required.

For the foregoing reasons, Plaintiffs respectfully request that their Objection be sustained, that their Motion to Compel be granted and that Defendant be compelled to produce the requested documents.

Dated: Norwalk, Connecticut
November 22, 2004

Respectfully Submitted,

GRIMES & BATTERSBY, LLP

By: _____
Gregory J. Battersby (Bar No. 7386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300

Attorneys for Plaintiffs Victor G. Reiling
Associates and Design Innovation, Inc.

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Reply Memorandum in Further Support of Plaintiffs' Objection to Ruling on Motion to Compel has been served upon defendant Fisher-Price, Inc., on this 22nd day of November 2004, via U.S. Mail, First Class, postage prepaid, to:

Bradford S. Babbitt, Esq.
Michael J. Kolosky, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York  14203-2391

_____
Russell D. Dize