UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and : <br> DESIGN INNOVATION, INC., : <br> : <br>     Plaintiffs, :     Civil No. 303CV222 (JBA) <br> v. : <br> : <br> FISHER-PRICE, INC., : <br> : <br>     Defendant. :     DECEMBER 9, 2004 | |

**ANSWER TO SECOND AMENDED COMPLAINT**

Fisher-Price, Inc. ("Fisher-Price"), through its attorneys, Hodgson Russ LLP and Robinson & Cole LLP, states as follows for its answer to plaintiffs' Second Amended Complaint:

    1.    Admits that plaintiffs are independent toy inventors; admits that Fisher-Price is a subsidiary of Mattel, Inc.; admits that Fisher-Price does business with independent toy inventors; and denies the remaining allegations in paragraph 1.

    2.    Admits only that plaintiffs made a submission in October 1998 and refers to Exhibit A of the option agreement for a description of the submission; and denies the remaining allegations in paragraph 2.

    3.    Admits that the parties entered into an option agreement and refers to the option agreement for its exact terms; admits that it notified plaintiffs it was declining to manufacture and sell their submission because, among other reasons, it was too expensive; admits the Option Agreement expired; admits that plaintiffs sent additional submissions which

were rejected in March 1999 and January 2001; and denies the remaining allegations in paragraph 3.

   4.  Admits only that Fisher-Price released toys known as Voice Tech Video Mission Rescue Heroes, Mission Select Rescue Heroes, a Rescue Hero known as Telly Photo; denies plaintiffs' description and characterization of Fisher Price's products; and denies the remaining allegations in paragraph 4.

   5.  Denies the allegations in paragraph 5.

   6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

   7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

   8.  Admits the allegations in paragraph 8.

   9.  Admits the allegations in paragraph 9.

   10.  Denies the allegations in paragraph 10.

   11.  Denies the allegations in paragraph 11.

   12.  Admits that Mr. Reiling was once employed by Fisher-Price; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

   13.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13; denies any implication that the submission of Reel

Action/Real Heroes was unique and/or novel; and denies any implication that Fisher-Price's product was based on or influenced by plaintiffs' submissions.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Denies that Fisher-Price is a division of Mattel; admits that it occasionally seeks submissions from private toy inventors; and denies the remaining allegations in paragraph 16.

17. Admits that Rescue Heroes are toy action figures; and denies the remaining allegations in paragraph 17.

18. Denies the allegations in paragraph 18; denies any implication that the submission of Reel Action/Real Heroes was unique and/or novel; and denies any implication that Fisher-Price's product was based on or influenced by plaintiffs' submission.

19. Admits that plaintiffs met with a Fisher-Price representative on or about October 29, 1998; and denies the remaining allegations in paragraph 19.

20. Admits that Fisher-Price stated it would evaluate the submission in or around December 1998; admits that it had discussions with plaintiffs regarding an option on plaintiffs' submission; and denies the remaining allegations in paragraph 20.

21. Admits that plaintiffs and Fisher-Price began discussing an option agreement in or about January 1999; admits that the plaintiffs and Fisher-Price entered into an Option Agreement on or about February 16, 1999 and refers to Exhibit F to the Second Amended

- 4 -

Complaint for its terms; denies knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiffs changed the name of their submission to "Reel Heroes"; and denies the remaining allegations in paragraph 21.

22. Admits that it returned a prototype and drawings of the "Reel Heroes" to the plaintiffs and refers to Exhibit G for its contents; admits the Option Agreement expired; and denies the remaining allegations in paragraph 22.

23. Admits that plaintiffs sent a letter to Paul Snyder of Fisher-Price in or about May 1999 and refers to Exhibit H for its contents; admits that Fisher-Price was not interested in the May 1999 letter; and denies the remaining allegations in paragraph 23.

24. Admits that plaintiffs sent a letter to Peter Pook of Fisher-Price on or about December 7, 2000 and refers to Exhibit I for its contents; and denies the remaining allegations in paragraph 24.

25. Admits that Fisher-Price returned items to Reiling on or about January 5, 2001 and refers to Exhibit J for its contents; and denies the remaining allegations in paragraph 25.

26. Admits that a letter dated January 5, 2001 was sent to plaintiffs regarding their submission and refers to Exhibit J for its contents; and denies the remaining allegations in paragraph 26.

27. Denies knowledge or information regarding plaintiffs' attendance at a toy fair in February 2002; denies that Fisher-Price misappropriated plaintiffs' "Reel Heroes" submission; denies plaintiffs' characterization of Fisher-Price's catalog and refers to Exhibit K for its contents; and denies the remaining allegations in paragraph 27.

- 5 -

28. Admits that the "Voice Tech Video Mission Rescue Heroes" were sold in commercial stores in 2002 and 2003; and denies the remaining allegations in paragraph 28.

29. Admits that the "Voice Tech Video Mission Rescue Heroes" included ten different figures; and denies the remaining allegations in paragraph 29.

30. Denies plaintiffs' description and characterization of Fisher-Price's Voice Tech Video Mission Rescue Heroes; denies any inference that plaintiffs' submissions were unique and/or novel; denies that Fisher-Price's product was based on or influenced by plaintiffs' submissions; denies that Fisher-Price's figures are similar to plaintiffs' submissions; and denies the remaining allegations in paragraph 30.

31. Admits that plaintiffs sent a letter, dated July 25, 2002, to Neil Friedman and refers to Exhibit O for its contents; admits that Fisher-Price advised plaintiffs that it did not misappropriate plaintiffs' submissions; denies plaintiffs' characterization of the letter; and denies that Fisher-Price made use of plaintiffs' submissions or the features and/or alleged concepts embodied in it.

