UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and :
DESIGN INNOVATION, INC., :
 :
               Plaintiffs, :
 : Civil No. 303CV222(JBA)
v. :
 : April 27, 2005
FISHER-PRICE, INC. :
 :
               Defendant. :
 :

**DECLARATION IN SUPPORT OF**
**FISHER-PRICE'S MOTION FOR SUMMARY JUDGMENT**

STAN CLUTTON, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declares that the following is true and correct:

1. I am the Senior Vice-President of Licensing, Inventor Relations, and New Business for Fisher-Price, Inc. ("Fisher-Price"). I make this declaration in support of Fisher-Price's motion for summary judgment on the basis of personal knowledge and the records maintained by Fisher-Price.

**Fisher-Price's Development of Toys**
**and Review of Inventor Submissions**

2. Fisher-Price is engaged in the business of designing, marketing, and selling toys and juvenile products, including action figures. Fisher-Price employs internal designers and engineers who are responsible for the design and engineering of the vast majority of its products. Its internal designers, engineers, and marketing personnel are organized into teams for particular age groups (such as Baby Gear) or for particular markets (such as Boys' Team or Girls' Team).

3.      In addition to designing products internally, Fisher-Price also receives product submissions on an unsolicited basis from certain outside independent inventors. It reviews approximately 2,000 such submissions annually. Fisher-Price accepts product submissions only from pre-approved independent inventors. In the years leading up to 1998 and thereafter, Fisher-Price required all inventors making submissions to it to execute a Fisher-Price "Policy and Agreement Concerning Ideas Submitted by Persons Outside of Fisher-Price, Inc."[1] The Policy and Agreement included terms providing that Fisher-Price would not treat inventor submissions as confidential and disclaimed any implied obligations to inventors. A copy of a Fisher-Price Policy and Agreement executed by Victor Reiling is attached as Exhibit A.

4.      Because of the volume of outside inventor submissions, it is important that Fisher-Price have a record of what each inventor showed it. To document submissions from an outside inventor, Fisher-Price asked the inventor to complete a Concept Submission Form, which requested that the inventor "[p]lease help us to distinguish your concepts by fully describing each and indicating its unique features." The Concept Submission Form also included a designated space for the inventor to identify the "Description and Unique Feature(s)/Technology" where the inventor is instructed: "The description of the submitted ideas and/or technology incorporated must be carefully defined in the description/unique feature(s) area below." A copy of the Concept Submission Form which was used by Fisher-Price at the time of the submission of the Reel Heroes concept[2] is attached as Exhibit B.

---

[1]     Recently, Fisher-Price changed the format of the documents it requires inventors to sign, but the terms discussed below remained substantively the same.

[2]     The "Reel Heroes concept" refers to the concept at issue in this action.

5. One purpose of the Concept Submission Form was to ensure that Fisher-Price has notice of and understands the boundaries and scope of the concept the inventor claims to own so that it may: (1) determine whether Fisher-Price is already aware of, or already has developed internally, the novel or unique features of the inventor's submission; and (2) understand what the inventor believes are the novel and unique features for future reference.

6. The inventor signed the Concept Submission Form representing that he had provided complete and accurate information as to the unique features of the invention. Fisher-Price countersigned the Concept Submission Form to signify its receipt of the specific inventor submission. Fisher-Price relies on the inventor's written representation that he has accurately described his submission and its unique features.

7. On occasion, Fisher-Price enters into option agreements with independent inventors under which Fisher-Price has the exclusive option to license a submitted concept for a specific period of time. Inventors are typically compensated for a period of time in which they agree not to disclose the concept to any third parties. The option agreements entered into by Fisher-Price are formal contracts between the inventor and Fisher-Price, and the terms are binding upon the parties. An option agreement typically sets forth a detailed description of the concept which is being optioned. Like the agreement's other terms, the description is binding upon the parties. The purpose of the definition contained in an option agreement is to give Fisher-Price fair notice of the scope of the concept it is optioning. Fisher-Price relies on these descriptions.

8. Plaintiffs and Fisher-Price entered into an option agreement regarding the Reel Heroes concept (the "Option Agreement"). The Option Agreement included a description

of the Reel Heroes concept. Plaintiffs are bound to that description, as accurately and completely representing the concept they submitted to Fisher-Price.

9. Fisher-Price made two payments to plaintiffs under the Option Agreement and rejected the concept.

**The ARCC, Voice Tech Video Mission Figures and Optic Force Figures are the Result of Submissions by Other Inventors**

10. Plaintiffs have made claims against many Rescue Heroes products. Certain of these products are the result of submissions by outside independent inventors who are unrelated to this litigation. For example, Fisher-Price licensed from Carterbench/Virtual Video, an outside independent inventor from the United Kingdom, its technology for synchronizing sound with a lenticular lens mechanism so that a two-dimensional picture of a character appears to be talking. This technology was included in the Rescue Heroes Aquatic Rescue Command Center ("ARCC"). Fisher-Price paid Carterbench/Virtual Video a royalty on the sales of the ARCC.

