UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

          Plaintiffs,

- against -

FISHER-PRICE, INC.,

          Defendant.

Index No.: 3:03 CV 222 (JBA)

**DECLARATION OF
RUSSELL D. DIZE**

I, RUSSELL D. DIZE, pursuant to the requirements of 28 U.S.C. §1746, declare that the following is true and correct under the penalties of perjury:

1. I am an attorney associated with Grimes & Battersby, LLP in Norwalk, Connecticut, counsel to Plaintiffs, Victor G. Reiling Associates ("Reiling") and Design Innovation, Inc. ("DI") (collectively, "Plaintiffs"). I am fully familiar with the facts set forth herein. I submit this declaration in opposition to defendant's Motion for Summary Judgment.

2. True and correct copies of the relevant transcript pages from the deposition of Stan Clutton, current Vice President of Inventor Relations for Fisher-Price, are attached hereto as Exhibit A.

3. True and correct copies of the relevant transcript pages from the deposition of Paul Snyder, former Vice President of Inventor Relations for Fisher-Price, are attached hereto as Exhibit B.

4. True and correct copies of the relevant transcript pages from the deposition of Howard Bollinger, defendant's expert witness, are attached hereto as Exhibit C.

5.  True and correct copies of the relevant transcript pages from the deposition of Tyler Berkheiser, employee of Fisher-Price, are attached hereto as Exhibit D.

6.  True and correct copies of the relevant transcript pages from the deposition of Ken Morton, employee of Fisher-Price, are attached hereto as Exhibit E.

7.  True and correct copies of the relevant transcript pages from the deposition of Chris Pardi, employee of Fisher-Price, are attached hereto as Exhibit F

8.  True and correct copies of the relevant transcript pages from the deposition of Jim Bauman, employee of Fisher-Price, are attached hereto as Exhibit G.

9.  True and correct copies of the relevant transcript pages from the deposition of Pat Grabianowski, employee of Fisher-Price, are attached hereto as Exhibit H.

10. True and correct copies of the relevant transcript pages from the deposition of Victor G. Reiling, plaintiff, are attached hereto as Exhibit I.

11. Relevant pages from the transcript of the February 2004 Status Conference are attached hereto as Exhibit J.

12. Relevant pages from the transcript of the February 2005 Status Conference are attached hereto as Exhibit K.

13. Plaintiffs' Interrogatory Answer defining plaintiffs' concept is attached hereto as Exhibit L.

14. Plaintiffs' Interrogatory Answer detailing why the accused products are covered by plaintiffs' concept is attached hereto as Exhibit M.

15. Plaintiffs' Interrogatory Answer regarding their implied-in-fact contract claim and the withdrawal of their express contract claim is attached hereto as Exhibit N.

16. The Court's Ruling on Defendant's Motion to Transfer Venue is attached hereto as Exhibit O.

17. True and correct copies of the relevant transcript pages from the deposition of Bruce Benedetto, principal of DI, are attached hereto as Exhibit P.

18. Plaintiffs' deposition exhibits 87, 88 and 90, marked on March 18, 2005, are attached hereto as Exhibit Q.

19. A true and correct copy of Defendant's Responses and Objections to Plaintiffs' Second Set of Interrogatories is attached hereto as Exhibit R.

20. Craig Nadel, the plaintiff in *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368 (2d Cir. 2000), is a client of our firm. He sent us a copy of the Complaint that he filed in his action against Play-By-Play. The Complaint asserts a cause of action for breach of implied-in-fact contract, in addition to claims for breach of express contract and breach of quasi contract.

21. True and correct copies of the relevant transcript pages from the deposition of Bruce Popek, principal of DI, are attached hereto as Exhibit S.

22. True and correct copies of the relevant transcript pages from the deposition of Doug Melville, principal of DI, are attached hereto as Exhibit T.

I declare that the foregoing is true and correct under the penalty of perjury.

_____
Russell D. Dize

Dated: Norwalk, Connecticut
May 23, 2005