UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

                Plaintiffs,

   - against -

FISHER-PRICE, INC.,

                Defendant.

Index No : 3:03 CV 222 (JBA)

**CORRECTED EXHIBITS
TO DECLARATION OF
<u>RUSSELL D. DIZE</u>**

      Plaintiffs, Victor G. Reiling Associates and Design Innovation, Inc., respectfully submit
the attached corrected exhibits to the Declaration of Russell D Dize, filed on May 23, 2005, in
opposition to defendant's Motion for Summary Judgment. Due to inadvertent clerical errors, the
following changes should be made to conform the existing Dize Declaration exhibits to the pages
cited in plaintiffs' opposition papers:

1)     Exhibit A to the Dize Declaration (Deposition of Stan Clutton) – The attached
        pages 114-115 should be added to the existing exhibits;

2)     Exhibit B to the Dize Declaration (Deposition of Paul Snyder) – The attached
        page 19 should be added to the existing exhibits;

3)     Exhibit F to the Dize Declaration (Deposition of Christopher Pardi) – The
        attached pages 54-55 should be added to the existing exhibits;

4)     Exhibit P to the Dize Declaration (Deposition of Bruce Benedetto) – The attached
        pages 118-119 of the 1/27/05 deposition should <u>replace</u> the existing pages 118-
        119 of the 11/18/03 deposition; and

5)     Exhibit T to the Dize Declaration (Deposition of Doug Melville) – The attached
        pages 33-34 of the 1/28/05 deposition should <u>replace</u> the existing pages 33-34 of
        the 1/22/04 deposition.

Dated: Norwalk, Connecticut
        May 27, 2005

Respectfully Submitted,

GRIMES & BATTERSBY, LLP

By: _____

Gregory J. Battersby (Bar No. 7386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
Susan Schlesinger (Bar No. 26625)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300

Attorneys for Plaintiffs Victor G. Reiling
Associates and Design Innovation, Inc.

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Corrected Exhibits to Declaration of Russell D. Dize has been served upon defendant Fisher-Price, Inc., on this 27th day of May, 2005, via facsimile and Federal Express, overnight delivery, to:

Bradford S. Babbitt, Esq.
Michael J. Kolosky, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

Russell D. Dize

3

# EXHIBIT A

1

1

2          UNITED STATE DISTRICT COURT   ORIGINAL

3              DISTRICT OF CONNECTICUT

4                     Index No: 3:03 CV 222(JBA)

5    ---------------------------

6    VICTOR G. REILING ASSOICATES
     and DESIGN INNOVATION,

7
              Plaintiffs,
8
         -agaisnt-
9
     FISHER-PRICE, INC.,
10
              Defendant.
11
     - - - - - - - - - - - - - -
12

13              DATE:  April 25, 2005

14              TIME:  9:30 a.m.

15

16          Deposition of STANLEY T. CLUTTON, taken

17    by and before JOYCE SILVER, a Certified Shorthand

18    Reporter and Notary Public of the State of New

19    York, held at the office of HODGSON RUSS, 152 West

20    57th Street, New York, New York.

21

22    N O N - C O N F I D E N T I A L   P O R T I O N

23

24

25

114

1                   STANLEY T. CLUTTON

2       that is data that was in fact entered with regard

3       to this submission or, as with those other two

4       dates, information that was carried over from 87,

5       do we?

6           A.    Yeah, I wouldn't know.

7           Q.    Are you aware as to whether any action

8       with regard to this submission was ever

9       communicated to Victor Reiling?

10          A.    I'm not aware of that.

11          Q.    We did, I believe, confirm earlier your

12      practice. I recognize you were not responsible

13      for this at the time.

14          A.    Right.

15          Q.    But your practice of notifying

16      inventors as soon as reasonably possible of what

17      action is taken with regard to their submissions?

18          A.    Yes.

19                MR. LANE:  Object to the form.

20          Q.    And would you agree that is good

21      practice in the industry?

