UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., : : : Plaintiffs, : : v. : : FISHER-PRICE, INC. : : Defendant. : : | Civil No. 303CV222(JBA)<br><br>June 4, 2005 |

**DECLARATION IN SUPPORT OF**
**FISHER-PRICE, INC.'S MOTION TO STRIKE**

JODYANN GALVIN, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declares that the following is true and correct:

1.    I am an attorney with Hodgson Russ, LLP, co-counsel along with Robinson & Cole, LLP, for Fisher-Price, Inc., defendant in this matter. I make this declaration in support of Fisher-Price, Inc.'s Motion to Strike certain portions of the declaration of James Kipling, dated May 23, 2005, (Docket No. 108) ("Kipling Dec.") and the declaration of Victor G. Reiling, dated May 20, 2005 (Docket No. 107) ("Reiling Dec."). These declarations were filed by plaintiffs Victor G. Reiling Associates and Design Innovation, Inc. in opposition to Fisher-Price's Motion for Summary Judgment.

2.    Fisher-Price moves to strike portions of Mr. Kipling's declaration based on four factors: (1) his lack of qualification to testify about any design-related matter (including toy design, use, novelty, or concreteness), market research in the toy industry, and play patterns of children; (2) his opinions regarding novelty are contrary to law; (3) he attempts to give legal

testimony stating ultimate legal conclusions outside the province of expert testimony; and (4) he impermissibly opines on underlying facts which are not supported in the record.

       3.      Relevant portions of Kipling's January 30, 2004 deposition testimony are attached as Exhibit A.

       4.      Relevant portions of Kipling's February 10, 2005 deposition testimony are attached as Exhibit B.

       5.      Fisher-Price moves to strike portions Mr. Reiling's declaration on the basis that Reiling gives expert testimony based on experience and specialized knowledge and has not been disclosed by plaintiffs as an expert in this matter.  Therefore, any such expert conclusions drawn by Reiling should be stricken.

Dated:   June 4, 2005

                                                        s/      Jodyann Galvin
                                                                Jodyann Galvin