# EXHIBIT E

Page 1

1

            UNITED STATES DISTRICT COURT
2              DISTRICT OF CONNECTICUT
            INDEX NO.: 3:03 CV 222 (JBA)
3

4

5   ————————————————————————————          COPY
6   VICTOR G. REILING ASSOCIATES and
7   DESIGN INNOVATION, INC.,
8          Plaintiffs,
9
    -vs-
10
    FISHER-PRICE, INC.,
11
12
            Defendant.
13
    ————————————————————————————
14
15          DEPOSITION OF PETER POOK
16
17       Saturday, March 26, 2005
18        10:35 a.m. - 2:35 p.m.
19
20       2499 Glades Road, Suite 205
            Boca Raton, Florida
21
    Reported By:
22   Denise T. Medina, RPR-CM
    Notary Public, State of Florida
23   Esquire Deposition Services
    Boca Raton Office  Job #715768
24   Phone - 800.357.6952
            561.338.0955
25

1    company makes substantial changes to a

2    submission from the time it comes in to the

3    time it is sold but the company is still using

4    the submission to develop that product, would a

5    royalty be paid to the inventor?

6            MS. GALVIN:  Objection.

7            THE WITNESS:  If the company is using

8        that submission.

9    BY MR. DIZE:

10        Q.   Yes.  Did you ever have any

11    experience in your time at Fisher-Price where a

12    submission came in, the company decided to go

13    forward and when it came time to sell it, it

14    looked nothing like what had been submitted?

15        A.   I, you know, unless I had a specific

16    example, I don't know how to answer that one.

17    I really don't.

18        Q.   Okay.  Let me ask you this.  When you

19    were, again, referring to the time when you

20    were vice-president of inventor relations, when

21    an outside inventor made a submission to you,

22    was there an expectation that you would keep

23    that information confidential?

24            MS. GALVIN:  Objection.

25            THE WITNESS:  No.  No.  I mean our

1        form states that.

2   BY MR. DIZE:

3        Q.    Okay.  Did you, would you personally

4   make an effort to keep it confidential?

5        A.    If, well, certainly if I judged what

6   he had in fact showed to me as being novel and

7   unique.  If he just reinvented the wheel, then

8   that's moronic.  You would be totally

9   handicapping your job if you did that.

10       Q.    Right.  So, in other words, what, you

11  would, if it was something that was an

12  important concept at Fisher-Price, you wouldn't

13  share that with companies outside Fisher-Price,

14  for example?

15            MS. GALVIN:  Objection.  It

16       mischaracterizes his testimony.

17            THE WITNESS:  I would never share

18       anything that I had with an inventor at

19       all.  As I say, if he told me, showed me a

20       wheel, I would say, you know, I would

21       judge that to be a non-confidential

22       disclosure.  And if he showed me something

23       that is highly proprietary, I would have

24       to say, "Well, you know, you're

25       understanding the Fisher-Price form.  It