# EXHIBIT E

```
 1              UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
 2             INDEX NO.: 3:03 CV 222 (JBA)
 3
 4
    ------------------------------------
 5
 6  VICTOR G. REILING ASSOCIATES and
 7  DESIGN INNOVATION, INC.,
 8            Plaintiffs,
 9
    -vs-
10
    FISHER-PRICE, INC.,
11
12
             Defendant.
13
    ------------------------------------
14
15          DEPOSITION OF PETER POOK
16
17          Saturday, March 26, 2005
18           10:35 a.m. - 2:35 p.m.
19
             2499 Glades Road, Suite 205
20               Boca Raton, Florida
21
    Reported By:
22  Denise T. Medina, RPR-CM
    Notary Public, State of Florida
23  Esquire Deposition Services
    Boca Raton Office  Job #715768
24  Phone - 800.357.6952
             561.338.0955
25
```

COPY

1   company makes substantial changes to a
2   submission from the time it comes in to the
3   time it is sold but the company is still using
4   the submission to develop that product, would a
5   royalty be paid to the inventor?
6           MS. GALVIN:  Objection.
7           THE WITNESS:  If the company is using
8       that submission.
9   BY MR. DIZE:
10      Q.   Yes.  Did you ever have any
11  experience in your time at Fisher-Price where a
12  submission came in, the company decided to go
13  forward and when it came time to sell it, it
14  looked nothing like what had been submitted?
15      A.   I, you know, unless I had a specific
16  example, I don't know how to answer that one.
17  I really don't.
18      Q.   Okay.  Let me ask you this.  When you
19  were, again, referring to the time when you
20  were vice-president of inventor relations, when
21  an outside inventor made a submission to you,
22  was there an expectation that you would keep
23  that information confidential?
24          MS. GALVIN:  Objection.
25          THE WITNESS:  No.  No.  I mean our

1          form states that.
2     BY MR. DIZE:
3          Q.   Okay.  Did you, would you personally
4     make an effort to keep it confidential?
5          A.   If, well, certainly if I judged what
6     he had in fact showed to me as being novel and
7     unique.  If he just reinvented the wheel, then
8     that's moronic.  You would be totally
9     handicapping your job if you did that.
10         Q.   Right.  So, in other words, what, you
11    would, if it was something that was an
12    important concept at Fisher-Price, you wouldn't
13    share that with companies outside Fisher-Price,
14    for example?
15              MS. GALVIN:  Objection.  It
16         mischaracterizes his testimony.
17              THE WITNESS:  I would never share
18         anything that I had with an inventor at
19         all.  As I say, if he told me, showed me a
20         wheel, I would say, you know, I would
21         judge that to be a non-confidential
22         disclosure.  And if he showed me something
23         that is highly proprietary, I would have
24         to say, "Well, you know, you're
25         understanding the Fisher-Price form.  It