```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


Victor G. Reiling Associates   :
and Design Innovation, Inc.,   :
            Plaintiffs,        :     Case. No. 3:03 CV 222 (JBA)
                               :
v.                             :
                               :
Fisher-Price, Inc.,            :
            Defendant.         :
```

**Ruling on Defendant's Motion to Strike [Doc. # 114]**

Portions of the declarations of James M. Kipling and Victor G. Reiling submitted with plaintiffs' opposition to defendant's motion for summary judgment [see Doc. # 135] are the subject of defendant's motion to strike. See Def. Motion to Strike [Doc. # 114]. For the reasons that follow, defendant's motion is granted in part and denied in part.

**I.   DECLARATION OF JAMES M. KIPLING**

With respect to the declaration of James M. Kipling (plaintiffs' expert on toy industry custom and practice related to the process by which toy and game concepts are created, developed, and marketed), defendant seeks to strike: (1) paragraphs 22-24, 28, 39-43 and 54, because they purportedly relate to topics on which Mr. Kipling is not qualified as an expert (including toy design, design features, novelty and concreteness), see Def. Mem. of Law [Doc. # 115] at 4, (2) paragraphs 49-51 regarding issues of novelty because they are

1

allegedly contrary to law, see id. at 5-7, (3) paragraphs 15-16 and 19 because they purportedly state improper legal conclusions, see id. at 7-8, and (4) paragraphs 44-47 regarding the "Carterbench rationale" because defendant claims they contain improper factual conclusions, see id. at 8.

Mr. Kipling worked as an attorney[1] at a toy company for over twenty-five years, see Declaration of James M. Kipling ("Kipling Decl.") [Doc. # 108] at ¶ 3, and has had extensive experience with the negotiation of licenses and other agreements involving toy concepts, issues of novelty and prior art, and toy use and play patterns. See id. at ¶¶ 4-7; Kipling Decl. In Opp. To Motion to Strike [Doc. # 125] at ¶¶ 11, 13, 15, 17-18.  Thus, he is qualified to opine based on his knowledge of factors and issues in the licensing process relative to toy use and play patterns(Kipling Decl. ¶¶ 22-24), prior art (Kipling Decl. ¶¶ 39-43, 54), and novelty (Kipling Decl. ¶¶ 49-51), to the extent that his testimony does not advocate ultimate legal conclusions.[2]  In

---

[1]  Defendant's argument that patent attorneys are not permitted to testify as experts, see Def. Reply Mem. of Law [Doc. # 129] at 3 n.6 (citing cases), is unavailing given that Mr. Kipling's practice is much broader than that of a patent lawyer, and because his testimony does not relate to the legal interpretation of patents (claim construction) or determinations of infringement, but rather is based on decades of personal experience working with issues regarding toy concepts, novelty, prior art, and toy use and play patterns.

[2]  "The law of this circuit is that while an expert may provide an opinion to help a jury or a judge understand a particular fact, 'he may not give testimony stating ultimate

his position at Kenner Toy Company, Mr. Kipling "regularly made determinations regarding whether the toy in question was novel and non-obvious to one reasonably skilled in the art," considered issues of prior art, and was "intimately familiar with how [Kenner's] products worked and how children played with them." Kipling Decl. In Opp. To Motion to Strike at ¶¶ 13, 17.[3]  Thus, these paragraphs will not be stricken. Similarly, based on his experience "[i]n representing certain toy and game companies and in representing inventors who make concept submissions to such companies," Mr. Kipling has the requisite background in the toy industry to testify regarding "the manner in which toy companies use forms of agreement and concept submission forms to document the parties' rights as well as to record the concepts submitted," as he does in paragraph 15 of his declaration.  See Kipling Decl. at ¶ 15.  For the same reason, Mr. Kipling's testimony at paragraphs 16 and 19 will be permitted so long as it is based on his experience in the toy industry with agreements between

---

legal conclusions based on those facts.'"  In re Initial Public Offering Sec. Litig., 174 F. Supp. 2d 61, 64-65 (S.D.N.Y. 2001) (citing United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991)).

