UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., : : : Plaintiffs : : v. : : FISHER-PRICE, INC. : : Defendant. : : | Civil No. 303CV222(JBA) DECEMBER 27, 2005 |

VICTOR G. REILING ASSOCIATES and :
DESIGN INNOVATION, INC.,            :
                                     :
            Plaintiffs               :
                                     :    Civil No. 303CV222(JBA)
      v.                             :
                                     :
FISHER-PRICE, INC.                   :
                                     :    DECEMBER 27, 2005
            Defendant.               :
                                     :

## DEFENDANT FISHER-PRICE, INC.'S PROPOSED FORM OF VERDICT

We, the jury, find unanimously in answer to the following questions, as follows:

**I.  Design Innovation's Claim for Misappropriation and Unfair Competition**

I.1.  Do you find that Design Innovation has proven by a preponderance of the evidence that the "Reel Heroes" concept was concrete when it was submitted to Fisher-Price?

      Yes _____                    No _____

I.2.  Do you find that Design Innovation has proven by a preponderance of the evidence that the "Reel Heroes" concept was novel in absolute terms when it was submitted to Fisher-Price?

      Yes _____                    No _____

I.3.  Do you find that Design Innovation has proven by a preponderance of the evidence that Victor Reiling disclosed the "Reel Heroes" concept to Fisher-Price on a confidential basis?

        Yes _____                         No _____

**If you have answered "No" to <u>any</u> of the three preceding questions, stop and sign this verdict form and indicate to the bailiff that you have reached your verdict. You need not go on to answer any additional questions. If you have answered "Yes" to <u>all</u> three questions above, you must go on to answer Question I.4.**

I.4.  Do you find that Design Innovation has proven by a preponderance of the evidence that Fisher-Price actually used the "Reel Heroes" concept in the design of any of the following products?

- Mission Command Figures:    Yes _____    No _____
- Video Mission Figures:      Yes _____    No _____
- Mission Select Figures:      Yes _____    No _____
- The Optic Force Figure known as Telly Photo:    Yes _____    No _____

**If you answered "No" to <u>all</u> of the products listed in Question I.4, stop and sign this verdict form and indicate to the bailiff that you have reached your verdict.**

You need not go on to answer any additional questions. If you answered "Yes" to <u>any</u> of the products listed in Question I.4, you must go on to answer Question II.1.

**II.     Disclaimer/Agency, Partner, Co-Owner**

II.1.   Do you find that Victor Reiling acted as Design Innovation's agent when he submitted the Reel Heroes concept to Fisher-Price under the December 15, 1994 Policy & Agreement Form in which he voluntarily agreed not to pursue any claims against Fisher-Price other than patent or copyright claims and that any submission to Fisher-Price was made on a non-confidential basis?

Yes _____                                          No _____

**If you answered "Yes" to Question II.1, stop and sign this verdict form and indicate to the bailiff that you have reached your verdict. You need not go on to answer any additional questions. If you answered "No" to Question II.1, you must go on to the following questions.**

II.2.   Do you find that Victor Reiling acted as Design Innovation's partner when he submitted the Reel Heroes concept to Fisher-Price under the December 15, 1994 Policy & Agreement Form in which he voluntarily agreed not to pursue any claims against Fisher-Price other than patent or copyright claims and that any submission to Fisher-Price was made on a non-confidential basis?

Yes _____                                          No _____

**If you answered "Yes" to Question II.2, stop and sign this verdict form and indicate to the bailiff that you have reached your verdict. You need not go on to answer any additional questions. If you answered "No" to Question 11.2, you must go on to the following questions.**

II.3.   Do you find that Victor Reiling acted as co-owner of the Reel Heroes concept with Design Innovation when he submitted the concept to Fisher-Price under the December 15, 1994 Policy & Agreement Form in which he voluntarily agreed not to pursue any claims against Fisher-Price other than patent or copyright claims and that any submission to Fisher-Price was made on a non-confidential basis?

