## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and : 
DESIGN INNOVATION, INC., :
                                     :

                Plaintiffs         :

                                       :         Civil No. 303CV222(JBA)

        v.                                 :

FISHER-PRICE, INC.                    :

                                    :

              Defendant.     :         DECEMBER 27, 2005

                                       :

## **DEFENDANT FISHER-PRICE, INC.'S PROPOSED *VOIR DIRE* QUESTIONS**

Pursuant to Rule 47 of the Federal Rules of Civil Procedure for supplemental examination of prospective jurors, defendant Fisher-Price submits the following proposed *voir dire* questions:

### **Parties**

1.     The following have been named as plaintiff in this case — Victor G. Reiling Associates and Design Innovation, Inc. As the Court will explain later, Victor G. Reiling Associates is no longer a plaintiff.

     a.   Do any of you know of either Victor Reiling or Design Innovation?

     b.   Do you recognize either of these names?

     c.   Have any of you, any member of your family or any close personal friend ever been employed by or had any dealings, personal or business, with either Mr. Reiling or Design Innovation?

2.     The following is the named defendant in this case—Fisher-Price, Inc.

     a.   Do any of you know this company?

     b.   Do you recognize the name Fisher-Price?

c. Have any of you, any member of your family or any close personal friend ever been employed by or had any dealings, personal or business, or had any dispute with Fisher-Price, or had any reason to be upset or disappointed with Fisher-Price?

**Counsel**

3. The plaintiff is represented by attorneys, Gregory Battersby, Edmund (Jed) Ferdinand, Russell Dize, and Susan Schlesinger of the law firm Grimes & Battersby LLP of Norwalk, Connecticut; and by Peter Nolin and Jay Sandak of the law firm Sandak Hennessey & Greco LLP of Stamford, Connecticut.

   a. Do any of you know, or think you know, any of these attorneys?

   b. Have any of you, any member of your family or any close personal friend ever been employed by these law firms?

   c. Have any of you, any member of your family or any close personal friend ever had any dealings, personal or business with these law firms or had any dispute with these law firms?

   d. Have any of you, any member of your family or any close personal friend ever been represented by or sought any legal advice from these law firms?

4. The defendant is represented by the attorneys Robert J. Lane, Jr. and Jodyann Galvin of the law firm Hodgson Russ LLP of Buffalo, New York and by William Wallace and Jay Alexander of the law firm Milbank, Tweed, Hadley & McCloy, LLP of Washington, D.C.; and Jacqueline Bucar of the law firm Tyler Cooper & Alcorn, LLP of New Haven, Connecticut.

   a. Do any of you know, or think you know any of these attorneys?

2

    b.  Have any of you, any member of your family or any close personal friend ever been employed by this law firm?

    c.  Have any of you, any member of your family or any close personal friend ever had any dealings, personal or business with this law firm or had any dispute with this law firm?

    d.  Have any of you, any member of your family or any close personal friend ever been represented by or sought any legal advice from this law firm?

**Potential Witnesses**

5.    The parties have indicated that they may call the following persons as witnesses: Victor Reiling, Bruce Popek, Bruce Benedetto, Douglas Melville, Brian Manzolli, James Kipling, Alan Ratliff, Neil Friedman, Martin Arriola, Tyler Berkheiser, Susan Baumler, James Bauman, Howard Bollinger, David Ciganko, Stan Clutton, Anthony Favorito, Steven Fink, Ronald Fick, Patricia Grabianowski, Michael Hoeting, Abram Hoffman, Scott May, Thomas McCormack, Kenneth Morton, Brian Murty, Zachary Oat, Christopher Pardi, Peter Pook, Suzanne Robinson, Chuck Scothon, Paul Snyder, Elizabeth Tommaney, Steven Toth, Toy Biz, Brian Trzeciak, Ross Worthington, and Christine Zinter-Chahin.

    a.  Do any of you know or think you know any of these individuals?

    b.  Have any of you, any member of your family or any close personal friend ever had any dealings, personal or business with any of these witnesses?

    c.  Is there any reason why you would not be able to evaluate these witnesses fairly?

6.    Some of the witnesses that the parties may call are employees of or otherwise

associated with Mattel Corporation.

    a.   Have any of you, any member of your family or any close personal friend ever been employed by or had any dealings, personal or business, or had any dispute with Mattel Corporation, or had any reason to be upset or disappointed with Mattel Corporation?

    b.   Have any of you, any member of your family or any close personal friend ever been employed by or had any dealings, personal or business, or had any dispute with Mattel Corporation, or had any reason to be upset or disappointed with Mattel Corporation?

**Individual Questions—Background**

7.     Do you have any children or grandchildren 8 years old or younger?

8.     Do you have any children or grandchildren who have played with or used a product made by Fisher-Price or Mattel?

    a.   If so, what product is it or was it?

    b.   Did you have any negative experience with that product?

    c.   Do you have any products made by Fisher-Price or Mattel currently in your home?

9.     What newspapers and magazines do you read?

10.    Do you do crossword puzzles?

11.    Do you watch T.V. news?

12.    Do you think that everything you read in the newspapers or watch on T.V. is accurate?

**Health Concerns**

13.    Do any of you have any health problems that would make it difficult for you to be a juror in this case?

14.    Do any of you have any eyesight problems?

15.    Do any of you have any hearing problems?

16.    Are any of you suffering from any physical problems that will make it difficult for you to sit for an extended period of time?

