UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and<br>DESIGN INNOVATION, INC., :<br> :<br>        Plaintiffs :<br> : Civil No. 303CV222(JBA)<br>    v. :<br> : December 28, 2005<br>FISHER-PRICE, INC. :<br> :<br>        Defendant. :<br> : | |

**MEMORANDUM IN SUPPORT OF FISHER-PRICE'S
MOTION FOR RECONSIDERATION**

**Preliminary Statement**

This memorandum is submitted in support of Fisher-Price, Inc.'s motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 7(c) requesting that the Court reconsider its ruling and order of December 14, 2005 (the "Ruling") to the extent that it declined to dismiss Design Innovation's ("DI") common law claims for misappropriation of idea and unfair competition.[1] Fisher-Price believes that this Court's findings of law and fact in the Ruling require dismissal of the remaining misappropriation and unfair competition claims as a matter of law, and it seeks clarification of the Ruling to address this issue.

The basis for this motion is that the Court has determined that Victor Reiling disclosed the Reel Heroes concept to Fisher-Price pursuant to the December 15, 1994 Policy and

---

[1] A court may reconsider a previous ruling under Rule 59(e) to correct legal error. *Atlantic States Legal Foundation, Inc. v. Karg Bros., Inc.,* 841 F. Supp. 51, 53 (N.D.N.Y. 1993) (granting motion for reconsideration of summary judgment ruling). The same standard applies to motions for relief from judgment brought under Fed. R. Civ. P. 60(b). *Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 2004 U.S. Dist. LEXIS 5155 at * 3 (S.D.N.Y. March 30, 2004). Additionally, under Fed. R. Civ. P. 54(b), the Court may revise an interlocutory order at any time before the entry of a final judgment, in the interests of justice. *See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.,* 182 F.R.D. 97, 100 n.5 (S.D.N.Y. 1998).

Agreement form (the "P&A") in effect between himself and Fisher-Price.  The Court thus recognized that Reiling submitted the concept to Fisher-Price on a non-confidential basis as provided by the terms of the P&A.  Once Reiling submitted the concept on a non-confidential basis, there was nothing that DI could do to "unring the bell."  DI cannot, as a matter of law, satisfy the required element of its misappropriation/unfair competition claim that the concept was disclosed to the defendant on a confidential basis.[2]

## Argument

### I. REILING'S SUBMISSION OF THE REEL HEROES CONCEPT TO FISHER-PRICE ON A NON-CONFIDENTIAL BASIS IS FATAL TO DESIGN INNOVATION'S REMAINING CLAIMS

In the Ruling, the Court expressly determined that the 1994 P&A "is enforceable against plaintiff Reiling" in connection with "Reiling's disclosure" of the Reel Heroes concept. Ruling at 15.  *See also* Ruling at 19 (granting Fisher-Price's motion for summary judgment against Reiling on the ground that his submission of the Reel Heroes concept to Fisher-Price was governed by the 1994 P&A).  At pages 34-40 of the Ruling, the Court recognized that the effect of the P&A, as to Reiling, is that Reiling's submissions of the Reel Heroes concept to Fisher-Price were made on a non-confidential basis.

Fisher-Price recognizes that the Court found an issue of fact as to whether the 1994 P&A is "binding and enforceable against DI as it was not a signatory to that agreement and disputed evidence exists as to whether Reiling could or did bind DI to that agreement."  Ruling at

---

[2] *See, e.g., M.H. Segan Ltd. P'ship v. Hasbro, Inc.*, 924 F. Supp. 512, 526 (S.D.N.Y. 1996); *Ball v. Hershey Foods Corp.*, 842 F. Supp. 44, 47 (D. Conn.), *aff'd*, 14 F.3d 591 (2d Cir. 1993).  Fisher-Price raised the argument that all of the plaintiffs' claims for misappropriation should be dismissed because plaintiffs cannot establish that the concept was submitted on a confidential basis in its summary judgment motion (*see* Fisher-Price's May 2, 2005 Memorandum, Docket No. 100, at 23-25) and on reply (*see* Fisher-Price's June 4, 2005 Reply Memorandum, Docket No. 122, at 8-10).

