VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

                Plaintiffs

     v.

FISHER-PRICE, INC.

                Defendant.

Civil No. 303CV222(JBA)

December 29, 2005

## DECLARATION IN SUPPORT OF
## <u>FISHER-PRICE'S MOTION TO STRIKE JURY DEMAND</u>

ROBERT J. LANE, JR., pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declares that the following is true and correct:

1.    I am a member of the firm of Hodgson Russ LLP, attorneys for defendant Fisher-Price, Inc. ("Fisher-Price"), together with Milbank, Tweed, Hadley & McCloy LLP, Tyler, Cooper & Alcorn, LLP and Robinson & Cole LLP.  I make this declaration in support of Fisher-Price's motion to strike the jury demand made by plaintiff Design Innovation, Inc. ("DI").

2.    The purpose of this declaration is to bring to the Court's attention certain pleadings that support Fisher-Price's motion.

3.    Relevant pages of DI's Responses to Fisher-Price's Fourth Set of Interrogatories, dated March 30, 2005, are attached as Exhibit A.

4.    Relevant pages of the Second Amended Complaint, dated February 6, 2004, are attached as Exhibit B.

- 2 -

Dated:  December 29, 2005


                                        s/Robert J. Lane, Jr.
                                        Robert J. Lane, Jr.

# EXHIBIT A

to be determined by the jury. Plaintiffs' toy industry expert has opined in his expert report that a reasonable royalty in this case would be in the range of six to seven percent. Per industry practice, Plaintiffs would be entitled to an increased royalty in the range of two to four percent for products sold by Defendant on an FOB basis. Also per industry practice, the reasonable royalty would be calculated as a percentage of net sales, which is typically defined as gross wholesale sales less allowable deductions and returns. Plaintiffs' damages expert has indicated in his expert report the level of sales attained by Defendant according to the documents supplied by Defendant thus far. Sales are continuing and Plaintiffs seek a reasonable royalty on future sales as well.

## INTERROGATORY NO. 2:

Describe in detail each and every item of damages that plaintiffs seek to recover on their claim for misappropriation alleged in the second cause of action in the Second Amended Complaint, and describe in detail the method and manner in which the amount of each item is calculated.

## RESPONSE:

Plaintiffs seek to recover disgorgement of Defendant's profits on their misappropriation claim. Plaintiffs' damages expert has submitted a report that calculates disgorgement damages. In the alternative, Plaintiffs seek a reasonable royalty to be determined by the jury, and incorporate by reference herein the response to Interrogatory No. 1 above. Plaintiffs also seek as punitive damages the greater of: 1) Fisher-Price's sales of the products at issue less the amount of disgorgement damages Plaintiffs are awarded at trial; or 2) the maximum multiple of compensatory damages allowable by law.

## INTERROGATORY NO. 3:

Describe in detail each and every item of damages that plaintiffs seek to recover on their claim for unfair competition as alleged in the third cause of action in the Second Amended Complaint, and describe in detail the method and manner in which the amount of each item is calculated.

## RESPONSE:

Plaintiffs seek to recover a reasonable royalty on their claim for violation of the Connecticut Unfair Trade Practices Act as alleged in the third cause of action in the Second Amended Complaint, and incorporate by reference herein the response to Interrogatory No. 1 above. In addition, Plaintiff Design Innovation seeks compensatory damages for lost business from Fisher-Price (and their parent company, Mattel) arising out of Fisher-Price's and Mattel's termination of business relations with Design Innovation due to the claims in this lawsuit. Plaintiffs will produce a schedule evidencing the annual revenue received by Design Innovation from Fisher-Price, Fisher-Price Brands and Mattel from 1999 to 2003, during which time period the average annual revenue was $833,972. Plaintiffs also seek as punitive damages the maximum multiple of compensatory damages allowable by law. Furthermore, Plaintiffs seek attorneys' fees, costs, and interest to the extent allowable by law. Plaintiffs will produce documents that evidence the attorneys' fees and costs incurred by Plaintiffs thus far in the litigation.

## INTERROGATORY NO. 4:

Describe in detail each and every item of damages that plaintiffs seek to recover on their claim for common law unfair competition as alleged in the fourth cause of action in the Second Amended Complaint, and describe in detail the method and manner in which the amount of each item is calculated.

