UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and<br>DESIGN INNOVATION, INC.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>- against -<br><br>FISHER-PRICE, INC.,<br><br>　　　　　　　　　　Defendant. | Index No.: 3:03 CV 222 (JBA)<br><br><br><br>January 6, 2006 |

**PLAINTIFF'S MOTION IN LIMINE # 2**

<u>Fisher-Price Should Not Characterize Reiling's Relationship with
Design Innovation with Legal Conclusions</u>

Plaintiff, Design Innovation, Inc. ("DI"), objects to any reference being made by Fisher-Price ("F-P") to the nature or status of Reiling's relationship with DI which seeks to advance a legal conclusion about the relationship, absent a prior ruling by the Court. From F-P's submissions to the Joint Pretrial Memorandum it appears that F-P will seek to introduce evidence that Reiling is either a partner with or agent of DI. *See F-P proposed Jury Instructions 2.0-2.1.* Both the term agent and partner are words which involve legal conclusion rather than evidence and thus should be excluded under Fed. R. Evid. 402-403.

Apparent authority "arises from the <u>written or spoken words</u> or any other <u>conduct</u> of the principal which, <u>reasonably interpreted</u>, causes a third person to believe that the principle consents to have an act done on his behalf by the person purporting to act for him." *Hidden Brook Air, Inc. v. Thabet Aviation Int'l, Inc.*, 241 F. Supp. 2d 246, 261 (S.D.N.Y. 2002)(emphasis added). In other words, in order to find the existence of apparent authority, the

jury must decide that Fisher-Price reasonably interpreted the "words or conduct" of DI as conferring the "appearance and belief" that Mr. Reiling had authority to bind DI. *Hallock v. State*, 64 N.Y.S.2d 224, 231 (1984). Accordingly F-P should be limited to focusing testimony and questions on the facts underlying the claimed agency rather than framing questions or seeking testimony using the legal conclusion that an agency relationship exists. Any questions so framed would be objectionable as calling for a legal conclusion.

Similarly, the formation of a partnership depends upon evaluating the particular set of circumstances presented by the parties, including investigating "the intent of the parties." *Travis v. St. John*, 176 Conn. 69, 73 (1978). For example, in New York, the "crucial factors to be considered are the intent of the parties, express or implied, whether there was joint control and managements of the business, whether there was sharing of profits and losses, and where there was a combination of property, skill or knowledge." *McGhan v. Ebersol*, 608 F. Supp. 277, 282 (S.D.N.Y. 1985) (discussing joint ventures[1]). Ultimately, the jury must find a "mutual agency relationship" (*Builders Hardware v. Dipiertro*, 2001 Conn. Super. LEXIS 2760, *9 (Conn. Super. Ct. 2001) which is "determined from <u>all the facts and circumstances</u>" of Mr. Reiling and DI's relationship. *AEB & Associates Design Group v. Tonka Corp.*, 853 F. Supp. 724, 732 (S.D.N.Y. 1994) (internal quotations omitted).

Under Connecticut law, a partnership is <u>not</u> born from the mere existence of joint or shared rights in property. Conn. Gen. Stat. § 34-314(c)(2)( "sharing of gross returns does not by itself establish a partnership, even if the persons sharing them have a joint or common right or interest in property from which the returns are derived"). More importantly even shared profit by a co-owner *is not sufficient to create a partnership.* Conn. Gen. Stat. § 34-314(c)(1)("Joint

---

[1] "Under New York law joint ventures are governed by the same legal rules as partnerships...." *Scholastic, Inc. v. Harris*, 259 F.3d 73, 84 (2d Cir. 2001)(citing *Tehran-Berkeley Civil & Envt'l. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 243 (2d Cir. 1989)).

2

property, common property and part ownership does not by itself establish a partnership, even if the co-owners share profits made by the use of the property."). Thus as with agency, F-P should be limited to focusing testimony and questions on the facts underlying whether a partnership relationship existed rather than framing questions or seeking testimony using the legal conclusion that an a partnership already exists, because such questioning would assume a legal conclusion not in evidence.

Dated: Norwalk, Connecticut
    January 6, 2006

>                Respectfully Submitted,
>
>                GRIMES & BATTERSBY, LLP
>
>                By: _____
>                Gregory J. Battersby (Bar No. 0386)
>                Edmund J. Ferdinand, III (Bar No. 21287)
>                Russell D. Dize (Bar No. 23064)
>                Susan Schlesinger (Bar No. 26625)
>                Michael Ryan Patrick (Bar No. 26556)
>                488 Main Avenue, Third Floor
>                Norwalk, Connecticut 06851-1008
>                (p) (203) 849-8300
>                (f) (203) 849-9300
>
>                SANDAK HENNESSEY & GRECO, LLP
>                Jay H. Sandak, Esq.
>                Peter M. Nolin, Esq.
>                707 Summer Street
>                Stamford, Connecticut 06901-1026
>                (p) (203) 425-4200
>                (f) (203) 325-8608
>
>                Attorneys for Plaintiff
>                Design Innovation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2006, a copy of the foregoing Plaintiff's Motion in Limine # 2 was served on all counsel of record below by U.S. Mail, First Class, postage prepaid, with a courtesy copy sent via electronic means to:

Jacqueline Bucar Esq.
Robert Allen, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510

Bradford S. Babbitt, Esq.
Michael J. Kolosky, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
Hodgson Russ LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

William Wallace, Esq.
Milbank, Tweed, Hadley & McCoy-DC
1825 Eye St., N.W.
Suite 900
Washington, DC 20006

_____
Russell D. Dize