UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and<br>DESIGN INNOVATION, INC.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　- against -<br><br>FISHER-PRICE, INC.,<br><br>　　　　　　　　　　Defendant. | Index No.: 3:03 CV 222 (JBA)<br><br>January 6, 2006 |

**PLAINTIFF'S MOTION IN LIMINE # 3**

**Fisher-Price Should Not Be Permitted to Suggest a Disclaimer by Co-Ownership**

Plaintiff, Design Innovation, Inc. ("DI"), objects to any argument or questions being submitted before the jury in which Fisher-Price ("F-P") seeks to suggest that as a co-owner of the concept Reiling waived or disclaimed any rights of DI as a result of the 1994 P&A agreement, absent a prior ruling by the Court. From F-P' submissions to the Joint Pretrial Memorandum it appears that F-P will seek to introduce evidence or make arguments that Reiling as the co-owner of the concept with DI waived DI's rights as a result of the 1994 P&A. *See F-P proposed Jury Instructions 2.2.* This argument is contrary to law and thus is both irrelevant and unfairly prejudicial; as such arguments or questions suggesting this theory should be excluded under Fed. R. Evid. 402-403.

As this Court stated in its summary judgment decision, no case law exists that would justify "find[ing] that Reiling's execution of the P&A prior to the commencement of its business relationship withy DI can constitute a waiver of DI's rights to sue Fisher-Price, merely because

the concept submitted to Fisher-Price is co-owned by Reiling." (Ruling at14). This Court has already rejected Fisher-Price's lone case in support of this subject, *Willingham v. Lawton*, 555 F.2d 1340 (6th Cir. 1977). That case "merely provides that a co-owner may grant a license to a third-party without its co-owners' consent." *Id.* The Federal Circuit's decision in *Schering Corp. v. Roussel*, 104 F.3d 341, 344 (Fed Cir. 1997) ("Each co-owner's ownership rights carry with them the right to license others, a right that also does not require the consent of any other co-owner") confirms that a co-owner of an intellectual property rights cannot destroy the rights of another co-owner without that owner's knowledge and consent.

Because F-P has failed to cite to a single case to support its position on this issue, and because established principles of intellectual property law refute this claim F-P should not be permitted to introduce this "theory" to the jury in the form of questions or arguments absent some prior ruling by the Court.

Dated: Norwalk, Connecticut
January 6, 2006

        Respectfully Submitted,

        GRIMES & BATTERSBY, LLP

        By: _____
        Gregory J. Battersby (Bar No. 7386)
        Edmund J. Ferdinand, III (Bar No. 21287)
        Russell D. Dize (Bar No. 23064)
        Susan Schlesinger (Bar No. 26625)
        Michael Ryan Patrick (Bar No. 26556)
        488 Main Avenue, Third Floor
        Norwalk, Connecticut 06851-1008
        (p) (203) 849-8300
        (f) (203) 849-9300

        SANDAK HENNESSEY & GRECO, LLP
        Jay H. Sandak, Esq.
        Peter M. Nolin, Esq.
        707 Summer Street
        Stamford, Connecticut 06901-1026
        (p) (203) 425-4200
        (f) (203) 325-8608

        Attorneys for Plaintiff
        Design Innovation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2006, a copy of the foregoing Plaintiff's Motion in Limine # 3 was served on all counsel of record below by U.S. Mail, First Class, postage prepaid, with a courtesy copy sent via electronic means to:

Jacqueline Bucar Esq.
Robert Allen, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510

Bradford S. Babbitt, Esq.
Michael J. Kolosky, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
Hodgson Russ LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

William Wallace, Esq.
Milbank, Tweed, Hadley & McCoy-DC
1825 Eye St., N.W.
Suite 900
Washington, DC 20006

_____
Russell D. Dize