UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

                Plaintiffs,

- against -

FISHER-PRICE, INC.,

                Defendant.

Index No.: 3:03 CV 222 (JBA)

January 6, 2006

### PLAINTIFF'S MOTION IN LIMINE # 5

### Claim of Double Damages Should be Excluded

Plaintiff, Design Innovation, Inc. ("DI"), objects to any reference being made by Fisher-Price ("F-P") that DI's damages should be reduced by 50% because Reiling is no longer in the case. From F-P's submissions to the Joint Pretrial Memorandum it appears that F-P will seek to argue to the jury that DI's damages must be reduced by 50% to reflect Reiling's claims. *See F-P proposed Jury Instructions 3.3*. There is no legal support for this theory and questions or arguments based on this theory should be excluded absent a further ruling from this Court. Fed. R. Evid. 402-403.

F-P cites no controlling legal authority to support its contention that DI's damages must be reduced by one-half as a result of Reiling's dismissal. The lone case F-P cites, *E.R. Squibb & Sons, Inc. v. Lloyd's Companies*, 241 F.3d 154, 173 n.11 (2d Cir. 2001), is wholly inapposite. *E.R. Squibb* was a complex insurance coverage action. During the course of the litigation, several of the insurers settled with the plaintiff, Squibb. On appeal, the remaining insurers

challenged the lower court's damage award to Squibb on the ground that it "resulted in an improper 'double recovery' for Squibb by virtue of the fact that its allocation scheme attributed to the [remaining defendants] excessive responsibility for certain claims that had been the subject of settlements with the primary insurers." (*Id.* at 172). The Second Circuit rejected the insurers' challenge on appeal and affirmed the lower court's damage award. In so doing, the court expressly recognized that a "double recovery" might result under the particular circumstances of the case. (*Id.* at 172-173, n. 11). *E.R. Squibb* thus does not lend support to F-P effort to reduce DI's damages by one-half because of the dismissal of Reiling. If anything, the decision actually refutes F-P's position.

DI submits that F-P's position is also contrary to well established principles of intellectual property law. Indeed, in the Summary Judgment Ruling the Court recognized that a joint owner of an intellectual property right, such as a patent, has an indivisible interest in that property and may license it to a third party without the co-owner's consent. (Ruling at 14) (citing, *Willingham v. Lawton*, 555 F.2d 1340, 1344 (6th Cir. 1977).[1] *See also Schering Corp. v. Roussel*, 104 F.3d 341, 344 (Fed Cir. 1997) ("Each co-owner's ownership rights carry with them the right to license others, a right that also does not require the consent of any other co-owner").[2]

DI and Reiling are co-owners of the concept that they disclosed to F-P. A concept is an established property right. *Downey v. General Foods Corp.*, 31 N.Y.2d 56, 61, 334 N.Y.S.2d 874, 877, 286 N.E.2d 257 (N.Y. 1972). It follows that if DI could license its indivisible interest in the concept to F-P for full compensation without Reiling's consent, it should be entitled to

---

[1] This is consistent with Section 262 of the Patent Act, which provides: "[i]n the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners." 35 U.S.C. § 262.

[2] *Schering Corp.* is significant for the additional reason that it refutes F-P's argument that DI, as a co-owner of the concept with Reiling, is bound by Reiling's execution of the 1994 Policy and Agreement form, as set forth in DI's Objections to Defendant's Proposed Jury Instructions, at 5-6).

2

receive full compensation when its rights are misappropriated. Moreover, an award to DI of the full amount of the damages that flow from F-P's misappropriation is also consistent with the fact that F-P treated the concept here as a distinct intellectual property right, without regard to the number of owners. Indeed, the evidence will establish that pursuant to toy industry custom and practice and the parties' course of dealing in this case, F-P intended to pay for the concept either by a lump sum payment for acquisition of title to the concept or by an ongoing royalty payment. Put another way, F-P intended to pay a certain amount (*i.e.*, such as a fixed royalty payment), regardless of whether there was one inventor on the concept or multiple inventors. To F-P, the number of inventors was irrelevant, and it intended to pay a set amount for the right to use the concept. For this reason, F-P should not benefit by the fact that one of the two co-owners of the concept has now been dismissed from the lawsuit. Accordingly, absent a further order of the Court, F-P should be precluded from arguing to the jury or posing questions that would suggest that DI's damages are to be reduced by 50% to reflect Reiling's claims which are not before this jury.

Dated: Norwalk, Connecticut
      January 6, 2006

                                      Respectfully Submitted,

                                      GRIMES & BATTERSBY, LLP

                                      By: _____
                                      Gregory J. Battersby (Bar No. 7986)
                                      Edmund J. Ferdinand, III (Bar No. 21287)
                                      Russell D. Dize (Bar No. 23064)
                                      Susan Schlesinger (Bar No. 26625)
                                      Michael Ryan Patrick (Bar No. 26556)
                                      488 Main Avenue, Third Floor
                                      Norwalk, Connecticut 06851-1008
                                      (p) (203) 849-8300
                                      (f) (203) 849-9300

                                      SANDAK HENNESSEY & GRECO, LLP
                                      Jay H. Sandak, Esq.
                                      Peter M. Nolin, Esq.
                                      707 Summer Street
                                      Stamford, Connecticut 06901-1026
                                      (p) (203) 425-4200
                                      (f) (203) 325-8608

                                      Attorneys for Plaintiff
                                      Design Innovation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2006, a copy of the foregoing Plaintiff's Motion in Limine # 5 was served on all counsel of record below by U.S. Mail, First Class, postage prepaid, with a courtesy copy sent via electronic means to:

Jacqueline Bucar Esq.
Robert Allen, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510

Bradford S. Babbitt, Esq.
Michael J. Kolosky, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
Hodgson Russ LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

William Wallace, Esq.
Milbank, Tweed, Hadley & McCoy-DC
1825 Eye St., N.W.
Suite 900
Washington, DC 20006

_____
Russell D. Dize