UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and<br>DESIGN INNOVATION, INC., :<br>                                    Plaintiffs :<br>v.                                       :<br>FISHER-PRICE, INC. :<br>                                    Defendant. : | Civil No. 303CV222(JBA)<br><br>January 6, 2006 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION SEEKING
PRECLUSION OF EVIDENCE OF FISHER-PRICE'S LAWFUL
CONDUCT TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES, OR,
IN THE ALTERNATIVE, SEEKING BIFURCATION THE TRIAL OF THIS CASE**

**Preliminary Statement**

Fisher-Price, Inc. submits this motion in limine pursuant to Federal Rules of Evidence 401, 402 and 403 and in support of its request to preclude Design Innovation, Inc. ("DI") from introducing evidence of Fisher-Price's lawful conduct in support of its punitive damages claim. In the event that such evidence is allowed at trial, Fisher-Price requests that the Court bifurcate the issue of punitive damages from the remainder of the trial pursuant to Federal Rule of Civil Procedure 42(b).

- 2 -

## Background

DI has alleged that Fisher-Price wrongfully decided to stop sending new design projects to DI after DI commenced this litigation against Fisher-Price.[1] This Court has ruled, however, that under New York law, a party may lawfully cease sending business to another party for any reason or no reason at all.[2] Nevertheless, this Court has also indicated that it may allow DI to present evidence at trial of Fisher-Price's entirely lawful conduct in support of its punitive damages claim.[3] Because evidence of lawful conduct may not be used to support a claim for punitive damages, DI must be precluded from proffering such evidence at trial.

## Argument

### I. EVIDENCE OF LAWFUL CONDUCT MAY NOT BE INTRODUCED IN SUPPORT OF A CLAIM FOR PUNITIVE DAMAGES

DI should be barred from introducing evidence of Fisher-Price's admittedly lawful conduct in an attempt to cast Fisher-Price as a wrongdoer in order to support its punitive damages claim. Allowing the introduction of such evidence would be irrelevant and unduly prejudicial to Fisher-Price and runs the risk of confusing and misleading the jury. *See* Fed R. Evid. 401, 402, 403.

---

[1] *See* Second Amended Complaint at ¶ 40 and p. 15 (attached to the Declaration of Robert J. Lane, Jr., in Support of Motions in Limine, dated December 31, 2005, ("Lane Dec.") as Ex. A).

[2] *See* Ruling on Defendant's Motion for Summary Judgment, dated December 14, 2005 (Docket No. 145) (the "December 14, 2005 Ruling"), at 57-59 (stating that "Fisher-Price's election not to work with DI after DI instituted this suit, does not constitute a tort" and recognizing that there is no cause of action "under New York law based on the discontinuation of a terminable-at-will business relationship on the facts of this case").

[3] *See* December 14, 2005 Ruling at 62, n.43.

- 3 -

### A. Lawful Conduct May Not Form The Basis For An Award of Punitive Damages

In order for punitive damages to be awarded, the defendant must have committed a legal wrong.[4] Thus, where the defendant's conduct is lawful where it occurred, that conduct may not form the basis for an award of punitive damages.[5] In addition, allowing the introduction of evidence of lawful conduct as support for a plaintiff's claim that the defendant is a wrongdoer violates the defendant's right to due process.[6]

This Court has ruled that when Fisher-Price suspended its relationship with DI because DI had initiated this litigation against it, it was within its rights under New York law to do so. In fact, this Court has recognized Fisher-Price's legal prerogative to cease sending new business to DI for any reason or no reason at all.[7] Accordingly, DI may not introduce evidence at trial of Fisher-Price's entirely lawful conduct in order to support its claim that Fisher-Price is a wrongdoer and should be liable to DI for punitive damages. Because DI has asserted no other relevant purpose for this evidence, it may not be admitted at all.

---

[4] See, e.g., Purdy v. Consumers Distrib. Co., 648 F. Supp. 980, 983 (S.D.N.Y. 1986) ("Those cases in which punitive damages have been permitted are cases in which defendant's conduct constitutes a legal wrong . . . .").

[5] See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 421 (2003) ("A State cannot punish a defendant for conduct that may have been lawful where it occurred."). See also BMW of North Am. v. Gore, 517 U.S. 559, 572 (1996) ("[A] state may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' lawful conduct in other States.").

[6] BMW, 517 U.S. at 573 ("'To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort.'") (quoting Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)).

