UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and  :
DESIGN INNOVATION, INC.,           :
                                   :
                    Plaintiffs     :
                                   :   Civil No. 303CV222(JBA)
v.                                 :
                                   :   January 6, 2006
FISHER-PRICE, INC.                 :
                                   :
                    Defendant.     :
                                   :

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION SEEKING
PRECLUSION OF EVIDENCE RELATED TO THE
<u>VOICE TECH RESCUE FIRE TRUCK AND VOICE TECH RESCUE JET</u>**

<u>Preliminary Statement</u>

Fisher-Price, Inc. submits this motion in limine in support of its request to preclude Design Innovation, Inc. ("DI") from introducing evidence at trial related to two of the accessories against which DI has made claims: the Voice Tech Rescue Fire Truck and the Voice Tech Rescue Jet. This Court has already dismissed all claims asserted against these two products.

<u>Background</u>

In its motion for leave to file a second amended complaint, DI made claims against various Fisher-Price accessories, including vehicles, playsets, DVDs, and videos which Fisher-Price sold in conjunction with the accused figures.[1] Two of the products that DI made

---
[1] *See* Declaration of Victor G. Reiling, dated February 4, 2004 (Docket No. 36) ¶¶ 2-8.

- 2 -

claims against are the Voice Tech Rescue Fire Truck and the Voice Tech Rescue Jet.[2] In ruling on DI's motion to amend, this Court ruled that the claims against the Voice Tech Rescue Fire Truck and the Voice Tech Rescue Jet all were time-barred, except for the breach of implied contract claim.[3] Then, on December 14, 2005, this Court dismissed DI's breach of implied contract claim with prejudice.[4] Because the Voice Tech Rescue Fire Truck and the Voice Tech Rescue Jet were included in the Second Amended Complaint only to the extent of DI's breach of implied contract claim, those two products are no longer part of this action.

Fisher-Price raised this issue with DI's counsel, but DI has refused to acknowledge that this Court has dismissed DI's claims relating to the Voice Tech Rescue Fire Truck and the Voice Tech Rescue Jet and insists that it will seek damages with respect to these products at trial.[5] Accordingly, Fisher-Price is forced to file this motion in limine to clarify that these two products are no longer part of this action.

---

[2] *See id.*

[3] *See* Ruling on Plaintiffs' Motion for Leave to File a Second Amended Complaint, dated September 30, 2004 (Docket No. 80)(the "September 30, 2004 Ruling") at 7-8.

[4] *See* Ruling on Defendant's Motion for Summary Judgment, dated December 14, 2005 (Docket No. 145) (the "December 14, 2005 Ruling") at 62-63.

[5] *See* E-mail from Edmund J. ("Jed") Ferdinand, III, counsel for plaintiff, to Robert J. Lane, Jr., dated December 22, 2005, Lane Dec., Ex. M. In his e-mail, Mr. Ferdinand states that "Plaintiff believes that even with respect to those two products it can still recover damages in whole or in part on its remaining claims, for reasons that were not put before the Court on the motion to amend." *Id.*

- 3 -

## Argument

### I. THE TORT CLAIMS AGAINST THE VOICE TECH RESCUE JET AND THE VOICE TECH RESCUE FIRE TRUCK WERE DISMISSED BY THIS COURT AS TIME-BARRED

This Court dismissed the tort claims as to the Voice Tech Rescue Fire Truck and the Voice Tech Rescue Jet on DI's motion for leave to file a second amended complaint.[6] On that motion, Fisher-Price opposed the addition of these two claims on the grounds that they were time-barred. This Court agreed with Fisher-Price that DI's tort causes of action were time-barred.[7] The Court noted, however, that DI's claim for breach of implied contract relating to these products was not time-barred.[8] Therefore, the only cause of action asserted against these products in the second amended complaint was DI's claim for breach of implied contract.

---

[6] *See generally* September 30, 2004 Ruling at 7-8.

[7] *See id.* ("This Court agrees . . . that these claims cannot be used as grounds for the misappropriation count . . . of plaintiffs' Second Amended Complaint, because the February 6, 2004 filing of the proposed Second Amended Complaint came four years after plaintiffs' alleged injury occurred . . . exceeding the three year statute of limitations for claims of injury to property. * * * [T]hey are similarly barred by the applicable limitations period [under CUTPA]. * * * Nor can these claims support [plaintiff's] common law unfair competition [claim], . . . which carries a three year statute of limitations.").

[8] *See id.* at 7 ("These claims, however, are not futile, because they also bear upon plaintiffs' allegation of breach of implied contract . . . which is governed by a six-year statute of limitations.").

- 4 -

II.     **BECAUSE THIS COURT HAS DISMISSED THE BREACH OF IMPLIED CONTRACT CLAIM, THE VOICE TECH RESCUE JET AND THE VOICE TECH RESCUE FIRE TRUCK ARE NO LONGER PART OF THIS ACTION**

On December 14, 2005, this Court dismissed DI's breach of implied contract claim in its entirety and with prejudice,[9] with the effect that there are no causes of action relating to the Voice Tech Rescue Fire Truck or the Voice Tech Rescue Jet remaining in this action. This Court's decisions that DI's tort claims against these products are time-barred and dismissing the breach of implied contract claim are the law of the case. Accordingly, the Voice Tech Rescue Fire Truck and the Voice Tech Rescue Jet are no longer a part of this action, and DI should be precluded from introducing any evidence related to those products at trial.

### Conclusion

For the foregoing reasons, this Court should grant Fisher-Price's motion to preclude DI from introducing evidence at trial seeking damages related to the Voice Tech Rescue Fire Truck and the Voice Tech Rescue Jet.

---

[9]   *See* December 14, 2005 Ruling at 62-63.

- 5 -

Dated: January 6, 2006

**TYLER COOPER & ALCORN, LLP**

By _[signature]_
Jacqueline D. Bucar
e-mail: jbucar@tylercooper.com
Federal Bar No.: ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269

**HODGSON RUSS LLP**
Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000

**MILBANK, TWEED, HADLEY,& MCCLOY LLP**
William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PVH 0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200

*Attorneys for Fisher-Price, Inc.*

## CERTIFICATION

The undersigned hereby certifies that copies of the foregoing Fisher-Price Inc.'s Memorandum in Support of Defendant's Motion Seeking Preclusion of Evidence Related to The Voice Tech Rescue Fire Truck and Voice Tech Rescue Jet, dated January 6, 2006, were sent on the 6th day of January 2006 via first class mail to:

>Gregory J. Battersby, Esq. (Bar No. 07386)
>Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
>Russell D. Dize, Esq. (Bar No. 23064)
>Grimes & Battersby LLP
>488 Main Avenue, Third Floor
>Norwalk, CT 06851-1008
>Telephone: (203) 849-8300
>Facsimile: (203) 849-9300
>
>Peter M. Nolin, Esq. (Bar No. 06223)
>Jay H. Sandak (Bar No. 06703)
>Sandak Hennessey & Greco LLP
>707 Summer Street
>Stamford, CT 06901
>Telephone: (203) 425-4200
>Facsimile: (203) 325-8608

_____
Jacqueline D. Bucar

003279.00136 BFLODOCS 1434776v1