UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., :<br><br>Plaintiffs :<br><br>v. :<br><br>FISHER-PRICE, INC. :<br><br>Defendant. : | Civil No. 303CV222(JBA)<br><br>January 6, 2006 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE
VICTOR REILING FROM TESTIFYING ABOUT
HIS EXPECTATIONS AND SUBJECTIVE, UNEXPRESSED INTENTIONS AT
THE TIME HE SUBMITTED THE REEL HEROES CONCEPT TO FISHER-PRICE**

### Preliminary Statement

Fisher-Price, Inc. submits this memorandum in support of its motion to preclude Victor G. Reiling from denying that he submitted the Reel Heroes concept to Fisher-Price on a non-confidential basis and from testifying that he "expected" the submission to be confidential. Fisher-Price further requests that Reiling be precluded from testifying as to his subjective interpretation of the meaning of the Reel Heroes concept as presented to Fisher-Price on the concept submission forms.

### Argument

I. **THIS COURT'S RULING AND THE PAROL EVIDENCE
RULE BAR REILING FROM TESTIFYING
THAT THE REEL HEROES CONCEPT
WAS SUBMITTED ON A CONFIDENTIAL BASIS**

Reiling testified in his declaration in opposition to Fisher-Price's summary judgment motion that when he submitted the "Reel Heroes" concept to Fisher-Price in October

- 2 -

1998, he "expected" the submission would be confidential.[1] At trial, Reiling should be precluded from denying that he submitted the concept to Fisher-Price on a non-confidential basis, and from testifying that he "expected" the submission to be confidential.

The Court has now ruled that Reiling's submission of the Reel Heroes concept to Fisher-Price was governed by the 1994 Policy and Agreement.[2] As the Court noted, that agreement expressly provides that submissions are not confidential.[3] Reiling should be barred from testifying that the Reel Heroes concept was submitted on a confidential basis, because such testimony would be directly contrary to this Court's finding that he submitted the concept under the 1994 Policy and Agreement, with its disclaimer of confidentiality.

Nor should Reiling be permitted to testify that he had any "expectation" of confidentiality. This testimony would directly contradict Reiling's express agreement to the contrary in the 1994 Policy and Agreement. Testimony that Reiling "expected" confidentiality would violate the parol evidence rule, which New York's Court of Appeals has summarized as follows:

> where the parties have reduced their agreement to an integrated writing, the parol evidence rule operates to exclude evidence of all

---

[1] See Declaration of Victor G. Reiling, dated May 20, 2005 (Docket No. 107) ("Reiling Dec.") ¶¶ 13-14.

[2] Ruling on Defendant's Motion for Summary Judgment (Docket No. 145) at 15, 40.

[3] Id. at 39; 1994 Policy and Agreement, attached to the Declaration of Robert J. Lane, Jr. in Support of Motions in Limine, dated December 31, 2005, as Ex. K, ¶ 1 ("no confidential relationship is to be established by [the] disclosure or implied from our consideration of the submitted material, and the material is not to be considered submitted 'in confidence'").

- 3 -

prior or contemporaneous negotiations between the parties offered to contradict or modify the terms of their writing.[4]

In other words, "[t]he parol evidence rule generally prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements to explain the meaning of a contract that the parties have reduced to an unambiguous integrated writing."[5]

Here, Reiling and Fisher-Price reduced to writing their agreement as to how Fisher-Price would treat submissions submitted by Reiling in the 1994 Policy and Agreement. That agreement expressly provides that it is integrated,[6] and there is nothing ambiguous about its express disclaimer of confidentiality. Any testimony by Reiling about the confidentiality of the "Reel Heroes" submission other than what is contained in the 1994 Policy and Agreement would therefore violate the parol evidence rule. Accordingly, the Court should preclude Reiling from denying that he submitted the concept to Fisher-Price on a non-confidential basis and from testifying that he "expected" the submission to be confidential.

## II. REILING SHOULD BE BARRED FROM TESTIFYING AS TO HIS SUBJECTIVE, UNEXPRESSED INTERPRETATION OF THE CONCEPT

Reiling also testified in his declaration in opposition to Fisher-Price's motion for summary judgment that plaintiffs should not be limited to the descriptions of the "Reel Heroes" concept that Reiling included on the concept submission forms that he provided to Fisher-Price

---

[4] *Marine Midland Bank-Southern v. Thurlow*, 53 N.Y.2d 381, 387, 442 N.Y.S.2d 417, 419 (1981).

[5] *Gualandi v. Adams*, 385 F.3d 236, 241 (2d Cir. 2004) (citing 11 Richard A. Lord, Williston on Contracts § 33:1 at 541 (4th ed. 1999)).

[6] Lane Dec. Ex. K at ¶ 7 ("[t]his Agreement is the entire understanding between the parties and no change in Agreement or modification shall be effective unless executed in writing.")

- 4 -

in October 1998.[7] He further testified that "[t]he description on the Concept Submission Form was not intended to be a precise definition of the concept"[8] and that "[i]t was not intended to show all possible executions of the concept or limit the concept to the exact mechanisms that were disclosed in the prototype."[9] At no point, however, does Reiling testify that he in any way communicated to Fisher-Price his own alternative interpretations of the written descriptions he provided to them. Accordingly, Reiling should be barred from presenting such testimony at trial.

