## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and  :
DESIGN INNOVATION, INC.,           :
                                   :
          Plaintiffs,            :
                                   :          Civil No. 303CV222(JBA)
                                   :
    v.                           :
                                   :          January 6, 2006
FISHER-PRICE, INC.                 :
                                   :
          Defendant.            :
                                   :

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
### SEEKING PRECLUSION OF THE TERM "BLACKBALL" AND
### REFERENCES TO THE ATTORNEYS' PLACES OF RESIDENCE

     Fisher-Price, Inc. submits this memorandum in support of its motion, pursuant to

Federal Rules of Evidence 401, 402, and 403, for in limine rulings: (1) precluding Design

Innovation, Inc. ("DI") from using pejorative terminology; and (2) precluding DI from referring

to the attorneys' places of residence.

### Argument

### I.    DI SHOULD BE BARRED FROM USING PEJORATIVE TERMINOLOGY TO DESCRIBE FISHER-PRICE'S ACTIONS

     DI should be barred from using pejorative terminology to describe Fisher-Price's

actions. DI has used the term "blackball" in papers submitted to the Court and in oral argument

to describe Fisher-Price's decision to cease sending DI new work-for-hire projects. Allowing DI

to use pejorative terminology, such as the term "blackball," would be irrelevant and unduly

prejudicial to Fisher-Price and runs the risk of confusing and misleading the jury. *See* Fed R.

Evid. 401, 402, 403.

Determinations as to where rhetoric ends and epithet begins are within the Court's discretion and require a balancing of various factors including accuracy, prejudice, frequency of usage, and availability of alternate terminology.[1] Here, it is clear that the term "blackball" crosses the line. The term "blackball," and related terms such as "blackballed" or "blackballing," are clearly pejorative. Furthermore, DI's use of the term "blackball" inaccurately portrays DI's position. While DI alleges that Fisher-Price refused to deal with DI — which the Court has already held was lawful conduct[2] — they have not alleged and cannot allege that Fisher-Price attempted to prevent DI from dealing with others in the industry. The term "blackball" inaccurately insinuates a concerted effort on the part of Fisher-Price to interfere with or prevent DI's dealings with others in the industry. If DI is allowed to use the term, it will substantially prejudice Fisher-Price without providing any relevant beneficial information to the jury. *See* Fed. R. Evid. 401-403. Accordingly, the Court should preclude DI's principals from using the term "blackball" in their testimony, and preclude DI from otherwise using pejorative terms such as "blackball" in their arguments or other communications to the jury.

## II.   DESIGN INNOVATION SHOULD BE PRECLUDED FROM REFERRING TO THE ATTORNEYS' PLACES OF RESIDENCE

Fisher-Price also seeks a ruling precluding any reference to the place of residence of any attorney appearing at trial. An attorney's place of residence obviously has no relevance to the issues in this case. Referring to an attorney's out-of-town residence has the potential to

---

[1]    *See United States v. Felton*, 417 F.3d 97, 103 (1st Cir. 2005) ("It is hard to lay down a general rule as to epithet and rhetoric because the considerations are matters of degree: these include accuracy in description, threat of unfair prejudice, frequency of use, and alternative means of description."). *See also Novo Nordisk v. Becton Dickinson*, 304 F.3d 1216, 1220 (Fed. Cir. 2002) (use of inflammatory statements is improper, and should not condoned by the Court); *Genzyme Corp. v. Atrium Medical Corp.*, 315 F. Supp. 2d 552, 561-62, 586 (D. Del. 2005) (use of pejorative terminology is inappropriate).

[2]    Ruling on Defendant's Motion for Summary Judgment (Docket No. 145) at 57-58.

- 2 -

unfairly prejudice the jury against the party represented by that attorney, while referring to an

attorney's local residence has the potential to make a favorable impression upon the jury. Thus,

any reference to the attorneys' places of residence should be precluded pursuant to Federal Rules

of Evidence 401, 402, and 403.

### Conclusion

For the foregoing reasons, the Court should: (1) preclude DI's principals from

using the term "blackball" in their testimony and further preclude DI from using pejorative terms

such as "blackball" in their arguments or other communications to the jury; and (2) preclude DI

from referring to the attorneys' places of residence.

Dated: January 6, 2006

**TYLER COOPER & ALCORN, LLP**

By _Jacqueline D Bucar_

Jacqueline D. Bucar
e-mail: jbucar@tylercooper.com
Federal Bar No.: ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269


**HODGSON RUSS LLP**

Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000


**MILBANK, TWEED, HADLEY,&**
**MCCLOY LLP**
William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PVH 0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500


**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200


*Attorneys for Fisher-Price, Inc.*

## CERTIFICATION

The undersigned hereby certifies that copies of the foregoing Memorandum In

Support of Defendant's Motion Seeking Preclusion of The Term "Blackball" and References To

The Attorneys' Places of Residence, dated January 6, 2006, was sent on the 6th day of January

2006 via first class mail to:

> Gregory J. Battersby, Esq. (Bar No. 07386)
> Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
> Russell D. Dize, Esq. (Bar No. 23064)
> Grimes & Battersby LLP
> 488 Main Avenue, Third Floor
> Norwalk, CT 06851-1008
> Telephone:  (203) 849-8300
> Facsimile:  (203) 849-9300
>
> Peter M. Nolin, Esq. (Bar No. 06223)
> Jay H. Sandak (Bar No. 06703)
> Sandak Hennessey & Greco LLP
> 707 Summer Street
> Stamford, CT 06901
> Telephone:  (203) 425-4200
> Facsimile:  (203) 325-8608

_____
Jacqueline D. Bucar

003279/00136 BFLODOCS 1434629v1

- 4 -