## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., | : : : | |
| Plaintiffs | : : | Civil No. 303CV222(JBA) |
| v. | : : | |
| FISHER-PRICE, INC. | : : | |
| Defendant. | : : | |

## JOINT TRIAL MEMORANDUM

1.     **Trial Counsel for Design Innovation, Inc.**

*Sandak Hennessey & Greco, LLP*
Peter M. Nolin, Esq.
Jay H. Sandak, Esq.
707 Summer Street
Stamford, Connecticut 06901-1026
(p) (203) 425-4200
(f) (203) 325-8608
jsandak@shglaw.com
pnolin@shglaw.com

*Grimes & Battersby, LLP*
Edmund J. Ferdinand, III, Esq.
Russell D. Dize, Esq.
488 Main Avenue
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300
ferdinand@gandb.com
dize@gandb.com

**Trial Counsel for Fisher-Price, Inc.**

*Hodgson Russ LLP*
Robert J. Lane, Jr.
Jodyann Galvin
One M&T Plaza, Suite 2000
Buffalo, NY 14203
Telephone:  (716) 856-4000
Facsimile:  (716) 849-0349

*Milbank Tweed Hadley & McCloy LLP*
William E. Wallace, III
Jay I. Alexander
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500
Facsimile:   (202) 263-7511

*Tyler Cooper & Alcorn, LLP*
Jacqueline D. Bucar
Robert W. Allen
205 Church Street
P.O. Box 1936
New Haven, CT  06509-0906
Telephone:  (203) 784-8269
Facsimile:  (203) 865-7865

**2.      Jurisdiction**

Plaintiff claims federal subject matter jurisdiction is based upon 28 U.S.C. § 1332,

in that this is a dispute between citizens of different states and the amount in controversy

exceeds $75,000 exclusive of interest and costs.

**3.      Jury/Non-Jury**

Design Innovation has demanded that this case be tried to a jury.  Fisher-Price

contests Design Innovation's entitlement to a jury for the reasons set forth in Fisher-

Price's Motion to Strike the Jury Demand, filed December 30, 2005.

**4.      Length of Trial**

Defense counsel anticipates that the trial of this case will require 15 days of

evidence.  Based upon the current number of proposed witnesses, Plaintiff believes that

fifteen trial days is a realistic estimate.

**5(a).   Design Innovation's Statement of Further Proceedings**

The following motions are currently pending and require further action by the

Court prior to trial:

(a)     On December 28, 2005, Defendant filed a Motion for Reconsideration with respect to the Court's summary judgment ruling;

(b)     On December 29, 2005, Plaintiff Design Innovation and former-Plaintiff Victor G. Reiling Associates filed a Motion for Reconsideration with respect to portions of the Court's summary judgment ruling;

(c)     On December 29, 2005, the parties filed a Joint Motion for Opening Statements;

(d)     On December 30, 2005, Defendant filed a Motion to Strike Jury; and

(e)     Plaintiff seeks relief on its Motions in Limine and its objections to Defendant's exhibits, witness, and jury instructions, filed herewith.

**5(b).   Fisher-Price, Inc.'s Statement of Further Proceedings**

Fisher-Price requests resolution of its motion for reconsideration.  If the relief requested is granted, the result will be a dismissal of all remaining claims.  Fisher-Price also requests that the Court give immediate consideration to its motion to strike Design Innovation's jury demand.  Finally, Fisher-Price seeks relief on its motions in limine numbers 1 through 10, its objections to plaintiff's exhibits, witness, and jury instructions, and possible objections to voir dire questions, to be addressed on January 4, 2006.

**6(a).   Design Innovation's Statement of the Nature of Case**

Plaintiff Design Innovation is an independent toy design firm which develops concepts for new toys.  Plaintiff developed a new toy concept specifically for Defendant's existing "Rescue Heroes" line of action figures, which line includes police officers, firefighters and other emergency personnel, all of whom wear backpacks.

Plaintiff conceived of an idea for adding an image component to the backpack of each "Rescue Heroes" action figure that enhanced role play for the child by depicting the mission of that particular "Rescue Heroes" character. For example, the backpack of the firefighter character would display images related to a fire.

Plaintiff's concept was disclosed to Defendant at a meeting in 1998, after which Plaintiff submitted a prototype, drawings illustrating the concept and a document summarizing the concept to Defendant. Defendant expressed initial interest in the concept and entered into a written Option Agreement with Plaintiff, under which Defendant had the exclusive right to license the concept for a fixed period of time in exchange for the payment of an option fee. Defendant paid Plaintiff two (2) separate option fees to hold the property. The Option Agreement expired without Defendant exercising the option. When Defendant informed Plaintiff that the concept was too expensive, Plaintiff submitted alternate executions of the concept on two separate occasions. Shortly after the final submission was rejected, Defendant introduced a product which incorporated Plaintiff's concept, namely, an image component on the backpack of each "Rescue Heroes" action figure that enhanced role play for the child by depicting the mission of that particular "Rescue Heroes" character. Defendant has since changed its execution of the concept on several occasions, but the same basic underlying concept remains. Defendant also has expanded its use of the concept into, *inter alia*, accessories and playsets for the characters.

