UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

                      Plaintiffs,

    - against -

FISHER-PRICE, INC.,

                      Defendant.

Index No.: 3:03 CV 222 (JBA)

January 4, 2006

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESSES AND EXHIBITS**

Plaintiff, Design Innovation, Inc. ("DI"), respectfully submits the following objections to Defendant's proposed witnesses and exhibits:

Reservation of Rights

Plaintiff reserves the right to supplement its objections to Defendant's proposed witnesses and exhibits. The Joint Trial Memorandum Instructions relevant to this action state: "Copies of the actual exhibits shall be exchanged no later than fourteen (14) days prior to trial." Defendant's Exhibit List includes many items which are difficult to identify because they do not contain bates numbers (for example, actual action figures). Therefore, Plaintiff will need to review the actual exhibits before objections can be finalized.

I.    **Witnesses**

Plaintiff objects to the following witnesses on the grounds that they were not disclosed as potential witnesses for the Defendant either as part of Defendant's 26(a) disclosures or in response to Plaintiff's interrogatory seeking the identity of witnesses expected to be called to

testify at trial. As such, permitting these witnesses to testify at trial would be unfairly prejudicial to Plaintiff, inasmuch as Plaintiff has not had the opportunity to take their depositions.

**Martin Arriola**, Mattel, Inc. (*See* Fisher-Price's Witness List, No. 1)

**Susan Baumler**, Hodgson Russ LLP (*See* Fisher-Price's Witness List, No. 3)

**Ronald Fick**, Fisher-Price, Inc. (*See* Fisher-Price's Witness List, No. 10)

**Steven Fink**, Bang Zoom Ltd. (*See* Fisher-Price's Witness List, No. 11)

**Michael Hoeting**, Bang Zoom Ltd. (*See* Fisher-Price's Witness List, No. 13)

**Scott May**, WGRZ-TV (*See* Fisher-Price's Witness List, No. 16)

**Thomas McCormack**, Toy Biz (*See* Fisher-Price's Witness List, No. 17)

**Brian Murty**, Fisher-Price, Inc. (*See* Fisher-Price's Witness List, No. 20)

**Susanne Robinson**, Carterbench Product Development Ltd. (*See* Fisher-Price's Witness List, No. 26)

**Chuck Scothon**, Mattel, Inc. (*See* Fisher-Price's Witness List, No. 27)

**Steven Toth**, Fisher-Price, Inc. (*See* Fisher-Price's Witness List, No. 30)

**Representative from Toy Biz** (*See* Fisher-Price's Witness List, No. 31)

**Dennis M. Wesolowski, Esq.** (*See* Fisher-Price's Witness List, No. 33)

**Ross Worthington**, Carterbench Product Development Ltd. (*See* Fisher-Price's Witness List, No. 34)

**Christine Zinter-Chahin**, Fisher-Price, Inc. (*See* Fisher-Price's Witness List, No. 35).

## II.    Exhibits

Subject to the foregoing reservation of rights, Plaintiff objects to Defendant's proposed exhibits, as follows[1]:

---

[1] Plaintiff filed objections to exhibits on 01/03/06 that contained old Fisher-Price exhibit numbers. This version of Plaintiff's objections contains new Fisher-Price exhibit numbers as of 01/03/06.

**Deft. Exh. 908. Toy Biz 03/27/02 Letter (DI053).** Plaintiff objects to the admission of this exhibit by Defendant at trial because it contains inadmissible hearsay.

**Deft. Exh. 909. Design Innovation File Re: "Rescue Heroes" (DI399-413).** Plaintiff objects to the admission of this exhibit by Defendant at trial because it contains inadmissible hearsay.

**Deft. Exh. 600. Equip-Men Backhoe Man Internal Design Report (FP15348).** Plaintiff objects to the admission of this exhibit by Defendant at trial because it was in Defendant's possession prior to the close of discovery, was responsive to discovery requests and was not disclosed to Plaintiff until after the close of discovery.

**Deft. Exh. 601. Equip-Men Diver Internal Design Report (FP15363).** Plaintiff objects to the admission of this exhibit by Defendant at trial because it was in Defendant's possession prior to the close of discovery, was responsive to discovery requests and was not disclosed to Plaintiff until after the close of discovery.

**Deft. Exh. 602. Equip-Men Fireman Internal Design Report (FP15358).** Plaintiff objects to the admission of this exhibit by Defendant at trial because it was in Defendant's possession prior to the close of discovery, was responsive to discovery requests and was not disclosed to Plaintiff until after the close of discovery.

**Deft. Exh. 603. Equip-Men Model.** Plaintiff reserves the right to object to the admission of this exhibit by Defendant at trial because Plaintiff has not yet had an opportunity to view this exhibit, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exh. 910. Carterbench Virtual Video Submission and Email (FP15443-FP15444).** Plaintiff objects to the admission of this exhibit by Defendant at trial because it contains inadmissible hearsay.

**Deft. Exh. 604.  ARCC Breadboard.**  Plaintiff reserves the right to object to the admission of this exhibit by Defendant at trial because Plaintiff has not yet had an opportunity to view this exhibit, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 605-608, 911-912.   Email between Carterbench and Fisher-Price.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they contain inadmissible hearsay.

