# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR G. REILING ASSOCIATES and | : | |
| DESIGN INNOVATION, INC., | : | |
| | : | |
| Plaintiffs | : | |
| | : | Civil No. 303CV222(JBA) |
| v. | : | |
| | : | January 2, 2006 |
| FISHER-PRICE, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT FISHER-PRICE, INC.'S
## <u>OBJECTIONS TO PLAINTIFF'S WITNESS LIST</u>

Fisher-Price, Inc. objects as follows[1] to the witnesses and/or topics of testimony

listed by Design Innovation on its Witness List:

### 1.    <u>Victor Reiling</u>

Fisher-Price objects to the admission of any testimony by Mr. Reiling relating to

other submissions to Fisher-Price and Mattel as irrelevant under Federal Rule of Evidence 402.

The experiences of a non-party on other submissions is not relevant to the particular issues raised

in this case relating to the Reel Heroes submission.  Mr. Reiling is not party to this case, and his

experiences are thus not relevant.  Further, the submissions Mr. Reiling intends to testify about

(based on plaintiff's exhibit list) are far too remote in time to have any relevance here and/or

---

[1]    Fisher-Price incorporates into its objections the issues addressed in its motions in limine.  Fisher-Price reserves the right to make further or additional objections as Design Innovation attempts to elicit testimony from witnesses or makes designations.  Fisher-Price has also made objections as set forth in its motions in limine to be filed on January 3, 2006.

- 2 -

relate to the settlement of a disputed claim in violation of Federal Rule of Evidence 408.  The

reasons for this objection are also detailed in Fisher-Price's motion in limine no. 7.

        Fisher-Price also objects to Mr. Reiling's proposed testimony relating to inventor

submissions to other companies on the basis that such submission are not relevant to the Reel

Heroes concept and to any interaction with Fisher-Price related to the concept.  Therefore,  such

testimony is inadmissible under Federal Rule of Evidence 402.  Fisher-Price further objects to

testimony regarding submissions to other toy companies on the basis that it is undisclosed expert

testimony barred by the Court's December 14, 2005 ruling on Fisher-Price's motion to strike.

Fisher-Price further objects on the same basis as set forth in its motion in limine nos. 1 and 2.

        Fisher-Price objects to Mr. Reiling testifying about communications with Fisher-

Price or Design Innovation and the negotiation of the Option Agreement to the extent such

testimony constitutes hearsay because it is properly excluded under Federal Rule of Evidence

802.  Fisher-Price further objects to Mr. Reiling testifying about Fisher-Price's decision to

discontinue sending work to Design Innovation on the basis that there is no legal claim for

termination of Design Innovation's business relationship with Fisher-Price, which renders such

testimony irrelevant under Federal Rule of Evidence 402.  In addition, the proffered

communications with Design Innovation are barred by Federal Rule of Evidence 408 and would

be unfairly prejudicial to Fisher-Price and are therefore properly excluded under Federal Rule of

Evidence 403.  Fisher-Price's objections are also addressed in Fisher-Price's motions in limine

nos. 2 and 6.

- 3 -

Finally, Fisher-Price objects to any testimony regarding the novelty of the Reel Heroes concept, incorporation of the concept into products and line extensions, and similarities among them on the basis it calls for undisclosed expert testimony and is without foundation under Federal Rule of Evidence 602.  Moreover, any testimony which characterizes line extensions as a "use" of the concept because this is directly contrary to previous representations by Mr. Reiling and Design Innovation which were accepted by the Court.  Accordingly, such testimony is properly excluded pursuant to Federal Rules of Evidence 401, 402, and 403.  This issue is also addressed in Fisher-Price's motion in limine no. 3.

### 2.     __Bruce Popek, Bruce Benedetto, Douglas Melville__

All three of these witnesses are principals of Design Innovation.  Fisher-Price addresses these witnesses together as the descriptions of the proposed testimony for each are identical.  Fisher-Price objects to testimony by any of these Design Innovation witnesses regarding the submission of the concept to Fisher-Price or negotiations regarding the concept as outside their personal knowledge and therefore properly excluded under Federal Rule of Evidence 602.  Messrs. Popek and Benedetto have already testified that all interactions with Fisher-Price related to the submission were had through Mr. Reiling.  Fisher-Price further objects on the basis that such testimony is hearsay barred by Federal Rule of Evidence 802.  These topics of proposed testimony are also addressed in Fisher-Price's motion in limine no. 6.

Fisher-Price objects to testimony from any of these witnesses regarding other submissions by Design Innovation to Fisher-Price or Mattel as not relevant to the particular submission and claims at issue here and therefore properly excluded pursuant to Federal Rule of

- 4 -

Evidence 402. These proposed topics of testimony are the subject of Fisher-Price's motions in limine nos. 1, 6, and 7.

