UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

          Plaintiffs,

- against -

FISHER-PRICE, INC.,

          Defendant.

Civil No. 3:03 CV222 (JBA)

January 5, 2006

### FISHER-PRICE'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Fisher-Price, Inc. objects to the Exhibit List of Design Innovation[1] as follows:

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 300 | | Fisher-Price Wish List dated 02/28/94 | FRE 402 |
| 304 | VGR0071-VGR0072 | Fisher-Price Wish List dated May 2001 | FRE 402 |
| 305 | VGR0073-VGR0075 | Fisher-Price Wish List dated February 2002 | FRE 402 |
| 306 | | Fisher-Price 2003 Wish List (3 pages) | FRE 402 |
| 322 | VGR0104-VGR0105 | Brochure entitled "An Evening with the Inventors, Fisher-Price Toy Fair 1989" | FRE 402 |
| 334 | DI415-DI416 | Fisher-Price Wish List dated 06/30/97 | FRE 402 |
| 335 | DI523-DI524 | Fisher-Price Wish List dated June 1998 | FRE 402 |

**OBJECTION:** These documents are barred by Federal Rule of Evidence 402 as they are not relevant to the issues in this action. Moreover, several of these documents are too remote in time to have bearing on the disputed issues, including a 1989 brochure from Toy Fair. Several of the "wish lists" listed by Design Innovation are dated *after* the events at issue here because the last submission was submitted in December 2000

---

[1] Fisher-Price's objections are made to the December 27, 2005 version of Design Innovation's exhibit list. Fisher-Price reserves the right to raise additional objections at trial and to object to any exhibits not included on that list, but presented at trial or on later exhibit list.

- 1 -

and rejected in January 2001. Further, wish lists were not specifically directed at either Design Innovation or Victor Reiling. Finally, no Fisher-Price witness has authenticated the wish lists.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 301 | | Letter from Paul Snyder to Victor Reiling dated 03/01/94 | FRE 402 |
| 302 | | Letter from Paul Snyder to Victor Reiling dated 03/04/94 | FRE 402 |
| 303 | | Letter from Paul Snyder to Victor Reiling dated 11/04/94 | FRE 402 |
| 320 | VGR0102 | Letter from Robert Kolich to Victor Reiling dated 03/02/89 | FRE 402 |
| 321 | VGR0103 | Letter from Thomas Mason to Victor Reiling dated 11/13/87 | FRE 402 |
| 325 | VGR0235 | Letter from Thomas Mason to Victor Reiling dated 04/07/87 | FRE 402 |
| 326 | VGR0247 | Letter from Thomas Mason to Victor Reiling dated 02/26/90 | FRE 402 |
| 327 | VGR0290 | Letter from Thomas Mason to Victor Reiling dated 11/13/87 | FRE 402 |
| 328 | VGR0291 | Letter from Robert Kolich to Victor Reiling dated 03/02/89 | FRE 402 |
| 329 | VGR0310 | Letter from Paul Snyder to Victor Reiling dated 09/02/83 | FRE 402 |
| 330 | VGR0315 | Letter from Paul Snyder to Victor Reiling dated 05/23/83 | FRE 402 |
| 331 | VGR0326 | Letter from Paul Snyder to Victor Reiling dated 01/27/84 | FRE 402 |
| 332 | VGR0534 | Letter from Paul Snyder to Victor Reiling dated 03/03/99 | FRE 402 |

**OBJECTION:** These documents should be precluded as irrelevant under Federal Rule of Evidence 402. First, these documents relate only to Victor Reiling, who is a non-party to this action. Second, these documents are too remote in time to be relevant — they range from over fifteen years to four years prior to the first submission of Reel Heroes in October 1998.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 307 | | Prototype car from Victor Reiling's "Slam Jammers" submission to Fisher-Price | FRE 402, 403 |
| 308 | | Fisher-Price's "Crash Zone" car | FRE 402, 403 |
| 309 | | Fisher-Price's "Crash Zone Car Crusher" | FRE 402, 403 |
| 310 | | Fisher-Price's "Crash Zone Launcher" | FRE 402, 403 |
| | | Letters from D. Lawrence Davis to Victor Reiling dated 08/19/87, 10/9/87, 10/28/87 | FRE 402, 403 |
| 319 | VGR0088-VGR0089 | Option Agreement between Victor G. Reiling Associates and Fisher-Price regarding "Slam Jammers" | FRE 402, 403 |
| 323 | VGR0140-VGR0155 | Correspondence and Agreement between Fisher-Price, Victor Reiling and Bryan Dean regarding "Slam Jammers" | FRE 402, 403 |

