UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and :
DESIGN INNOVATIONS, INC., :
                              :
              Plaintiffs      :
                              :   Civil No. 303CV222(JBA)
v.                            :
                              :
FISHER PRICE, INC.,           :
                              :
              Defendant.      :
                              :

### PLAINTIFF'S PROPOSED FORM OF VERDICT

We, the jury, find unanimously in answer to the following questions, as follows:

**I.   Design Innovation's Claim for Misappropriation**

I.1   Do you find that Design Innovation has proven by a preponderance of the evidence that the "Reel Heroes" concept was concrete when it was submitted to Fisher-Price?

      Yes_____                              No_____

I.2   Do you find that Design Innovation has proven by a preponderance of the evidence that the "Reel Heroes" concept was novel in absolute terms when it was submitted to Fisher-Price?

      Yes_____                              No_____

I.3.  Do you find that Design Innovation has proven by a preponderance of the evidence that Design Innovation disclosed the "Reel Heroes" concept to Fisher-Price in relation to a confidential relationship between the parties or a in contractual relationship?

      Yes_____                              No_____

If you have answered "No" to any of the three preceding questions, stop and sign the verdict form and indicate to the bailiff that you have reached your verdict. If you have answered "Yes" to all three questions above, you must go on to answer Question I.4.

I.4   Do you find that Design Innovation has proven beyond a preponderance of the evidence that Fisher-Price used the "Reel Heroes" concept in the design of any of the following products?

- Mission Command Figures:        Yes_____   No_____
- Video Mission Figures:          Yes_____   No_____
- Mission Select Figures:         Yes_____   No_____
- The Optic Force Figure known
  as Telly Photo:                 Yes_____   No_____

If You answered "Yes" to <u>any</u> of the products listed in Question I.4, you must go on to answer Question III.1. If you answered "No" to <u>all</u> of the products listed in Question I.4, stop and sign this verdict form and indicate to the bailiff that you have reached a verdict.

II.   **Design Innovation's Claim for Unfair Competition**

II.1   Do You find that Design Innovation has proven by a preponderance of the evidence that Fisher-Price made use of the "Reel Heroes" concept as to any of the accused products in bad faith?

　　　Yes_____                                    No_____

If You answered "Yes" to this question, then you must go on to answer Question IV.1.

### III. Disclaimer/Agency

III.1   Do you find that Fisher-Price has proven by a preponderance of the evidence that Victor Reiling acted as Design Innovation's agent when he signed the 1994 Policy & Agreement form and that relationship continued when Reiling and Design Innovation submitted the Reel Heroes concept to Fisher-Price in October, 1998?

Yes_____        No_____

**If you answered "Yes" to Question III.1, stop and sign this verdict form and indicate to the bailiff that you have reached your verdict. If you answered "No" to Question III.1, you must go on to the following questions.**

### IV. Damages

You may award damages only if you found Fisher-Price liable for misappropriation or unfair competition (Sections 1 and 2). This section will guide you in determining your damages verdict.

IV.1.  <u>Damages for Misappropriation or Unfair Competition With Respect to Action Figures:</u>  For each product, what damages do you find that Design Innovation has proven by a preponderance of the evidence for misappropriation or unfair competition?

- Mission Command Figures:         $_____
- Video Mission Figures:              $_____
- Mission Select Figures:             $_____
- The Optic Force Figure known
  as Telly Photo:                         $_____

IV.2.  <u>Damages for Misappropriation and Unfair Competition With Respect to Line Extensions:</u>  You may Award additional damages for line extensions only if you have awarded damages in response to Question IV.1 and only in accordance with the

instructions of the court. If you have decided to award damages for line extensions, what damages do you find that Design Innovation has proven by a preponderance of the evidence for each such line extension?

- Aquatic Rescue Command Center:     $_____
- Mountain Action Command Center:    $_____
- Mission Select Vehicles:           $_____
- Voice Tech Vehicle(s):             $_____

IV.3   <u>Punitive Damages</u>:  You may award punitive damages only if you have awarded damages for misappropriation or unfair competition in response to at least Question IV.1 and only in accordance with the instruction provided by the court. If you have decided to award punitive damages under the instructions that the Court has provided, what amount of punitive damages do you find that Design Innovation has proven by a preponderance of the evidence?

$_____

                                    Dated: _____

_____        _____
Juror No. 1                    Juror No. 2

_____        _____
Juror No. 3                    Juror No. 4

_____        _____
Juror No. 5                    Juror No. 6

_____        _____
Juror No. 7                    Juror No. 8

_____
Juror No. 9

Dated: Norwalk, Connecticut
January 3, 2006

        Respectfully Submitted,

        GRIMES & BATTERSBY, LLP

        By: _____
        Gregory J. Battersby (Bar No. 7386)
        Edmund J. Ferdinand, III (Bar No. 21287)
        Russell D. Dize (Bar No. 23064)
        Susan Schlesinger (Bar No. 26625)
        488 Main Avenue, Third Floor
        Norwalk, Connecticut 06851-1008
        (p) (203) 849-8300
        (f) (203) 849-9300

        SANDAK HENNESSEY & GRECO, LLP
        Jay H. Sandak, Esq.
        Peter M. Nolin, Esq.
        707 Summer Street
        Stamford, Connecticut 06901-1026
        (p) (203) 425-4200
        (f) (203) 325-8608

        Attorneys for Plaintiff
        Design Innovation, Inc.