UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., : <br> : <br> Plaintiffs : <br> : <br> v. : <br> : <br> FISHER-PRICE, INC. : <br> : <br> Defendant. : <br> : | Civil No. 303CV222 (JBA) <br><br> January 2, 2006 |

FISHER-PRICE'S OBJECTIONS TO
PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Fisher-Price, Inc. hereby objects to plaintiff's proposed jury instructions as follows:

**1.     Instruction I (Preamble)**:  Fisher-Price objects to the statement that "toy companies regularly do business with independent inventors. . . ." and the language which follows it which is quoted from *Nadel v. Play-by-Play*, 208 F.3d 368, 378 (2d Cir. 2000), including the language regarding "industry custom."  This language reflects the *Nadel* court's description of facts in the record on appeal from a summary judgment decision, where the court was interpreting the facts in the manner most favorable to the plaintiff.  These are not statements of law which can be applied to other cases in the form of jury instructions.

Fisher-Price also objects to a definition of "misappropriation" from *Black's Law Dictionary*.  This is a not a statement of New York law and is vague and ambiguous.  Fisher-Price objects to the language quoted from the New York Pattern Jury Instructions as vague and ambiguous, incomplete and taken out of context.

2. **Instruction I.A**: Fisher-Price objects to this instruction as incomplete and refers to its proposed instruction on concreteness.

3. **Instruction I.B**: Fisher-Price objects to this instruction as incomplete and as failing to recognize the well-established legal principle that "the combination of preexisting elements is not novel." *Brandwynne v. Combe Int'l Ltd.*, 74 F.Supp.2d 364, 376 (S.D.N.Y. 1999); *Khreativity Unlimited v. Mattel, Inc.*, 101 F.Supp.2d 177, 185-186 (S.D.N.Y.), *aff'd*, 242 F.3d 366 (2d Cir. 2000). This Court has already recognized this principle in its December 14, 2005 Ruling on Defendant's Motion for Summary Judgment (Docket No. 145) at 29-30, n. 21.

4. **Instruction I.C (Legal Relationship)**: Fisher-Price objects to this instruction as vague and not tailored to the relevant facts of this case. No "legal relationship" has been alleged other than the claim that the submission of the Reel Heroes concept was disclosed to Fisher-Price on a confidential basis.[1] Accordingly, generalized language referring to "a legal relationship" should be deleted from this jury charge and replaced with language requiring plaintiff to show that it submitted the Reel Heroes concept to Fisher-Price on a confidential basis.

Moreover, Fisher-Price objects to the quotation from *Nadel* relating to "the standard custom and practice in the toy industry." That language related to the factual record developed on an appeal from a summary judgment motion. The *Nadel* court was

---

[1] Nowhere in its opposition to summary judgment (or in any other document or appearance) has Design Innovation alleged anything other than a confidential relationship as a basis for its misappropriation claim. Plaintiff's counsel acknowledged this at oral argument when questioned by the Court:

> Q: Well, are you saying that if you use our concept you will pay us is whether that concept is novel or not and whether or not we had a confidential relationship?
>
> A: Right. Those are the misappropriation factors.

Transcript of Oral Argument on Fisher-Price's Motion for Summary Judgment held on October 24, 2005 (Docket No. 143) at 19.

interpreting the facts in the manner most favorable to the plaintiff (the non-movant). This language does not represent a finding of law nor a legal principle that can be applied in the jury charges of other cases.

Finally, Fisher-Price objects to the language referring to "the course of dealing of Fisher-Price and Design Innovation, including the evidence of the Option Agreement" as possibly showing the existence of a "legal or confidential relationship." No "legal" relationship has ever been alleged in this case (as opposed to the alleged confidential nature of the submission). Moreover, this Court has already ruled that the Reel Heroes concept was submitted pursuant to the 1994 Policy and Agreement, which expressly precludes the existence of any confidential relationship with respect to that submission.

5. **Instruction I.D**: Fisher-Price objects to this instruction as inaccurate and incomplete. It is inaccurate to the extent that it implies that "independent development" is an affirmative defense. There is no case law support for the argument that independent development is an affirmative defense. Instead, evidence of independent development is weighed by the jury in determining whether the defendant "used" the concept at issue. Plaintiff maintains the burden of showing "use" at all times, including overcoming evidence of independent development. *See McGhan v. Ebersol*, 608 F. Supp. 277, 286 (S.D.N.Y 1985). Proposed jury charge I.D. attempts to shift the burden improperly to the defendant. Fisher-Price further objects to reference to federal copyright cases on the issue of "access." This case is governed by New York law (which has repeatedly been acknowledged by plaintiff and determined by this Court), and plaintiff cites no New York law for the requested charge relating to access.

