## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., | : : : | |
| Plaintiffs | : : | |
| v. | : : | Civil No. 303CV222 (JBA) December 31, 2005 |
| FISHER-PRICE, INC. | : : | |
| Defendant. | : : | |

## DECLARATION IN SUPPORT OF
## FISHER-PRICE'S MOTIONS IN LIMINE

ROBERT J. LANE, JR., pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declares that the following is true and correct:

1.      I am a member of the firm of Hodgson Russ LLP, attorneys for defendant Fisher-Price, Inc. ("Fisher-Price"), together with Milbank, Tweed, Hadley & McCloy LLP, Tyler, Cooper & Alcorn, LLP, and Robinson & Cole LLP.  I make this declaration in support of Fisher-Price's motions in limine.

2.      The purpose of this declaration is to put before the Court evidence from the record that supports Fisher-Price's motions in limine, as cited in the memoranda submitted by Fisher-Price in support of those motions, and to set forth certain facts relevant to the motions as to which I have personal knowledge.

3.      A copy of the Second Amended Complaint, dated November 19, 2004, (without its exhibits) is attached as Exhibit A.

4.      A copy of the Expert Report of James Kipling, dated January 5, 2004, is attached as Exhibit B.

5.      A copy of the Second Supplement to the Expert Report of James Kipling, dated January 31, 2005, is attached as Exhibit C.

6.      A copy of Plaintiff's Witness List, dated December 22, 2005, is attached as Exhibit D.

7.      A copy of Plaintiff's Exhibit List, dated December 22, 2005, is attached as Exhibit E.

8.      Relevant pages from the deposition of Bruce Benedetto on January 27, 2005 are attached as Exhibit F.

9.      Relevant pages from the deposition of Bruce Popek on January 28, 2005 are attached as Exhibit G.

10.      Relevant pages from the deposition of Victor G. Reiling on February 15, 2005 are attached as Exhibit H.

11.      Relevant pages from the deposition of James Kipling on January 30, 2004 are attached as Exhibit I.

12.      Relevant pages from the deposition of James Kipling on February 10, 2005 are attached as Exhibit J.

13.      A copy of the Policy and Agreement form, dated December 5, 1994, is attached as Exhibit K.  Victor Reiling confirmed at deposition that he entered into the 1994 Policy and Agreement.  *See* Exhibit H at 68-69.

14.     A copy of the Option Agreement, dated February 1999, is attached as Exhibit L.  Design Innovation, Inc. ("DI") stated in the Second Amended Complaint that it entered into the Option Agreement with Fisher-Price.  *See* Exhibit A ¶ 21.

15.     One part of the relief sought by Fisher-Price's motion in limine regarding testimony about toy industry custom and practice is a ruling precluding DI's three principals (Bruce Benedetto, Bruce Popek, and Doug Melville) from testifying about custom and practice in the toy industry.  I have reviewed all the expert disclosure in this matter, and DI did not disclose any of these individuals as experts on any issue, including custom and practice in the toy industry.

16.     The last amendment or supplementation of the report of James Kipling, DI's expert, was the Second Supplement, dated January 31, 2005.  DI has not amended or supplemented his report since that date.

17.     On December 22, 2005, I sent an e-mail to Edmund J. ("Jed") Ferdinand III, counsel for plaintiff, asking him to confirm our understanding that there are no surviving claims relating to the Voice Tech Jet and the Voice Tech Fire Truck, because the Court dismissed the tort claims relating to these products as time-barred at the time of the motion to amend, and dismissed the implied contract and CUTPA claims in its Ruling on Fisher-Price's summary judgment motion.  Mr. Ferdinand replied to my e-mail later on December 22, 2005, stating that DI disagrees and "believes that even with respect to those two products it can still recover damages in whole or in part on its remaining claims, for reasons that were not put before the Court on the motion to amend."  A printout of the e-mail correspondence that includes my e-mail to Mr. Ferdinand, and his responding e-mail to me, is attached as Exhibit M.

Dated:  December 31, 2005

_____
s/
Robert J. Lane, Jr.