UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,

          Plaintiffs,

- against -

FISHER-PRICE, INC.,

          Defendant.

Index No.: 3:03 CV 222 (JBA)

December 22, 2005

**PLAINTIFF'S WITNESS LIST**

Plaintiff, Design Innovation, Inc. ("DI"), respectfully submits the following list of witnesses expected to be called by Plaintiff to testify at trial, either directly or through deposition testimony:

1. <u>Victor G. Reiling</u> (Victor G. Reiling Associates, 119 North Main Street, P.O. Box 677, Kent, Connecticut 06757). Mr. Reiling is the co-inventor of Plaintiff's concept. He is expected to testify regarding: a) the development of Plaintiff's concept; b) the submission of Plaintiff's concept to Fisher-Price; c) negotiations with Fisher-Price regarding Plaintiff's concept; d) the relationship between Victor G. Reiling Associates and DI; e) his personal experiences with regard to other submissions he has made to Fisher-Price, Inc. ("Fisher-Price") and its parent company, Mattel, Inc. ("Mattel"), including agreements entered into with those entities; f) his personal experiences with regard to making inventor submissions to toy companies other than Fisher-Price and Mattel, including agreements entered into with those entities; g) the definition of Plaintiff's concept; h) the three executions of Plaintiff's concept submitted to Fisher-Price; i) the negotiation and execution of the Option Agreement with Fisher-Price regarding Plaintiff's

concept; j) the discovery of Fisher-Price's unauthorized use of Plaintiff's concept; k) the novelty of Plaintiff's concept; l) the incorporation of Plaintiff's concept into Fisher-Price's Rescue Heroes line of products and line extensions; m) the similarities between Plaintiff's concept and concept submissions, on the one hand, and Fisher-Price's Rescue Heroes line of products and line extensions; n) communications with Fisher-Price and Design Innovation regarding Plaintiff's concept, Plaintiff's submissions and the termination of DI's business relationship with Fisher-Price.

2.  <u>Bruce Popek</u> (Design Innovation, Inc., 20 Tower Lane, Avon, CT 06001). Mr. Popek is a principal of Plaintiff DI. He is expected to testify regarding: a) the development of Plaintiff's concept; b) the submission of Plaintiff's concept to Fisher-Price; c) negotiations with Fisher-Price regarding Plaintiff's concept; d) the relationship between Victor G. Reiling Associates and DI; e) his personal experiences with regard to other submissions DI has made to Fisher-Price, Inc. and its parent company, Mattel, Inc., including agreements entered into with those entities; f) his personal experiences with regard to making inventor submissions to toy companies other than Fisher-Price and Mattel, including agreements entered into with those entities; g) the definition of Plaintiff's concept; h) the three executions of Plaintiff's concept submitted to Fisher-Price; i) the negotiation and execution of the Option Agreement with Fisher-Price regarding Plaintiff's concept; j) the discovery of Fisher-Price's unauthorized use of Plaintiff's concept; k) the novelty of Plaintiff's concept; l) the incorporation of Plaintiff's concept into Fisher-Price's Rescue Heroes line of products and line extensions; m) the similarities between Plaintiff's concept and concept submissions, on the one hand, and Fisher-Price's Rescue Heroes line of products and line extensions; n) communications with Fisher-Price and Victor G. Reiling regarding Plaintiff's concept, Plaintiff's submissions and the termination

of DI's business relationship with Fisher-Price; o) the termination of DI's business relationship with Fisher-Price; p) damages suffered by DI as a result of the termination of DI's business relationship with Fisher-Price.

3.   <u>Bruce Benedetto</u> (Design Innovation, Inc., 20 Tower Lane, Avon, CT 06601). Mr. Benedetto is a principal of Plaintiff DI. He is expected to testify regarding: a) the development of Plaintiff's concept; b) the submission of Plaintiff's concept to Fisher-Price; c) negotiations with Fisher-Price regarding Plaintiff's concept; d) the relationship between Victor G. Reiling Associates and DI; e) his personal experiences with regard to other submissions DI has made to Fisher-Price, Inc. and its parent company, Mattel, Inc., including agreements entered into with those entities; f) his personal experiences with regard to making inventor submissions to toy companies other than Fisher-Price and Mattel, including agreements entered into with those entities; g) the definition of Plaintiff's concept; h) the three executions of Plaintiff's concept submitted to Fisher-Price; i) the negotiation and execution of the Option Agreement with Fisher-Price regarding Plaintiff's concept; j) the discovery of Fisher-Price's unauthorized use of Plaintiff's concept; k) the novelty of Plaintiff's concept; l) the incorporation of Plaintiff's concept into Fisher-Price's Rescue Heroes line of products and line extensions; m) the similarities between Plaintiff's concept and concept submissions, on the one hand, and Fisher-Price's Rescue Heroes line of products and line extensions; n) communications with Fisher-Price and Victor G. Reiling regarding Plaintiff's concept, Plaintiff's submissions and the termination of DI's business relationship with Fisher-Price; o) the termination of DI's business relationship with Fisher-Price; p) damages suffered by DI as a result of the termination of DI's business relationship with Fisher-Price.

