Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT



```
------------------------------------)
VICTOR G. REILING ASSOCIATES and    )
DESIGN INNOVATION, INC.             )
         Plaintiff                  )
                                    ) Civil Action No.
VS                                  ) 3:03 CV 222 (JBA)
                                    )
FISHER-PRICE, INC.                  )
         Defendant                  )
------------------------------------)
```

DEPOSITION OF: VICTOR G. REILING
DATE: FEBRUARY 15, 2005
HELD AT:   ROBINSON & COLE
           280 TRUMBULL STREET
           HARTFORD, CONNECTICUT

Reporter: WENDY J. ALLEN, RPR, CRR, LSR #00221
BRANDON SMITH REPORTING SERVICE
44 Capitol Avenue
Hartford, CT 06106
Tel (860) 549-1850

1   A   No, more concepts than that, but that's the
2   different companies that I would consider clients.
3   Q   Some of those companies licensed or purchased
4   more than one concept from you?
5   A   Yes.
6   Q   So the number of concepts that you sold to toy
7   companies would be in excess of 35?
8   A   Yes.
9   Q   Do you know how many of those actually became
10  commercial products?
11  A   I'd say in the 30 to 40 range.
12  Q   And each time a toy idea became a commercial
13  product, was a license agreement executed?
14  A   Yes.
15  Q   Now, I think you already told me that you had
16  filled out Concept Submission Forms like Exhibit 205 on
17  more than a couple of hundred occasions, correct?
18  A   Yes.
19  Q   Did you do your best when you were filling out
20  those forms to take care to describe your concept
21  accurately and completely?
22  A   I would try to, yes.
23  Q   And do you consider yourself a person with a
24  substantial amount of experience in describing your toy
25  concepts in words?

Page 68

```
1     A    It is quite possible.
2     Q    Do you remember whether you did or not?
3     A    I do not.
4     Q    Let me hand you Exhibit 324.  Exhibit 324 is a
5     February 15, 1993 cover letter.
6     A    Yes.
7     Q    Attaching a Policy and Agreement for the 1993
8     calendar year.  Is that correct?
9     A    Yes, it is.
10    Q    And did you sign that on January 1, 1993?
11    A    Yes, I did.
12    Q    Exhibit 325 is a Policy and Agreement for
13    Fisher-Price relating to the calendar year 1994.  Did
14    you sign that on -- actually your signature is undated.
15    Did you sign that sometime in early 1994 or late 1993?
16    A    I can only speculate that I did.
17    Q    Is it your signature?
18    A    Yes, it is.
19    Q    Now, let me hand you Exhibit 239, Mr. Reiling.
20    This is a Policy and Agreement form for Fisher-Price
21    that appears to have your signature on the second page.
22    Is that your signature?
23    A    Yes, it is.
24    Q    And is this dated by Paul Snyder December 15,
25    1994?
```

Page 69

1     A    Yes, it is.

2     Q    On paragraph 6 this states, "This agreement

3  shall have an indefinite term commencing on December 15,

4  1994, and expiring on 30 days written notice."  Is the

5  handwriting reflecting December 15, 1994 your

6  handwriting?

7     A    Yes, it is.

8     Q    And did you understand that this was a blanket

9  Policy and Agreement form that would apply to all of

10 your submissions to Fisher-Price made after the date

11 December 15, 1994?

12    A    It certainly appears so.  But I did not date

13 it.

14    Q    Right.  You wrote the date in paragraph 6-A,

15 December 15, 1994, but you didn't date your signature,

16 correct?

17    A    That's correct.

18    Q    Now, this indicates that it will continue

19 unless it expires upon 30 days written notice.  Did you

20 ever give 30 days written notice terminating this

21 agreement?

22    A    No.

23    Q    Did you ever give any type of notice

24 terminating this agreement?

25    A    No, I did not.