```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

Victor G. Reiling Associates    :
and Design Innovation, Inc.,    :
            Plaintiffs,         :    Case. No. 3:03 CV 222 (JBA)
                                :
v.                              :
                                :
Fisher-Price, Inc.,             :
            Defendant.          :
```

**Ruling on Defendant's Motion in Limine #6 Concerning the Admissibility of Evidence Related to Settlement [Doc. # 177]**

In part two of the instant Motion, defendant Fisher-Price seeks to preclude the remaining plaintiff in this case, Design Innovation ("DI"), from offering at trial any evidence of settlement negotiations, arguing that such evidence is (1) inadmissible under Federal Rule of Evidence 408, and (2) inadmissible pursuant to a stipulation between the parties. See Def. Motion in Limine #6 [Doc. # 7].

Fisher-Price cites paragraphs in the Second Amended Complaint [Doc. # 85] alleging that Fisher-Price "threatened to terminate its business relationship with Plaintiff DI" unless both DI and Reiling withdrew from the lawsuit and, when Reiling refused to withdraw, Fisher-Price carried through with its threats, see Amended Complaint ¶¶ 40, 57, and DI's witness list, which it contends "make[] clear that [DI] intends to present evidence about . . . settlement discussions at trial." DI has listed Fisher-Price's Mr. Clutton, Mr. Reiling, and three of DI's

1

principals as witnesses whose testimony will include communications between the parties regarding the termination of DI's business relationship with Fisher-Price.  <u>See</u> Def. Motion in Limine # 8 (citing Plaintiff's Witness List at 2-4, 6).

As clarified at oral argument on defendant's Motion in Limine, the challenged evidence includes testimony about statements made at a meeting or meetings held to negotiate a potential settlement in this case in which Fisher-Price representatives purportedly stated that Fisher-Price would cease its business relationship with DI unless Reiling, as well as DI, settled the pending litigation against Fisher-Price, and an email sent to DI by Fisher-Price discontinuing its relationship with DI because it was pursuing this lawsuit.  <u>See</u> Declaration of Bruce P. Popek in Opposition to Def's Motion for Summary Judgment [Doc. # 109] at ¶¶ 23, 25 & Ex. C (describing a meeting in New York City and attaching the email sent by Fisher-Price discontinuing its business relationship with DI).  The parties' declaration and deposition testimony also shows that the discussions and documentation relating to Fisher-Price's discontinuation of its business relationship with DI took place in the context of settlement negotiations.  <u>See</u> Declaration of Robert J. Lane in Support of Fisher-Price's Motions in Limine [Doc. # 185], Ex. G (Popek deposition) at 122; Declaration of Stan Clutton in Support of Motion to Strike [Doc. # 41] at ¶ 3; Affidavit of Stan Clutton

in Support of motion to Strike [Doc. # 62] at ¶¶ 2, 5-9; Declaration of Stan Clutton in Support of Motion for Summary Judgment [Doc. # 97] at ¶ 14.

Federal Rule of Evidence 408 provides that "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed," will be inadmissible if offered to prove liability for or invalidity of the claim, and likewise bars all "[e]vidence of conduct or statements made in compromise negotiations." Fed. R. Evid. 408. The Rule provides an exception, however, for the admissibility of such evidence when "offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Id. The Second Circuit has construed the exception to mean that "[e]vidence of an offer to compromise, though otherwise barred by Rule 408, can fall outside the Rule if it is offered for 'another purpose,' i.e., for a purpose other than to prove or disprove the validity of the claims that the offers were meant to settle." Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 510 (2d Cir. 1989).

Thus, as the Court observed in its Ruling on Plaintiffs' Motion for Leave to File a Second Amended Complaint [Doc. # 80],

3

"plaintiffs would be entitled to present evidence of Fisher-Price's motivation in termination its relationship, or of its threats of retaliation, <u>to the extent they constitute an additional wrong</u>, without implicating the strictures of Rule 408."  <u>See</u> Ruling at 16 (emphasis added); <u>see</u> <u>also</u> <u>Carney v. American University</u>, 151 F.3d 1090, 1095-96 (D.C. Cir. 1998) ("[A]lthough settlement letters are inadmissible to prove liability or amount . . . such correspondence can be used to establish an independent violation (here, retaliation) unrelated to the underlying claim which was the subject of the correspondence (race discrimination).").  However, as concluded in the Ruling on Defendant's Motion for Summary Judgment [Doc. # 145], Fisher-Price's threats to discontinue its relationship with DI, and its carrying out of those threats, do <u>not</u> constitute an "additional wrong."  Thus, the disputed evidence is inadmissible because there is no other claim for which it could be offered other than for punitive damages on the very claims that were the subject of the settlement negotiations – misappropriation and unfair competition.

At oral argument, DI did not contend that the disputed evidence falls within some other exception to Rule.  However, to the extent that the disputed evidence could be offered under an exception, there is another bar to its admission.  On September 19, 2003, before the start of the settlement negotiations during

4

which the claimed retaliation took place, Mr. Clutton of Fisher-Price sent DI and Reiling a letter, which both DI and Reiling signed and returned, providing:

> This letter also evidences the agreement of all parties that the meeting is being conducted for settlement purposes. Pursuant to Federal Rule of Evidence 408, the content of the meeting, including any oral or written statements made in the context of the meeting or any follow-up discussions among the parties, are confidential, not subject to discovery, inadmissible and are made without prejudice to any claims or defenses.

See Declaration of Stan Clutton in Support of Motion to Strike [Doc. # 41] at Ex. A. In light of the strong public policy favoring settlements, see Trebor Sportswear, 865 F.2d at 510, and encouraging uninhibited settlement negotiations, the parties' confidentiality agreement will be enforced. See Eastman Kodak Co. v. Sun Microsystems, Inc., 02cv6074T, 2004 U.S. DIST. LEXIS 18244, at *4-5 (W.D.N.Y. Sept. 13, 2004) (enforcing an agreement providing that "Communications or Contracts that occur in the context of the parties' commercial relationship shall be subject to Rule 408 of the Federal Rules of Evidence and treated as if they were evidence offered of conduct or statements made in settlement discussions"); Playboy Enter. Int'l, Inc. v. On Line Entm't, Inc., CV 00-6618 (DGT), 2004 WL 626807, at *5 (E.D.N.Y. Apr. 1, 2004) (acknowledging that if defendants had wanted to exclude the use of settlement evidence for "another purpose" under Rule 408, such as for impeachment, the parties could have

5

so stipulated), aff'd 135 Fed. Appx. 479 (2d Cir. 2005).

Thus, for the foregoing reasons, part two of Fisher-Price's In Limine Motion # 6, seeking to preclude evidence related to settlement negotiations, is GRANTED.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 10th day of January, 2006.**