```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

**Victor G. Reiling Associates** :
**and Design Innovation, Inc.,** :
       **Plaintiffs,** :    Case. No. 3:03 CV 222 (JBA)
                       :
**v.**                               :
                       :
**Fisher-Price, Inc.,**       :
       **Defendant.**     :

**Pre-Trial Endorsement Order**
**[Docs. ## 156, 169-183]**

1. The parties' Joint Motion for Opening Statements [Doc. # 156] is GRANTED.

2. <u>Plaintiff DI's Motions in Limine</u>:

   a. DI's Motion in Limine #1 [Doc. # 169] seeking to preclude reference to Reiling's claims is DENIED.

   b. DI's Motion in Limine #2 [Doc. # 170] is DENIED as moot on the basis of defendant's representation that it will not engage in questioning characterizing the relationship between Design Innovation and Victor G. Reiling Associates with legal conclusions.

   c. DI's Motion in Limine #3 is DENIED [Doc. # 171] as moot on the basis of defendant's representation that it will not engage in questioning soliciting or implicating testimony that Design Innovation waived its claims as a co-owner of intellectual property with Victor G. Reiling Associates.

   d. DI's Motion in Limine #4 is DENIED [Doc. # 172] as moot because defendant concedes that public harm is not relevant in this case.

   e. DI's Motion in Limine #5 [Doc. # 173] seeking to preclude defendant's argument that plaintiff's damages should be reduced by 50% is GRANTED.

3. <u>Defendant Fisher-Price's Motions in Limine</u>:

   a. Fisher-Price's Motion in Limine #1 [Doc. # 182] is: (i)

        DENIED as moot as to testimony of Reiling and DI principals on custom and practice because the Court's Ruling on Defendant's Motion to Strike [Doc. # 144] precluding such testimony is not contested by DI; and (ii) the admissibility of James Kipling's testimony on custom and practice in the toy industry will be addressed in a separate ruling.

b.    Fisher-Price's Motion in Limine #2 [Doc. # 181] is (i) DENIED as to part one seeking to preclude Reiling from testifying as to his expectations of confidentiality without prejudice to renew as an objection to individual questions at trial and with the understanding of the parties that a confidential relationship is one that is based on an objective standard; and (2)DENIED as moot as to part two because the parties agree that Mr. Reiling will not be offered to testify on his subjective uncommunicated interpretation of his concept submission.

c.    Fisher-Price's Motion in Limine #3 [Doc. # 180] is: (1) DENIED as moot as to part one because DI is not claiming that the Rescue Heroes playsets and vehicles use plaintiffs' concept; and (ii) DENIED as to part two because whether the royalty in the Option Agreement is the measure of damage and whether that royalty incorporates collateral sales is a matter for the jury to determine.

d.    Fisher-Price's Motion in Limine #4 [Doc. # 179] is GRANTED on grounds of untimeliness of DI's claims.

e.    Fisher-Price's Motion in Limine #5 [Doc. # 178] is: (i) addressed in a separate ruling as to whether DI's expert James Kipling will be permitted to testify on "use"; (ii) DENIED as to part two seeking to preclude Kipling from testifying about any definition of the Reel Heroes concept other than the definition disclosed in his expert report;[1] and (iii) DENIED as to parts

---

[1] The Court revises its oral earlier ruling on this issue, recognizing that Kipling clarified the definition offered in his expert report in his Declaration in opposing Defendant's Motion for Summary Judgment and because he stated in his expert report that his definition of plaintiffs' concept was only "one" definition of plaintiffs' concept, not the only definition. Defendant can claim no surprise from Kipling testifying as to his

      three and four because the Court's Ruling on Defendant's Motion to Strike [Doc. # 144] precluding Kipling from advancing ultimate legal conclusions and testifying on the "Carterbench rationale" is not contested by DI.

f.   Fisher-Price's Motion in Limine #6 [Doc. # 177] is: (i) DENIED as to part one seeking to preclude DI principals from testifying concerning their expectations of confidentiality without prejudice to renew as an objection to individual questions at trial and with the understanding of the parties that a confidential relationship is one that is based on an objective standard; and (ii) GRANTED as to the admissibility of testimony concerning settlement negotiations and is addressed in a separate ruling. <u>See</u> Ruling on Defendant's Motion in Limine # 6 [Doc. # 190].

g.   Fisher-Price's Motion in Limine #7 [Doc. # 176] is: (i) GRANTED as to evidence concerning payment related to the "First Bike" concept as that payment was made in settlement and is thus not probative of damages; and (ii) DENIED as to all other disputed evidence concerning payments on other submissions, and the admissibility of the particular testimony and evidence will depend on a sufficient foundation of similarity at trial demonstrating relevance.

h.   Fisher-Price's Motion in Limine #8 [Doc. # 175] is: (i) DENIED as to part one seeking to bar DI from introducing evidence supporting a disgorgement of profits theory of damages; and (ii) DENIED as to part two seeking to limit DI's recovery to one-half of total damages.

i.   Fisher-Price's Motion in Limine #9 [Doc. # 174] seeking to preclude DI from introducing evidence of Fisher-Price's lawful conduct to support a claim for punitive damages is DENIED as moot because the disputed evidence has been ruled inadmissible in the Court's Ruling on Defendant's Motion in Limine # 6 [Doc. # 190].

---

revised definition at trial, given that it had notice that Kipling was adopting this definition at the time his Declaration was filed. Defendant's claim of prejudice in not deposing Kipling on this definition is unpersuasive as the definition to be used for "concreteness" is the plaintiffs' discovery response.

j.  Fisher-Price's Motion in Limine #10 [Doc. # 183] seeking to preclude use of the term "blackballing" and attorneys' place of residence is GRANTED.

        IT IS SO ORDERED.

        /s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 12th day of January, 2006.**