UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., :  :  : Plaintiffs  :  : v. :  : FISHER-PRICE, INC. :  : Defendant. :  : | Civil No. 303CV222(JBA)  January 13, 2006 |

**DEFENDANT FISHER-PRICE, INC.'S PROPOSED ADDITIONAL
PRELIMINARY JURY INSTRUCTIONS**

Defendant Fisher-Price, Inc., pursuant to colloquy with the Court on January 4-5, 2006, hereby submits the following proposed additional preliminary jury instructions:

**DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. \_\_\_\_**

**NO ALLEGATION OF BREACH OF CONTRACT**

During the trial, you will be hearing testimony about an agreement entered into between the Defendant, Fisher-Price, the Plaintiff, Design Innovation, and Mr. Victor Reiling. That agreement was entered into In February 1999, and the parties have been referring to it as the "Option Agreement."

You should bear in mind as you listen to the testimony and the attorney's arguments in this case that the Plaintiff, Design Innovation, does not contend that Fisher-Price breached the Option Agreement. That is, you should take it as an established fact that Fisher-Price honored the terms of the Option Agreement at all times.[1]

---

[1] Plaintiffs' Memorandum in Opposition to Defendant's Motion to Transfer Venue, dated June 5, 2003, Docket No. 24 at p. 7 ("Plaintiffs have never asserted that Fisher-Price breached the Option Agreement.") and p. 8 ("Plaintiffs do not allege or plead a breach of the Option Agreement in their original or Amended Complaint). Moreover, in ruling on the motion to transfer, this Court relied on and accepted Plaintiffs' representations. *See* Ruling on Defendant's Motion to Transfer Venue, Docket No. 23, at p. 3 ("while the original complaint divided the breach of contract claim into one count of 'breach of express contract' and one count of 'breach of implied contract,' neither claim was pled as a breach of the option agreement.") and p. 6 ("the express contract claim was never based on the option agreement"). *See also* Ruling on Plaintiffs' Motion for Reconsideration [Docket No. 160] and Defendant's Motion for Reconsideration [Docket No. 154] at p. 14 (". . . this case is not a claim of breach of the Option Agreement.").

**DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. \_\_\_\_**

**CONFIDENTIALITY**

During the trial, you will also hear testimony regarding the disclosure of a toy concept called "Reel Heroes" to Fisher-Price. An issue you will be asked to decide at the end of the trial is whether the disclosure was made on a confidential basis.

As you listen to the testimony, you should keep in mind that whether a concept was disclosed and accepted on a confidential basis is determined by an objective standard, not a subjective standard. That is, you must decide whether, on the basis of all of the evidence, a reasonable, neutral observer would conclude that the disclosure was made and accepted on a confidential basis. A disclosure was not made on a confidential basis simply because one party intended or believed that the disclosure was made on a confidential basis. There must be additional evidence that both parties agreed to the confidential status of the disclosure, beyond simply one party's subjective belief or intent, for you to conclude that the disclosure was made on a confidential basis.[2]

---

[2] *See Junker v. Eddings*, 396 F.3d 1359, 1367 (Fed. Cir. 2005) ("The fact that people have had prior dealings with each other and that one party subjectively trusts the other does not establish a confidential relationship."); *Expansion Plus Inc. v. Brown-Forman Corp.*, 132 F.3d 1083, 1086 (5th Cir. 1998) (holding that "subjective trust" of one party that the other party would not disclose confidential information "is not enough to create a confidential relationship."); *Banca Cremi, S.A. v. Alex. Brown & Sons, Inc.*, 132 F.3d 1017, 1038 (4th Cir. 1997) ("The fact one businessman trusts another and relies upon another to perform a contract does not rise to a confidential relationship. Subjective trust is not enough to transform arms-length dealing into a fiduciary relationship."); *Harris v. Sentry Title Co., Inc.*, 715 F.2d 941, 958 (5th Cir. 1983) ("The fact that people have had prior dealings with each other and that one party subjectively trusts the other does not establish a confidential relationship."); *Kearns v. Ford Motor Co.*, 203 USPQ 884, 888 (E.D. Mich. 1978) (looking to objective factors such as "the personal attributes of the parties and the nature of their dealings" to determine whether confidential relationship existed). *See also S.E.C. v. Ingram*, 694 F.Supp. 1437, 1440 (C.D. Cal. 1988) (applying "objective person" standard to determine whether confidential relationship existed for purposes of determining whether insider trading occurred in violation of SEC rules); *In re Ambassador Group, Inc. Litigation*, 879 F.Supp. 237, 242-243 (E.D.N.Y. 1994) (applying "objectively reasonable" standard for purposes of determining if confidential relationship exists sufficient to disqualify an expert).

