UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., <br><br>Plaintiffs,<br><br>- against -<br><br>FISHER-PRICE, INC.,<br><br>Defendant. | Index No.: 3:03 CV 222 (JBA)<br><br><br>January 10, 2006 |

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S LETTER-BRIEF DATED JANUARY 9, 2006

Plaintiff, Design Innovation, Inc. ("DI"), respectfully submits this opposition to the letter-brief[1] from Defendant's counsel, dated January 9, 2006.

As Defendant's counsel acknowledges, the "Agreement for Design Services" between DI and Fisher-Price dated December 6, 1994, is not part of the summary judgment record. Indeed, Fisher-Price never put this agreement, or any similar agreement, before the Court for purposes of summary judgment. Accordingly, DI submits that this document should not now be considered for purposes of Defendant's pending Motion for Reconsideration.

To the extent Defendant's counsel believes that this agreement is relevant for purposes of trial, DI is troubled by counsel's assertion that the agreement has the effect of "waiving confidentiality of [DI's] submissions." In fact, this is a standard "work for hire" agreement in which Fisher-Price hired DI to perform design work on certain projects to be assigned by Fisher-Price. By its terms, the agreement is limited to the performance of "design and/or art services."

---

[1] DI files this formal opposition because letter-briefs are generally disfavored in this District.

1

The agreement is intended to clarify that Fisher-Price owns all of the intellectual property rights to the work performed by DI on Fisher-Price's behalf under the scope of that agreement.

The agreement does not purport to cover concepts independently created or developed by a company such as DI and, by its very terms, this agreement does not cover the submission of such independently developed toy concepts. Indeed, it is clear from the record that Fisher-Price uses its "Policy and Agreement" to govern the submission of toy concepts by outside inventors, not the attached Design Services Agreement. In any event, just as the Court held that the 1992 concept-specific Policy and Agreement form that DI signed could not bar its claims in this case (S.J. Ruling at 11, n. 11), this project specific work for hire agreement certainly cannot be read as a waiver of any of DI's claims as a matter of law.

Dated: January 10, 2006

Respectfully Submitted,

GRIMES & BATTERSBY, LLP

By: _____
Gregory J. Battersby (Bar No. 7386)
Edmund J. Ferdinand, III (Bar No. 21287)
Russell D. Dize (Bar No. 23064)
Susan Schlesinger (Bar No. 26625)
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300

SANDAK HENNESSEY & GRECO, LLP
Jay H. Sandak, Esq.
Peter M. Nolin, Esq.
707 Summer Street
Stamford, Connecticut 06901-1026
(p) (203) 425-4200
(f) (203) 325-8608

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2006, a copy of the foregoing Opposition was served on all counsel of record below by U.S. Mail, First Class, postage prepaid, with a courtesy copy sent via electronic means to:.

Jacqueline Bucar Esq.
Robert Allen, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510

Bradford S. Babbitt, Esq.
Michael J. Kolosky, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

William Wallace, Esq.
Milbank, Tweed, Hadley & McCoy-DC
1825 Eye St., N.W.
Suite 900
Washington, DC 20006

Edmund J. Ferdinand, III