UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC.,

Plaintiffs

v.

FISHER-PRICE, INC.

Defendant.

Civil No. 303CV222(JBA)

**FISHER-PRICE, INC.'S MOTION TO STRIKE PORTIONS OF RATLIFF'S SUPPLEMENTAL REPORT**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), the Defendant Fisher-Price, Inc. ("Fisher-Price") respectfully moves to strike portions of Plaintiff Design Innovation ("DI") expert's supplemental report, in light of Plaintiff's violation of the expert disclosure requirements of Rule 26.

In support of this motion, Fisher-Price relies on the accompanying Memorandum in Support of its Motion to Strike Portions of Ratliff's Supplemental Report, dated January 13, 2006.

**ORAL ARGUMENT REQUESTED**

Fisher-Price respectfully requests that oral argument be granted on its motion, as the opportunity to present argument would permit Fisher-Price to highlight for the Court the reasons for which Fisher-Price believes the Court should strike this supplemental report.

Dated: January 13, 2006

**HODGSON RUSS LLP**

By______________________
Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000

**TYLER COOPER & ALCORN, LLP**
Jacqueline D. Bucar, Esq.
e-mail: jbucar@tylercooper.com
Federal Bar No.: ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PHV0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200

**CERTIFICATION**

The undersigned hereby certifies that copies of the Motion to Strike Portions of Ratliff's Supplemental Report, dated January 13, 2006, was hand delivered to the attorneys of record recited below on this 13th day of January 2006:

Gregory J. Battersby, Esq. (Bar No. 07386)
Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
Russell D. Dize, Esq. (Bar No. 23064)
Grimes & Battersby LLP
488 Main Avenue, Third Floor
Norwalk, CT 06851-1008
Telephone: (203) 849-8300
Facsimile: (203) 849-9300

Peter M. Nolin, Esq. (Bar No. 06223)
Jay H. Sandak (Bar No. 06703)
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06901
Telephone: (203) 425-4200
Facsimile: (203) 325-8608

Robert J. Lane, Jr.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC.,

Plaintiffs

v.

FISHER-PRICE, INC.

Defendant.

Civil No. 303CV222(JBA)

**MEMORANDUM IN SUPPORT OF FISHER-PRICE, INC.'S MOTION TO STRIKE PORTIONS OF RATLIFF'S SUPPLEMENTAL REPORT**

Plaintiff's expert Alan Ratliff has filed a Rule 26 Supplemental Expert Report on the eve of trial. (Exh. "A"). Defendant Fisher-Price moves the Court to strike portions of the report due to Plaintiff's violation of the expert disclosure requirements of Rule 26.

The adversarial system subjects the disclosure of expert testimony to sharply delineated time sequences. *See* Fed.R.Civ.P. 26(a)(2)(C) (providing that, in the absence of direction from the Court or agreement by the parties, disclosure of expert testimony must be made no later than 90 days before trial or, in the case of disclosure of rebuttal evidence, within 30 days of the previous disclosure it is intended to rebut). The individual filings, submissions of initial expert reports, rebuttal reports, and supplemental reports are within the coverage of Rule 26. Failure to meet the deadlines set forth in either the Federal Rules or the court's orders may result in the exclusion of rebuttal testimony. *See Dunn v. Zimmer*, 2005 WL 563095 (D. Conn. March 1, 2001) (granting

motion to exclude testimony of expert retained as rebuttal witness and striking expert report and affidavit due to untimeliness under Rule 26(a)(2)(C)) (Exh. "E").

Expert reports intended to contradict or rebut a report prepared by the opposing party's expert, as is the case here, must be filed within thirty days of receipt of the opposing party's expert reports. *See, e.g. Equant Integrations Services, Inc. v. United Rentals (North America), Inc.*, 217 F.R.D. 113 (D. Conn. 2003) (holding that disclosure of reply report of expert was untimely, granting costs and fees and distinguishing reply reports from supplemental expert reports).

Fisher-Price's expert, Abram Hoffman, submitted Rule 26(a)(2)(B) reports on May 11, 2005 (Exh. "B") and a supplemental disclosure on December 17, 2005 (Exh. "C"). Dr. Hoffman disclosed his full opinion in the May 11 report and updated the data contained therein on December 17. Dr. Hoffman's December 17, 2005 update (Exh. "C") addresses four narrow topics:

- Additional sales of accused figures from the date of the previous report through September 2005 (Exh. "C", pp. 1-2);
- "Closeout" and other sales not previously included in the royalty base (Exh. "C", pp. 2-4);
- Adjustment of sales to reflect the elimination of the 2001 Voice Tech figures which are not accused by Plaintiffs (Exh. "C", p. 4); and
- A review of three additional license agreements produced during discovery, which Dr. Hoffman states confirm his previous opinion that the appropriate royalty rate in the case should be 3%. (Exh. "C", pp. 4-5).

