**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., | : : : | |
| Plaintiffs | : : | Civil No. 303CV222(JBA) |
| v. | : : | January 17, 2006 |
| FISHER-PRICE, INC. | : : | |
| Defendant. | : : | |

**FISHER-PRICE, INC.'S OBJECTIONS TO PLAINTIFF'S DESIGNATION OF THE DEPOSITION TESTIMONY OF PAUL SNYDER AND COUNTER-DESIGNATIONS**

Fisher-Price, Inc. objects as follows to Plaintiff's Designation of the Deposition Testimony of Paul Snyder to be offered at trial:

**PLAINTIFF'S DESIGNATION:**

Page 23, line 12 - Page 27, line 10
Page 29, line 13 - Page 30, line 5
Page 31, line 11 - Page 32, line 4

**FISHER-PRICE'S OBJECTION(S):**

Page 26, line 20 through page 27, line 10: The questioning here relates to a November 4, 1994 wish list letter (deposition exhibit no. 55). Design Innovation included this exhibit two times on Plaintiff's Exhibit List, as Exhibit 303 and 328. Fisher-Price objects to this exhibit. This exhibit, and questioning related to this exhibit, is irrelevant as it does not relate to Rescue Heroes and is also remote in time to the events at issue in this case. The first submission of the Rescue Heroes Concept was made in October 1998, and this wish list was four years prior

- 2 -

to the submission. Further, plaintiffs do not contend that this is a solicited submission and have, in fact, testified directly to the contrary at deposition.

Fisher-Price objects on the basis that there is also questioning in the section related to a February 28, 1994 wish list (deposition exhibit 56). This exhibit is included on Plaintiff's Exhibit List as Exhibit 300. Fisher-Price has objected to this document on the basis of relevance and remoteness in time. Additionally, this document and related questioning has no probative value because there is mention of Rescue Heroes, and Design Innovation does not contend that it responded to any such wish list in creating the Reel Heroes concept with Mr. Reiling.

Page 31, line 11 through page 32, line 4: The questioning in this section of Mr. Snyder's testimony relates to a March 1, 1994 form letter to Mr. Reiling from Mr. Snyder (deposition exhibit 58). Fisher-Price has objected to this exhibit which was included on Plaintiff's Exhibit List as Exhibit 301. This exhibit is remote as to time frame and has no relevance to the claims at issue in this case. As stated above, Design Innovation does not contend that the submission of the Reel Heroes concept was solicited in any way by Fisher-Price. This document and related testimony is therefore irrelevant and has no probative value.

In the event that these objections are overruled, Fisher-Price has counter-designated as indicated on the color-coded transcript provided with these objections.

- 3 -

**PLAINTIFF'S DESIGNATION:**

Page 32, line 24 - Page 34, line 14

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 33, line 7 through line 20</u>:  This testimony relates to an unspecified meeting with Vic Reiling at his home office.  Mr. Reiling specifically testified at deposition that the meeting in which he presented the Reel Heroes concept took place in Fisher-Price's New York City offices.  There is no allegation that the meeting between Mr. Snyder and Mr. Reiling at which the Reel Heroes concept was presented was at Mr. Reiling's home.  Therefore, this testimony is not relevant to the claims at issue here and is unfairly prejudicial to Fisher-Price.

**PLAINTIFF'S DESIGNATION:**

Page 34, line 20 - Page 35, line 18

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 34, line 20 through page 35, line 5</u>:  In this section of testimony, Mr. Snyder testified he did not remember soliciting any ideas related to Rescue Heroes.  This testimony is without any personal knowledge and is purely speculative.  Further, as discussed above, there is no allegation that the Reel Heroes concept was solicited by Fisher-Price.  Therefore, this testimony is without foundation and is unfairly prejudicial to Fisher-Price, along with being irrelevant.

<u>Page 35, line 14 through line 18</u>:  The question asked was incomprehensible, and Fisher-Price maintains its objection to form.

- 4 -

**PLAINTIFF'S DESIGNATION:**

Page 35, line 21 - Page 39, line 21

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 35, line 21 through 25</u>:  The question asks what the expectations of inventors were as to when they would be paid.  It calls for speculation and for testimony regarding the state of mind of third parties.  Further, this testimony was given without personal knowledge.

