UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., | : : : | |
| Plaintiffs | : : | Civil No. 303CV222(JBA) |
| v. | : : | January 22, 2006 |
| FISHER-PRICE, INC. | : : | |
| Defendant. | : : | |

**FISHER-PRICE, INC.'S OBJECTIONS TO PLAINTIFF'S DESIGNATION OF THE DEPOSITION TESTIMONY OF <u>KENNETH MORTON AND COUNTER-DESIGNATIONS</u>**

Fisher-Price, Inc. objects as follows to Plaintiff's Designation of the Deposition Testimony of Kenneth Morton to be offered at trial:

**PLAINTIFF'S DESIGNATION:**

Page 35, line 12 - Page 37, line 14
Page 38, line 1 - Page 39, line 15

**FISHER-PRICE'S OBJECTION(S):**

Page 36, line 9 - Page 37, line 14
<u>Page 38, line 1 - Page 39, line 15</u>

This line of questioning relates to "inventor submission meetings." Mr. Morton did not know the timeframe during which inventor submission meetings were held. Mr. Morton testified that he did not "recall what the process was" between approximately 1995 to 2001 for outside inventor submissions. In fact, he could not even describe it "generally." *See* page 27, lines 2 - 15. He also stated that he could not recall his "exact role" with respect to the evaluation of inventor submissions during the timeframe. *See* page 19, lines 3 -5. Further, this testimony

- 2 -

will mislead the jury into believing that the inventor submission meetings described in the testimony were being held at the time of the disclosure of the Reel Heroes concept in October 1998, which they were not.  Mr. Morton testified that he did not recall whether there had also been inventor submission meetings at that time.  Therefore, this line of questioning is without foundation.  Finally, this testimony is prefaced upon the deposition testimony of Tyler Berkheiser, which is specifically mentioned in the questioning.  Plaintiffs have elected not to designate any of Mr. Berkheiser's testimony.  Reference to such testimony could cause confusion for the jury.

**PLAINTIFF'S DESIGNATION:**

> Page 40, line 4 - Page 42, line 6
> Page 45, lines 11 - 18

**FISHER-PRICE'S OBJECTION(S):**

> Page 40, lines 4 - 21
> Page 45, lines 11 - 18

This line of questioning is without foundation and is incomprehensible.  Mr. Morton was asked whether "back in the time period from 1995 to 2001" he "participate[d] in line reviews."  *See* page 40, lines 12 - 13.  He stated he did "not recall if they were called line reviews at that time."  The questioner then asked about "those types of meetings [r]egardless of what they were called."  However, at page 45, lines 11 - 18, the questioner reverts back to asking when an outside inventor submission would "make it into a line review."  This imprecision in questioning will lead the jury to believe that line reviews (which have a very specific meaning) were held at the time of the disclosure in October 1998.  The witness previously testified (in the same portion of designated testimony) that he specifically could not remember whether they were.  In the

- 3 -

event that these objections are overruled, Fisher-Price has made extensive counter-designations between pages 40 and 45, including Mr. Morton's testimony that there is not a relationship between the inventor submission process and the process of line review.

**PLAINTIFF'S DESIGNATION:**

Page 46, lines 3 - 21

**FISHER-PRICE'S OBJECTION(S):**

Page 46, lines 3 - 21:  Mr. Morton's testimony as to how he personally treated inventor submissions on a general basis is not relevant.  It does not relate to any commitment by Fisher-Price to inventors and most certainly does not relate to the specific Reel Heroes concept submission by Mr. Reiling.  Mr. Morton repeatedly testified that Inventor Relations was not his area of responsibility.  (*See* pages 20, 55, 57, 94).  He further testified that he could not describe the process of what would happen to an outside inventor's submission between 1995 and 2001.  *See, e.g.,* page 27.  Finally, there is no allegation or proof that Mr. Morton had any contact with any outside inventors regarding speculative submissions, and certainly not with Mr. Reiling or Design Innovation regarding Reel Heroes.  Therefore, this testimony is irrelevant, will confuse the jury and would severely prejudice Fisher-Price.

Further, in discovery, plaintiff subpoenaed two former Inventor Relations executives for Fisher-Price — Paul Snyder and Peter Pook, each of whom were at the company during part of the time at issue and oversaw the inventor relations process.  Plaintiff already designated Mr. Snyder's testimony on confidentiality (when he testified "we could never promise that it would be kept confidential" at page 62 - 63) and did not designate any of Mr.

- 4 -

Pook's testimony (he also said there could be no expectation of confidentiality and commented that Fisher-Price's form states that there is no confidentiality).

**PLAINTIFF'S DESIGNATION:**

Page 49, line 23 - Page 50, line 22

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 50, lines 12 - 17</u>:  Fisher-Price objects on the basis that the question is incomprehensible and is therefore not proper.

**PLAINTIFF'S DESIGNATION:**

Page 51, lines 6 - 13
Page 51, line 16 - Page 52, line 20

**FISHER-PRICE'S OBJECTION(S):**

Page 51, lines 6 -13
<u>Page 51, line 16 - 20</u>

This questioning relates to the consultation by Mr. Morton to determine whether Fisher-Price was currently working on something similar in-house.  Mr. Morton specifically testified that he did not recall doing that.  *See* page 51, lines 1 - 5 (not designated by plaintiff). The questioning then goes on to assume that Mr. Morton did, in fact, request such searches.  The questioning is without foundation, and his responses are equivocal and speculative and are therefore not properly admitted.

