UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and : <br> DESIGN INNOVATION, INC., : <br> : <br> Plaintiffs : <br> : <br> v. : <br> : <br> FISHER-PRICE, INC. : <br> : <br> Defendant. : <br> : | Civil No. 303CV222(JBA) <br><br> January 22, 2006 |

## FISHER-PRICE, INC.'S OBJECTIONS TO PLAINTIFF'S DESIGNATION OF THE DEPOSITION TESTIMONY OF CHRISTOPHER PARDI AND COUNTER-DESIGNATIONS

Fisher-Price, Inc. objects as follows to Plaintiff's Designation of the Deposition Testimony of Christopher Pardi to be offered at trial:

**PLAINTIFF'S DESIGNATION:**

Page 16, line 20 - Page 18, line 2

**FISHER-PRICE'S OBJECTION(S):**

Page 16, line 20 - Page 17, lines 1 - 9:  This question is incomprehensible, as evidenced by Mr. Pardi's inability to answer it.

**PLAINTIFF'S DESIGNATION:**

Page 20, lines 7 - 20

**FISHER-PRICE'S OBJECTION(S):**

Page 20, lines 7 - 20:  This question is incomprehensible.  Moreover, Mr. Pardi clarified "[t]here really is no formal procedure that I am aware of" and "I really do not know what happens when the concept is brought in." *See* page 20, lines 15 - 18; *see also* page 19, lines

- 2 -

1 - 5.  In the question, the questioner mischaracterized Mr. Pardi's previous testimony (at page 18, line 14 - page 19, line 5 - not designated by plaintiff) that he did not know whether there was any "meeting" to "determine if something is worth doing."  Accordingly, this testimony is without foundation.  Finally, the questioner (*after* being asked to clarify the timeframe), asked about the procedure in place "now."  Any procedure as of Mr. Pardi's deposition on March 16, 2005 is plainly irrelevant as there is no testimony as to procedures in 1998.  Further, testimony regarding procedures in 2005 could mislead the jury into believing current procedures were in place (which they were not) and would prejudice Fisher-Price.

**PLAINTIFF'S DESIGNATION:**

> Page 27, line 12 - Page 29, line 1
> Page 29, lines 8 - 11
> Page 30, line 19 - Page 32, line 5

**FISHER-PRICE'S OBJECTION(S):**

> Page 27, line 12 - Page 29, line 1
> Page 29, lines 8 - 11
> <u>Page 30, line 19 - Page 32, line 5</u>

Fisher-Price objects to this testimony because it all relates to who on the Boys Team and in the design department has authority to determine to go forward with outside inventor submissions.  The question specifically asks who "currently" is the head of design and who "currently" decides whether to go forward with outside inventor submissions.  Current procedures are irrelevant to what happened and who had decision-making authority in 1998.  Testimony regarding current procedures will confuse and mislead the jury.  Further, in pages 30 - 32, the testimony relates to line reviews.  While this procedure was in place in 2005 when Mr. Pardi testified, there is no foundation to establish this procedure was in place in that form in

- 3 -

1998 (which it was not).  Mr. Pardi testified that "product submissions do not go to line review." *See* page 29, lines 12 - 18.  Finally, there is no foundation to establish that Tyler Berkheiser was at line reviews in 1998 (he was not regularly because he was a junior designer) or Neil Friedman attended line reviews in 1998 (he did not because he was not at Fisher-Price).  Accordingly, permitting this testimony will mislead the jury into believing:  (1) line reviews were in place in 1998; and (2) line reviews bear some relationship to plaintiff's claim.  There is no allegation and no proof that Reel Heroes was ever shown at a line review.

    **PLAINTIFF'S DESIGNATION:**

        Page 35, line 6 - Page 36, line 5

    **FISHER-PRICE'S OBJECTION(S):**

        <u>Page 35, line 6 - Page 36, line 5</u>:  Fisher-Price objects to this testimony on two bases.  First, from page 35, line 6 - 13, the question is incomprehensible and the witness clearly did not understand the question as he stated "I don't understand" two times.  With respect to page 35, line 15 through page 36, line 5, Mr. Pardi is testifying about his own confidentiality obligation to Fisher-Price.  He clearly states that "When you first come to the company, you sign something saying everything you work on is confidential."  Clearly, his testimony is based on maintaining his own confidentiality obligations to Fisher-Price.  Further, to the extent that plaintiff would like to apply Mr. Pardi's testimony to inventor relations procedures in general, this is improper.  Mr. Pardi repeatedly testified that he did not know about the procedures and only knew about the submission process when a submission was shown to him.  *See* page 18, line 20 - page 19, line 12; page 20, lines 7 - 20.  Finally, there is no allegation or proof that Mr. Pardi had any direct dealings with any outside inventors, and certainly not with Mr. Reiling or

- 4 -

Design Innovation regarding Reel Heroes. Therefore, Mr. Pardi's testimony about confidentiality is irrelevant, and its admission would severely prejudice Fisher-Price.

