UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., | : : : | |
| Plaintiffs | : : | Civil No. 303CV222(JBA) |
| v. | : : | January 20, 2006 |
| FISHER-PRICE, INC. | : : | |
| Defendant. | : : | |

**FISHER-PRICE, INC.'S OBJECTIONS TO PLAINTIFF'S
DESIGNATION OF THE DEPOSITION TESTIMONY OF
<u>PATRICIA GRABIANOWSKI AND COUNTER-DESIGNATIONS</u>**

The plaintiff's designation of the testimony of Patricia Grabianowski consists primarily of largely irrelevant information which is not admissible. The testimony of Ms. Grabianowski is focused on *the current practices of Fisher-Price's inventor relations group as of March 2005, the date of her deposition*. The procedures of the group six and a half years after the submission are plainly irrelevant. Intervening between the disclosure and Ms. Grabianowski's testimony were four inventor relations supervisors and approximately 19,000 inventor submissions, along with management changes. The language of the questions and answers illustrates that the objected-to testimony is almost exclusively about the current practices and procedures — the words "current" and "currently" appear over 35 times in the 62 page deposition, and Ms. Grabianowski was repeatedly instructed to testify about the current practices. Further, in addition to being irrelevant, admission of the designated testimony would confuse the jury into assuming those procedures were in effect during the time at issue, which they were not. This would severely prejudice Fisher-Price.

Fisher-Price, Inc., therefore, objects as follows to Plaintiff's Designation of the Deposition Testimony of Patricia Grabianowski to be offered at trial:

**PLAINTIFF'S DESIGNATION:**

Page 10, lines 4 - 15 (regarding current outside inventor database)
Page 10, lines 21 - Page 11, line 7

**FISHER-PRICE'S OBJECTION(S):**

Page 10, lines 4 - 15
Page 10, lines 21 - 23
Page 11, lines 1 - 3

The testimony in this section of Ms. Grabianowski's deposition and many other sections, as addressed below, relates to Fisher-Price's *current* procedures as of March 18, 2005, six and one-half years after the date of the disclosure of the Reel Heroes concept to Fisher-Price in October 1998.  Ms. Grabianowski specifically asked the questioner ***"You want to know about the current database."***  The questioner consented and continued on with a line of questioning regarding the current Fisher-Price inventor database.  There is no foundation (and in fact direct testimony later in Ms. Grabianowski's deposition to the contrary) that the same database Ms. Grabianowski testified to was in place in 1998.  The current procedures of Fisher-Price for the logging of information in its database have no relevance to the issues here and accordingly, should be precluded.

- 3 -

**PLAINTIFF'S DESIGNATION:**

    Page 16 - lines 8 - 21
    Page 17, line 13 - Page 19, line 3
    Page 19, line 9 - Page 20, line 16
    Page 20, line 20 - Page 21, line 3
    Page 21, line 11 - Page 22, line 18
    Page 23, line 20 - Page 24, line 7
    Page 25, lines 4 - 7

**FISHER-PRICE'S OBJECTION(S):**

    Page 16, lines 8 - 21 (regarding current inventor submission procedures)
    Page 17, line 13 through Page 24, line 7 (regarding current inventor submission meetings)
    Page 25, lines 4 - 7 (referring to current "inventor submission meetings")

A similar objection as set forth above also applies here. Ms. Grabianowski asked the questioner whether his question applied to the current circumstances and procedures at Fisher-Price. In fact, the questioner stated "Let's talk about *the current circumstances*." What follows is an eight-page exploration of the practices of Fisher-Price's inventor relations department *today*. The current circumstances and/or procedures at Fisher-Price (as of March 2005) have no relevance to the claims at issue here, which occurred over 6-1/2 years ago and transformed through four of Ms. Grabianowski's supervisors (*see* page 8). There is no foundation (either in this witness's testimony or the testimony of any other Fisher-Price witness) that these current procedures were in place in 1998 as well. On this basis alone, testimony regarding current procedures is properly precluded.

In addition, testimony about current procedures in the absence would likely confuse the jury and lead the jury to believe that the procedures currently in place, including

- 4 -

inventor submission meetings, were also in place at the time of plaintiff's disclosures (which they were not).

In fact, plaintiff curiously does not designate the part of Ms. Grabianowski's testimony at page 23, lines 1 through 17 where the questioner attempted to clarify whether Ms. Grabianowski *attended* bi-monthly inventor submission meetings. She stated that she could recall attending inventor submission meetings only after "Stan Clutton became the head of Inventor Relations" (which was in late December 2000), after the events at issue here. Therefore, any application of this testimony to events before that time would also be without personal knowledge and inadmissible on that basis. *See* page 23.

**PLAINTIFF'S DESIGNATION:**

Page 30, lines 3 - 12 (regarding persons who decide on option agreements)

**FISHER-PRICE'S OBJECTION(S):**

Page 30 - lines 7 - 12: Again, the questioner asks whether Ms. Grabianowski is "currently" aware of who would be involved in the decision to option an item. She specifically testified that she was not aware of who participated in deciding whether to option an item in the time frame of 1997 through 2001 (*see* page 30). Further, in the event that this objection is overruled, it is necessary for completeness to identify the fact that Ms. Grabianowski is not involved in the decision-making process and whether to option an item and further to clarify that she has never been involved in that process (*see* page 30, lines 13 through 23 and page 31, lines 1 through 3.

