UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Victor G. Reiling Associates and Design Innovation, Inc.,** : | |
| Plaintiffs, : | Case. No. 3:03 CV 222 (JBA) |
| : | |
| v. : | |
| : | |
| **Fisher-Price, Inc.,** : | |
| **Defendant.** : | |

**Endorsement Order**

As conveyed to the parties via email, it appears to the Court that plaintiff's counsel has construed the Court's efforts to focus Mr. Kipling's testimony with respect to the relationship between inventor concept submissions and final products more narrowly than intended and the Court is concerned that as a result the jury may not have received the full benefit of his testimony. The Court also concludes that its request that Mr. Kipling's testimony be in the form of hypotheticals is unworkable. To wit, the description of an original foam concept and final soft product without reference to the well known Nerf product line loses comprehensibility. Further, testimony using only the Slam Jammers prototype without a picture or model of the final Crash Zone product deprives the jury of a full illustration. Defendant earlier objected to Mr. Kipling's use of a description of submitted concepts compared to final products. The current state of the record is now the obverse and is problematic. Thus, plaintiff will be permitted to extend

1

Kipling's direct examination, including to utilize the Nerf example by name and the Crash Zone product. Defendant has agreed not to challenge the Crash Zone illustration (Ex. 308) as the product resulting from the prototype submission (Ex. 307).

                                        IT IS SO ORDERED.

                                        _____/s/_____
                                        Janet Bond Arterton
                                        United States District Judge

**Dated at New Haven, Connecticut this 25th day of January, 2006.**