32. Admits that plaintiffs sent a letter, dated October 17, 2002, to Stan Clutton and refers to Exhibit P for its contents; denies plaintiffs' characterization of the letter; and denies the remaining allegations in paragraph 32.

33. Admits that plaintiffs sent a letter by e-mail on October 24, 2002 to Stan Clutton and refers to Exhibit Q for its contents; admits that it denied any liability to plaintiffs; denies plaintiffs' characterization of the e-mail letter; and denies the remaining allegations in paragraph 33.

34.     Denies that plaintiffs commenced this action by filing a complaint on January 31, 2003 and states that court records reflect that the complaint was filed on February 3, 2003; and admits that the originally-filed complaint was amended on May 1, 2003.

35.     Admits only that Fisher-Price released a sub-line of action figures known as Mission Select Rescue Heroes and that the sub-line includes a Firetruck, Police Cruiser and Mountain Action Command Center; and denies the remaining allegations in paragraph 35.

36.     Admits that the Voice Tech Rescue Firetruck, the Voice Tech Rescue Jet, the Voice Tech Police Cruiser and the Aquatic Rescue Command Center are intended to be used by children for interactive play with all Rescue Heroes figures; and denies the remaining allegations in paragraph 36.

37.     Denies the allegations in paragraph 37.

38.     Denies the allegations in paragraph 38.

39.     Denies the allegations in paragraph 39.

40.     Denies the allegations in paragraph 40; and affirmatively states that this paragraph summarizes settlement discussions protected by Federal Rule of Evidence 408, inaccurately characterizes those discussions, and should be stricken.

41.     Repeats its responses to paragraphs 1 through 40 as if fully set forth herein.

42.     Denies the allegations in paragraph 42, and expressly denies that plaintiffs disclosed a novel concept to Fisher-Price.

43.     Denies the allegations in paragraph 43.

- 7 -

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Repeats its responses to paragraphs 1 through 47 as if fully set forth herein.

49. Denies the allegations in paragraph 49 and expressly denies that plaintiffs disclosed any novel and original concept to Fisher-Price.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Repeats its responses to paragraphs 1 through 52 as if fully set forth herein.

54. Denies the allegations in paragraph 54.

55. Denies the allegations in paragraph 55.

56. Repeats its responses to paragraphs 1 through 55 as if fully set forth herein.

57. Denies the allegations in paragraph 57.

58. Denies the allegations in paragraph 58.

59. Repeats its responses to paragraphs 1 through 58 as if fully set forth herein.

60. Denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

## DEFENSES

### First Defense

62. Plaintiffs' complaint fails to state a cause of action.

### Second Defense

63. Venue is not proper in United States District Court, District of Connecticut.

### Third Defense

64. Plaintiffs' claims are barred by the doctrines of waiver, estoppel and/or laches.

### Fourth Defense

65. Upon information and belief, plaintiffs have failed to mitigate their damages.

### Fifth Defense

66. The alleged ideas submitted to Fisher-Price by plaintiffs were not novel to Fisher-Price or to the industry generally.

### Sixth Defense

67. Plaintiffs failed to perform or satisfy conditions precedent in the Option Agreement.

### Seventh Defense

68.     Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

### Eighth Defense

69.     Plaintiffs did not perform all contractual duties necessary for any obligation of payment to arise.

### Ninth Defense

70.     The products at issue were developed independently by Fisher-Price.

### Tenth Defense

71.     Plaintiffs' implied-in-fact contract cause of action fails because an express contract governs plaintiffs' claims.

### Eleventh Defense

72.     Plaintiffs engaged in a course of conduct whereby they caused or contributed to, either in whole or in part, the damages alleged in their Second Amended Complaint.  As such, the plaintiffs' recovery is barred or limited to the extent they were the cause of or contributed to the damage alleged.

### Twelfth Defense

73.     Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

### Thirteenth Defense

74.     Plaintiffs were not in a confidential relationship with Fisher-Price.

**Fourteenth Defense**

75.     Fisher-Price did not use any concept contained in any of plaintiffs' submissions.

**Fifteenth Defense**

76.     Plaintiffs' alleged ideas are not sufficiently concrete to be entitled to legal protection.

WHEREFORE, defendant demands judgment dismissing the complaint and awarding defendant its costs, expenses and attorneys' fees.

Dated: December 9, 2004

                                DEFENDANT FISHER-PRICE, INC.

                                By_____
                                  Bradford S. Babbitt
                              Federal Bar No.: ct13938
                              email: bbabbitt@rc.com
                                  Michael J. Kolosky
                              Federal Bar No.: ct22686
                              email: mkolosky@rc.com
                              ROBINSON & COLE LLP
                              280 Trumbull Street
                              Hartford, CT 06103-3597
                              tel. no.: (860) 275-8200
                              fax no.: (860) 275-8299

                              and

          Robert J. Lane, Jr.
e-mail:  rlane@hodgsonruss.com
Federal Bar No.:  ct24598
Jodyann Galvin
e-mail:  jgalvin@hodgsonruss.com
Federal Bar No.:  ct24599
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York  14203-2391
tel. no: (716) 856-4000
fax no.: (716) 849-0349

- 11 -

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing Answer to Second Amended Complaint was mailed, first-class postage prepaid, to the attorneys of record recited below on this 9th day of December, 2004.

Gregory J. Battersby, Esq. (Bar No. 07386)
Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
Russell D. Dize, Esq. (Bar No. 23064)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
Phone: 203-849-8300
Fax: 203-849-9300

_____
Bradford S. Babbitt