11. Carterbench was also paid a royalty on the Voice Tech Video Mission figures because of its contribution to the inclusion of the lenticular lens mechanism on the backpack of the Rescue Heroes figures.

12. The Optic Force Rescue Heroes are based on a "Team Optics" submission from BangZoom, an independent inventor. BangZoom's original submission included a cameraman figure with a film loop in the camera which could be either advanced frame-by-frame or could be a movie reel. The film, which was intended to show a Rescue Heroes

adventure or emergency, could be viewed by the child who place one eye up to the camera lens to look inside. Fisher-Price entered into a license agreement with BangZoom for the Team Optics submission. The Team Optics submission ultimately became what is known as the "Rescue Heroes Optic Force Team." BangZoom is being paid royalties on sales of the Optic Force Team figures.

**Fisher-Price's Decision to Discontinue**
**Giving Work to Design Innovation**

13.  In the past, Fisher-Price hired Design Innovation to provide services on a project-by-project, work for hire basis. There is no contract between Design Innovation and Fisher-Price under which Fisher-Price is obligated to give any work to Design Innovation.

14.  During settlement discussions in this case, I advised Design Innovation that if the lawsuit continued and did not settle, Fisher-Price would no longer be in a position to continue providing projects to Design Innovation. The settlement negotiations were mutual and included possible monetary terms.[3] I also discussed with Design Innovation that Fisher-Price would be willing to commit to giving it a specified volume of work over a particular time period as part of any settlement.

15.  When the discussions did not result in a settlement, Fisher-Price ceased giving new projects to Design Innovation. Fisher-Price did not withdraw any pending projects

---

[3] I have submitted two previous declarations related to these settlement discussions in support of Fisher-Price's Motion to Strike statements in plaintiffs' Second Amended Complaint. These declarations appear at Docket Nos. 1 and 62. I am advised by counsel that Fisher-Price may move, if necessary, in a further proceeding to strike references to the settlement discussions pursuant to Federal Rules of Evidence 408 and the contractual agreement between parties to maintain the confidentiality and inadmissibility of settlement discussions.

from Design Innovation. This determination resulted from the business judgment of Fisher-Price and the desire not to continue giving work to a company which had sued Fisher-Price and accused it (inaccurately) of wrongful conduct (and would mean that Fisher-Price was effectively financing litigation against itself).

**Fisher-Price Had Knowledge
of Projector Action Figures**

16. Fisher-Price's counsel has advised me that the Toy Biz Projector action figures (photos of which are attached as Exhibit M to the Howard Bollinger declaration and Exhibit R to the Tyler Berkheiser declaration) are prior art relevant to this case. Inventor Avi Arad submitted "the Projectors" action figures to Fisher-Price for review by Fisher-Price in 1989. A copy of Mr. Arad's concept submission form is attached as Exhibit C. As a result, Fisher-Price had knowledge of the Projectors concept at least from 1989.

Dated:   April 27, 2005

_____
Stan Clutton

# EXHIBIT A



# Fisher-Price, Inc.

## POLICY AND AGREEMENT
## CONCERNING IDEAS SUBMITTED BY PERSONS OUTSIDE OF FISHER-PRICE, INC.

### POLICY

New product ideas are important to Fisher-Price, Inc. While we employ a staff of designers and engineers to develop new products for us we are also receptive to offers of rights to new ideas from certain sources outside the company. We receive many unsolicited outside ideas and have found that most of these are not new and often are either concepts which are already in the public domain or are the same or similar to ideas developed by our own staff. For these reasons, and in order to avoid any disagreements, Fisher-Price, Inc. can review outside ideas only according to the conditions of the agreement below.

Our policy is founded in our desire to preserve our rights (A) in the previous and current ideas and developments of our own staff, (B) to use anything in the public domain, (C) to defend against patents which we believe to be invalid. We also wish to avoid uncertainty or disagreement as to what is disclosed to us.

### AGREEMENT

Our policy requires that we accept outside submissions only when a copy of this Agreement is signed, and further that we accept only such matter as is reduced to writing, dated, and signed by you and acknowledged by us as detailed on our Concept Submission Form. Please understand that it is necessary for us and for your protection to retain a record of your disclosure for our files.

1. The disclosure must be understood to be purely voluntary and no confidential relationship is to be established by such disclosure or implied from our consideration of the submitted material, and the material is not to be considered submitted "in confidence." Confidential relationships have been held to create obligations which are beyond those that the company is willing to assume.