22          A.    Yes.

23          Q.    Would it surprise you to know that no

24      document has been identified by Fisher-Price in

25      this litigation which reflects communication to

115

STANLEY T. CLUTTON

2  Victor Reiling or Douglas Melville or even

3  confirms action on the part of Fisher-Price

4  rejecting this submission?

5          MR. LANE:  Object to the form.

6      A.   I don't think it surprises me because

7  there's literally thousands of submissions that

8  come into Fisher-Price.  And the fact that, you

9  know, it might have potentially been communicated

10  in a phone call and there is no follow up E-mail,

11  whether there was even a procedure that everything

12  had to be documented.

13          Now we have a procedure where inventor

14  relations notifies the inventors.  The fact that

15  it wasn't inventor relations that notified in

16  March 23, 1999 tells me there might have been a

17  different procedure, and maybe there was no clear

18  responsibility.  Certainly, I have no reason

19  inventor relations does it now is because I don't

20  think you can count upon a bunch of individual

21  designers to respond because they don't realize --

22  you know, it's hard to get a whole company to act

23  in a process in a small department.

24      Q.   Six months earlier, in March of 1999, a

25  letter was sent out notifying Victor Reiling, as

Doerner & Goldberg, New York, Inc.                    212-292-5026

# EXHIBIT B

1              IN THE UNITED STATES DISTRICT COURT OF
2              THE EASTERN DISTRICT OF CONNECTICUT
                          CIVIL DIVISION
3    VICTOR G. REILING ASSOCIATES    :   NO. 3:03 CV 222
     And DESIGN INNOVATION, INC.     :
4                    Plaintiffs      :
                                     :
5                    vs.             :
                                     :
6    FISHER-PRICE, INC.,             :
                     Defendant       :
7

8                  DEPOSITION OF PAUL SNYDER

9                       Taken in the offices of Slifer,

10   Voice and Shade, 3055 College Heights Boulevard,

11   Allentown, Pennsylvania, on Wednesday, March 9,

12   2005, commencing at 9:10 a.m., before Suzanne L. E.

13   Toto, Registered Professional Reporter.

14   APPEARANCES:

15                  GRIMES & BATTERSBY, LLP
                    BY:  RUSSELL D. DIZE, ESQ.
16                  488 Main Avenue
                    Norwalk, CT  06851-1008
17                  -- For The Plaintiffs

18

19

20

21                          * * *
                    SLIFER, VOICE & SHADE
22                   A Veritext Company
            3055-57 College Heights Boulevard
23                     Second Floor
                   Allentown, PA  18104
24                   (610) 434-8588

25

ORIGINAL

PAUL  SNYDER

19

1    position.  For how many years was that going on?

2    A.          I think we really got serious with

3    inventors in the mid '80s that we started working

4    with the inventors and building relationships.

5    Q.          Why was there a decision in the mid '80s

6    to, you said, get serious with inventors?

7    A.          I think two reasons, one was it wasn't

8    the first product that was brought in, but a product

9    that was brought in was a product called the 1, 2, 3

10   Roller Skates, which was a training skate.  And that

11   was very successful for us.  And I think the company

12   said, gee, we are one of the few companies in the

13   industry that does not work with the inventing

14   community and we should.

15               I think secondly, it was a

16   realization that you can supplement your product

17   line and actually make it better by working with the

18   inventing community, you don't have to hire a boat

19   load of product designers and you have a number of

20   products that you see every year.

21   Q.          Before that time when Fisher Price

22   decided to pursue the inventor community, most

23   products were developed in-house?

24   A.          That's correct.

25   Q.          And you said, I guess, correct me if I'm

EXHIBIT F

CHRISTOPHER PARDI

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

                    Plaintiffs,

     -vs-


FISHER-PRICE, INC.,

                    Defendant.

----------------------------------------------------


                    Examination Before Trial of

CHRISTOPHER PARDI, taken pursuant to the Federal Rules of

Civil Procedure, in the law offices of HODGSON RUSS LLP,

One M & T Plaza, Suite 2000, Buffalo, New York, taken on

March 16, 2005, commencing at 9:05 A.M., before MARY ANN

MORETTA, Notary Public.