[3]  Contrary to defendant's suggestion, Mr. Kipling's expertise "match[es]" the subject matter on which he seeks to testify.  See Def. Reply Mem. of Law [Doc. # 129] at 5 & n.8 (citing, inter alia, 29 Fed. Practice & Procedure Evid. § 6265 ("Even where a witness has special knowledge or experience, qualification to testify as an expert also requires that the area of the witness's competence matches the subject matter of the witness's testimony.")).

inventors and companies, but not to the extent that his testimony advances ultimate legal conclusions (such as, for example, Mr. Kipling's conclusion that plaintiff Reiling did not act as plaintiff Design Innovation's agent).  See id. at ¶ 19.  As to Mr. Kipling's testimony at paragraph 28 of his declaration regarding plaintiffs' design concept, such testimony addresses the business of toy development from a concept into a toy design and product, a subject on which Mr. Kipling states he has extensive experience, although he is admittedly not qualified to testify as an expert on toy design.  See Galvin Decl. [Doc. # 116], Ex. B at 9 ("Q. Would you consider yourself qualified today to be employed at a toy company as a toy designer?  A. No.").  This paragraph will be limited accordingly but not stricken.  Finally, to the extent paragraphs 44-47 of Kipling's declaration, regarding the "Carterbench rationale," appear as arguments about disputed facts, they will be stricken and will not be used in the summary judgment ruling.  See Kipling Decl. at ¶¶ 44-47; In re Initial Public Offering Sec. Litig., supra note 3; Linkco, Inc. v. Fujitsu Ltd., No. 00 Civ. 7242(SAS), 2002 WL 1585551, at *2 (S.D.N.Y. July 16, 2002) (holding that it was inappropriate for an expert to opine on the credibility of evidence).

**II.   DECLARATION OF VICTOR G. REILING**

With regard to the declaration of Victor G. Reiling (principal of plaintiff Victor G. Reiling Associates), defendant

4

moves to strike those portions of Mr. Reiling's declaration purporting to opine on the "custom and practice" and/or what is "typical" or "standard" in the toy industry.  See Def. Mem. of Law at 10-12.  The parties appear to agree that Mr. Reiling was never disclosed as an expert in this case, and thus his testimony is proffered as lay witness opinion testimony pursuant to Fed. R. Evid. 701.  "Testimony admitted pursuant to Rule 701 must be rationally based on the perception of the witness." Bank of China v. NBM LLC, 359 F.3d 171, 181 (2d Cir. 2004) (noting, "[t]his requirement is the familiar requirement of first-hand knowledge or observation," and concluding that the testimony proffered by one of plaintiff's employees was proper "so long as [it] was based on the investigation [he conducted] and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise in international banking") (internal quotation and citation omitted).  By contrast, "expert testimony is necessary for the introduction of [any] custom and practice evidence."  Didzbalis v. Sheridan Transp. Co., No. 00 Civ. 4329(JCF), 2002 WL 31619071, at *1 (S.D.N.Y. Nov. 19, 2002) (collecting Second Circuit cases); see also Bank of China, 359 F.3d at 182 (employee's "explanations regarding typical international banking transactions or definitions of banking terms . . . were improperly admitted").

Accordingly, those parts of Mr. Reiling's testimony that

opine on the custom and practice in the toy industry and what is typical or standard in the toy industry must be stricken. Specifically, those portions of Mr. Reiling's testimony at paragraphs 16, 18-20, 29, 31, 37-38, 48, and 55-56 in which he opines on, to cite a few examples, "long-established custom and practice in the toy industry," "standard toy industry practice," and "longstanding practice of the toy industry," regarding issues including novelty, the payment of royalties, and why a toy company enters into an option agreement, are stricken and will not form any basis of the Court's ruling on summary judgment. By contrast, the testimony proffered in Mr. Reiling's declaration at paragraphs 18, 20, 22, 29, 31, 37-39, 48, and 55-56 that relates to his expectations and understandings based on actual personal experience with defendant Fisher-Price with respect to the design concept at issue in this case and/or others, conversations that he had with employees at Fisher-Price, and documents he reviewed, is appropriate and will not be stricken. Finally, the testimony at paragraphs 6-10 of Mr. Reiling's declaration regarding the "Consolidation In The Toy Industry" is clearly a subject for expert testimony and therefore will also be stricken.

### III. CONCLUSION

Accordingly, Fisher-Price's motion to strike [Doc. # 114] is

granted in part and denied in part, as described above.

                        IT IS SO ORDERED.

                        _____/s/_____
                        Janet Bond Arterton
                        United States District Judge

**Dated at New Haven, Connecticut this 14th day of December, 2005.**