Yes _____                              No _____

**If you answered "Yes" to Question II.3, stop and sign this verdict form and indicate to the bailiff that you have reached your verdict. You need not go on to answer any additional questions. If you answered "No" to Question II.3, you must go on to the following questions.**

### III.   Damages

You may award damages only if you have found Fisher-price liable for misappropriation and unfair competition (Section I) and that Victor Reiling did not act as Design Innovation's agent, partner, or co-owner when he voluntarily disclaimed all claims other than patent or copyright claims and when he submitted the Reel Heroes concept to Fisher-Price on a non-confidential basis (Section II). This section will guide

4

you in determining your damages verdict. However, if you have not found Fisher-Price liable for misappropriation and unfair competition in Section I or if you have found that Victor Reiling acted as Design Innovation's agent, partner, or co-owner in voluntarily disclaiming all claims other than patent or copyright or in submitting the Reel Heroes concept on a non-confidential basis in Section II, you need not complete this section of the verdict form.

III.1.  <u>Damages for Misappropriation and Unfair Competition With Respect to Action Figures</u>:  You may award damages for misappropriation only if you have: (1) answered "Yes" to Question I.1; (2) answered "Yes" to Question I.2; (3) answered "Yes" to Question I.3; (4) answered "Yes" with respect to at least one of the products listed in Question I.4; **and** (5) answered "No" to all of Questions II.1, II.2, and II.3.  If your answers to these questions meet the conditions specified above, for each product, what damages do you find that Design Innovation has proven by a preponderance of the evidence for misappropriation and unfair competition?

- Mission Command Figures:        $ _____
- Video Mission Figures:          $ _____
- Mission Select Figures:         $ _____
- The Optic Force Figure known
    as Telly Photo:               $ _____

III.2.  <u>Damages for Misappropriation and Unfair Competition With Respect to Line Extensions</u>:  You may award additional damages for line extensions only if you have awarded damages in response to Question III.1 and only in accordance with the instructions of the court.  If you have decided to award damages for line extensions, what damages do you find that Design Innovation has proven by a preponderance of the evidence for each such line extension?

- Aquatic Rescue Command Center:      $ _____
- Mountain Action Command Center:    $ _____
- Mission Select Vehicles:                       $ _____


III.3.  <u>Punitive Damages</u>:  You may award punitive damages only if you have awarded damages for misappropriation and unfair competition in response to at least Question III.1 and only in accordance with the instructions provided by the Court.  Your award of punitive damages, if any, may not be grossly out of proportion with the damages you have already awarded.  If you have decided to award punitive damages under the instructions that the Court has provided, what amount of punitive damages do you find that Design Innovation has proven by clear, unequivocal and convincing evidence?

$ _____


Dated: _____


_____        _____
Juror No. 1                                           Juror No. 2

_____           _____
Juror No. 3                              Juror No. 4


_____           _____
Juror No. 5                              Juror No. 6


_____           _____
Juror No. 7                              Juror No. 8


_____
Juror No. 9


December 27, 2005                        Respectfully Submitted,

                                         By /s/ Jacqueline D. Bucar
                                         Jacqueline D. Bucar
                                         **TYLER COOPER & ALCORN, LLP**
                                         e-mail: jbucar@tylercooper.com
                                         Federal Bar No.: ct01187
                                         205 Church Street
                                         P.O. Box 1936
                                         New Haven, CT 06509-0906
                                         Telephone: (203) 784-8269

                                         **HODGSON RUSS LLP**
                                         e-mail: rlane@hodgsonruss.com
                                         Federal Bar No.: ct24598
                                         Jodyann Galvin
                                         e-mail: jgalvin@hodgsonruss.com
                                         Federal Bar No.: ct24599
                                         One M&T Plaza, Suite 2000
                                         Buffalo, NY 14203-2391
                                         Telephone: (716) 856-4000

7

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PHV0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200

*Attorneys for Fisher-Price, Inc.*

## CERTIFICATE OF SERVICE

This it to certify that a copy of the foregoing was mailed, first class, postage prepaid to all counsel as follows:

Gregory J. Battersby, Esquire
Edmund J. Ferdinand, III, Esquire
Russel D. Dize, Esquire
Jessica Lee Elliott, Esquire
GRIMES & BATTERSBY, LLP
488 Main Street, Third Floor
Norwalk, Connecticut 06851-1008
(.pdf)

Richard E. MacLean, Esquire
PAUL & BAYER
436 Danbury Road
Wilton, Connecticut 06897

Peter M. Nolin, Esquire
Jay H. Sandak, Esquire
SANDAK HENNESSEY & GRECO
707 Summer Street
Stanford, Connecticut 06901-1026
(.pdf)

on this 27th day of December, 2005.

_____
Jacqueline D. Bucar (CT 01187)