17.    Are any of you suffering from any emotional problems or situations that would make it difficult for you to concentrate on someone else's problems, and to sit and listen to evidence for a period of time?

**Prior Jury Service**

18.    Has anyone served as a juror before?

19.    If you have served as a juror before, were you ever the jury foreperson?

20.    If you have served as a juror before, what was the nature of the case, court and outcome?

21.    Will anything about your involvement in that case affect your ability to sit in this case?

**Involvement in the Legal System**

22.    Have you ever been a party to or a witness in a lawsuit or in a criminal proceeding before?

23.    If so, what was the nature of the case, court and outcome?

24.    Is there anything about your involvement in that case that would affect your ability to sit in this case?

**The Case**

25. Have any of you heard anything about this case, other than what has been said to you today? If so, please explain.

26. Have any of you formed any opinion about this case?

27. Has anyone talked to you about this case today, other than the discussions we have had today?

28. This case involves submission of a concept for a new toy to a toy company.

    a. Are any of you inventors?

    b. Have you ever submitted an idea or an invention to a company?

    c. Have any of you ever had a negative experience as a result of submitting an invention or an idea to a company?

29. Do you hold any patents?

30. Are you listed as an inventor on any patents? If so, what is the nature of the patent?

31. Do you hold any copyrights?

32. Do you hold any trademarks?

33. Have you ever been involved in a dispute regarding ownership of a patent, trademark, or copyright or other intellectual property rights?

    a. If so, what was the nature of the dispute?

    b. What role did you play in the dispute?

    c. What was the outcome of the dispute?

34. Have any of you ever earned a royalty of any type or believed you were entitled to a royalty for any reason? If so, describe the circumstances.

35.    In this case, a relatively small company is suing a relatively large company.

    a.    Do any of you feel that a suit brought by a small company or an individual has more merit simply because the plaintiff is a small company or an individual?

    b.    Do any of you feel more sympathetic towards a relatively small company because it is suing a relatively large company?

    c.    Do any of you believe that larger companies should be judged differently from small companies in lawsuits?

    d.    Do any of you have any belief or feeling about corporations that might prevent you from being a completely fair and impartial juror in this case?

    e.    Do any of you believe that large corporations sometimes, often or always take advantage of smaller companies or individuals?

    f.    Suppose for a moment that, at the end of the trial, we had a tied situation—in other words, you think that both sides put on an equally convincing case. Is there anyone here who would not be able to find that the smaller company had not met its burden of proof?

    g.    Would anyone here feel uncomfortable about sending the plaintiff away empty-handed?

36.    Is there anything about this case that would make it difficult for you to judge this case fairly?

37.    This case will be presented on the basis of the evidence of witnesses and documents, after which you will be instructed on the principles of law which you are to apply to this case. Do you believe that you will be able to follow the

principles of law as they are given to you, even if you may personally disagree with the law?

## Conclusion

38.    If you are chosen to serve as a juror in this case, do you know of any reason, whether I have already asked you about it or not, why you could not sit as an impartial juror?

39.    If you are chosen to serve as a juror in this case, will you stand by your own opinion based on the evidence that comes into the trial, even if the majority of others reach a different determination?

40.    Do any of you believe that in reaching a verdict, a jury should ignore a judge's instructions if they believe that in doing so, justice will be best served?

41.    Do any of you here not believe in the jury system? Why not?

42.    Do any of you, even before this trial begins, care who wins this lawsuit?

Dated:  December 27, 2005

Respectfully Submitted,

By _____

Jacqueline D. Bucar
**TYLER COOPER & ALCORN, LLP**
e-mail: jbucar@tylercooper.com
Federal Bar No.: ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269

**HODGSON RUSS LLP**
e-mail:  rlane@hodgsonruss.com
Federal Bar No.:  ct24598
Jodyann Galvin
e-mail:  jgalvin@hodgsonruss.com
Federal Bar No.:  ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone:  (716) 856-4000

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
William E. Wallace, III
email:  wwallace@milbank.com
Federal Bar No. PHV0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail:  bbabbitt@rc.com
Federal Bar No.:  ct13938
Michael J. Kolosky
email:  mkolosky@rc.com
Federal Bar No.:  ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone:  (860) 275-8200

*Attorneys for Fisher-Price, Inc.*

## CERTIFICATE OF SERVICE

This it to certify that a copy of the foregoing was mailed, first class, postage prepaid to all counsel as follows:

Gregory J. Battersby, Esquire
Edmund J. Ferdinand, III, Esquire
Russel D. Dize, Esquire
Jessica Lee Elliott, Esquire
GRIMES & BATTERSBY, LLP
488 Main Street, Third Floor
Norwalk, Connecticut  06851-1008
(.pdf)

Richard E. MacLean, Esquire
PAUL & BAYER
436 Danbury Road
Wilton, Connecticut  06897

Peter M. Nolin, Esquire
Jay H. Sandak, Esquire
SANDAK HENNESSEY & GRECO
707 Summer Street
Stanford, Connecticut  06901-1026
(.pdf)

on this 27th day of December, 2005.

Jacqueline D. Bucar (CT 01187)