40.  For purposes of this motion, however, the relevant issue is not whether Reiling was an agent or whether DI was "bound" by the P&A.  The issue is whether, when Reiling first disclosed the Reel Heroes concept to Fisher-Price on October 29, 1998, that disclosure was on a confidential basis.  Because that disclosure was made on a non-confidential basis, it does not matter whether DI wanted or expected it to be made with an understanding of confidentiality.  The case law is clear that the instant an idea is disclosed on a non-confidential basis, no further claim of misappropriation can be made, regardless of who made the disclosure, because any property rights in the idea have been destroyed.[3]

The following undisputed facts establish that DI cannot show that the Reel Heroes concept was disclosed to Fisher-Price on a confidential basis:

1. Reiling disclosed the Reel Heroes concept to Paul Snyder, Vice President of Inventor Relations of Fisher-Price, at a meeting on October 29, 1998.[4]

2. DI never had any direct contact with Fisher-Price about the Reel Heroes concept.  DI's principals testified that they never spoke to anyone at Fisher-Price about the concept, and that all contacts were made through Reiling.[5]

---

[3]  *Sachs v. Cluett Peabody & Co., Inc.*, 265 A.D. 497, 500-01, 39 N.Y.S.2d 853, 856-57 (1st Dep't 1943) (An inventor's secret "is valuable only because of its being a secret, and only so long as he keeps it secret. * * *  Once the trade secret has 'escaped,' unlike most things termed property, it cannot effectively be reduced to possession" and thus its value as property is destroyed); *see also Lemelson v. Carolina Enters., Inc.*, 541 F. Supp. 645, 659 (S.D.N.Y. 1982) ("The property in a secret process is the power to make use of it to the exclusion of the world.  If the world knows the process, then the property disappears."); *M & T Chems., Inc. v. Int'l Bus. Machs. Corp. (IBM)*, 403 F. Supp. 1145, 1148 (S.D.N.Y. 1975), *aff'd without opinion*, 542 F.2d 1165 (2d Cir. 1976) ("disclosure of a trade secret totally destroys it").

[4]  Declaration of Robert J. Lane, Jr., dated April 29, 2005, Docket No. 94, ("Lane Dec.") ¶ 14.  All citations are to the motion papers filed by the parties with respect to Fisher-Price's summary judgment motion.

[5]  Reply Declaration of Russell D. Dize, dated June 20, 2005, Docket No. 128, ("Dize Reply Dec."), Ex. B at 106-07 (deposition testimony of Bruce Benedetto that "Design Innovation did not deal directly with Fisher-Price" and that "[t]he dealings were through Vic Reiling"); Dize Reply Dec., Ex. C at 38 (deposition testimony of Bruce Popek explaining that Reiling "was going to do the contact and initial meeting with Fisher-Price" and that DI purposely selected Reiling to make the initial contact and presentation of the concept because DI "separates their speculative work from their work for hire, and we

     3.     This Court has now ruled that Reiling's submission of the Reel Heroes concept to Fisher-Price was governed by the 1994 P&A form, which expressly provides that submissions are not confidential. Ruling at 15, 40.

     4.     Neither Reiling nor DI claim to have any express agreement or understanding with Fisher-Price that the Reel Heroes concept would be treated confidentially. There is no testimony that the issue of confidentiality was discussed at all with respect to the Reel Heroes concept.[6]

Because DI cannot possibly establish that the Reel Heroes concept was disclosed to Fisher-Price on a confidential basis, its remaining claims must be dismissed.

Once this Court determined that Reiling's disclosure of the Reel Heroes concept to Fisher-Price was governed by the 1994 P&A (with its confidentiality disclaimer), it was no longer relevant whether Reiling was acting as DI's agent or pursuant to its authority. Even assuming that Reiling was *not* acting as DI's agent (which was DI's position on the summary judgment motion), Reiling nevertheless (as this Court determined) disclosed the concept to Fisher-Price on a non-confidential basis, destroying any property rights Design Innovation could have had in the concept.[7] This bars any misappropriation claim by DI as a matter of law. It is simply not possible that Reiling disclosed the Reel Heroes concept on a non-confidential basis pursuant to the P&A (as this Court has ruled), but that DI should now be able to claim that the

---

     almost always use someone to market our ideas"). *See also* Declaration of Bruce Popek, dated May 20, 2005, Docket No. 109, at ¶ 5 and Declaration of Bruce Benedetto, dated May 20, 2005, Docket No. 110, at ¶ 5, both of which expressly incorporate ¶¶ 26-28 of the Declaration of Victor G. Reiling, dated May 20, 2005, Docket No. 107, in which Reiling describes how he alone met with Paul Snyder of Fisher-Price to present the concept for the first time in October 1998. *See also* Lane Dec. Ex. 6 at 128-29 (additional Popek deposition testimony that Reiling negotiated and dealt with Fisher-Price).

[6]     In fact, DI principal Bruce Benedetto testified that DI chose to deal through Reiling, rather than deal directly with Fisher-Price, so that the submission would not interfere with DI's work-for-hire relationship with Fisher-Price. Lane Dec. Ex. 8 at 106.