## RESPONSE:

The response to Interrogatory No. 2 is incorporated herein by reference with respect to

Plaintiffs' claim for common law unfair competition as alleged in the fourth cause of action in the Second Amended Complaint.  In addition, Plaintiff Design Innovation seeks compensatory damages for lost business from Fisher-Price (and their parent company, Mattel) arising out of Fisher-Price's and Mattel's termination of business relations with Design Innovation due to the claims in this lawsuit.  Plaintiffs will produce a schedule evidencing the annual revenue received by Design Innovation from Fisher-Price, Fisher-Price Brands and Mattel from 1999 to 2003, during which time period the average annual revenue was $833,972.

# EXHIBIT B

Reiling and DI by seeking to force DI to use its influence with Reiling to persuade Reiling to withdraw from the lawsuit.

55.    Plaintiffs have been damaged by the defendant's aforementioned acts.

<u>Fourth Cause of Action</u>

<u>COMMON LAW UNFAIR COMPETITION</u>

56.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 40, 42 through 47, 49 through 52 and 54 through 55 as though fully set forth herein.

57.    Fisher-Price's aforementioned acts constitute unfair competition under the common law. This count encompasses Defendant's actions with respect to its failure to pay Plaintiffs for the product concept as described above, Defendant's termination of its relationship with Plaintiff DI, its attempt to force DI to withdraw from the lawsuit, and its attempt to tortiously interfere with the business relationship between Reiling and DI by seeking to force DI to use its influence with Reiling to persuade Reiling to withdraw from the lawsuit.

58.    Plaintiffs have been damaged by the defendant's aforementioned acts.

<u>Fifth Cause of Action</u>

<u>ACCOUNTING</u>

59.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 40, 42 through 47, 49 through 52, 54 through 55 and 57 through 58 as though fully set forth herein.

60.    As a result of the actions of Fisher-Price complained of herein, including its breach of implied contract and misappropriation of Plaintiffs' idea, Plaintiffs have been unable to determine the amounts that Plaintiffs have lost as a result of these actions.

61.    Accordingly, Plaintiffs are entitled to an accounting from Fisher-Price of all

14

revenue derived by Fisher-Price by the unauthorized use of Plaintiffs' novel concept.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

a.     That Defendant be required to account to Plaintiffs for all sales of "Rescue Heroes" action figures, accessories, line extensions and licensed products which use Plaintiffs' product concept, and all profit derived by Fisher-Price from such sales;

b.     That Plaintiffs be awarded compensatory damages consisting of a royalty on Fisher-Price's sales of the "Rescue Heroes" action figures, accessories, line extensions and licensed products which use Plaintiffs' product concept;

c.     That Plaintiffs be awarded compensatory damages consisting of a disgorgement of all Fisher-Price profits and other benefits gained from the commercialization of "Rescue Heroes" action figures, accessories, line extensions and licensed products which use Plaintiffs' product concept;

d.     That Plaintiffs be awarded punitive damages based on Fisher-Price's willful and wanton misappropriation and activities that unfairly compete with Plaintiffs;

e.     That a permanent injunction be granted restraining, enjoining and prohibiting Fisher-Price, its officers, servants, agents, employees, attorneys and representatives, and those persons in active concert or participation with them, from displaying, importing, exporting, shipping or selling the "Rescue Heroes" action figures, accessories, line extensions and licensed products which use Plaintiffs' product concept and any other product which uses Plaintiffs' product concept, and from directly or indirectly incorporating Plaintiffs' product concept in any other products;

f.     That Fisher-Price be required to deliver up to Plaintiffs for destruction all products

15

incorporating Plaintiffs' aforementioned concept, including all materials for making any products incorporating Plaintiffs' aforementioned concept, in the possession of or under the control of Fisher-Price, or any of its agents, servants, employees, attorneys or other parties in privity with it;

      g.     That Plaintiffs be awarded their costs and attorneys' fees to the extent permitted by law; and

      h.     That the Court grant such other and further relief as it shall deem just and proper.

Dated: Norwalk, Connecticut
       February 6, 2004

          Respectfully submitted,

          GRIMES & BATTERSBY, LLP

          By: _____
          Gregory J. Battersby (Bar No. 07386)
          Edmund J. Ferdinand, III (Bar No. 21287)
          Russell D. Dize (Bar No. 23064)
          488 Main Avenue, Third Floor
          Norwalk, Connecticut 06851-1008
          (p) (203) 849-8300
          (f) (203) 849-9300

          Attorneys for the Plaintiffs

16