[7] See December 14, 2005 Ruling at 57-59.

- 4 -

**B.    Conduct Lacking a Close Nexus
To The Harm Will Not Support
An Award of Punitive Damages**

Furthermore, where the conduct complained of lacks a close nexus to the harm alleged, such conduct may not form the basis for an award of punitive damages.[8] Here, Fisher-Price's alleged conduct lacks *any* nexus to DI's harm – either nexus in time or a causal nexus. Therefore, DI may not present evidence of Fisher-Price's causally unrelated conduct in support of its claim for punitive damages.

The harm that DI alleges is misappropriation of its Reel Heroes idea. The tort of misappropriation of idea is deemed to have occurred "either when the defendant discloses the trade secret or when he first makes use of the plaintiff's ideas."[9] In addition, once a trade secret is disclosed or used, the plaintiff's property interest in that secret is destroyed and its continuing rights are lost.[10] Accordingly, the alleged misappropriation occurred and DI was damaged, if at all, in early 2001 when Fisher-Price put the first Mission Command figure on sale to the public,[11] thus destroying any property rights that DI may have had in the idea.

---

[8]   See *State Farm*, 538 U.S. at 422 ("Lawful out-of-state conduct may be probative when it demonstrates the deliberateness and culpability of the defendant's action in the State where it is tortious, *but that conduct must have a nexus to the specific harm suffered by the plaintiff*. A jury must be instructed, furthermore, that *it may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred*.") (emphasis added).

[9]   *Lemelson v. Carolina Enters., Inc.*, 541 F. Supp. 645, 659 (S.D.N.Y. 1982). See also *M&T Chems., Inc. v. Int'l Bus. Machs. Corp.*, 403 F. Supp. 1145, 1148 (S.D.N.Y. 1975) ("[I]njury to a plaintiff's interest occurs . . . either at the time of misappropriation or when a disclosure of the trade secret is made . . . .").

[10]  See *Sachs v. Cluett, Peabody & Co.*, 265 A.D. 497, 500-01, 39 N.Y.S.2d 853, 856-57 (1st Dep't 1943) (holding that plaintiff's property interest in his trade secret was destroyed upon first publication and that defendant's subsequent uses did not give rise to successive causes of action).

[11]  See Fisher-Price's Memorandum of Law in Support of Motion for Summary Judgment (Docket No. 100) at 9.

- 5 -

In its Second Amended Complaint, DI alleges that Fisher-Price's decision to cease sending new business to DI because of the pending litigation between the parties was wrongful and entitles DI to an award of punitive damages.[12] But the conduct alleged occurred in or about the Fall of 2003,[13] *more than two and a half years after the alleged misappropriation.* Accordingly, Fisher-Price's lawful business decision, which was remote in time to the disclosure of the alleged secret to the public, was causally unrelated to the harm alleged and thus lacks the nexus to DI's harm that is required to allow DI to introduce evidence of such lawful conduct to support its punitive damages claim.[14]

### C. Allowing the Introduction of Such Evidence Would Be Unfairly Prejudicial to Fisher-Price

Under Federal Rule of Evidence 403, relevant evidence will be excluded where it is unfairly prejudicial to the opposing party.[15] DI intends to offer evidence at trial that Fisher-Price ceased sending new design projects to DI as a result of the litigation pending between the parties. Its sole purpose in introducing this evidence is to support its punitive damages claim by casting Fisher-Price as a wanton, malicious, reprehensible wrongdoer worthy of punishment. But the conduct DI complains of was both entirely lawful *and* causally unrelated to the harm

---

[12] *See* Second Amended Complaint at ¶ 40 and p. 15, Lane Dec., Ex. A.

[13] *See* Declaration of Bruce Popek, dated May 20, 2005 (Docket No. 109) ¶ 23.

[14] Furthermore, it should be noted that this Court found that DI has never alleged any damages from Fisher-Price's decision to cease sending new design projects to DI. *See* December 14, 2005 Ruling at 58.

[15] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

- 6 -

alleged. Therefore, allowing DI to present evidence of this lawful conduct would be unfairly prejudicial to Fisher-Price. Accordingly, this evidence must be excluded.