### A. A Party to an Agreement May Not Testify as to His Unexpressed Intention At the Time the Agreement Was Made

Reiling may not testify as to his subjective, uncommunicated interpretation of what the descriptions on his concept submission forms *meant*, as opposed to what they *said*, because a party's subjective, unexpressed intent is irrelevant to the interpretation of a written agreement.

It is established law that a party may not testify as to its subjective, unexpressed intent at the time of the formation of a contract.[10] In particular, where one party's subjective

---

[7] *See* Reiling Dec. ¶ 28.

[8] *Id.*

[9] *Id.* at ¶ 29.

[10] *See, e.g., Dillon v. Anderson*, 43 N.Y. 231, 237 (1870) ("[T]hat an act should be held to have or not to have effect, and one party to it, to be bound or not as the other party to it should, by his undisclosed purpose, have determined, is warranted by no sound principle."). In *Dillon*, the New York Court of Appeals found that it was improper for an attorney to ask the defendant witness whether he "intend[ed] to make an individual contract," because that question "called for his purpose mentally formed, but undisclosed, to the plaintiff." *Id.* at 236. *See also Lubrication & Maint., Inc. v. Union Res. Co.*, 522 F. Supp. 1078, 1081 (S.D.N.Y. 1981); *Hotchkiss v. Nat'l City Bank*, 200 F. 287, 293 (S.D.N.Y. 1911), *aff'd* 201 F. 664 (2d Cir. 1912), *aff'd sub nom. Nat'l City Bank v. Hotchkiss*, 231 U.S. 50 (1913)):

...

- 5 -

interpretation of the intent of the contract was not communicated to the other party until after litigation had commenced, that interpretation "cannot be used to establish that [the parties] had such intent and understanding when they entered into the . . . contract."[11]

Fisher-Price's only understanding of Reiling's submissions was determined by the descriptions included in the forms prepared and provided to them by Reiling, as well as in the Option Agreement, not by what Reiling may have interpreted or intended the descriptions to mean.  Accordingly, Reiling may not now, in the midst of this litigation, propose to interpret the concept submission forms or other submission documents by testifying as to his own, subjective, unexpressed interpretation, rather than by what the documents themselves show.

### Conclusion

The Court should grant Fisher-Price's motion in limine to preclude Reiling from testifying that he "expected" confidentiality in his submission, from denying that he submitted

---

A contract has, strictly speaking, nothing to do with the personal, or individual, intent of the parties.  A contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent.  If, however, it were proved by twenty bishops that either party, when he used the words, intended something else than the usual meaning which the law imposes upon them, he would still be held, unless there were some mutual mistake, or something else of the sort.  Of course, if it appear by other words, or acts, of the parties, that they attribute a peculiar meaning to such words as they use in the contract, that meaning will prevail, but only by virtue of the other words, and not because of their unexpressed intent.

See also *Mencher v. Weiss*, 306 N.Y. 1, 7 (1953) ("[It] is well-established contract law that in determining whether the parties possessed the necessary intention to contract, an objective test is generally to be applied.  That means, simply, that the manifestation of a party's intention rather than the actual or real intention is ordinarily controlling.") (internal quotation marks and citations omitted) (alteration in original); *Tarantola v. Williams*, 48 A.D.2d 552, 554, 371 N.Y.S.2d 136, 139 (2d Dep't 1975) ("[T]he subjective notions of parties to contracts do not determine the legal rights and duties created by a writing of the agreement.").

[11] *Ingersoll Milling Mach. Co. v. M/V Bodena*, 619 F. Supp. 493, 506 (S.D.N.Y. 1985).

- 6 -

the concept to Fisher-Price on a non-confidential basis, and from testifying as to his subjective, unexpressed interpretation of what the description on the Reel Heroes concept submission form meant as opposed to what it said.

Dated: January 6, 2006

**TYLER COOPER & ALCORN, LLP**

By *[signature]*
Jacqueline D. Bucar
e-mail: jbucar@tylercooper.com
Federal Bar No.: ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269

**MILBANK, TWEED, HADLEY,& MCCLOY LLP**
William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PVH 0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

**HODGSON RUSS LLP**
Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200

*Attorneys for Fisher-Price, Inc.*

## CERTIFICATION

The undersigned hereby certifies that copies of the foregoing Fisher-Price Inc.'s Memorandum in Support of Defendant's Motion to Preclude Victor Reiling from Testifying about his Expectations and Subjective, Unexpressed Intentions at the Time He Submitted the Reel Heroes Concept to Fisher-Price, dated January 6, 2006, was sent by U.S. Postal Service, first class mail, to the attorneys of record recited below on this 6th day of January, 2006.

Greogry J. Battersby, Esq. ( Bar No. 07386)
Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
Russell D. Dize, Esq. (Bar No. 23064)
Grimes & Battersby LLP
488 Main Avenue, Third Floor
Norwalk, CT  06851-1008
Telephone:  (203) 849-8300
Facsimile:  (203) 849-9300

Peter M. Nolin, Esq. (Bar No. 06223)
Jay H. Sandak (Bar No. 06703)
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT  06901
Telephone:  (203) 425-4200
Facsimile:  (203) 325-8608

_____
Jacqueline D. Bucar (CT 01187)