Plaintiff alleges that Defendant has misappropriated its novel concept. Plaintiff has brought claims for misappropriation of an idea, unfair competition and for an accounting of all of Defendant's sales of products which utilize Plaintiff's concept and all

line extensions related thereto. As damages Plaintiff seeks either disgorgement of Defendant's profits or Plaintiff seeks lost profits which may be calculated either assuming the reasonable royalty which it would have received had Defendant rightfully compensated Plaintiff or some other amount based on the profits made by Defendant. Plaintiff also seeks as punitive damages the greater of: 1) Fisher-Price's sales of the products at issue less the amount of disgorgement damages Plaintiff is awarded at trial; or 2) the maximum multiple of compensatory damages allowable by law.

Plaintiff has not asserted any claims under either patent or copyright law. Instead, Plaintiff relies upon misappropriation of an idea, which was recognized as a valid cause of action by the Second Circuit in *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368 (2nd Cir. 2000). *Nadel*, which involved an inventor's submission of a toy concept to a toy manufacturer, discusses the manner in which the toy invention industry operates, namely, inventors regularly make submissions of new toy concepts to toy companies with the expectation that they will be compensated, typically by the payment of a royalty, if their concept is used by the toy company. Since these concepts are just that—concepts, the parties understand that the toy company will frequently make changes to the underlying concept to enhance commercialization, yet will still compensate the inventor for the underlying concept.

**6(b).    Fisher-Price's Statement of the Nature of Case**

Design Innovation, Inc., is in the business of providing design services, modeling, sculpting and concepting on a work-for-hire basis. A very small percentage of Design Innovation's work relates to the submission of concepts on a speculative basis to toy manufacturers, for which Design Innovation could receive compensation on a royalty

basis.  In the past, Design Innovation has provided outside design services to Fisher-Price.  Fisher-Price manufactures and sells toys and other children's products.  Fisher-Price has an internal design staff responsible for the design and engineering of the vast majority of its products.   Fisher-Price also accepts submissions of toy ideas from approved outside inventors.

In 1997, Fisher-Price introduced the Rescue Heroes, a line of chunky and sturdy action figures geared toward pre-schoolers and based on the theme of rescues.  The idea for the Rescue Heroes action figures originated in a preliminary design team called the New Opportunities Group in 1996.  The "Equip-Men," as the figures were originally called, featured exaggerated characters who had large, attached tools and removable backpacks that would be easy for a pre-schooler to manipulate.

Once the idea of Equip-Men gained momentum within Fisher-Price, the responsibility for developing them into Rescue Heroes was transferred to Fisher-Price's Boys Team.  In 1997, the Boys Team refined the concept and design and worked on a companion video and cartoon television program to promote Rescue Heroes.  Immediately after the launch of the Rescue Heroes action figures, the Boys Team began brainstorming about how to expand and improve the line.  The Boys Team determined to add voice to the action figures to complement the television cartoon program and to enable children to act out the Rescue Heroes themes of teamwork and communication.  After working on several possible iterations of talking Rescue Heroes figures, the Boys Team decided to incorporate relatively simple electronic computer chips in the removable backpack of each Rescue Hero figure which activated electronic speech embedded in the

figure itself. These figures were named "Voice Tech" Rescue Heroes. Over the next three years, Fisher-Price improved the Voice Tech figures' speech capability, evolving toward a system in which the figures appeared to speak directly to and respond to one another. These improvements were embodied in the Voice Tech Mission Command, Voice Tech Video Mission and Mission Select teams of Rescue Heroes figures.

Design Innovation claims that it developed a concept for Fisher-Price's existing line of Rescue Heroes action figures together with Mr. Victor Reiling of Victor G. Reiling Associates, as partners sharing expenses and profits equally. Mr. Reiling initially submitted the concept to Fisher-Price in October 1998, and two subsequent unsolicited revised submissions were made in May 1999 and December 2000. Design Innovation and Reiling called their submission "Reel Heroes." Design Innovation had no direct contact with Fisher-Price relating to the Reel Heroes concept. All interactions with Fisher-Price were handled by Mr. Reiling. Design Innovation did not want to appear to Fisher-Price to be a co-submitter with Mr. Reiling because its principals were concerned that it would cause confusion with the work-for-hire relationship Design Innovation had with Fisher-Price. In fact, prior to and after 1999, Design Innovation did work-for-hire on the Rescue Heroes line of products and was fully compensated for that work.

In early 1999, Fisher-Price agreed with Reiling and Design Innovation that Fisher-Price could review the Reel Heroes submission for an exclusive period of three months for a fee paid to Reiling and Design Innovation. After review by certain Fisher-Price designers who worked on the Rescue Heroes line, however, Fisher-Price decided not to proceed with the Reel Heroes submission.

The Court has already determined that Mr. Reiling submitted the Reel Heroes concept pursuant to a Fisher-Price Policy and Agreement under which Mr. Reiling waived all claims against Fisher-Price. The Policy and Agreement also contained an express disclaimer by Fisher-Price that it did not accept inventor submissions in confidence because confidential relationships created obligations which Fisher-Price was not willing to assume, along with a waiver of any implied agreements. Design Innovation's implied contract claim was dismissed by the Court because the parties' February 1999 Option Agreement governed the same subject matter as the alleged implied contract.

Design Innovation now claims that three premium voice-based Rescue Heroes figures "use" the Reel Heroes concept: Voice Tech Mission Command, Voice Tech Video Mission and Mission Select. A claim against another line of basic Rescue Heroes figures, the Optic Force, has been dismissed, except for a single figure, the Telly Photo character. Design Innovation also makes claims against Rescue Heroes vehicles and playsets because they are "line extensions" of the figure lines. Design Innovation has not made any claim that Fisher-Price breached the Option Agreement or any other express agreement. Design Innovation's claim for breach of implied contract has been dismissed by the Court.