**Deft. Exh. 609.  TV Viewers from Bang Zoom.**  Plaintiff reserves the right to object to the admission of this exhibit by Defendant at trial because Plaintiff has not yet had an opportunity to view this exhibit, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 610-617.  Optic Force Action Figures and Packaging.**  Plaintiff objects to the admission of these exhibits by Defendant at trial because these figures have been excluded from the case as a result of the Court's ruling on Defendant's Motion for Summary Judgment.

**Deft. Exhs. 618-624.  Assorted Fisher-Price Products.**  Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 625-636, 913.  Assorted Action Figures.**  Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 637-648, 914.  Assorted Action Figures.**  Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an

opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 651-655, 915-916. Book and Assorted Action Figures.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 657-695, 901. Assorted Action Figures; Photos.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exh. 696. Hasbro 08/20/98 Inventor Interview Record.** Plaintiff reserves the right to object to the admission of this exhibit by Defendant at trial because Plaintiff has not yet had an opportunity to view this exhibit, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 697-698. Kenner and Hasbro Submission Agreements.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they are irrelevant and are otherwise inadmissible.

**Deft. Exhs. 699-725. Deposition Transcripts.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they are inadmissible as exhibits.

**Deft. Exhs. 726-728. Cases.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they are inadmissible as exhibits.

**Deft. Exhs. 729-758, 917-921. Concept Submission, Policy and Agreement Forms.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they are irrelevant and are otherwise inadmissible.

**Deft. Exhs. 759-764. Letters from Fisher-Price to Reiling.** Plaintiff objects to these exhibits on the ground that they are irrelevant, contain inadmissible hearsay and are otherwise inadmissible.

**Deft. Exhs. 769, 770-773, 775, 777-792, 923. Publications.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they are irrelevant, were not produced during discovery and are otherwise inadmissible.

**Deft. Exh. 922. 12/02/97 Inventor Review Record and Submission Documents.** Plaintiff objects to the admission of this exhibit by Defendant at trial because it is irrelevant and otherwise inadmissible.

**Deft. Exh. 898. Summary of Royalties to Carterbench.** Plaintiff reserves the right to object to the admission of this exhibit by Defendant at trial because Plaintiff has not yet had an opportunity to view this exhibit, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 793-794. Equip-Men Drawings and Model.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 795-796. Lenticular Cards.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 899-900. Mattel and Toy Biz Sales Records.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they are irrelevant, were not produced during discovery and are otherwise inadmissible.

**Deft. Exhs. 797-810. Assorted Action Figures.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 811-817. Email and Drawings.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they contain inadmissible hearsay.

**Deft. Exhs. 818, 924. Adventure People Camera and Cameraman.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 819-826. Photos and Catalog Pages.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 827-828. Doll and V-Tech Smart Start Basic.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 829-830. Design Innovation Website Pages.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an

opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 838-847, 849. Concept Submission Forms.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they are irrelevant and are otherwise inadmissible.

**Deft. Exh. 848. 2/15/00 Product Disclosure Form.** Plaintiff reserves the right to object to the admission of this exhibit by Defendant at trial because Plaintiff has not yet had an opportunity to view this exhibit, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 850-852. Submission Forms.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 853-862. Publications.** Plaintiff objects to the admission of these exhibits by Defendant at trial because they are irrelevant, were not produced during discovery and are otherwise inadmissible.

**Deft. Exh. 925. Rescue Heroes Products, Dates of Introduction.** Plaintiff reserves the right to object to the admission of this exhibit by Defendant at trial because Plaintiff has not yet had an opportunity to view this exhibit, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exhs. 894-896. Catalog Pages; Action Figures.** Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exh. 897.  09/19/03 Letter.**  Plaintiff reserves the right to object to the admission of this exhibit by Defendant at trial because Plaintiff has not yet had an opportunity to view this exhibit, and therefore, is not in a position to give a definitive basis for objections.

**Deft. Exh. 905-906.  Cartoon Viewer Cartridge & Contents.**  Plaintiff reserves the right to object to the admission of these exhibits by Defendant at trial because Plaintiff has not yet had an opportunity to view these exhibits, and therefore, is not in a position to give a definitive basis for objections.

**Def. Exh. 907.  10/29/97 Agreement.**  Plaintiff reserves the right to object to the admission of this exhibit by Defendant at trial because Plaintiff has not yet had an opportunity to view this exhibit, and therefore, is not in a position to give a definitive basis for objections.

Dated: Norwalk, Connecticut
January 4, 2006

Respectfully Submitted,

GRIMES & BATTERSBY, LLP

By: /s/ Russell D. Dize
Gregory J. Battersby (Bar No. 7386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
Susan Schlesinger (Bar No. 26625)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300


SANDAK HENNESSEY & GRECO, LLP
Jay H. Sandak, Esq.
Peter M. Nolin, Esq.
707 Summer Street
Stamford, Connecticut 06901-1026
(p) (203) 425-4200
(f) (203) 325-8608


Attorneys for Plaintiff
Design Innovation, Inc.

10