Fisher-Price also objects to any of these witnesses testifying about submissions to other toy companies on the basis that it is not relevant and is therefore inadmissible under Federal Rule of Evidence 402. Fisher-Price further objects on the basis that it is undisclosed expert testimony barred by the Court's December 14, 2005 ruling on Fisher-Price's motion to strike. Fisher-Price's objections are also set forth in its motion in limine nos. 1 and 2.

Fisher-Price objects to any of these witnesses testifying about the novelty of the Reel Heroes concept and the incorporation of the concept into any Fisher-Price products because this would be undisclosed expert testimony and because such testimony is without foundation under Federal Rule of Evidence 602. Moreover, any testimony which characterizes line extensions as a "use" of the concept because this is directly contrary to previous representations by Mr. Reiling and Design Innovation which were accepted by the Court. Accordingly, such testimony is properly excluded pursuant to Federal Rules of Evidence 401, 402, and 403. This issue is also addressed in Fisher-Price's motion in limine no. 3.

Fisher-Price objects to any testimony by these witnesses relating to communications with Fisher-Price and Victor G. Reiling regarding the Reel Heroes concept, the submissions, and negotiation of and execution of the Option Agreement on the basis that such testimony is hearsay and is therefore properly excluded under Federal Rule of Evidence 802. The reasons for these objections are addressed in Fisher-Price's motions in limine nos. 2 and 6.

- 5 -

Fisher-Price also objects to this proposed testimony as lacking foundation and therefore properly excluded under Federal Rule of Evidence 602.

Fisher-Price objects to any testimony regarding the termination of Design Innovation's business relationship, including any communications related thereto, on the basis that there is no legal claim for the termination of DI's business relationship with Fisher-Price as this claim has been dismissed by the Court. Such testimony should be excluded pursuant to Federal Rules of Evidence 402 and 408. Further, any communications would be barred by Federal Rule of Evidence 802 as inadmissible hearsay. And, any evidence of damages suffered by Design Innovation are properly excluded as irrelevant under Federal Rules of Evidence 402 and 403. These issues are also addressed in Fisher-Price's motions in limine nos. 2 and 6.

3.    **James M. Kipling**

Fisher-Price objects to any testimony regarding custom and practice in the toy industry regarding concept submissions from outside toy inventors to toy companies and the nature of independent toy inventors testimony based on the lack of foundation as set forth in detail in Fisher-Price's motion in limine no. 1. Fisher-Price further objects to such testimony as outside Mr. Kipling's qualifications.

Fisher-Price objects to any testimony regarding Fisher-Price's Policy and Agreement form and the significance of the Option Agreement between Fisher-Price, Design Innovation and Victor G. Reiling on the basis that this Court has already ruled that the Policy and Agreement is enforceable. Moreover, this Court has already ruled that the witness cannot opine

- 6 -

on ultimate legal conclusions, nor is it proper expert testimony for Mr. Kipling to opine on matters of legal interpretation or on the parties' legal duties or alleged breach of those duties. These topics are addressed in Fisher-Price's motions in limine nos. 1 and 5.

Fisher-Price objects to any testimony by Mr. Kipling about the incorporation of the Reel Heroes concept into Fisher-Price's Rescue Heroes line of products and line extensions and the similarities between Plaintiff's concept and concept submissions, on the one hand, and Fisher-Price' Rescue Heroes line of products and line extensions.  The witness is not qualified to testify on these issues as set forth in Fisher-Price's motion in limine number 5.  Further, plaintiff has already taken the position that the line extensions are not a "use" of the Reel Heroes concept. This issue is addressed in Fisher-Price's motion in limine no. 3.

Fisher-Price objects to any testimony by Mr. Kipling as to a reasonable royalty as irrelevant and properly excluded under Federal Rules of Evidence 402 and 602.  As set forth in Fisher-Price's motion in limine no. 8, under the governing law, the parties' agreement as to a royalty amount is the only proper measure of damages.

4.    **Alan Ratliff**

Fisher-Price objects to Mr. Ratliff's testimony regarding disgorgement damages as irrelevant under Federal Rules of Evidence 402 and without foundation under Federal Rule of Evidence 602.  Mr. Ratliff's proposed testimony is addressed in Fisher-Price's motion in limine no. 8.

- 7 -

5.      **Stan Clutton**

Fisher-Price objects to testimony by Mr. Clutton relating to Design Innovation's relationship with Fisher-Price because this subject is not relevant and is therefore properly excluded under Federal Rule of Evidence 402. The lack of relevance is addressed in Fisher-Price's motion in limine no. 9. Moreover, such testimony will necessarily elicit testimony about settlement discussions which is barred by Federal Rule of Evidence 408 as set forth in Fisher-Price's motions in limine nos. 6 and 9.