**OBJECTION:** These "Crash Zone" documents should not be admitted because they are barred by Federal Rule of Evidence 402. These documents relate to a submission by a non-party witness, Victor Reiling. Magistrate Judge Margolis has already ruled that submissions from other inventors (like Reiling) are not relevant. The submission is too remote in time to have relevance to the issues in this case as it related to a submission by Reiling eleven years before the Reel Heroes concept was submitted in October 1998. The reasons are also discussed in detail in Fisher-Price's motion in limine no. 7. Moreover, this evidence is likely to cause confusion to the jury as it will result in a mini-trial of the issues related to this submission. Accordingly, such evidence is properly excluded under Federal Rule of Evidence 403.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 312 | | Victor Reiling's "First Bike" prototype | FRE 402 |
| 313 | | Photo of Victor Reiling's "First Bike" prototype and Fisher-Price's "Mountain Bike" | FRE 402 |
| 314 | | Photo of Victor Reiling's "First Bike" prototype and Fisher-Price's "Mountain Bike" | FRE 402 |
| 315 | | Photo of Victor Reiling's "First Bike" prototype and Fisher-Price's "Mountain Bike" | FRE 402 |
| 316 | | Photo of Victor Reiling's "First Bike" prototype and Fisher-Price's "Mountain Bike" | FRE 402 |
| 317 | | Photo of Victor Reiling's "First Bike" prototype and Fisher-Price's "Mountain Bike" | FRE 402 |
| 318 | | Letter from Peter Pook to Victor Reiling dated 03/21/86; Letter from Victor Reiling to Paul Snyder dated 06/06/94 (3 pages); Letter from Victor Reiling to Paul Snyder dated 06/28/94; Letter from Paul Snyder to Victor Reiling dated 07/01/94; Letter Agreement from Paul Snyder to Victor Reiling dated 07/14/94 (2 pages); Letter from Dan Ferrara to Paul Snyder dated 07/15/94; Letter from Mary Casey to Victor Reiling dated 07/27/94; Letter from Victor Reiling to Paul Snyder dated 08/09/94 | FRE 402, 408 |
| 324 | VGR0193-VGR0193 | Fisher-Price Policy and Agreement form regarding "First Bike" concept submission | FRE 402 |

**OBJECTION:** These "First Bike" documents and prototype relate to a submission made by Reiling to Fisher-Price in the mid-1990s. Reiling made a claim that Fisher-Price's "Mountain Bike" was similar to his "First Bike." Fisher-Price denied Reiling's claims, but *settled the dispute*. Under Federal Rules of Evidence

- 3 -

402 and 408, Design Innovation should not be permitted to use this evidence, which arose from settlement of a claim, to show that Fisher-Price owes a royalty on the Reel Heroes submission. Moreover, Magistrate Judge Margolis has already ruled that submissions from outside inventors — which Reiling is in this case — are not relevant. The reasons for these objections are also discussed in Fisher-Price's motion in limine no. 7. Moreover, this evidence is likely to cause confusion to the jury as it will result in a mini-trial of the issues related to this submission. Accordingly, such evidence is properly excluded under Federal Rule of Evidence 403.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 336 | | Photograph of Fisher-Price's "Egg-A-Saurs" toy | FRE 402 |
| 340 | DI417-DI419 DI541-DI543 | Documents relating to Design Innovation's "Silly Sounds" and Fisher-Price's "Egg-A-Saurs" | FRE 402 |
| 341 | DI420-DI440 | License Agreement between Fisher-Price and Kiscom regarding "Silly Sounds" | FRE 402 |
| 342 | DI441-DI447 | Documents relating to Design Innovation's "Bubble Sprinkler" and Fisher-Price's "Silly Willy Bubblin' Sprinkler" | FRE 402 |
| 343 | DI500-DI508 | License Agreement between Design Innovation and Mattel | FRE 402 |