Fisher-Price objects to the last paragraph in charge I.D., which requests the jury to determine whether line extension products "used" the Reel Heroes concept. The reasons for this objection are set forth in Fisher-Price Motion in Limine No. 3.

6. **Instruction I.E**: Fisher-Price objects to this instruction. This instruction should require that the concept be "absolutely" novel, not just "novel"; and should require that Design Innovation disclosed its concept to Fisher-Price on a confidential basis, not "in the context of legal relationship."

7. **Instruction II**: Fisher-Price objects to any separate charge on unfair competition. In its summary judgment Ruling, the Court dismissed Design Innovation's unfair competition claim to the extent that it involved anything other than misappropriation. Accordingly, as it now stands, Design Innovation's unfair competition claim involves only the alleged misappropriation of the Reel Heroes concept, and the elements of establishing this unfair competition claim are exactly the same as the misappropriation claim. Because these are identical causes of action, Fisher-Price submits there should be only a single jury instruction.

8. **Instruction III.B.(1)**: Fisher-Price objects to this charge to the extent it includes any reference to disgorgement, for the reasons set forth in Fisher-Price's Motion in Limine No. 8. In addition, Fisher-Price submits that the damages charge must include an instruction to the jury that damages should be measured, if awarded at all, based on the 3% royalty provided in the Option Agreement between the parties. The reasons supporting this are set forth in Fisher-Price's Motion in Limine No. 8.

**9.     Instruction III.B.(2)**:  Fisher-Price objects to any damages charge on plaintiff's unfair competition claim, for the reasons described above in its objection to plaintiff's proposed Instruction II.

**10.     Instruction III.C**:  Fisher-Price objects to any instruction on punitive damages, because there are no facts supporting a punitive damages claim in this action, and because plaintiff's charge fails to account for recent Supreme Court case law limiting the applicability, purpose, and proof in support of punitive damages.  *See also* Fisher-Price's Motion in Limine No. 9.

**11.     Instruction IV**:  Fisher-Price objects to Instruction IV in its entirety because it mischaracterizes the defenses listed therein as affirmative defenses and attempts to shift the burden to Fisher-Price of disproving elements of plaintiff's misappropriation claim, as to which the burden of proof is properly on plaintiff.

Dated: January 2, 2006

| | |
|---|---|
| **HODGSON RUSS LLP**<br><br>By  s/Robert J. Lane, Jr.<br>         Robert J. Lane, Jr.<br>e-mail:  rlane@hodgsonruss.com<br>Federal Bar No.:  ct24598<br>Jodyann Galvin<br>e-mail:  jgalvin@hodgsonruss.com<br>Federal Bar No.:  ct24599<br>One M&T Plaza, Suite 2000<br>Buffalo, NY 14203-2391<br>Telephone:  (716) 856-4000 | **TYLER COOPER & ALCORN, LLP**<br>Jacqueline D. Bucar, Esq.<br>e-mail:  jbucar@tylercooper.com<br>Federal Bar No.:  ct01187<br>205 Church Street<br>P.O. Box 1936<br>New Haven, CT 06509-0906<br>Telephone:  (203) 784-8269 |
| **MILBANK, TWEED, HADLEY & MCCLOY LLP**<br>William E. Wallace, III<br>email:  wwallace@milbank.com<br>Federal Bar No. PHV0480<br>International Square Building<br>1825 Eye Street, N.W., Suite 1100<br>Washington, D.C. 20006<br>Telephone:  (202) 835-7500 | **ROBINSON & COLE LLP**<br>Bradford S. Babbitt<br>e-mail:  bbabbitt@rc.com<br>Federal Bar No.:  ct13938<br>Michael J. Kolosky<br>email:  mkolosky@rc.com<br>Federal Bar No.:  ct22686<br>280 Trumbull Street<br>Hartford, CT 06103-3597<br>Telephone:  (860) 275-8200 |

*Attorneys for Fisher-Price, Inc.*

**CERTIFICATION**

The undersigned hereby certifies that copies of the foregoing Objections to Plaintiff's Proposed Jury Instructions, dated January 2, 2006, were sent on this 3rd day of January, 2006 to:

**Via Hand Delivery**

Gregory J. Battersby, Esq. (Bar No. 07386)
Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
Russell D. Dize, Esq. (Bar No. 23064)
Grimes & Battersby LLP
488 Main Avenue, Third Floor
Norwalk, CT 06851-1008
Telephone: (203) 849-8300
Facsimile: (203) 849-9300

**Via Overnight Courier**

Peter M. Nolin, Esq. (Bar No. 06223)
Jay H. Sandak, Esq. (Bar No. 06703)
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06901
Telephone: (203) 425-4200
Facsimile: (203) 325-8608

                                                                  ____s/Robert J. Lane, Jr.____
                                                                      Robert J. Lane, Jr.

003279/00136 BFLODOCS 1428843v1