4.  <u>Doug Melville</u> (Design Innovation, Inc., 20 Tower Lane, Avon, CT 06601). Mr. Melville is a principal of Plaintiff DI. He is expected to testify regarding: a) the development of Plaintiff's concept; b) the submission of Plaintiff's concept to Fisher-Price; c) negotiations with Fisher-Price regarding Plaintiff's concept; d) the relationship between Victor G. Reiling Associates and DI; e) his personal experiences with regard to other submissions DI has made to Fisher-Price, Inc. and its parent company, Mattel, Inc., including agreements entered into with those entities; f) his personal experiences with regard to making inventor submissions to toy companies other than Fisher-Price and Mattel, including agreements entered into with those entities; g) the definition of Plaintiff's concept; h) the three executions of Plaintiff's concept submitted to Fisher-Price; i) the negotiation and execution of the Option Agreement with Fisher-Price regarding Plaintiff's concept; j) the discovery of Fisher-Price's unauthorized use of Plaintiff's concept; k) the novelty of Plaintiff's concept; l) the incorporation of Plaintiff's concept into Fisher-Price's Rescue Heroes line of products and line extensions; m) the similarities between Plaintiff's concept and concept submissions, on the one hand, and Fisher-Price's Rescue Heroes line of products and line extensions; n) communications with Fisher-Price and Victor G. Reiling regarding Plaintiff's concept, Plaintiff's submissions and the termination of DI's business relationship with Fisher-Price; o) the termination of DI's business relationship with Fisher-Price; p) damages suffered by DI as a result of the termination of DI's business relationship with Fisher-Price.

5.  <u>Brian Manzolli</u> (Design Innovation, Inc., 20 Tower Lane, Avon, CT 06601). Mr. Manzolli is expected to testify regarding the creation and development of Fisher-Price's Optic Force Rescue Heroes "Telly Photo" character.

6. <u>James M. Kipling</u> (Frost Brown Todd LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, OH 45202-4182). Mr. Kipling is an expert witness for the Plaintiff. He is expected to testify regarding: a) custom and practice in the toy industry regarding concept submissions from outside toy inventors to toy companies; b) the nature of independent toy inventors; c) the forms used in the toy industry through which inventors submit their concepts to toy companies; d) Fisher-Price's Policy and Agreement form; e) the concept submission and evaluation process; f) significance of the Option Agreement between Fisher-Price, DI and Victor G. Reiling; g) the definition of Plaintiff's concept; h) the incorporation of Plaintiff's concept into Fisher-Price's Rescue Heroes line of products and line extensions; i) the similarities between Plaintiff's concept and concept submissions, on the one hand, and Fisher-Price's Rescue Heroes line of products and line extensions; j) the Fisher-Price Rescue Heroes products and line extensions on which a royalty is owed to Plaintiff; k) the novelty of Plaintiff's concept; l) differences between the prior art cited by Fisher-Price and Plaintiff's concept and concept submissions; m) the reasonable royalty in this case; and n) flaws in the opinions and analysis of Defendants' experts.

7. <u>Alan Ratliff</u> (The StoneTurn Group, LLP, Two Allen Center, 1200 Smith Street, Suite 1600, Houston, TX 77002). Mr. Ratliff is an expert witness for the Plaintiff. He is expected to testify regarding: a) Fisher-Price's revenue from the sales of accused products; b) disgorgement of profits as a measure of damages to Plaintiff; c) the calculation of disgorgement of profits damages in this case; and d) flaws in the opinions and analysis of Defendants' damages expert.

8. <u>Neil Friedman</u> (Fisher-Price, Inc., 675 Avenue of the Americas, New York, NY 10010). Mr. Friedman is President of Fisher-Price. He is expected to testify regarding: a) the

valuation of Fisher-Price and Mattel and the net worth of those entities as it relates to an award of punitive damages; b) the profit margins of Fisher-Price and Mattel as it relates to disgorgement of profits damages; and c) the termination of DI's business relationship with Fisher-Price.