**DEFENDANT'S PROPOSED PRELIMINARY CHARGE TO THE JURY NO. __**

**FORMATION OF AN AGENCY RELATIONSHIP UNDER CONNECTICUT LAW**

There may be an issue in this case about whether Mr. Reiling was Design Innovation's agent for purposes of submitting the Reel Heroes concept to Fisher-Price.  You may be called upon to determine whether Mr. Reiling was Design Innovation's agent.  To create an agency relationship under Connecticut law, the following are required: "(1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking."[3]

---

[3] *Schoonmaker v. Lawrence Brunoli, Inc.*, 265 Conn. 210, 230 (2003) (internal quotation marks and citations omitted); *McDermott v. Calvary Baptist Church*, 263 Conn. 378, 384 (2003) (same).

# DEFENDANT'S PROPOSED PRELIMINARY CHARGE TO THE JURY NO. __

## FORMATION OF A PARTNERSHIP UNDER CONNECTICUT LAW

There may be an issue in this case about whether Mr. Reiling and Design Innovation were partners with respect to the Reel Heroes concept.  You may be called upon to determine whether they were partners.  Under Connecticut law, a partnership is formed by "the association of two or more persons to carry on as co-owners a business for profit . . . whether or not the persons intend to form a partnership."[4]  And "'[b]usiness' includes every trade, occupation and profession."[5]

---

[4]     CONN. GEN. STAT. § 34-314(a).  *See also* CONN. GEN. STAT. § 34-301(9) ("'Partnership' means an association of two or more persons to carry on as co-owners a business for profit formed under section 34-314, predecessor law or comparable law of another jurisdiction, and includes for all purposes of the laws of this state a registered limited liability partnership.").

[5]     CONN. GEN. STAT. § 34-301(1).

January 13, 2006

| | |
|---|---|
| **HODGSON RUSS LLP**<br><br>By_____<br>     Robert J. Lane, Jr.<br>e-mail:  rlane@hodgsonruss.com<br>Federal Bar No.: ct24598<br>Jodyann Galvin<br>e-mail:  jgalvin@hodgsonruss.com<br>Federal Bar No.: ct24599<br>One M&T Plaza, Suite 2000<br>Buffalo, NY 14203-2391<br>Telephone:  (716) 856-4000 | **TYLER COOPER & ALCORN, LLP**<br>Jacqueline D. Bucar, Esq.<br>e-mail:  jbucar@tylercooper.com<br>Federal Bar No.: ct01187<br>205 Church Street<br>P.O. Box 1936<br>New Haven, CT 06509-0906<br>Telephone:  (203) 784-8269 |
| **MILBANK, TWEED, HADLEY & MCCLOY LLP**<br>William E. Wallace, III<br>email:  wwallace@milbank.com<br>Federal Bar No. PHV0480<br>International Square Building<br>1825 Eye Street, N.W., Suite 1100<br>Washington, D.C. 20006<br>Telephone:  (202) 835-7500 | **ROBINSON & COLE LLP**<br>Bradford S. Babbitt<br>e-mail:  bbabbitt@rc.com<br>Federal Bar No.: ct13938<br>Michael J. Kolosky<br>email:  mkolosky@rc.com<br>Federal Bar No.: ct22686<br>280 Trumbull Street<br>Hartford, CT 06103-3597<br>Telephone:  (860) 275-8200 |

## **CERTIFICATION**

The undersigned hereby certifies that copies of the foregoing Defendant Fisher-Price, Inc.'s Proposed Additional Preliminary Jury Instructions, dated January 13, 2006, was sent hand delivery to the attorneys of record recited below on this 13th day of January 2006:

>Gregory J. Battersby, Esq. (Bar No. 07386)
>Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
>Russell D. Dize, Esq. (Bar No. 23064)
>Grimes & Battersby LLP
>488 Main Avenue, Third Floor
>Norwalk, CT 06851-1008
>Telephone:  (203) 849-8300
>Facsimile:  (203) 849-9300

>Peter M. Nolin, Esq. (Bar No. 06223)
>Jay H. Sandak (Bar No. 06703)
>Sandak Hennessey & Greco LLP
>707 Summer Street
>Stamford, CT 06901
>Telephone:  (203) 425-4200
>Facsimile:  (203) 325-8608

_____
Robert J. Lane, Jr.

003279/00136 BFLODOCS 1441251v1