Mr. Ratliff submitted his initial expert report on Jan 31, 2005 (Exh. "D"), stating his opinion that he believes that Plaintiff is entitled to disgorgement damages. The report is cursory and conclusive, consisting of four substantive paragraphs (Exh. "D", pp. 4-5). Mr. Ratliff now purports to "supplement" his previous expert disclosure with a "First

Supplemental Expert Report," (Exh. "A") dated January 3, 2006, just 13 days before trial.[1]

An examination of Mr. Ratliff's supplemental report shows that it goes far beyond the subject matter necessary to respond to Dr. Hoffman's December 17, 2005 supplement, and that Mr. Ratliff characterizes these new opinions as "affirmative analysis" (Exh. "A" at para. 21, p. 7), implying that he intends to testify to these new opinions in his affirmative (as opposed to rebuttal) testimony:

- In paras. 7-21 (pp. 3-7), Mr. Ratliff states a number of new opinions that are neither responsive to Dr. Hoffman's December 17 supplement nor justifiable by a claim that the opinions could not have been provided earlier. For example:
    - In paras 7-8, Mr. Ratliff criticizes for the first time Dr. Hoffman's reliance on Fisher-Price's operating profits, rather than its incremental profits. Dr. Hoffman made this argument in his first report in May 2005 (Exh. "B" at p. 10 & ex. 5). Mr. Ratliff could have "supplemented" his views on this topic well before January 2006.
    - In paras. 9-10, Mr. Ratliff criticizes for the first time Hoffman's reliance on costs that Ratliff claims cannot be classified as variable, fixed, direct or indirect. Dr. Hoffman relied on these costs in his original report in May 2005 (Exh. "B" at p. 10 & Ex. 5). Mr. Ratliff could have "supplemented" his views on this topic well before January 2006.
    - In paras. 11-13, Mr. Ratliff for the first time relies on incremental profit margins reported by Mattel and Hasbro in 10-K filings to arrive at an "incremental profit" of approximately $29 million (see also Exh. "A" at para. 21). This is not responsive to anything in the Hoffman December 2005 supplement and is an entirely new opinion. (Ratliff's previous opinion was that Plaintiff was entitled to disgorgement of all of Fisher-Price's revenues—in excess of $100 million.) (Exh. "D" at pp. 4-5). Mr. Ratliff provides no reason why this opinion could not have been supplemented earlier.

[1] The supplemental report was not actually served on counsel for Fisher-Price until January 5, 2006, eleven days before trial.

- In para. 14, Mr. Ratliff relies for the first time on "Internet product searches" and unspecified "other marketing related documents" to conclude that "the accused design features were what were used to differentiate the accused figures from the non-accused figures in the minds of consumers." This is an entirely new opinion, and Mr. Ratliff provides no reason why this opinion could not have been supplemented earlier.
- In paras. 15-20, Mr. Ratliff for the first time states that disgorged profits cannot be apportioned between Fisher-Price and Design Innovation, including reliance for the first time on what Mr. Ratliff calls "the highly publicized Volkswagon case involving the 'Angels of Mercy' promotion" and he disputes Dr. Hoffman's methodology of apportioning profits. Dr. Hoffman relied on apportionment in his original report in May 2005 (Exh. "B" at p.p. 10-11). Mr. Ratliff could have "supplemented" his views on this topic well before January 2006.

Fisher-Price is prejudiced by these new opinions for the following reasons:

- Mr. Ratliff's deposition was taken in April 2005. Obviously, Fisher-Price has no opportunity to explore these new opinions with Mr. Ratliff before trial and is hampered in its ability to prepare its cross-examination because it could not take this discovery.
- Additionally, Dr. Hoffman has been unavailable to Fisher-Price during the week of January 9-13 (he is out of town in Puerto Rico), so Fisher-Price unable to fully consult with him and formulate a response.

In light of Plaintiff's violation of both the 90-day and the 30-day expert disclosure requirements of Rule 26(a), Fisher-Price requests that the Court should either strike portions of the supplemental expert report or impose such other sanction under Fed. R. Civ. P. 37(c)(1) as may be appropriate under the circumstances.

Fisher-Price respectfully requests that oral argument be granted on its motion, as the opportunity to present argument would permit Fisher-Price to highlight for the Court the reasons for which Fisher-Price believes the Court should strike this supplemental report.

Dated: January 13, 2006

**HODGSON RUSS LLP**

By_______________________
Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000

**TYLER COOPER & ALCORN, LLP**
Jacqueline D. Bucar, Esq.
e-mail: jbucar@tylercooper.com
Federal Bar No.: ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PHV0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200

**CERTIFICATION**

The undersigned hereby certifies that copies of the Memorandum in Support of the Motion to Strike Portions of Ratliff's Supplemental Report, dated January 13, 2006, was hand delivered to the attorneys of record recited below on this 13th day of January 2006:

Gregory J. Battersby, Esq. (Bar No. 07386)
Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
Russell D. Dize, Esq. (Bar No. 23064)
Grimes & Battersby LLP
488 Main Avenue, Third Floor
Norwalk, CT 06851-1008
Telephone: (203) 849-8300
Facsimile: (203) 849-9300

Peter M. Nolin, Esq. (Bar No. 06223)
Jay H. Sandak (Bar No. 06703)
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06901
Telephone: (203) 425-4200
Facsimile: (203) 325-8608

Robert J. Lane, Jr.