<u>Page 36, line 2 through line 11</u>:  The testimony relates to negotiations between parties of license terms and compensation terms which are part of a contract.  It is accordingly, irrelevant in a misappropriation case and unfairly prejudicial to Fisher-Price.  There is no contract at issue here, and permitting this testimony will cause confusion to the jury.

**PLAINTIFF'S DESIGNATION:**

Page 40, line 1 - Page 46, line 10

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 44, line 17 through page 45, line 4</u>:  This testimony relates to the time period just prior to Mr. Snyder's retirement in June 1999.  This general testimony regarding the practice of showing concepts to senior staff was not in place at the time of the Reel Heroes submission.  There is no allegation or proof that the Reel Heroes submission was shown in such a meeting.  Therefore, this testimony is irrelevant, not probative, and will cause confusion to the jury.

- 5 -

**PLAINTIFF'S DESIGNATION:**

Page 58, line 14 - Page 65, line 22

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 58, line 14 through page 60, line 3</u>: This testimony relates to the practices of "toy companies when they are dealing with outside inventors" and thus calls for expert testimony. Mr. Snyder has never been disclosed as an expert in this case. Accordingly, any testimony related to the practices of toy companies, as is set forth on these pages, is not properly admitted. Moreover, this testimony is without personal knowledge as Mr. Snyder testified he had only worked with one toy company, Fisher-Price.

**PLAINTIFF'S DESIGNATION:**

Page 65, line 25 - Page 71, line 17

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 69, line 17 through page 70, line 11</u>: This testimony relates to a March 4, 1994 letter from Paul Snyder to Victor Reiling related to a concept called Tumblekinz (deposition exhibit 59). Design Innovation has included this exhibit on Plaintiff's Exhibit List as Exhibit 302. Fisher-Price has preserved an objection to this exhibit as discussed with the Court during the final pretrial conference. This exhibit, and questioning related to this exhibit, is irrelevant as it does not relate to Rescue Heroes. It is also remote in time to the events at issue in this case and does not relate to any party.

- 6 -

**PLAINTIFF'S DESIGNATION:**

>Page 84, line 19 - Page 85, line 18
>Page 85, line 21 - Page 86, line 15
>Page 87, lines 1-23
>Page 88, line 18 - Page 89, line 8
>Page 89, line 19 - Page 90, line 1
>Page 90, line 20 - Page 91, line 11
>Page 91, lines 19-21
>Page 91, line 24 - Page 94, line 5
>Page 94, line 12 - Page 95, line 7
>Page 96, line 2 - Page 97, line 6
>Page 97, lines 14-18
>Page 98, lines 1-8
>Page 98, line 12 - Page 99, line 2
>Page 99, lines 20-24
>Page 100, line 2 - Page 101, line 19
>Page 103, line 21 - Page 104, line 10

**FISHER-PRICE'S OBJECTION(S):**

Page 85, line 1 through page 104, line 10:  Fisher-Price objects to this extensive section of Mr. Snyder's testimony on the basis that it is entirely speculative in nature.  The testimony refers to several exhibits:  201, 203, 204, 206, 207, 210, 211, 212, 228.  Mr. Snyder testified he did not remember seeing any of these exhibits at the time of the submission of Reel Heroes to Fisher-Price.[1]  Therefore, his testimony related to these exhibits is purely speculative, as evidenced by his statements that:

- He did not remember (page 85, 86, 87, 88, 89, etc.).

- The submission "probably" would have been shown to the head of the design group (page 88).

- He did not recall the circumstances of who saw the submission (page 88-89).

---

[1]  In fact, Mr. Snyder's testimony makes clear that he was only familiar with these exhibits because plaintiff's counsel sent him a packet of documents prior to his deposition (page 86).

- 7 -

- He did not know whether he reviewed certain documents before they were sent out (page 90) (Fisher-Price's counter-designation).

- He did not remember a conversation with Victor Reiling (page 91) (Fisher-Price's counter-designation).

- He did not "remember discussing [the] terms" of an option (page 91) (Fisher-Price's counter-designation).

- He did not "remember the exact reason" why the concept was optioned (page 93).

- He did not know who was involved in the review of the submission (page 93).

- He did not know who would have seen the submission by the time it was rejected and sent back (page 96).

- He did not "remember" a second submission of the Reel Heroes concept to Fisher-Price (page 99).

- He could not remember whether he had seen any documents related to the second submission (page 100).