- 5 -

**PLAINTIFF'S DESIGNATION:**

>Page 84, lines 6 - 17

**FISHER-PRICE'S OBJECTION(S):**

>Page 84, lines 6 - 17: This line of questioning is without foundation because it relates to both "the drawings and Exhibit 202." Mr. Morton testified that he had not seen the drawings in Exhibit 212 (page 81, lines 13 - 16) or the drawings in Exhibit 228 (page 82, lines 14 - 23). The question at page 84, lines 6 - 11, however, relates to *all* of the drawings and asks "Do you know of anyone else at Fisher-Price who saw those materials?" The question is without foundation. The question is also misleading and would likely confuse the jury into believing that Mr. Morton had, in fact, seen the drawings for the May 1999 and December 2000 submission in direct contradiction of his deposition testimony.

**PLAINTIFF'S DESIGNATION:**

>Page 90, line 18 - Page 93, line 21
>Page 94, lines 8 - 23

**FISHER-PRICE'S OBJECTION(S):**

>Page 93, lines 15 - 21: This question calls for improper speculation regarding what the document refers to. Mr. Morton testified he did not know what the document referred to. Further, he did not know the drawings (referenced on page 93, lines 11 - 13) from the May 1999 submission. *See* page 81, lines 13 - 16. His response is "You say could be referring to that. It's possible." This is improper speculation and should not be admitted.

- 6 -

## FISHER-PRICE'S COUNTER-DESIGNATIONS

Subject to the objections set forth above, Fisher-Price hereby counter-designates the following testimony by Mr. Morton for completeness:

Page 4, lines 3 - 11
Page 16, lines 8 - 14
Page 19, lines 3 - 5
Page 26, lines 13 - 23
Page 27, lines 1 - 15
Page 28, lines 1 - 9
Page 43, lines 14 - 23
Page 44, lines 1 - 23
Page 45, lines 1 - 9
Page 45, lines 20 - 23
Page 48, lines 7 - 9
Page 50, line 23
Page 51, lines 1 - 5
Page 53, lines 6 - 23
Page 55, lines 8 - 23
Page 57, lines 6 - 22
Page 63, lines 19 - 23
Page 64, lines 1 - 2
Page 64, lines 20 - 23
Page 65, lines 1 - 7
Page 69, lines 5 - 8
Page 69, lines 16 - 21
Page 81, lines 5 - 12
Page 85, lines 13 - 21
Page 89, lines 20 - 21
Page 95, lines 15 - 23
Page 96, lines 1 - 2
Page 97, lines 17 - 23
Page 98, line 23
Page 101, line 23
Page 102, lines 1 - 4

- 7 -

Dated: January 22, 2006

| | |
|---|---|
| **HODGSON RUSS LLP**<br><br>By      s/Jodyann Galvin          <br>        Robert J. Lane, Jr.<br>e-mail:  rlane@hodgsonruss.com<br>Federal Bar No.:  ct24598<br>Jodyann Galvin<br>e-mail:  jgalvin@hodgsonruss.com<br>Federal Bar No.:  ct24599<br>One M&T Plaza, Suite 2000<br>Buffalo, NY 14203-2391<br>Telephone:  (716) 856-4000<br><br>**MILBANK, TWEED, HADLEY & MCCLOY LLP**<br>William E. Wallace, III<br>email:  wwallace@milbank.com<br>Federal Bar No. PVH 0480<br>International Square Building<br>1825 Eye Street, N.W., Suite 1100<br>Washington, D.C. 20006<br>Telephone:  (202) 835-7500 | **TYLER COOPER & ALCORN, LLP**<br>Jacqueline D. Bucar<br>e-mail:  jbucar@tylercooper.com<br>Federal Bar No.:  ct01187<br>205 Church Street<br>P.O. Box 1936<br>New Haven, CT 06509-0906<br>Telephone:  (203) 784-8269 |

*Attorneys for Fisher-Price, Inc.*

- 8 -

## **CERTIFICATION**

      The undersigned hereby certifies that copies of the foregoing Defendant Fisher-Price, Inc.'s Objections to Plaintiff's Designation of the Deposition Testimony of Kenneth P. Morton and Counter-Designations, dated January 22, 2006, was sent hand delivery to the attorneys of record recited below on this 23rd day of January 2006:

      Gregory J. Battersby, Esq. (Bar No. 07386)
      Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
      Russell D. Dize, Esq. (Bar No. 23064)
      Grimes & Battersby LLP
      488 Main Avenue, Third Floor
      Norwalk, CT 06851-1008
      Telephone: (203) 849-8300
      Facsimile: (203) 849-9300

      Peter M. Nolin, Esq. (Bar No. 06223)
      Jay H. Sandak (Bar No. 06703)
      Sandak Hennessey & Greco LLP
      707 Summer Street
      Stamford, CT 06901
      Telephone: (203) 425-4200
      Facsimile: (203) 325-8608

                                            _____s/Jodyann Galvin_____
                                                   Jodyann Galvin