**PLAINTIFF'S DESIGNATION:**

Page 43, line 15 - Page 44, line 5

**FISHER-PRICE'S OBJECTION(S):**

Page 44, lines 2 - 5: This question is improper because the questioner asks whether Mr. Pardi participated in the "evaluation of those submissions." Mr. Pardi specifically testified he was aware of only the first submission (*see* page 60, where he states he does not know anything about the May 1999 or December 2000 submissions). Therefore, this question improperly implies that Mr. Pardi was aware of all three submissions when he was plainly not. Accordingly, it should not be admitted.

**PLAINTIFF'S DESIGNATION:**

Page 92, line 17 - Page 93, line 19

**FISHER-PRICE'S OBJECTION(S):**

Page 92, lines 17 - 19: This portion of the testimony is the questioner describing deposition exhibit 80. There is no designated testimony regarding this exhibit and this designated testimony should be precluded on that basis.

- 5 -

## **FISHER-PRICE'S COUNTER-DESIGNATIONS**

Subject to the objections set forth above, Fisher-Price hereby counter-designates the following testimony by Mr. Pardi for completeness:

Page 5, lines 3 - 12
Page 9, lines 22 - 23
Page 10, lines 1 - 2
Page 11, lines 8 - 11
Page 12, line 23
Page 13, lines 1 - 14
Page 13, lines 7 - 23
Page 16, lines 14 - 18
Page 19, lines 7 - 12
Page 22, lines 12 - 23
Page 23, lines 2 - 3
Page 24, line 1 - 9
Page 26, lines 9 - 23
Page 27, lines 4 - 10
Page 29, lines 12 -18
Page 39, lines 3 - 16
Page 40, line 23
Page 41, lines 1 - 17
Page 46, lines 10 - 14
Page 47, lines 9 - 18
Page 49, lines 4 - 9
Page 51, line 23
Page 52, lines 1 - 10
Page 57, lines 8 - 19
Page 58, lines 14 - 19
Page 60, lines 1 - 11
Page 61, lines 3 - 16
Page 64, lines 11 - 23
Page 65, lines 1 - 10
Page 65, line 23
Page 66, lines 1 - 3
Page 68, lines 11 - 13
Page 94, lines 1 - 11
Page 94, lines 16 - 21

- 6 -

Dated: January 22, 2006

| **HODGSON RUSS LLP** | **TYLER COOPER & ALCORN, LLP** |
|---|---|
| | Jacqueline D. Bucar |
| By     s/Jodyann Galvin          | e-mail:  jbucar@tylercooper.com |
|         Robert J. Lane, Jr. | Federal Bar No.: ct01187 |
| e-mail:  rlane@hodgsonruss.com | 205 Church Street |
| Federal Bar No.: ct24598 | P.O. Box 1936 |
| Jodyann Galvin | New Haven, CT 06509-0906 |
| e-mail:  jgalvin@hodgsonruss.com | Telephone:  (203) 784-8269 |
| Federal Bar No.: ct24599 | |
| One M&T Plaza, Suite 2000 | |
| Buffalo, NY 14203-2391 | |
| Telephone:  (716) 856-4000 | |

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
William E. Wallace, III
email:  wwallace@milbank.com
Federal Bar No. PVH 0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500

*Attorneys for Fisher-Price, Inc.*

- 7 -

## CERTIFICATION

The undersigned hereby certifies that copies of the foregoing Defendant Fisher-Price, Inc.'s Objections to Plaintiff's Designation of the Deposition Testimony of Christopher Pardi and Counter-Designations, dated January 22, 2006, was sent hand delivery to the attorneys of record recited below on this 23rd day of January 2006:

        Gregory J. Battersby, Esq. (Bar No. 07386)
        Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
        Russell D. Dize, Esq. (Bar No. 23064)
        Grimes & Battersby LLP
        488 Main Avenue, Third Floor
        Norwalk, CT 06851-1008
        Telephone:  (203) 849-8300
        Facsimile:   (203) 849-9300


        Peter M. Nolin, Esq. (Bar No. 06223)
        Jay H. Sandak (Bar No. 06703)
        Sandak Hennessey & Greco LLP
        707 Summer Street
        Stamford, CT 06901
        Telephone:  (203) 425-4200
        Facsimile:   (203) 325-8608


                                                _____s/Jodyann Galvin_____
                                                          Jodyann Galvin