- 5 -

**PLAINTIFF'S DESIGNATION:**

>Page 32, line 18 - Page 34, line 13
>(regarding current inventor submission meetings)

**FISHER-PRICE'S OBJECTION(S):**

Page 32, lines 18 - 23 and Page 33, lines 1 - 4: This testimony relates to "inventor submission meetings." Again, the questioner asks about current procedures and whether products are presented in "inventor submission meetings." As set forth above, there is no foundation that inventor submission meetings were held at the time of the disclosure of the Reel Heroes concept (which, in fact, they were not). Accordingly, this testimony is irrelevant, is remote in time, is without foundation, and would confuse the jury as to what procedure, if any, was followed in 1998. This is an improper attempt by plaintiff to apply subsequently instituted procedures to plaintiff's disclosure of the Reel Heroes concept years earlier.

**PLAINTIFF'S DESIGNATION:**

>Page 42, lines 10 - 16

**FISHER-PRICE'S OBJECTION(S):**

Page 42, lines 10 - 16: This question is technically not proper as the answer contains improper speculation in the form of what "might have been." Further, the tense of the question is misleading as it states that the Real/Reel Heroes concept submitted by Victor Reiling and Associates and Design Innovation "have been optioned" by Fisher-Price. This question is not in the past tense. There is no issue that there *was* an Option Agreement. This question, however, insinuates that the option had been exercised or was, at least, ongoing.

- 6 -

**PLAINTIFF'S DESIGNATION:**

Page 54, line 8 - Page 55, line 15 (related to current inventor database)

**FISHER-PRICE'S OBJECTION(S):**

<u>Page 54, lines 8 - 23 - Page 55, lines 1 - 15</u>:  This questioning relates to "the purpose of the final review field in the database *today*."  The questioner specifically asked for information related to "your database today" and accepted answers based upon the current database Ms. Grabianowski she testified she is using now.  None of this questioning relates to the database employed by Fisher-Price in 1998 at the time of the disclosure of the Reel Heroes concept.  The questioner made no attempt to specify the time frame and continually asked questions about "the current database" and accepted answers based on the "current database."  Therefore, this testimony is irrelevant to the claims at issue here, does not relate to the exhibits related to database entries from 1998, 1999, and 2000, and would likely cause confusion to the jury.

- 7 -

## FISHER-PRICE'S COUNTER-DESIGNATIONS

Subject to the objections set forth above, Fisher-Price hereby counter-designates the following testimony by Ms. Grabianowski for completeness:

Page 4, lines 3 - 12
Page 7, lines 16 - 19
Page 12, lines 8 - 12
Page 13, lines 12 - 21
Page 22, lines 19 -23
Page 23, lines 1 - 17
Page 27, lines 21 -23
Page 30, lines 13 - 23
Page 31, lines 1 - 3
Page 39, lines 4 -9
Page 45, lines 6 - 8
Page 46, lines 5 - 13
Page 49, lines 10 - 20
Page 50, lines 13 - 22
Page 51, lines 22 - 23
Page 52, lines 1 - 17
Page 53, lines 8 - 19
Page 53, line 23
Page 54, lines 1 - 3
Page 59, line 23
Page 60, lines 1 - 16
Page 61, lines 20 - 23
Page 63, lines 5 - 11

- 8 -

Dated: January 20, 2006

| | |
|---|---|
| **HODGSON RUSS LLP**<br><br>By    s/Jodyann Galvin<br>       Robert J. Lane, Jr.<br>e-mail:  rlane@hodgsonruss.com<br>Federal Bar No.:  ct24598<br>Jodyann Galvin<br>e-mail:  jgalvin@hodgsonruss.com<br>Federal Bar No.:  ct24599<br>One M&T Plaza, Suite 2000<br>Buffalo, NY 14203-2391<br>Telephone:  (716) 856-4000<br><br>**MILBANK, TWEED, HADLEY&**<br>**MCCLOY LLP**<br>William E. Wallace, III<br>email:  wwallace@milbank.com<br>Federal Bar No. PVH 0480<br>International Square Building<br>1825 Eye Street, N.W., Suite 1100<br>Washington, D.C. 20006<br>Telephone:  (202) 835-7500 | **TYLER COOPER & ALCORN, LLP**<br>Jacqueline D. Bucar<br>e-mail:  jbucar@tylercooper.com<br>Federal Bar No.:  ct01187<br>205 Church Street<br>P.O. Box 1936<br>New Haven, CT 06509-0906<br>Telephone:  (203) 784-8269 |

*Attorneys for Fisher-Price, Inc.*

- 9 -

## **CERTIFICATION**

The undersigned hereby certifies that copies of the foregoing Defendant Fisher-Price, Inc.'s Objections to Plaintiff's Designation of the Deposition Testimony of Patricia Grabianowski and Counter-Designations, dated January 20, 2006, was sent via mail with a courtesy copy via electronic means to the attorneys of record recited below on this 20th day of January 2006:

        Gregory J. Battersby, Esq. (Bar No. 07386)
        Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
        Russell D. Dize, Esq. (Bar No. 23064)
        Grimes & Battersby LLP
        488 Main Avenue, Third Floor
        Norwalk, CT 06851-1008
        Telephone:  (203) 849-8300
        Facsimile:   (203) 849-9300

        Peter M. Nolin, Esq. (Bar No. 06223)
        Jay H. Sandak (Bar No. 06703)
        Sandak Hennessey & Greco LLP
        707 Summer Street
        Stamford, CT 06901
        Telephone:  (203) 425-4200
        Facsimile:   (203) 325-8608

                                    _____s/Jodyann Galvin_____
                                            Jodyann Galvin