2. No obligation of any kind is assumed by, nor may be implied against Fisher-Price, Inc., unless and until a formal written contract has been entered into, and then the obligation shall be only such as is expressed in the formal written contract executed by an officer of Fisher-Price, Inc. Fisher-Price, Inc. has no obligation to compensate you for any damage which may occur in shipment. Any claims for loss or damage occurring during shipment should be filed directly with the transportation company.

3. We assure you that we intend to deal fairly with you in connection with your disclosure. You must understand and agree that in return for receiving and examining your disclosure, we are released from any liability in connection with the receipt and examination of your disclosure or in connection with our use or disclosure to others of any portion of your disclosure, except as to such liability that may accrue under any valid patents or copyrights that you now or hereafter own or control. Fisher-Price, Inc. alone shall determine whether compensation shall be paid, and if paid, the amount of such compensation.

Page 1 of 2

FP-3552 (5/93) LJD                                                                    Reorder from Fisher-Price Print Services, East Aurora

---

Fisher-Price, Inc., 636 Girard Ave., East Aurora, NY 14052 (716)687-3000

FP 15112

4. Product concepts will be submitted to Fisher-Price, Inc. by the Designer in written supplements to this Agreement in the form of Concept Submission Forms, signed and dated by both parties. Our review of your idea and/or an offer to negotiate with you is not an admission of novelty, priority, or originality and does not prejudice our rights to contest any existing or future patents or copyrights on the idea. All features which you believe to be unique or points of differentiation must be outlined on the Concept Submission Form, and all areas of this sheet must be completed in full for your submission to be eligible for review and evaluation by Fisher-Price, Inc. Any form received without this information will be returned for completion.

5. No employee or representative of Fisher-Price, Inc. is authorized to solicit any disclosure or to do any other act or make any representations from which any relationship may be implied other than that expressed in this document.

6. This Agreement shall have a term commencing on ___1-1-94___ and expiring ___12-31-94___, unless earlier terminated by Fisher-Price, Inc. on thirty (30) days written notice. This Agreement is the entire understanding between the parties and no change in Agreement or modification shall be effective unless executed in writing.

| | For Fisher-Price, Inc.: |
|---|---|
| SIGNATURE *[signed]* | SIGNATURE *[signed]* |
| PRINT NAME: Victor G. Reiche    DATE | PRINT NAME: THOMAS A MASON    DATE: 1/28/94 |
| TITLE: Owner | TITLE: SR VP R&D |
| SOCIAL SECURITY OR FEDERAL ID #: 294 34 9375 | |
| COMPANY NAME: Reiche Associates | |
| ADDRESS: 197 Sharon Rd | |
| CITY/COUNTRY, STATE, ZIP: Lakeville, CT 06039 | |
| PHONE #: 203 435 8932    FAX #: (Fax 8934) | |

Please send your signed, dated, and completed Concept Submission Form, together with any materials you wish to have us consider to:

FISHER-PRICE, INC.
Outside Submissions
Research & Development
636 Girard Avenue
East Aurora, New York   14052

**NOTE: Please pack all materials carefully and enclose a detailed packaging list.**

Page 2 of 2

FP 15113

# EXHIBIT B

# FISHER-PRICE CONCEPT SUBMISSION FORM

PAGE ___ OF ___

FISHER-PRICE REVIEWS THOUSANDS OF CONCEPTS EACH YEAR. MANY ARE SIMILAR. PLEASE HELP US TO DISTINGUISH YOUR CONCEPTS BY FULLY DESCRIBING EACH AND INDICATING ITS UNIQUE FEATURES. THANK YOU.

CONFIDENTIAL

## FOR INVENTOR'S USE: / FOR FISHER-PRICE USE:

| PRIOR SUBMISSION* | CONCEPT NAME | DESCRIPTION AND UNIQUE FEATURE(S)/TECHNOLOGY | STATUS | CATEGORY | COMMENTS |
|---|---|---|---|---|---|
| NO | FEEL REST-N | BATH OR EVENT STRIP CHAIRS FOR EACH STONE HERO + DEDICATED TO HIM | ☒ SUBMIT | | Existing characters family line |
| | | ADVENTURE MORE REPORTS CAN BE EXPANDED TO INCLUDE TO DETECTION TECH | ☐ SUBMIT | | |
| YES | TUMBLE WOODS | FETHER OF ALL WOOD FIGURES WITH IMAGES ACTION - CO TOURS VEHICLES | ☐ SUBMIT | | |
| NO | PUZZLE N PLAY | PUZZLE SECTIONS HAVE KIDS INTERACTIONS W/ FIGURES W/ SHAPES | ☐ SUBMIT | | |
| | TEE PEE | GIRLS ACTIVITY SET W/ MINI FIGURES | ☐ SUBMIT | | |
| | BIG MAMA MOTION | BIG POP SHOW FOR FIGURE/STROLLER | ☐ SUBMIT | | |
| | ROCK N PLAY | ROCKER W/ BABY | ☐ SUBMIT | | |
| YES | * | HAND HELD MAKERS THAT INTER OPERATE BY MIND AND MATCH | ☒ SUBMIT | | |

*If prior submission, list date.