### Sue Ann Simonin Court Reporting

421 Franklin Street
Buffalo, New York 14202
(716) 882-8059
Fax (716) 882-8099


NATIONAL COURT REPORTERS
NCRA
ASSOCIATION

8337 Ziblut Court
Niagara Falls, New York 14304
(716) 297-8059
Fax (716) 297-8710

54

1    ask you a better question.  Other than at your
2    depositions, have you ever seen this document
3    before?
4    A.  No.
5    Q.  And so this was not present in Mr. Morton's
6    office when you viewed the prototype that you
7    viewed?
8    A.  Not that I recall.
9    Q.  Are you aware of anyone at Fisher-Price who ever
10   saw Exhibit 201?
11   A.  No.
12   Q.  Let me show you what's been marked previously as
13   Exhibit 203.  Have you ever seen that document
14   before, other than at your depositions?
15   A.  I thought it was a black and white image of this.
16   But he did have a drawing of a cameraman in his
17   office.
18   Q.  Mr. Morton did, when you viewed the prototype?
19   A.  I believe so.
20   Q.  Okay.  Any other -- at any other point did you
21   see this drawing?
22   A.  No.
23   Q.  And anyone else at Fisher-Price that you know of

55

1          that saw this drawing?

2     A.   No.

3     Q.   And present at that time were Mr. Berkheiser

4          and --

5     A.   Myself.

6     Q.   I'll show you what's been marked previously as

7          Exhibit 204.  Other than at your depositions,

8          have you ever seen that document before?

9     A.   No.  I don't recall seeing it at my deposition.

10         But, no.

11    Q.   That might be accurate.  Do you ever recall

12         seeing that document before?

13    A.   No.

14    Q.   And that document was not present in Mr. Morton's

15         office with the prototype?

16    A.   I did not see it.

17    Q.   Okay.  Anyone else at Fisher-Price you know of

18         that saw Exhibit 204?

19    A.   No.

20    Q.   I'm going to show you what's previously been

21         marked as Exhibit 210.  Do you recognize that

22         document?

23    A.   No.

# EXHIBIT P

Reiling v. Fisher-Price

1-27-2005                                                    Bruce Benedetto

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT



---------------------------------)
VICTOR G. REILING ASSOCIATES    )
and DESIGN INNOVATION, INC.     )
            Plaintiff(s),       )
VS                              )  Index No.
                                )  3:03 CV 222 (JBA)
FISHER-PRICE, INC.              )
            Defendant(s).       )
---------------------------------)

DEPOSITION Of:  BRUCE BENEDETTO
DATE:           January 27, 2005
HELD AT:        Robinson & Cole
                280 Trumbull Street
                Hartford, Connecticut

Reporter:  JENNY C. EBNER, RPR, LSR 00030.
     BRANDON SMITH REPORTING SERVICES, LLC
              44 Capitol Avenue
             Hartford, CT. 06106
               (860) 549-1850

d6b4fbce-4293-4cbb-9ae5-227eea34cd22

Reiling v. Fisher-Price

1-27-2005                                                          Bruce Benedetto

Page 118

1          Q    Just one minute, please.

2                    (Pause.)

3     BY MR. DIZE:

4          Q    I show you what has been marked as Exhibit

5     254. Do you recognize seeing that earlier today?

6          A    Yes.

7          Q    Exhibit 254 is an X-Men Projector's

8     figure; is that correct?

9          A    Yes.

10         Q    I just want to clarify, I believe earlier

11    Mr. Lane asked you -- first of all, let me ask you:

12    As displayed, as taking Exhibit 254 exactly as it

13    is --

14         A    Yes.

15         Q    -- do you claim that that is a

16    misappropriation of the concept that you submitted

17    to Fisher-Price?

18         A    No, not as it is.

19         Q    Why?

20         A    Because it's not part of -- it doesn't

21    have the -- the image is not part of a backpack, and

22    it's not a Rescue Hero.