[7]     *See* cases cited in n.3 above.

*same* concept had been disclosed only on a confidential basis. Yet this is the position DI must advocate to go to trial on its misappropriation claim.

On page 40 of its Ruling, this Court noted DI's argument that the Option Agreement between the parties could support a finding of a confidential relationship. This argument is wrong for two reasons. First, the Option Agreement did not impose any confidentiality obligations on Fisher-Price.[8] Second, the case law is clear that a subsequent confidentiality agreement cannot revive a property right that was lost when an idea was originally disclosed on a non-confidential basis. In *Kublan v. Hasbro and Tonka Corp.*, 1999 WL 156381 (S.D.N.Y. 1999), an inventor submitted an idea to Hasbro under a 1992 submission agreement that waived confidentiality. In 1994, he submitted the same idea under an agreement that expressly provided that the idea would be held confidential by Hasbro.[9] The court ruled that, because the idea had been first disclosed to Hasbro on a non-confidential basis, the 1994 confidentiality agreement was without effect and any misappropriation claim was barred.[10]

---

[8]     As the Court noted at page 41 of the Ruling, it only required *plaintiffs* to refrain from disclosing the concept to anyone else (other than Fisher-Price) during the term of the Option Agreement. No confidentiality obligation was imposed on Fisher-Price.

[9]     Here, of course, the Option Agreement did not provide that Fisher-Price would hold the Reel Heroes concept confidential.

[10]    In *AEB & Assoc. Design Group v. Tonka Corp.*, 853 F. Supp. 724, 735 & n.8 (S.D.N.Y. 1994), an inventor had presented an idea to Fisher-Price under the same P&A form at issue in this case, with its express waiver of confidentiality. Shortly thereafter, the inventor presented the same idea to Kenner Toys under a confidentiality agreement. The court ruled that the non-confidential disclosure negated any possible misappropriation claim against Kenner, even though the disclosure to Kenner was made on a nominally confidential basis. Similarly, in *Technologies, Inc. v. International Bus. Machs. Corp. (IBM)*, 2005 U.S. Dist. LEXIS 20311 (S.D.N.Y. Sept. 19, 2005), the parties entered into a Confidentiality Agreement that expressly replaced any prior agreements between the parties. The plaintiff attempted to argue that an idea it disclosed to IBM prior to the Confidentiality Agreement was submitted confidentially, under a prior written agreement, and that IBM misappropriated that idea. The court rejected plaintiff's claim, finding that because the Confidentiality Agreement superseded any prior agreements and did not cover the idea in question, the idea was not required to be held in confidence.

Thus, DI's argument that the Option Agreement — entered into *after* Reiling's non-confidential submission of the concept — somehow made the submission confidential fails as a matter of law.

### Conclusion

For the foregoing reasons, the Court should grant Fisher-Price's motion for reconsideration, and amend its December 14, 2005 Ruling so that Design Innovation's claims for misappropriation of idea and unfair competition are dismissed, along with the rest of the Second Amended Complaint.

Dated: December 28, 2005

| | |
|---|---|
| **HODGSON RUSS LLP** | **TYLER COOPER & ALCORN, LLP** |
| | Jacqueline D. Bucar, Esq. |
| By    s/Robert J. Lane, Jr.            | e-mail:  jbucar@tylercooper.com |
|          Robert J. Lane, Jr. | Federal Bar No.:  ct01187 |
| e-mail:  rlane@hodgsonruss.com | 205 Church Street |
| Federal Bar No.: ct24598 | P.O. Box 1936 |
| Jodyann Galvin | New Haven, CT 06509-0906 |
| e-mail:  jgalvin@hodgsonruss.com | Telephone:  (203) 784-8269 |
| Federal Bar No.: ct24599 | |
| One M&T Plaza, Suite 2000 | |
| Buffalo, NY 14203-2391 | |
| Telephone:  (716) 856-4000 | |
| | |
| **MILBANK, TWEED, HADLEY & MCCLOY LLP** | **ROBINSON & COLE LLP** |
| William E. Wallace, III | Bradford S. Babbitt |
| email:  wwallace@milbank.com | e-mail:  bbabbitt@rc.com |
| Federal Bar No. PHV0480 | Federal Bar No.:  ct13938 |
| International Square Building | Michael J. Kolosky |
| 1825 Eye Street, N.W., Suite 1100 | email:  mkolosky@rc.com |
| Washington, D.C. 20006 | Federal Bar No.:  ct22686 |
| Telephone:  (202) 835-7500 | 280 Trumbull Street |
| | Hartford, CT 06103-3597 |
| | Telephone:  (860) 275-8200 |

*Attorneys for Fisher-Price, Inc.*