### D. The Liability and Punitive Damages Phases of the Trial Should Be Bifurcated

If, however, the Court allows DI to introduce evidence of Fisher-Price's lawful conduct in support of its punitive damages claim (which it should not), the Court should grant Fisher-Price's request to bifurcate the consideration of punitive damages from the remainder of the trial because the issues raised are distinct and easily separable, and because bifurcation would avoid undue prejudice to Fisher-Price.

Bifurcation of the liability and damages phases of a trial is warranted "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . . ."[16] Bifurcation is particularly appropriate where punitive damages are sought because "[e]vidence of [a] defendant's net worth, although relevant to issues concerning [a] claim for punitive damages, can have an adverse effect on jury deliberations concerning liability and compensatory damages."[17]

Here, bifurcation is essential to ensure that Fisher-Price will not be prejudiced by the introduction of evidence of its net worth to a jury that is simultaneously asked to consider the

---

[16] FED. R. CIV. P. 42(b).

[17] *North Dakota Fair Housing Council, Inc. v. Allen*, 298 F. Supp. 2d 897, 899 (D. N.D. 2004) (granting defendant's motion to bifurcate the issues of liability and punitive damages). *See also State Farm Fire & Cas. Co. v. Woods*, 896 F. Supp. 658 (E.D. Tex. 1995) (granting plaintiff State Farm's motion to bifurcate the issue of punitive damages because "[w]hile State Farm's net worth will be relevant to a determination of punitive damages, that same information could severely prejudice the plaintiff in the calculation of actual damages").

- 7 -

issue of Fisher-Price's liability to DI.[18]  In addition, this Court has already ruled that evidence of Fisher-Price's decision to stop sending new projects to DI is not relevant to any claim for compensatory damages.[19]  Therefore, the issue of DI's entitlement to punitive damages is distinct and easily separable from the remainder of the trial.

### Conclusion

For the foregoing reasons, this Court should grant Fisher-Price's motion to preclude DI from introducing evidence of Fisher-Price's lawful conduct in support of its punitive damages claim, or, alternatively, to bifurcate the consideration of punitive damages from the remainder of the trial.

---

[18]  A review of DI's witness and exhibit lists for trial reveals that it is DI's intention to introduce exactly such evidence of Fisher-Price's net worth, as related to DI's claim for punitive damages, and within the context of Fisher-Price's decision to stop sending new projects to DI.  For example, DI plans to call one witness for the purpose of testifying regarding "a) the valuation of Fisher-Price and Mattel and the net worth of those entities as it relates to an award of punitive damages; b) the profit margins of Fisher-Price and Mattel as it relates to disgorgement of profits damages; and c) the termination of DI's business relationship with Fisher-Price."  Plaintiff's Witness List, dated December 22, 2005, at 5-6, Lane Dec., Ex. D.  In addition, DI lists Mattel's public filings as part of its exhibit list.  See Plaintiff's Exhibit List, dated December 22, 2005, at 7, Lane Dec., Ex. E.

[19]  See December 14, 2005 Ruling at 57-59.

- 8 -

Dated: January 6, 2006

**TYLER COOPER & ALCORN, LLP**

By *[signature]*
Jacqueline D. Bucar
e-mail: jbucar@tylercooper.com
Federal Bar No.: ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269

**MILBANK, TWEED, HADLEY,& MCCLOY LLP**
William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PVH 0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

**HODGSON RUSS LLP**
Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200

*Attorneys for Fisher-Price, Inc.*

- 9 -

## CERTIFICATION

The undersigned hereby certifies that copies of the foregoing Memorandum In Support of Defendant's Motion Seeking Preclusion of Evidence of Fisher-Price's Lawful Conduct To Support A Claim For Punitive Damages, or, In The Alternative, Seeking Bifurcation The Trial of This Case, dated January 6, 2006, was sent on the 6th day of January 2006 via first class mail to:

>Gregory J. Battersby, Esq. (Bar No. 07386)
>Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
>Russell D. Dize, Esq. (Bar No. 23064)
>Grimes & Battersby LLP
>488 Main Avenue, Third Floor
>Norwalk, CT 06851-1008
>Telephone: (203) 849-8300
>Facsimile: (203) 849-9300
>
>Peter M. Nolin, Esq. (Bar No. 06223)
>Jay H. Sandak (Bar No. 06703)
>Sandak Hennessey & Greco LLP
>707 Summer Street
>Stamford, CT 06901
>Telephone: (203) 425-4200
>Facsimile: (203) 325-8608

/s/ Jacqueline D. Bucar
Jacqueline D. Bucar