Design Innovation now proceeds as the only plaintiff with one remaining claim: misappropriation/unfair competition. Fisher-Price contends that Design Innovation cannot prove the elements of a misappropriation claim. Specifically, Fisher-Price contests that: (1) Design Innovation's concept was submitted on a confidential basis; (2)

the concept was novel in absolute terms; (3) Fisher-Price used the concept; or (4) that the concept was sufficiently concrete to merit protection.

7.      **Trial By Magistrate Judge**

The parties do not consent to a trial by Magistrate Judge.

8(a).   **Design Innovation's List of Witnesses**

Plaintiff, Design Innovation, Inc. ("DI"), respectfully submits the following list of witnesses expected to be called by Plaintiff to testify at trial, either directly or through deposition testimony:

1.      Victor G. Reiling  (Victor G. Reiling Associates, 119 North Main Street, P.O. Box 677, Kent, Connecticut  06757).  Mr. Reiling is the co-inventor of Plaintiff's concept.  He is expected to testify regarding: a) the development of Plaintiff's concept; b) the submission of Plaintiff's concept to Fisher-Price; c) negotiations with Fisher-Price regarding Plaintiff's concept; d) the relationship between Victor G. Reiling Associates and DI; e) his personal experiences with regard to other submissions he has made to Fisher-Price, Inc. ("Fisher-Price") and its parent company, Mattel, Inc. ("Mattel"), including agreements entered into with those entities; f) his personal experiences with regard to making inventor submissions to toy companies other than Fisher-Price and Mattel, including agreements entered into with those entities; g) the definition of Plaintiff's concept; h) the three executions of Plaintiff's concept submitted to Fisher-Price; i) the negotiation and execution of the Option Agreement with Fisher-Price regarding Plaintiff's concept; j) the discovery of Fisher-Price's unauthorized use of Plaintiff's concept; k) the novelty of Plaintiff's concept; l) the incorporation of Plaintiff's concept into Fisher-Price's Rescue Heroes line of products and line extensions; m) the similarities between Plaintiff's

concept and concept submissions, on the one hand, and Fisher-Price's Rescue Heroes line

of products and line extensions; n) communications with Fisher-Price and Design

Innovation regarding Plaintiff's concept, Plaintiff's submissions and the termination of

DI's business relationship with Fisher-Price.

      2.     Bruce Popek  (Design Innovation, Inc., 20 Tower Lane, Avon, CT

06001).  Mr. Popek is a principal of Plaintiff DI.  He is expected to testify regarding: a)

the development of Plaintiff's concept; b) the submission of Plaintiff's concept to Fisher-

Price; c) negotiations with Fisher-Price regarding Plaintiff's concept; d) the relationship

between Victor G. Reiling Associates and DI; e) his personal experiences with regard to

other submissions DI has made to Fisher-Price, Inc. and its parent company, Mattel, Inc.,

including agreements entered into with those entities; f) his personal experiences with

regard to making inventor submissions to toy companies other than Fisher-Price and

Mattel, including agreements entered into with those entities; g) the definition of

Plaintiff's concept; h) the three executions of Plaintiff's concept submitted to Fisher-

Price; i) the negotiation and execution of the Option Agreement with Fisher-Price

regarding Plaintiff's concept; j) the discovery of Fisher-Price's unauthorized use of

Plaintiff's concept; k) the novelty of Plaintiff's concept; l) the incorporation of Plaintiff's

concept into Fisher-Price's Rescue Heroes line of products and line extensions; m) the

similarities between Plaintiff's concept and concept submissions, on the one hand, and

Fisher-Price's Rescue Heroes line of products and line extensions; n) communications

with Fisher-Price and Victor G. Reiling regarding Plaintiff's concept, Plaintiff's

submissions and the termination of DI's business relationship with Fisher-Price; o) the

termination of DI's business relationship with Fisher-Price; p) damages suffered by DI as a result of the termination of DI's business relationship with Fisher-Price.

      3.    Bruce Benedetto  (Design Innovation, Inc., 20 Tower Lane, Avon, CT 06601). Mr. Benedetto is a principal of Plaintiff DI. He is expected to testify regarding: a) the development of Plaintiff's concept; b) the submission of Plaintiff's concept to Fisher-Price; c) negotiations with Fisher-Price regarding Plaintiff's concept; d) the relationship between Victor G. Reiling Associates and DI; e) his personal experiences with regard to other submissions DI has made to Fisher-Price, Inc. and its parent company, Mattel, Inc., including agreements entered into with those entities; f) his personal experiences with regard to making inventor submissions to toy companies other than Fisher-Price and Mattel, including agreements entered into with those entities; g) the definition of Plaintiff's concept; h) the three executions of Plaintiff's concept submitted to Fisher-Price; i) the negotiation and execution of the Option Agreement with Fisher-Price regarding Plaintiff's concept; j) the discovery of Fisher-Price's unauthorized use of Plaintiff's concept; k) the novelty of Plaintiff's concept; l) the incorporation of Plaintiff's concept into Fisher-Price's Rescue Heroes line of products and line extensions; m) the similarities between Plaintiff's concept and concept submissions, on the one hand, and Fisher-Price's Rescue Heroes line of products and line extensions; n) communications with Fisher-Price and Victor G. Reiling regarding Plaintiff's concept, Plaintiff's submissions and the termination of DI's business relationship with Fisher-Price; o) the termination of DI's business relationship with Fisher-Price; p) damages suffered by DI as a result of the termination of DI's business relationship with Fisher-Price.