6.      **Neil Friedman**

Fisher-Price objects to any testimony by Mr. Friedman related to the finances of Fisher-Price and/or Mattel. As set forth in Fisher-Price's motion in limine no. 9, Design Innovation should be barred from introducing evidence related to punitive damages. In addition, any evidence of Mattel's finances is not properly admitted because Mattel is not a party. Finally, any testimony regarding Fisher-Price's decision to discontinue sending work to Design Innovation is irrelevant under Federal Rule of Evidence 402 because this Court has ruled that Fisher-Price's conduct was lawful. Further, this testimony has no foundation under Federal Rule of Evidence 602. Finally, plaintiff never disclosed Mr. Friedman as a witness in accordance with Federal Rule of Civil Procedure 26.

7.      **Paul Snyder**

Fisher-Price objects to the topics of proposed testimony by Mr. Snyder as lacking foundation. Mr. Snyder has previously testified to having no particularized knowledge or

- 8 -

recollection of plaintiff's submission.  Mr. Snyder also has no connection to the products at issue.  Accordingly, the proposed testimony is properly excluded under Federal Rule of Evidence 602.  In addition, some of Mr. Snyder's testimony could be expert testimony and would be properly excluded because Mr. Snyder was never disclosed as an expert.

**8.    <u>Ken Morton</u>**

Fisher-Price objects to the testimony of Mr. Morton as described by Design Innovation as being without foundation pursuant to Federal Rule of Evidence 602.  Fisher-Price also objects to plaintiff's characterization of Mr. Morton as a "member of the Fisher-Price Boys Team during the relevant time period," because this is inaccurate.

**9.    <u>Tyler Berkheiser</u>**

Fisher-Price objects to the testimony of Mr. Berkheiser as described by Design Innovation as being without foundation pursuant to Federal Rule of Evidence 602.

**9.    <u>Christopher Pardi</u>**

Fisher-Price objects to the testimony of Mr. Pardi as described by Design Innovation as being without foundation pursuant to Federal Rule of Evidence 602.

**10.    <u>David Ciganko</u>**

Fisher-Price objects to the testimony of Mr. Ciganko as described by Design Innovation as being without foundation pursuant to Federal Rule of Evidence 602.

- 9 -

11.    **James Bauman**

        Fisher-Price objects to the testimony of Mr. Bauman as described by Design

Innovation as being without foundation pursuant to Federal Rule of Evidence 602.

12.    **Patricia Grabianowski**

        Fisher-Price objects to the testimony of Ms. Grabianowski as described by Design

Innovation as being without foundation pursuant to Federal Rule of Evidence 602.

Dated:  January 2, 2006

**HODGSON RUSS LLP**

By_____s/_____
        Robert J. Lane, Jr.
e-mail:  rlane@hodgsonruss.com
Federal Bar No.:  ct24598
Jodyann Galvin
e-mail:  jgalvin@hodgsonruss.com
Federal Bar No.:  ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone:  (716) 856-4000

**TYLER COOPER & ALCORN, LLP**
Jacqueline D. Bucar, Esq.
e-mail:  jbucar@tylercooper.com
Federal Bar No.:  ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone:  (203) 784-8269

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
William E. Wallace, III
email:  wwallace@milbank.com
Federal Bar No. PHV0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail:  bbabbitt@rc.com
Federal Bar No.:  ct13938
Michael J. Kolosky
email:  mkolosky@rc.com
Federal Bar No.:  ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone:  (860) 275-8200

*Attorneys for Fisher-Price, Inc.*

- 10 -

## <u>CERTIFICATION</u>

The undersigned hereby certifies that copies of the foregoing Defendant Fisher-Price, Inc.'s Objections to Plaintiff's Witness List, dated January 2, 2006, was sent via to the attorneys of record recited below on this 3rd day of January 2006 as follows:

<u>Via Hand Delivery</u>

Gregory J. Battersby, Esq. (Bar No. 07386)
Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
Russell D. Dize, Esq. (Bar No. 23064)
Grimes & Battersby LLP
488 Main Avenue, Third Floor
Norwalk, CT 06851-1008
Telephone:  (203) 849-8300
Facsimile:   (203) 849-9300

<u>Via Overnight Courier</u>

Peter M. Nolin, Esq. (Bar No. 06223)
Jay H. Sandak (Bar No. 06703)
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06901
Telephone:  (203) 425-4200
Facsimile:   (203) 325-8608

_____s/_____
Robert J. Lane, Jr.