**OBJECTION:** These documents are irrelevant and inadmissible under Federal Rule of Evidence 402, as they relate to payments made to Design Innovation on other submissions and do not relate at all to the specific characteristics of the Reel Heroes submission. The Court has already determined that "the only relevant concept submission and resulting agreement or lack thereof" is the Reel Heroes submission. Fisher-Price's objections to these exhibits offered by Design Innovation are also set forth in Fisher-Price's motion in limine no. 7. Moreover, this evidence is likely to cause confusion to the jury as it will result in a min-trial of the issues related to this submission. Accordingly, such evidence is properly excluded under Federal Rule of Evidence 403.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 337 | DI063 | Email from Stan Clutton to Design Innovation dated 11/07/03 | FRE 402, 403, 408; Claim Dismissed |
| 338 | DI055 | Email from Beth Hageman to Design Innovation dated 01/05/04 | FRE 402, 403, 408; Claim Dismissed |
| 339 | DI414 | Chart summarizing Design Innovation's combined sales to Fisher-Price, Fisher-Price Brands and Mattel from 1999-2003 | FRE 402, 403, 602, 802; Claim Dismissed |

**OBJECTION:** These documents relate to Fisher-Price's lawful termination of its business relationship with Design Innovation and settlement discussions between the parties. The Court has dismissed Design Innovation's tort claims against Fisher-Price on this basis. Thus, Design Innovation's alleged damages and any other related documents are irrelevant and inadmissible under Federal Rule of Evidence 402. Further, admission of such information would be unfairly prejudicial to Fisher-Price and should not be admitted under Federal Rule of Evidence 403. Finally, these documents reflect settlement discussions and are barred by Federal Rule of Evidence 408. Fisher-Price addresses these objections in its motions in limine nos. 6 and 9.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 372 | | Assorted Historical Fisher-Price Rescue Heroes Action Figures | 402; Object Until Specifics Provided |
| 374 | | Fisher Price 1998 Pre-Toy Fair Catalog (pages 28-29) | Object Until Provided |

**OBJECTION:** Fisher-Price cannot formulate objections to these exhibits until their contents have been disclosed. Fisher-Price further objects to these exhibits on the basis of lack of relevance and lack of personal knowledge. These exhibits should therefore be excluded under Federal Rules of Evidence 402 and 602.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 373 | | Photograph of Fisher-Price's Optic Force Rescue Heroes "Telly Photo" character | FRE 402, 403 |

**OBJECTION:** Fisher-Price objects to the photograph of its "Telly Photo" character because the figure is placed against a background of a narrative description of the Reel Heroes. This depiction is unfairly prejudicial and will cause confusion to the jury and should be excluded under Federal Rules of Evidence 402 and 403. Moreover, the actual figure is on the parties' joint trial exhibit list.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 367 | | Voice Tech Firetruck | FRE 402; Claim Dismissed |
| 368 | | Voice Tech Jet | |
| 369 | | Packaging for Voice Tech Firetruck | |
| 370 | | Packaging for Voice Tech Jet | |

**OBJECTION:** The tort claims against the Voice Tech Jet and Voice Tech Fire Truck were dismissed by the Court in 2004 in response to plaintiffs' motion to amend.[2] Thus, the sole remaining implied contract claim against the Voice Tech Jet and the Voice Tech Fire Truck was dismissed in the Court's ruling on Fisher-Price's summary judgment motion. Accordingly, these products are not relevant to any of Design Innovation's claims and should not be admissible in their direct case. Moreover, the admission of these products in Design Innovation's direct case would be misleading to the jury and unfairly prejudicial to Fisher-Price and should be precluded under Federal Rule of Evidence 403. This issue is addressed in Fisher-Price's motion in limine no. 4.