9. <u>Stan Clutton</u> (Fisher-Price, Inc., 675 Avenue of the Americas, New York, NY 10010). Mr. Clutton is Vice President of Inventor Relations of Fisher-Price. He is expected to testify regarding: a) his evaluation of Plaintiff's claim for compensation in this case; b) the termination of DI's business relationship with Fisher-Price; and c) his communications with DI regarding the termination of DI's business relationship with Fisher-Price.

10. <u>Paul Snyder</u> (3805 Maulfair Drive, Allentown, PA 18103). Mr. Snyder is the former Vice President of Inventor Relations of Fisher-Price. Mr. Snyder is expected to testify regarding: a) the submission of Plaintiff's concept to Fisher-Price; b) the consideration of Plaintiff's concept by Fisher-Price; c) Fisher-Price's access to Plaintiff's concept; d) negotiations between Victor G. Reiling and Fisher-Price regarding Plaintiff's concept; e) correspondence with Victor G. Reiling regarding Plaintiff's concept; f) significance of the Option Agreement between Fisher-Price, DI and Victor G. Reiling; g) Fisher-Price's procedures for handling inventor submissions during the relevant time period; h) Fisher-Price's methods of dealing with outside toy inventors during the relevant time period; i) confidentiality of inventor submissions; j) the manner in which Fisher-Price compensated outside inventors for the use of their concepts during the relevant time period; k) Plaintiff's entitlement to compensation for their submitted concept.

11. <u>Ken Morton</u> (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052). Mr. Morton was a member of the Fisher-Price Boys Team during the relevant time period. Mr. Morton is expected to testify regarding: a) Fisher-Price's access to Plaintiff's submissions; b)

Fisher-Price's consideration of Plaintiff's submissions; c) the novelty of Plaintiff's concept; d) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and e) confidentiality of inventor submissions.

12. <u>Tyler Berkheiser</u> (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052). Mr. Berkheiser was a member of the Fisher-Price Boys Team during the relevant time period. Mr. Berkheiser is expected to testify regarding: a) Fisher-Price's access to Plaintiff's submissions; b) Fisher-Price's consideration of Plaintiff's submissions; c) the novelty of Plaintiff's concept; d) development of the Fisher-Price Optic Force Rescue Heroes Telly Photo character; e) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and f) confidentiality of inventor submissions.

13. <u>Chris Pardi</u> (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052). Mr. Pardi was in Fisher-Price's marketing group during the relevant time period. Mr. Pardi is expected to testify regarding: a) Fisher-Price's access to Plaintiff's submissions; b) Fisher-Price's consideration of Plaintiff's submissions; c) the novelty of Plaintiff's concept; d) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and e) confidentiality of inventor submissions.

14. <u>Jim Bauman</u> (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052). Mr. Bauman was a member of the Fisher-Price Boys Team during the relevant time period. Mr. Bauman is expected to testify regarding: a) the novelty of Plaintiff's concept; b) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and c) confidentiality of inventor submissions.

15. <u>David Ciganko</u> (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052). Mr. Ciganko was a member of the Fisher-Price Boys Team during the relevant time period. Mr.

Ciganko is expected to testify regarding: a) the novelty of Plaintiff's concept; b) the development of Fisher-Price's Rescue Heroes line of products and line extensions; and c) confidentiality of inventor submissions.

16.   Patricia Grabianowski  (Fisher-Price, Inc., 636 Girard Avenue, East Aurora, NY 14052).  Ms. Grabianowski was a member of Fisher-Price's Inventor Relations department during the relevant time period.  Ms. Grabianowski is expected to testify regarding: a) the submission of Plaintiff's concept; b) Fisher-Price's access to Plaintiff's submissions; c) documents evidencing Fisher-Price's consideration of Plaintiff's concept; d) correspondence with Victor G. Reiling regarding Plaintiff's concept; e) Fisher-Price's practices regarding the handling of inventor submissions; f) Fisher-Price's database of inventor submissions; and g) the interpretation of records relating to this case from Fisher-Price's database of inventor submissions.

Dated: Norwalk, Connecticut
December 22, 2005

Respectfully Submitted,

GRIMES & BATTERSBY, LLP

By: _____
Gregory J. Battersby (Bar No. 7386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
Susan Schlesinger (Bar No. 26625)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300

SANDAK HENNESSEY & GRECO, LLP
Jay H. Sandak, Esq.
Peter M. Nolin, Esq.
707 Summer Street
Stamford, Connecticut 06901-1026
(p) (203) 425-4200
(f) (203) 325-8608

Attorneys for Plaintiff
Design Innovation, Inc.