- What he would have done with a "subsequent submission" on a previous concept would have depended on the product (page 101).

- He did not see the third submission (page 101, 102, 103).

Accordingly, all of this testimony is speculative, irrelevant, and is made without personal knowledge. In the event that Fisher-Price's objections are overruled, Fisher-Price has provided counter-designations on the same subjects for completeness within these pages.

**PLAINTIFF'S DESIGNATION:**

Page 109, line 5 - Page 112, line 16

**FISHER-PRICE'S OBJECTION(S):**

Page 109, line 5 - Page 110, line 13: This testimony relating to the "reputation" of Victor Reiling and Design Innovation. The character of Mr. Reiling and Design Innovation is

- 8 -

not at issue in this case. Accordingly, this testimony is properly precluded under Federal Rule of Evidence 608(a)(1) and (2) because it does not relate to truthfulness.

**PLAINTIFF'S DESIGNATION:**

Page 112, line 25 - Page 117, line 6

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 112, line 25 through page 117, line 6</u>: This testimony relates to Crash Zone, a Fisher-Price product from the 1980s which Mr. Reiling submitted to Fisher-Price as "Slam Jammers." Mr. Snyder testified that he did not remember how this product worked. Further, he did not recognize Mr. Reiling's prototype. Plaintiff would like to admit this testimony to show the changes of a product. This is not possible because any of Mr. Snyder's testimony related to the Crash Zone/Slam Jammers is speculative and without personal knowledge.

<u>Page 116, line 23 through page 117, line 6</u>: Mr. Snyder responds to questions regarding monies paid to Mr. Reiling on Crash Zone. These payments were made pursuant to a contract with specific terms. Accordingly, any such testimony is not relevant to the misappropriation claims at issue here.

**PLAINTIFF'S DESIGNATION:**

Page 122, line 18 - Page 124, line 2

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 122, line 18 - page 124, line 2</u>: This testimony relates to the negotiation of royalties. Negotiation of royalties is necessarily part of a contract case and is not relevant here.

- 9 -

In the event that this objection is overruled, Fisher-Price has made counter-designations for completeness.

**PLAINTIFF'S DESIGNATION:**

Page 125, line 25 - Page 130, line 22

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 126, line 22 through line 24</u>:  This testimony relates to regular practices of toy companies and calls for expert testimony.  As discussed above, Mr. Snyder has never been disclosed as an expert and accordingly, this testimony must be precluded.

<u>Page 130, line 11 through line 17</u>:  This testimony relates to regular practices of toy companies.  Accordingly, it calls for expert testimony.  As discussed above, Mr. Snyder has never been disclosed as an expert and accordingly, this testimony must be precluded.

**PLAINTIFF'S DESIGNATION:**

Page 132, line 24 - Page 134, line 14
Page 135, line 7 - Page 136, line 17

**FISHER-PRICE'S OBJECTION(S):**

This questioning on pages 132-136 relates to a series of exhibits (201, 202, 203, 204, 205, and 210) which Mr. Snyder has no recollection of.  The questioner asks him to do a comparison of products that are at issue in this case and asks him to "assume" that he was asked by Fisher-Price management as to whether Mr. Reiling should have received a royalty on these items.  Mr. Snyder testified he had no involvement in the development process of the Voice Tech Video Mission figures and was never actually asked to make a recommendation to management.  This is the quintessential example of expert testimony where an expert with no personal

- 10 -

knowledge is asked to look at a set of facts and make a determination and/or give an opinion as to purported similarities. Mr. Snyder has never been disclosed as an expert in this case, and therefore, his testimony as designated should be precluded. In addition, this testimony is without personal knowledge, and without foundation. In the event that Fisher-Price's objection has been overruled, Fisher-Price has made extensive counter-designations for completeness on the same subject matter.

**PLAINTIFF'S DESIGNATION:**

Page 145, line 20 - Page 147, line 3

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 146, line 25 through page 147, line 3</u>: This testimony relates to the "long history" of business Fisher-Price had with Design Innovation. This testimony is not relevant to any issue in this case as the Court has already determined that Fisher-Price lawfully ceased business relations with Design Innovation. It is thus not relevant and has no probative value.