FOR:
Company Name: _____
Address: _____
City, State, Zip: _____

Signature: _____
Print Name: _____
Date: 10/25/98    Phone: _____    Fax: _____

ORIGINAL - Fisher-Price    2nd COPY - Submitter

FP-0172 (12/97) MP

VGR 0003

# EXHIBIT C

# Fisher-Price
*Division of The Quaker Oats Company*

## POLICY AND AGREEMENT
## CONCERNING IDEAS SUBMITTED BY PERSONS OUTSIDE OF
## THE FISHER-PRICE TOYS DIVISION OF THE QUAKER OATS COMPANY

### POLICY

New product ideas are important to Fisher-Price. While we employ a staff of designers and engineers to develop new products for us we are also receptive to offers of rights to new ideas from certain sources outside the company. We receive many unsolicited outside ideas and have found that most of these are not new and often are either concepts which are already in the public domain or are the same or similar to ideas developed by our own staff. For these reasons, and in order to avoid any disagreements, Fisher-Price can review outside ideas only according to the conditions of the agreement below.

Our policy is founded in our desire to preserve our rights (A) in the previous and current ideas and developments of our own staff, (B) to use anything in the Public Domain, (C) to defend against patents which we believe to be invalid. We also wish to avoid uncertainty or disagreement as to what is disclosed to us.

### AGREEMENT

Our policy requires that we accept outside submissions only when accompanied by a signed copy of this Agreement and further that we accept only such matter as is reduced to writing, dated, and signed by you and acknowledged by us. Please understand that it is necessary for us and for your protection to retain a record of your disclosure for our files.

1. The disclosure must be understood to be purely voluntary and no confidential relationship is to be established by such disclosure or implied from our consideration of the submitted material, and the material is not to be considered submitted "in confidence." Confidential relationships have been held to create obligations which are beyond those that the company is willing to assume.

2. No obligation of any kind is assumed by, nor may be implied against The Quaker Oats Company or its Fisher-Price Division, unless and until a formal written contract has been entered into, and then the obligation shall be only such as is expressed in the formal written contract executed by an officer of Fisher-Price. Fisher-Price has no obligation to compensate you for any damage which may occur in shipment. Any claims for loss or damage occuring during shipment should be filed directly with the transportation company.

3. We assure you that we intend to deal fairly with you in connection with your disclosure. You must understand and agree that in return for receiving and examining your disclosure, we are released from any liability in connection with the receipt and examination of your disclosure or in connection with our use or disclosure to others of any portion of your disclosure, except as to such liability that may accrue under any valid patents or copyrights that you now or hereafter own or control. Fisher-Price alone shall determine whether compensation shall be paid, and if paid, the amount of such compensation.

4. The name and a brief description of the product idea, in simplistic terms, should be written in the designated area. Our review of your idea and/or an offer to negotiate with you is not an admission of novelty, priority, or originality and does not prejudice our rights to contest any existing or future patents or copyrights on the idea. All features which you believe to be unique or points of differentiation must be outlined on the reverse side of this form, and this area must be completed in full for your submission to be eligible for review and evaluation by Fisher-Price. Any form received without this information will be returned for completion.

Page 1 of 2

FP 14423
Confidential

5. No employee or representative of Fisher-Price is authorized to solicit any disclosure or to do any other act or make any representations from which any relationship may be implied other than that expressed in this document.

I accept the terms and conditions of the above agreement as the basis for submitting my ideas to Fisher-Price and ask you to consider them.

Name of submission: THE PROJECTORS

Brief description of disclosure: Action Figure, Containing A mini projector. The projector have an Animation Like ability by Rotation of A wheel.

Unique feature(s) or point(s) of differentiation:
1. High clarity projection.
2. Animation.

_____
Signature
AVI ARAD, 2.23.89
Type or Print Name and Date
1698 Post Rd East
Address
Westport, CT. 06880

For Fisher-Price: _____
Signature
2/23/89
Type or Print Name and Date

Please keep one copy of this agreement and send one signed and dated copy together with any materials you wish to have us consider to:

FISHER-PRICE
Outside Submissions
Research & Development
636 Girard Avenue
East Aurora, New York    14052

NOTE: Please pack all materials carefully and enclose a detailed packaging list.

Page 2 of 2

For Office Use Only
Log # 894234

FP 14424
Confidential