23         Q    I am sorry?

24         A    And it's not a Rescue Heros character.

25         Q    Okay. Now, what I believe Mr. Lane asked

Brandon Smith Reporting

d6b4fbce-4293-4cbb-9ae5-227eea34cd22

Reiling v. Fisher-Price

1-27-2005                                                    Bruce Benedetto

Page 119

1    you was, if you took the same mechanism that is

2    included in Exhibit 254, and for example, if

3    Fisher-Price put that in a Rescue Heros character,

4    would you claim that that is a misappropriation of

5    the concept that you submitted to Fisher-Price?

6         A    I don't believe so.

7         Q    Why?

8         A    Because I still think it's part of a

9    backpack -- needs to be part of a backpack.

10        Q    Anything else?  Any other reasons?

11        A    And the fact that it -- that it projects.

12        Q    What do you mean by that?

13        A    This is projecting an image on a wall.

14        Q    Okay.  I am now going to show you Exhibit

15   218, which is the Mission Select Rescue Heros

16   figure.

17        A    Yes.

18             MR. DIZE:  Off the record for one

19        second.

20

21             (Off the record discussion.)

22

23   BY MR. DIZE:

24        Q    I am going to show what has been marked as

25   Exhibit 218, which is the Mission Select Rescue

d6b4fbce-4293-4cbb-9ae5-227eea34cd22

# EXHIBIT T

1-28-2005                                                                                      Douglas Melville

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT



```
---------------------------)
VICTOR G. REILING ASSOCIATES  )
and DESIGN INNOVATION, INC..  )
          Plaintiff(s),       )
VS                            ) Civil Action No.
                              ) 3:03 CV 222 (JBA)
FISHER-PRICE, INC.            )
          Defendant(s).       )
---------------------------)
```

DEPOSITION Of: DOUGLAS MELVILLE
DATE:          January 28, 2005
HELD AT:       Robinson & Cole
               280 Trumbull Street
               Hartford, Connecticut

Reporter: JENNY C. EBNER, RPR, LSR 00030.
BRANDON SMITH REPORTING SERVICES, LLC
44 Capitol Avenue
Hartford, CT. 06106
(860) 549-1850

d73cc740-23e7-4d8b-9183-13e85e296a4e

Reiling vs Fisher-Price

Page 33

1    BY MR. DIZE:

2        Q    Includes obstacles and dangers that the

3    Rescue Hero might face?

4              MR. LANE:  Object to the form.

5              THE WITNESS:  Yes.

6    BY MR. DIZE:

7        Q    Mr. Lane previously showed you Exhibit

8    254.

9        A    Yes.

10       Q    Can you recognize that as the X-Men

11   Projector's toy?

12       A    Yes.

13       Q    Does that toy have a backpack?

14       A    No.

15       Q    Does that toy have an image associated

16   with a backpack?

17       A    No, it does not.

18       Q    Wouldn't it be fair to say, Mr. Melville,

19   that assuming -- strike that.

20            Wouldn't it be fair to say that the

21   submission you made to Fisher-Price was not simply

22   the mechanism in the projector toy combined with a

23   Fisher-Price backpack?

24            MR. LANE:  Object to the form.

25   BY MR. DIZE:

d73cc740-23e7-4d8b-9183-18e85e295a4e

Reiling vs Fisher-Price

Page 34

1        Q    So, is that a true statement?

2        A    Yes.

3              MR. LANE:   Object to the form.

4        A    It's more than just the two, because when

5    you put those together with the role playing images,

6    it becomes more than what this concept was.

7    BY MR. DIZE:

8        Q    Why do you claim -- strike that.

9              Showing you what has been marked -- Can I

10   have Tellyphoto?  Showing you what has been marked

11   as Exhibit 249, that's the Tellyphoto Optic Force

12   figure.  You remember seeing that earlier?

13       A    Yes.

14       Q    You remember seeing the other Optic Force

15   figures earlier?

16       A    Yes.

17       Q    Are those figures covered by the concept

18   you submitted to Fisher-Price?

19       A    Yes, because they have -- they show role

20   play, and they show -- well, images that enhance the

21   role play that show how the figures can perform

22   missions and enhance play.

23              Also, because they are the -- basically

24   when they are packaged they look like they are -- in

25   some cases they look like they are part of the

Brandon Smith Reporting