4.      <u>Doug Melville</u>  (Design Innovation, Inc., 20 Tower Lane, Avon, CT 06601).  Mr. Melville is a principal of Plaintiff DI.  He is expected to testify regarding: a) the development of Plaintiff's concept; b) the submission of Plaintiff's concept to Fisher-Price; c) negotiations with Fisher-Price regarding Plaintiff's concept; d) the relationship between Victor G. Reiling Associates and DI; e) his personal experiences with regard to other submissions DI has made to Fisher-Price, Inc. and its parent company, Mattel, Inc., including agreements entered into with those entities; f) his personal experiences with regard to making inventor submissions to toy companies other than Fisher-Price and Mattel, including agreements entered into with those entities; g) the definition of Plaintiff's concept; h) the three executions of Plaintiff's concept submitted to Fisher-Price; i) the negotiation and execution of the Option Agreement with Fisher-Price regarding Plaintiff's concept; j) the discovery of Fisher-Price's unauthorized use of Plaintiff's concept; k) the novelty of Plaintiff's concept; l) the incorporation of Plaintiff's concept into Fisher-Price's Rescue Heroes line of products and line extensions; m) the similarities between Plaintiff's concept and concept submissions, on the one hand, and Fisher-Price's Rescue Heroes line of products and line extensions; n) communications with Fisher-Price and Victor G. Reiling regarding Plaintiff's concept, Plaintiff's submissions and the termination of DI's business relationship with Fisher-Price; o) the termination of DI's business relationship with Fisher-Price; p) damages suffered by DI as a result of the termination of DI's business relationship with Fisher-Price.

5.      <u>Brian Manzolli</u>  (Design Innovation, Inc., 20 Tower Lane, Avon, CT 06601).  Mr. Manzolli is expected to testify regarding the creation and development of Fisher-Price's Optic Force Rescue Heroes "Telly Photo" character.

6.    <u>James M. Kipling</u>  (Frost Brown Todd LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, OH  45202-4182).  Mr. Kipling is an expert witness for the Plaintiff.  He is expected to testify regarding: a) custom and practice in the toy industry regarding concept submissions from outside toy inventors to toy companies; b) the nature of independent toy inventors; c) the forms used in the toy industry through which inventors submit their concepts to toy companies; d) Fisher-Price's Policy and Agreement form; e) the concept submission and evaluation process; f) significance of the Option Agreement between Fisher-Price, DI and Victor G. Reiling; g) the definition of Plaintiff's concept; h) the incorporation of Plaintiff's concept into Fisher-Price's Rescue Heroes line of products and line extensions; i) the similarities between Plaintiff's concept and concept submissions, on the one hand, and Fisher-Price's Rescue Heroes line of products and line extensions; j) the Fisher-Price Rescue Heroes products and line extensions on which a royalty is owed to Plaintiff; k) the novelty of Plaintiff's concept; l) differences between the prior art cited by Fisher-Price and Plaintiff's concept and concept submissions; m) the reasonable royalty in this case; and n) flaws in the opinions and analysis of Defendants' experts.

7.    <u>Alan Ratliff</u>  (The StoneTurn Group, LLP, Two Allen Center, 1200 Smith Street, Suite 1600, Houston, TX  77002).  Mr. Ratliff is an expert witness for the Plaintiff.  He is expected to testify regarding: a) Fisher-Price's revenue from the sales of accused products; b) disgorgement of profits as a measure of damages to Plaintiff; c) the calculation of disgorgement of profits damages in this case; and d) flaws in the opinions and analysis of Defendants' damages expert.

8.     Neil Friedman  (Fisher-Price, Inc., 675 Avenue of the Americas, New York, NY  10010).  Mr. Friedman is President of Fisher-Price.  He is expected to testify regarding: a) the valuation of Fisher-Price and Mattel and the net worth of those entities as it relates to an award of punitive damages; b) the profit margins of Fisher-Price and Mattel as it relates to disgorgement of profits damages; and c) the termination of DI's business relationship with Fisher-Price.

9.     Stan Clutton  (Fisher-Price, Inc., 675 Avenue of the Americas, New York, NY  10010).  Mr. Clutton is Vice President of Inventor Relations of Fisher-Price.  He is expected to testify regarding: a) his evaluation of Plaintiff's claim for compensation in this case; b) the termination of DI's business relationship with Fisher-Price; and c) his communications with DI regarding the termination of DI's business relationship with Fisher-Price.

10.    Paul Snyder  (3805 Maulfair Drive, Allentown, PA  18103).  Mr. Snyder is the former Vice President of Inventor Relations of Fisher-Price.  Mr. Snyder is expected to testify regarding: a) the submission of Plaintiff's concept to Fisher-Price; b) the consideration of Plaintiff's concept by Fisher-Price; c) Fisher-Price's access to Plaintiff's concept; d) negotiations between Victor G. Reiling and Fisher-Price regarding Plaintiff's concept; e) correspondence with Victor G. Reiling regarding Plaintiff's concept; f) significance of the Option Agreement between Fisher-Price, DI and Victor G. Reiling; g) Fisher-Price's procedures for handling inventor submissions during the relevant time period; h) Fisher-Price's methods of dealing with outside toy inventors during the relevant time period; i) confidentiality of inventor submissions; j) the manner in which Fisher-Price compensated outside inventors for the use of their concepts during

the relevant time period; k) Plaintiff's entitlement to compensation for their submitted concept.