---

[2] Docket No. 145 at 62-63.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 361 | | Mattel's 2000 10-K Annual Report | FRE 402, 403 |
| 362 | | Mattel's 2001 10-K Annual Report | FRE 402, 403 |
| 363 | | Mattel's 2002 10-K Annual Report | FRE 402, 403 |
| 364 | | Mattel's 2003 10-K Annual Report | FRE 402, 403 |
| 365 | | Mattel's 2004 10-K Annual Report | FRE 402, 403 |
| 366 | | Mattel's 2005 10-K Annual Report | FRE 402, 403 |

OBJECTION: The admission of Mattel's annual 10-K reports should not be permitted, pursuant to Federal Rules of Evidence 402 and 403. Mattel is not a party, and evidence of its net worth is irrelevant. In addition, Design Innovation's claim for punitive damages is meritless as it is based solely upon Fisher-Price's lawful conduct. Finally, even if the Mattel 10-K reports are admitted (which they should not be), Fisher-Price requests that this information be admitted only if its request for bifurcation is granted. These issues are addressed in more detail in Fisher-Price's motion in limine no. 9.

| Bates # | Description | Objection |
|---|---|---|
| 346 | Second Amended Complaint | FRE 802 |
| 347 | Defendant's Answer to Second Amended Complaint | |
| 348 | Plaintiffs' Responses to Defendant's Second Set of Interrogatories | |
| 349 | Plaintiffs' Amended Responses to Defendant's Third Set of Interrogatories | FRE 802 |
| 350 | Plaintiffs' Responses to Defendant's Fourth Set of Interrogatories | |

OBJECTION: Fisher-Price objects to admission of these exhibits to the extent Design Innovation seeks to use them in its direct case on the basis that they contain hearsay and are therefore barred by Federal Rule of Evidence 802.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 385 | | Defendant's Responses to Plaintiffs' First Set of Interrogatories | FRE 802 |
| 386 | | Defendant's Responses to Plaintiffs' Second Set of Interrogatories | FRE 802 |
| 387 | | Defendant's Responses to Plaintiffs' Third Set of Interrogatories | FRE 802 |
| 388 | | Defendant's Responses to Plaintiffs' Fourth Set of Interrogatories | FRE 802 |
| 389 | | Expert Report of Howard Bollinger on behalf of Fisher-Price | FRE 802 |
| | | Supplement Expert Report of Howard Bollinger on behalf of Fisher-Price | FRE 802 |
| 390 | | Report of Zachary Oat on behalf of Fisher-Price | FRE 802 |
| 391 | | Expert Report of Abram Hoffman on behalf of Fisher-Price | FRE 802 |
| 392 | | Updated Expert Report of Abram Hoffman on behalf of Fisher-Price | FRE 802 |

**OBJECTION:** Fisher-Price objects to admission of these exhibits as hearsay barred by Federal Rule of Evidence 802.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 345 | DI032-DI035 | Letter from Greg Battersby to Neil Friedman dated 07/25/02 | FRE 402, 403, 602, 802 |

**OBJECTION:** This pre-litigation claim letter is hearsay and irrelevant to the claims made by Design Innovation. Accordingly, it is barred by Federal Rules of Evidence 802 and 402. Moreover, none of Design Innovation's witnesses have personal knowledge of its contents and its preclusion is mandated by Federal Rule of Evidence 602. Finally, the admission of this letter into evidence will be more prejudicial than probative and will cause confusion of the issues and unfair prejudice. Therefore, it should be excluded by Federal Rule of Evidence 403, as well.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 333 | DI001-DI002 | Drawings of Plaintiff's Concept | FRE 402; Never Rec'd by F-P |

**OBJECTION:** These drawings of the Reel Heroes concept should be precluded by Federal Rule of Evidence 402. These drawings were never submitted to Fisher-Price in connection with any of the three submissions.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 344 | | Internet Printout from FlashlightMuseum.com | FRE 402 |
| 353 | | Kenner Catalog Page – Alvin the Aardvark | FRE 402 |
| 355 | | Kenner Catalog Pages – Nerf | FRE 402 |
| 356 | | Kenner Catalog Pages – Starting Lineup | FRE 402 |
| 357 | VGR0450-VGR0497 | Kenner Catalog Pages – Nerf | FRE 402 |
| 358 | VGR0498-VGR0532 | Kenner Catalog Pages – Starting Lineup | FRE 402 |
| 359 | VGR0360-VGR0562 | Kenner Catalog Pages | FRE 402 |