**PLAINTIFF'S DESIGNATION:**

Page 150, line 10 - Page 151, line 20

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 150, line 10 through page 151, line 4</u>: This testimony relates to the Mission Select Fire Truck and the Mission Select Rescue Heroes figure. Mr. Snyder testified he was "not sure" as to the product. He said he "guess[ed]" that a figure could fit in a fire truck and he also testified as to a product he had never seen before and had no development in. Accordingly, this testimony is without personal knowledge and is irrelevant.

- 11 -

<u>Page 151, line 5 through page 120</u>:  This testimony relates to whether something the company had been working on internally would be communicated to an outside inventor. This is not an issue in this case.  This testimony is given without any foundation and is not relevant to any issue in this case.

**PLAINTIFF'S DESIGNATION:**

Page 176, line 22 - Page 178, line 9

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 177, line 22 through page 178, line 7</u>:  This testimony relates to whether, in a "license contract" situation, Fisher-Price returns rights to an inventor if the product is no longer in the market.  This is not at issue in this case.  This testimony is, therefore, not relevant and should be precluded.

- 12 -

## FISHER-PRICE'S COUNTER-DESIGNATIONS

Subject to the objections set forth above, Fisher-Price hereby counter-designates the following testimony by Mr. Snyder for completeness:

Page 8, line 18
Page 32, lines 5-23
Page 34, lines 15-19
Page 46, lines 11-14
Page 56, line 17 - page 57, line 3
Page 57, line 19 - page 58, line 11
Page 74, line 9 - page 75, line 1
Page 78, lines 11-17
Page 79, lines 19-23
Page 86, lines 16-25
Page 87, line 24 - page 88, line 17
Page 89, lines 9-18
Page 90, lines 2-19
Page 91, lines 12-18
Page 91, lines 22-23
Page 94, lines 6-11
Page 95, line 8 - page 96, line 1
Page 97, lines 19-25
Page 98, lines 9-11
Page 99, lines 15-19
Page 101, line 20 - page 102, line 1
Page 102, line 21 - page 103, line 13
Page 104, lines 11-21
Page 105, line 18 - page 106, line 7
Page 106, line 14 - page 107, line 9
Page 108, line 11 - page 109, line 4
Page 112, lines 17-24
Page 124, line 3 - page 125, line 5
Page 130, line 23 - page 131, line 15
Page 132, lines 6-23
Page 134, line 15 - page 135, line 4
Page 139, line 9 - page 143, line 17
Page 144, lines 4-17
Page 145, lines 4-11
Page 145, lines 15-19
Page 154, line 12 - page 156, line 3

- 13 -

      Page 157, line 22 - page 163, line 1
      Page 163, lines 16-24
      Page 164, line 6 - page 168, line 25

Dated: January 17, 2006

**HODGSON RUSS LLP**

By    s/Jodyann Galvin
       Robert J. Lane, Jr.
e-mail:  rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail:  jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone:  (716) 856-4000

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
William E. Wallace, III
email:  wwallace@milbank.com
Federal Bar No. PVH 0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500

**TYLER COOPER & ALCORN, LLP**
Jacqueline D. Bucar
e-mail:  jbucar@tylercooper.com
Federal Bar No.: ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone:  (203) 784-8269

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail:  bbabbitt@rc.com
Federal Bar No.:  ct13938
Michael J. Kolosky
email:  mkolosky@rc.com
Federal Bar No.:  ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone:  (860) 275-8200

*Attorneys for Fisher-Price, Inc.*

- 14 -

## CERTIFICATION

The undersigned hereby certifies that copies of the foregoing Defendant Fisher-Price, Inc.'s Objections to Plaintiff's Designation of the Deposition Testimony of Paul Snyder and Counter-Designations, dated January 17, 2006, was sent hand delivery to the attorneys of record recited below on this 17th day of January 2006:

>Gregory J. Battersby, Esq. (Bar No. 07386)
>Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
>Russell D. Dize, Esq. (Bar No. 23064)
>Grimes & Battersby LLP
>488 Main Avenue, Third Floor
>Norwalk, CT 06851-1008
>Telephone: (203) 849-8300
>Facsimile:  (203) 849-9300

>Peter M. Nolin, Esq. (Bar No. 06223)
>Jay H. Sandak (Bar No. 06703)
>Sandak Hennessey & Greco LLP
>707 Summer Street
>Stamford, CT 06901
>Telephone: (203) 425-4200
>Facsimile:  (203) 325-8608

                                                s/Jodyann Galvin
                                                 Jodyann Galvin