11.    Ken Morton  (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052).  Mr. Morton was a member of the Fisher-Price Boys Team during the relevant time period.  Mr. Morton is expected to testify regarding: a) Fisher-Price's access to Plaintiff's submissions; b) Fisher-Price's consideration of Plaintiff's submissions; c) the novelty of Plaintiff's concept; d) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and e) confidentiality of inventor submissions.

12.    Tyler Berkheiser (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052).  Mr. Berkheiser was a member of the Fisher-Price Boys Team during the relevant time period.  Mr. Berkheiser is expected to testify regarding: a) Fisher-Price's access to Plaintiff's submissions; b) Fisher-Price's consideration of Plaintiff's submissions; c) the novelty of Plaintiff's concept; d) development of the Fisher-Price Optic Force Rescue Heroes Telly Photo character; e) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and f) confidentiality of inventor submissions.

13.    Chris Pardi  (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052).  Mr. Pardi was in Fisher-Price's marketing group during the relevant time period.  Mr. Pardi is expected to testify regarding: a) Fisher-Price's access to Plaintiff's submissions; b) Fisher-Price's consideration of Plaintiff's submissions; c) the novelty of Plaintiff's concept; d) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and e) confidentiality of inventor submissions.

14.    Jim Bauman  (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052).  Mr. Bauman was a member of the Fisher-Price Boys Team during the relevant

time period. Mr. Bauman is expected to testify regarding: a) the novelty of Plaintiff's concept; b) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and c) confidentiality of inventor submissions.

15.    David Ciganko  (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052). Mr. Ciganko was a member of the Fisher-Price Boys Team during the relevant time period. Mr. Ciganko is expected to testify regarding: a) the novelty of Plaintiff's concept; b) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and c) confidentiality of inventor submissions.

16.    Patricia Grabianowski  (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY  14052). Ms. Grabianowski was a member of Fisher-Price's Inventor Relations department during the relevant time period. Ms. Grabianowski is expected to testify regarding: a) the submission of Plaintiff's concept; b) Fisher-Price's access to Plaintiff's submissions; c) documents evidencing Fisher-Price's consideration of Plaintiff's concept; d) correspondence with Victor G. Reiling regarding Plaintiff's concept; e) Fisher-Price's practices regarding the handling of inventor submissions; f) Fisher-Price's database of inventor submissions; and g) the interpretation of records relating to this case from Fisher-Price's database of inventor submissions.

Plaintiff's Designations of Testimony

If not called as witnesses at trial and subject to the Court's Procedure for avoiding duplicative testimony from witnesses, Plaintiff may offer all the direct and redirect deposition testimony of each of the following witnesses as part of its case in chief:

1.    Paul Snyder (03/09/05)

2.    Jim Bauman (03/16/05)

3.      Tyler Berkheiser (03/17/05; 11/13/03)

4.      David Ciganko (03/17/05; 11/13/03)

5.      Ken Morton (03/18/05)

6.      Chris Pardi (03/16/05; 11/12/03)

7.      Henry Schmidt (11/12/03)

8.      Pat Grabianowski (03/18/05)

9.      Stan Clutton (04/25/05)


**8(b).    Fisher-Price's List of Witnesses**

1.      Martin Arriola
        Mattel, Inc.
        333 Continental Blvd.
        Mail Stop M1-0900
        El Segundo, CA  90245

        Mr. Arriola is a designer at Mattel, Inc.  Mr. Arriola may testify about the design
        and development of the Secret Wars line of action figures with lenticular shields
        that were sold by Mattel.  Mr. Arriola may also testify about the background
        information regarding Secret Wars action figures, including the Secret Wars comic
        book series by Marvel, advertising materials, and success of the Secret Wars lines.


2.      James Bauman
        Fisher-Price, Inc.
        636 Girard Avenue
        East Aurora, NY  14052

        Mr. Bauman is a designer on the Boys Team at Fisher-Price.  Mr. Bauman will
        testify about his role in the development and design of certain of the products
        accused by plaintiffs, including the Aquatic Rescue Command Center, the Voice
        Tech Video Mission Rescue Heroes figures, the Mission Select Rescue Heroes
        figures, and the Mountain Action Command Center.  He may also testify about
        historical toy products.

3.      Susan Baumler
        Hodgson Russ LLP
        One M&T Plaza, Suite 2000
        Buffalo, NY  14203

Ms. Baumler is a paralegal at Hodgson Russ LLP. Ms. Baumler may testify about the source of certain items of prior art presented by Fisher-Price and how she obtained particular items of prior art.

4.      Bruce Benedetto
Design Innovation
20 Tower Lane
Avon, CT 06001

Mr. Benedetto is a principal of plaintiff Design Innovation. Mr. Benedetto is expected to testify about conception of the Reel Heroes concept, the circumstances of the submission to Fisher-Price, and the Option Agreement. Mr. Benedetto is also expected to testify about Design Innovation's work on the Rescue Heroes line of toys, its submission to Toy Biz, and prior art. Mr. Benedetto is also expected to testify about the products accused in this case, documentation submitted to Fisher-Price, and all claims made against Fisher-Price.