**OBJECTION:** The catalog pages proposed by Design Innovation are plainly unrelated to the Reel Heroes concept or any of the claims at issue here. The products depicted in these catalog pages are the result of outside inventor submissions — which have already been ruled irrelevant — to *another* toy company other than Fisher-Price. As a result, these documents (and any testimony about such matters) is irrelevant and inadmissible pursuant to Federal Rule of Evidence 402. Additionally, mini-trials on these unrelated products would cause confusion and delay in the trial and are therefore properly excluded under Federal Rule of Evidence 403.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 351 | | Initial Expert Report of James Kipling | FRE 403, 602, 902; Parts Stricken by Court |
| 352 | | Supplemental and Second Supplemental Expert Reports of James Kipling | |
| 359 | | Expert Report of Alan Ratliff | FRE 403, 602, 802 |
| 360 | | Supplemental Letter and Exhibits from Alan Ratliff dated 03/30/05 | |
| | | Update to Report of Alan Ratliff | FRE 403, 602, 802 |

**OBJECTION:** Fisher-Price objects to the reports of Design Innovation's experts as inadmissible hearsay under Federal Rule of Evidence 802. Fisher-Price objects on the basis of lack of personal knowledge under Federal Rule of Evidence 602. Moreover Fisher-Price objects to these reports as they will cause unfair prejudice, confusion of the issues, or mislead the jury and asks to have them excluded under Federal Rule of Evidence 403. Finally, Fisher-Price has addressed topics included in these exhibits in its motions in limine nos. 1, 5, and 8.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 375 | FP0913 | Fisher-Price External Design Report with handwritten note | FRE 602, 802 |
| 376 | FP0001-FP0002 | Fisher-Price External Design Report | FRE 602, 802 |
| 377 | FP0003 | Fisher-Price External Design Report | FRE 602, 802 |
| 378 | FP0004-FP0005 | Fisher-Price External Design Report | FRE 602, 802 |
| 379 | FP0768-FP0771 | Fisher-Price External Design Report | FRE 602, 802 |
| 380 | FP0894 | Fisher-Price External Design Report | FRE 602, 802 |
| 382 | FP0895 | Fisher-Price External Design Report | FRE 602, 802 |
| 383 | FP0907 | Fisher-Price External Design Report | FRE 602, 802 |

**OBJECTION:** Fisher-Price objects to these documents because there is no witness in plaintiff's witness list who has knowledge of the reports, the handwriting thereon, and the data contained therein. Therefore, these documents are properly excluded under Federal Rule of Evidence 602. In addition, these documents should be excluded under Federal Rule of Evidence 802 because they contain hearsay.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
| 387 | VGR0536-VGR0551 | Email correspondence between Peter Pook and Russell Dize | FRE 402, 802 |

**OBJECTION:** Fisher-Price objects to these documents as irrelevant and properly excluded under Federal Rule of Evidence 402. Fisher-Price further objects because no witness on Design Innovation's witness list can authenticate this exhibit under Federal Rule of Evidence 602. Finally, this exhibit is properly excluded as hearsay under Federal Rule of Evidence 802.

| Exhibit # | Bates # | Description | Objection |
|---|---|---|---|
|  |  | Fisher-Price's Mission Select CD-ROM game | FRE 402 |

**OBJECTION:** Plaintiff has never specified any claim against the CD-ROM and has specifically denied making a claim against it. Therefore, this exhibit is irrelevant under Federal Rule of Evidence 402.

Dated: January 5, 2006

**HODGSON RUSS LLP**

By: *[signature]*
    Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PVH 0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

**TYLER COOPER & ALCORN, LLP**
Jacqueline D. Bucar
e-mail: jbucar@tylercooper.com
Federal Bar No.: ct01187
Robert W. Allen
e-mail: rallen@tylercooper.com
Federal Bar No.: ct04188
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200

*Attorneys for Fisher-Price, Inc.*