5.      Tyler Berkheiser
Fisher-Price, Inc.
636 Girard Avenue
East Aurora, NY 14052

Mr. Berkheiser is a Manager of Design for the Boys Team at Fisher-Price. Mr. Berkheiser will testify about the development of the Rescue Heroes line of toys and the history of the Rescue Heroes characters. Mr. Berkheiser will testify about the development of the Voice Tech Rescue Heroes line. He will testify about his role in the development, design, or supervision over the products accused by plaintiffs. Mr. Berkheiser will also testify about the circumstances in which he saw plaintiffs' prototype and drawing of a cameraman and his reaction to plaintiffs' 1998 submission. Mr. Berkheiser may testify about historical toy products.

6.      Stan Clutton
Fisher-Price Friends
675 Avenue of the Americas, 2nd Floor
New York, NY 10010

Mr. Clutton will testify, if required, about Fisher-Price's decision to discontinue work with Design Innovation and his communications with Design Innovation, as well as Fisher-Price's inventor relations practices

7.       Howard Bollinger
         1332 Landfall Drive
         Wilmington, NC

         Mr. Bollinger will testify regarding the subjects contained in his expert reports.


8.       David Ciganko
         Fisher-Price, Inc.
         636 Girard Avenue
         East Aurora, NY 1 4052

         Mr. Ciganko is a Vice President of Design at Fisher-Price.  Mr. Ciganko will
         testify about his interaction with Carterbench Product Development Ltd. relating
         to Carterbench's submission of Virtual Video, as well as specific submissions to
         Fisher-Price by Carterbench.  Mr. Ciganko is also expected to testify about the
         circumstances of the submission of Team Optics by Bang Zoom and the
         development of Rescue Heroes Optic Force.  Mr. Ciganko may also testify about
         the products accused by plaintiffs and historical toy products.


9.       Tony Favorito
         Fisher-Price, Inc.
         636 Girard Avenue
         East Aurora, NY  14052

         Mr. Favorito is a Director of Product Design at Fisher-Price.  Mr. Favorito may
         testify about the design and development of the Voice Tech Rescue Heroes.  He
         may also testify about historical toy products.


10.      Ronald Fick
         Fisher-Price, Inc.
         636 Girard Avenue
         East Aurora, NY  14052

         Mr. Fick is expected to testify about sales of the products accused by plaintiffs,
         royalties paid to Bang Zoom and Carterbench, and other financial information as
         required.


11.      Steven Fink
         Bang Zoom Ltd.
         2150 Alpine Place
         Cincinnati, OH 45206

- 20 -

Mr. Fink is Vice President-Marketing of Bang Zoom Ltd., a toy invention firm. Mr. Fink will testify about the process of Bang Zoom's concepting, development, and modeling of the "Team Optics" which was named Optic Force when manufactured by Fisher-Price. Mr. Fink will also testify about payment of royalties to Bang Zoom by Fisher-Price on the sales of the Optic Force.

12.     Patricia Grabianowski
        Fisher-Price, Inc.
        636 Girard Avenue
        East Aurora, NY 14052

        Ms. Grabianowski is the Administrator of Inventor Relations at Fisher-Price. Ms. Grabianowski may testify about job duties, her role as document custodian, about documents relating to inventor submissions, including concept submission forms, policy and agreement forms, electronic data, and maintenance of inventor files.

13.     Michael Hoeting
        Bang Zoom Ltd.
        2150 Alpine Place
        Cincinnati, OH 45207

        Mr. Hoeting is a principal of Bang Zoom Ltd., a toy invention firm. He may testify about the process of Bang Zoom's concepting, development, and modeling of the "Team Optics" which was named Optic Force when manufactured by Fisher-Price. Mr. Hoeting is also expected to testify about payment of royalties to Bang Zoom by Fisher-Price on the sales of the Optic Force.

14.     Abram Hoffman
        Abram E. Hoffman, LLC
        3330 Stuyvesant Place, N.W.
        Washington, DC 20015-2454

        Mr. Hoffman is expected to testify regarding the subjects contained in his expert reports.

15.     Brian Manzolli
        Design Innovation Inc.
        20 Tower Lane
        Avon, CT 06001

        Mr. Manzolli is currently a designer with plaintiff Design Innovation. He was formerly a designer at Fisher-Price where he worked on the Boys Team. Mr.

Manzolli may testify about his work on the design of the Rescue Heroes Optic Force while a designer at Fisher-Price. He may testify about his job duties at Design Innovation and communications with other Design Innovation employees.

16.     Scott May
        WGRZ-TV
        259 Delaware Avenue
        Buffalo, NY 14202

        Mr. May is a television camera person in Western New York. He may testify regarding his likeness being incorporated into the Telly Photo figure in the Rescue Heroes Optic Force.

17.     Thomas McCormack
        Toy Biz
        c/o Marvel Enterprises, Inc.
        10 East 40th Street
        New York, NY 10016

        Mr. McCormack may testify about the submission made by Design Innovation to Toy Biz of the Reel Heroes concept, the circumstances of the submission, and the rejection of the submission.

18.     Doug Melville
        Design Innovation Inc.
        20 Tower Lane
        Avon, CT 06001

        Mr. Melville is a principal of plaintiff Design Innovation. Mr. Melville is expected to testify about conception of the Reel Heroes concept, the circumstances of the submissions to Fisher-Price, and the Option Agreement. Mr. Melville is also expected to testify about Design Innovation's work on the Rescue Heroes line of toys, its submission to Toy Biz, and prior art. Mr. Melville is also expected to testify about the products accused in this case, documentation submitted to Fisher-Price and all claims made against Fisher-Price.

19.     Kenneth Morton
        Fisher-Price, Inc.
        636 Girard Avenue
        East Aurora, NY 14052

        Mr. Morton is a Vice President of Design at Fisher-Price. He will testify about his

role in the development of the Rescue Heroes line of products. Mr. Morton will also testify about the circumstances under which he saw plaintiffs' submission and his reaction to the submission. Mr. Morton may testify about historical toy products.

20.     Brian Murty
        Fisher-Price, Inc.
        636 Girard Avenue
        East Aurora, NY 14052

        Mr. Murty is a Project Engineer in Corporate Product Integrity at Fisher-Price. He may testify regarding his brother-in-law's, Scott May, likeness being incorporated into the Telly Photo figure in the Rescue Heroes Optic Force.

21.     Zachary Oat
        57B Thiells Road
        Stony Point, NY 10980-3417

        Mr. Oat is expected to testify regarding the subjects contained in his expert reports.

22.     Christopher Pardi
        Fisher-Price, Inc.
        636 Girard Avenue
        East Aurora, NY 14052

        Mr. Pardi is a Director of Marketing at Fisher-Price. He may testify about his review of the plaintiffs' 1998 submission, as well as his reaction to the submission. Mr. Pardi may also testify about the accused products.

23.     Peter Pook
        2815 Hampton Circle East
        Delray Beach, FL 33445

        Mr. Pook is a former Fisher-Price employee. He may testify about communications with plaintiffs or their counsel. He may testify about Fisher-Price's inventor relations documentation, practices, and procedures. Finally, he may testify about his role in the development of the Rescue Heroes line of products.

24.     Bruce Popek
        Design Innovation Inc.
        20 Tower Lane
        Avon, CT 06001

        Mr. Popek is a principal of plaintiff Design Innovation. Mr. Popek is expected to
        testify about conception of the Reel Heroes concept, the circumstances of the
        submission to Fisher-Price, and the Option Agreement. Mr. Popek is also
        expected to testify about Design Innovation's work on the Rescue Heroes line of
        toys, its submission to Toy Biz, and prior art. Mr. Popek is also expected to testify
        about the products accused in this case, documentation submitted to Fisher-Price,
        and all claims made against Fisher-Price.


25.     Victor G. Reiling
        119 North Main Street
        P.O. Box 677
        Kent, CT  06757

        Mr. Reiling is a principal of plaintiff Design Innovation. Mr. Reiling is expected
        to testify about conception of the Reel Heroes concept, the circumstances of the
        submission to Fisher-Price, and the Option Agreement. Mr. Reiling is also
        expected to testify about Design Innovation's work on the Rescue Heroes line of
        toys, its submission to Toy Biz, and prior art. Mr. Reiling is also expected to
        testify about the products accused in this case, documentation submitted to Fisher-
        Price, and all claims made against Fisher-Price.


26.     Suzanne Robinson
        Carterbench Product Development Ltd.
        Fernbank House
        Tytherington Business Park
        MacClesfield, Cheshire SK10 2XA

        Ms. Robinson is an executive with Carterbench Product Development Ltd. Ms.
        Robinson will testify about patented technology for the synchronization of voice
        to the movement of a lenticular lens. Ms. Robinson will also testify about
        Carterbench's submissions to Fisher-Price of ideas incorporating the technology,
        along with Fisher-Price's decision to include it on the Aquatic Rescue Command
        Center (the "ARCC"). Ms. Robinson will testify about Carterbench's ideas of
        other ways of including the technology in other Fisher-Price products. Ms.
        Robinson will testify about Carterbench's role in the development of the ARCC
        and the backpacks of the Voice Tech Video Mission Rescue Heroes figures. Ms.
        Robinson will also testify about the royalties paid to Carterbench on the Aquatic
        Rescue Command Center and Voice Tech Video Mission Rescue Heroes figures.

27.     Chuck Scothon
        Mattel, Inc.
        333 Continental Blvd.
        Mail Stop M1-0900
        El Segundo, CA  90245

        Mr. Scothon may testify about certain of the products accused by plaintiffs.


28.     Paul Snyder
        3805 Maulfair Drive
        Allentown, PA 18103

        Mr. Snyder may testify regarding the October 1998 submission and any contacts
        with Victor Reiling or Design Innovation related to the submission.  He may also
        testify about other communications with plaintiffs or their counsel, as well as
        Fisher-Price's inventor relations documentation, practices, and policies.


29.     Elizabeth M. Tommaney, Esq.
        Osmose Inc.
        980 Ellicott Street
        Buffalo, New York 14209

        Ms. Tommaney may testify about the Option Agreement.


30.     Steven Toth
        Fisher-Price, Inc.
        636 Girard Avenue
        East Aurora, NY  14052

        Mr. Toth is a Director of Inventor Relations at Fisher-Price.  Mr. Toth may testify
        about Fisher-Price's documentation of submissions by outside inventors.


31.     Toy Biz
        c/o Marvel Enterprises, Inc.
        10 East 40th Street
        New York, NY  10016

        A representative may testify about the submission made by Design Innovation to
        Toy Biz of the Reel Heroes concept, the circumstances of the submission, and the
        rejection of the submission.

32.     Brian Trzeciak
        4 Sylcox Road
        Corwall, NY 12518

        Mr. Trzeciak is a former designer on the Boys Team at Fisher-Price. Mr. Trzeciak
        will testify about his design work on the Mission Select Rescue Heroes figures.


33.     Dennis M. Wesolowski, Esq.
        Fisher-Price, Inc.
        636 Girard Avenue
        East Aurora, NY 14052

        Mr. Wesolowski is the General Counsel of Fisher-Price. He may testify regarding
        certain contracts entered into by Fisher-Price relating to the Rescue Heroes
        products.


34.     Ross Worthington
        Carterbench
        Carterbench Product Development Ltd.
        Fernbank House
        Tytherington Business Park
        MacClesfield, Cheshire SK10 2XA

        Mr. Worthington is an executive with Carterbench, an invention house in the
        United Kingdom. He may testify about patented technology for the
        synchronization of voice to the movement of a lenticular lens. Mr. Worthington
        may also testify about Carterbench's submissions to Fisher-Price of ideas
        incorporating the technology, along with Fisher-Price's decision to include it on
        the Aquatic Rescue Command Center (the "ARCC"). Mr. Worthington may
        testify about Carterbench's ideas of other ways of including the technology in
        other Fisher-Price products. Mr. Worthington may testify about Carterbench's
        role in the development of the ARCC and the backpacks of the Voice Tech Video
        Mission Rescue Heroes figures. Mr. Worthington may also testify about the
        royalties paid to Carterbench on the Aquatic Rescue Command Center and Voice
        Tech Video Mission Rescue Heroes figures.


35.     Christine Zinter-Chahin
        Fisher-Price, Inc.
        636 Girard Avenue
        East Aurora, NY 14052

Ms. Zinter-Chahin is the Senior Vice President of Research & Development at Fisher-Price. Ms. Zinter-Chahin will testify about the history of Fisher-Price and its products, how Fisher-Price is organized internally, and Fisher-Price's review of outside inventor submissions. She may also testify about historical toy products.

## Fisher-Price, Inc.'s Designations of Testimony

**Peter Pook**, deposition on March 26, 2005
Page 4, Line 24 - Page 5, Line 7
Page 7, Line 18 - Page 8, Line 17
Page 10, Lines 15-20
Page 13, Line 22 - Page 15, Line 25
Page 26, Line 2 - Page 29, Line 23
Page 60, Line 20 - Page 63, Line 17
Page 63, Line 18 - Page 65, Line 7
Page 69, Line 12 - Page 70, Line 10
Page 75, Line 3-11
Page 75, Line 22 - Page 76, Line 4
Page 92, Line 25 - Page 93, Line 11
Page 99, Line 15 - Page 100, Line 14
Page 113, Lines 14-25
Page 114, Line 18 - Page 115, Line 7
Page 129, Lines 5-23
Page 137, Line 10 - Page 141, Line 13
Page 141, Line 21 - Page 143, Line 7
Page 143, Line 19 - Page 146, Line 23
Page 148, Line 2 - Page 149, Line 5
Page 150, Line 12 - page 152, Line 7

**Paul Snyder**, deposition on March 9, 2005
Page 5, Line 10 - Page 6, Line 3
Page 9, Line 13 - Page 13, Line 1
Page 14, Line 23 - Page 15, Line 25
Page 17, Line 20 - Page 18, Line 2
Page 37, Line 16 - Page 38, Line 23
Page 62, Line 15 - Page 63, Line 10
Page 68, Line 14 - Page 69, Line 6
Page 80, Line 16 - Page 86, Line 9
Page 89, Lines 9-16
Page 106, Line 14 - Page 107, Line 9
Page 110, Line 14 - Page 112, Line 3
Page 112, Lines 12-19
Page 112, Lines 4-24
Page 153, Line 21 - Page 156, Line 3

**Victor G. Reiling**, deposition on February 15, 2005
Page 76, Lines 8 through 16

9.    **Exhibits**

The Joint Trial Exhibit List is attached as Exhibit A.

Design Innovation's Exhibit List is attached as Exhibit B.

Fisher-Price's Exhibit List is attached as Exhibit C.

10.    **Proposed Voir Dire Questions**

Pursuant to the Court's direction, the parties filed and served their proposed voir dire questions on December 27, 2005.

11.    **Jury Instructions**

Pursuant to the Court's direction, the parties filed and served their proposed jury instructions on December 27, 2005.

Dated: January 3, 2006

**GRIMES & BATTERSBY, LLP**

By: _____
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300

**SANDAK HENNESSEY & GRECO, LLP**
Jay H. Sandak, Esq.
Peter M. Nolin, Esq.
707 Summer Street
Stamford, Connecticut 06901-1026
(p) (203) 425-4200
(f) (203) 325-8608

*Attorneys for Design Innovation, Inc.*

**TYLER COOPER & ALCORN, LLP**

By _____
Jacqueline D. Bucar
Federal Bar No.: ct01187
e-mail: jbucar@tylercooper.com
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269

**HODGSON RUSS LLP**
Robert J. Lane, Jr.
Federal Bar No.: ct24598
e-mail: rlane@hodgsonruss.com
Jodyann Galvin
Federal Bar No.: ct24599
e-mail: jgalvin@hodgsonruss.com
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PHV0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200

*Attorneys for Fisher-Price, Inc.*