## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Design Innovation, Inc.,          :
              Plaintiff,          :
                                  :    Case. No. 3:03 CV 222 (JBA)
v.                                :
                                  :
Fisher-Price, Inc.,               :
              Defendant.          :

## JURY INSTRUCTIONS

TABLE OF CONTENTS

INTRODUCTION.................................................2
ROLE OF THE JURY............................................4
CONDUCT OF COUNSEL..........................................5
WHAT IS AND IS NOT EVIDENCE.................................6
WITNESS CREDIBILITY.........................................8
EXPERT WITNESSES...........................................10
INTERESTED WITNESSES.......................................12
IMPEACHMENT OF WITNESSES...................................13
TYPES OF EVIDENCE..........................................15
COMPLAINTS IN EVIDENCE.....................................16
INFERENCE DEFINED..........................................17
BURDEN OF PROOF IN A CIVIL CASE............................18
THIS IS NOT A BREACH OF CONTRACT CASE......................20
DESIGN INNOVATION'S MISAPPROPRIATION CLAIM.................21
ELEMENT #1: CONCRETENESS...................................22
ELEMENT #2: NOVELTY........................................23
ELEMENT #3: CONFIDENTIAL RELATIONSHIP......................25
ELEMENT #4: USE............................................26
FISHER-PRICE'S AFFIRMATIVE DEFENSE OF INDEPENDENT CREATION.....28
FISHER-PRICE'S AFFIRMATIVE DEFENSE OF WAIVER...............29
DESIGN INNOVATION'S UNFAIR COMPETITION CLAIM...............33
DAMAGES....................................................34
COMPENSATORY DAMAGES: REASONABLE ROYALTY...................35
CAUSATION..................................................37
PUNITIVE DAMAGES...........................................39
NOTE TAKING................................................40
CONCLUSION.................................................41
EXPLANATION OF VERDICT FORM................................43

<u>INTRODUCTION</u>

You have now heard all of the evidence in this case. I shall now instruct you concerning the law applicable to the case. After that, you will hear the arguments of counsel and then you will return to the jury room to deliberate in accordance with these instructions.

You must take the law as I give it to you and if any attorney or any witness or exhibit states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court. It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

In deciding the facts, you must not be swayed by bias or prejudice for or against any party. All persons stand equal before the law and are to be dealt with as equals in a court of justice. You are not to be swayed by sympathy. You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision. You have been

2

chosen to try the issues of fact and reach an impartial verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence.

No one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. You may review your notes for this purpose, but your notes are for your use only and are not to be read or used by others.

### CONDUCT OF COUNSEL

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or the attorney's client because the attorney objected to the admissibility of evidence.

In addition, attorneys have different personalities which you observe during the course of the trial.  Please remember this is not a contest among the attorneys and you must decide this case solely on the evidence presented and the law, as I instruct you.

<u>WHAT IS AND IS NOT EVIDENCE</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations.

It is the witnesses' answers that are evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness agreed with it, you may find those facts to be true, but you may not consider it to be true simply because it was in the lawyer's question. Testimony that has been excluded by the court is also not evidence and may not be considered by you in rendering your verdict.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they will say to you in their closing arguments is intended to help you understand the evidence from their viewpoint in reaching your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me during trial or in these instructions, indicate any opinion as to the weight or effect of such evidence. It is for you alone

to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

The fact that the plaintiff Design Innovation has brought suit against the defendant Fisher-Price does not mean that Design Innovation has suffered the wrongs that it claims. The plaintiff must prove its claims and you may not attach any weight to the mere fact that a suit has been brought.

## WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor - that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Did the witness testify differently on direct examination from how he or she testified on cross examination? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life.  You should consider any bias or hostility the witness may

8

have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

Although you are to base your verdict only on the evidence presented to you, you bring your everyday common sense and judgment to your consideration of this evidence.  Thus, in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

EXPERT WITNESSES

As I explained to you during trial, a witness who is called as an "expert" is permitted to express opinions on matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory it may be of some assistance to you in understanding the evidence or in reaching an independent decision on the facts.  Expert testimony is presented to inform and assist the jury, but not to decide the case for the jury.  You have heard expert testimony from James Kipling and Howard Bollinger.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, and reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness's testimony merely because the witness is an expert.  Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not

sound, or if you feel that it is outweighed by other evidence,
you may disregard that opinion entirely.

INTERESTED WITNESSES

In evaluating the credibility of the witnesses in this case, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome may create a motive to testify falsely or inaccurately in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, you should bear that in mind when evaluating the credibility of his or her testimony, and accept it with great care. The parties in this case have an obvious interest in the outcome of this case and therefore you should consider that and carefully scrutinize their testimony when evaluating its credibility.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, a witness's interest has affected his or her testimony.

IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  You may find an apparent inconsistency justified or unjustified.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

The attorneys may argue that discrepancies in the testimony of certain witnesses are a reason for you to reject the testimony of those witnesses.  Evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict him- or herself.  It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously by you when assessing whether to credit any of the testimony of a

witness who willfully testifies falsely.

It is for you to decide, based on your total impression of the witness, how to weigh any discrepancies in his or her testimony in assessing the witness's credibility in whole or in part.  Remember that in assessing a witness's testimony you should use your own common sense and good judgment.

## TYPES OF EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is the testimony of a witness who testified about something he or she knows by virtue of his or her own senses - something he or she has seen, touched or heard. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact through proof of other facts. Circumstantial evidence is the inference you draw that a certain fact exists from the proof of other facts, using your reason and experience and common sense.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between the weight and value to be given to either direct or circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## COMPLAINTS IN EVIDENCE

_____The Court has received into evidence the complaint and amended complaints that were filed by Design Innovation in this case.  Only the claims you are to decide, and on which I am instructing you – misappropriation and unfair competition – have been left in the documents.

A "Complaint" is the document which a party files in court to start a lawsuit.  It contains a statement of the claims in the form of allegations.  These allegations are not evidence – they must be proved.  In other words, the Complaint is not itself proof of what it claims.  A complaint may also be amended during the litigation.  The Amended Complaints also are not evidence of the claims they state and the trial is the opportunity for a party to attempt to prove its claims.

INFERENCE DEFINED

Attorneys use the term "inference" and in their closing arguments they may ask you to infer, on the basis of your sound reason, judgment, experience and common sense, from established facts, that some other fact exists.  An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts.  The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw - but are not required to draw - from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

However, as I mentioned earlier, no inference may be drawn from the mere fact that the plaintiff has filed this lawsuit.

17

BURDEN OF PROOF IN A CIVIL CASE

The plaintiff Design Innovation bears the burden of proving each element of its claims by a preponderance of the evidence. Likewise, the defendant Fisher-Price bears the burden of proving each element of its affirmative defenses by a preponderance of the evidence. This burden of proof in this civil case differs from the burden of proof in criminal cases. In criminal cases, the burden of proof is proof beyond a reasonable doubt. That is not the standard here.

Proof by a preponderance of the evidence means proof that something is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true. It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's evidence on the other side of the scale. If the scales tip ever so slightly in favor of the plaintiff, then its evidence preponderates, and it has sustained its burden of proof. If the scales tip the other way, ever so slightly in favor of the

18

defendant, then, obviously, the plaintiff has not sustained its burden of proof.  Should you find that the scales are evenly balanced, that neither party's evidence outweighs the other, then plaintiff will have failed to meet its burden of proving its claims by a preponderance of the evidence, and the defendant prevails.  Likewise, if you find that plaintiff has met its burden of proving its claims by a preponderance of the evidence, but that defendant has not proved its affirmative defenses by a preponderance of the evidence, then the plaintiff prevails.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have offered them, and all inferences that you find reasonably drawn from that evidence.

The testimony of a single witness can be sufficient for the proof of any fact, and could justify a verdict even though a number of witness may have testified to the contrary.  If, after consideration of all of the evidence in this case, you are more satisfied with the accuracy and reliability of the testimony of the one witness, you may base your finding on his or her testimony.

<u>THIS IS NOT A BREACH OF CONTRACT CASE</u>

As I told you in my preliminary instructions, this is not a breach of contract case.  Neither party is claiming that the other breached any of its contractual obligations.  The issue in this case is whether Fisher-Price "misappropriated," as I will define that term shortly, the Reel Heroes concept, and whether Fisher-Price unfairly competed with Design Innovation.

You may consider, however, the existence and language of agreements between the parties as some evidence of the nature or characteristics of their course of dealing with each other, along with any other evidence from which you can determine the relationship of the parties.  If the contract language is clear and unambiguous, that is, it has a definite and precise meaning, then the intent of the parties may be determined from the plain meaning of language used in the contract.  Written agreements signed by the parties to the agreements are contracts even if not titled "contract."

DESIGN INNOVATION'S MISAPPROPRIATION CLAIM

It is Design Innovation's claim that Fisher-Price misappropriated the Reel Heroes concept that Design Innovation and Mr. Reiling submitted to Fisher-Price in 1998 to 2000.  To prove that Fisher-Price misappropriated the submitted concept, Design Innovation must prove each of four elements:

(1)   That the submitted concept was <u>concrete</u>;

(2)   That the submitted concept was <u>novel</u>;

(3)   That the submitted concept was disclosed <u>in the context of a confidential relationship</u>; and

(4)   That Fisher-Price <u>used</u> the submitted concept in its products.

I will describe to you each of these elements in greater detail.

21

ELEMENT #1: CONCRETENESS

Design Innovation must prove that the concept that was submitted to Fisher-Price that it claims Fisher-Price misappropriated was fixed and concrete in form.  The dictionary defines "concrete" as meaning something that is specific and particular, as opposed to vague or abstract.  The dictionary defines "fixed" as meaning having a crystalized form or character.

ELEMENT #2: NOVELTY

Design Innovation must prove that the submitted concept was novel in the industry, not just novel to Fisher-Price. To be novel, a concept need not reflect a "flash of genius," but it must show genuine novelty or invention and not merely clever or useful adaptation of existing knowledge. A novel concept can be a combination of elements that are not themselves novel, but a concept that combines known elements must itself be a novel idea. A concept cannot be found to be novel if it is merely a variation on a basic theme, or is an idea already in use in the industry at the time of submission, because ideas in the public domain may be used freely by anyone. In determining whether a concept is "novel," you may consider the following factors:

(1)   The concept's specificity or generality (A generic concept is less likely to be novel than a concept of specific application);

(2)   The concept's commonality (The more people that are aware of the concept, the less likely it is to be novel, even if Fisher-Price was unaware of it);

(3)   The concept's uniqueness (A concept that is different from generally known ideas is more likely to be novel than a concept similar to generally known ideas); and

(4)   The concept's commercial availability (A concept already in use in the industry and commercially

23

available at the time of submission is not a novel

concept).

_____You have seen a United States patent in this case, Exhibit

116, owned by Toy Biz.  Patents are public documents and

therefore in considering whether Design Innovation's submitted

concept is novel, you may consider the Toy Biz patent in the same

way as you consider any of the other prior commercial products

that have been received into evidence in this case.

ELEMENT #3: CONFIDENTIAL RELATIONSHIP

Design Innovation must prove that it submitted its concept to Fisher-Price in the context of a confidential relationship.  A confidential relationship is synonymous with a fiduciary relationship and may be found to exist where the parties do not deal on equal terms and one trusts and relies on the other.  A confidential relationship can only be found to exist where the recipient has demonstrated acceptance of the relationship.  A conventional or "arm's length" business relationship alone cannot constitute a confidential relationship.

A confidential relationship may arise explicitly by agreement of the parties as in a contract, or implicitly by the actions and course of dealing of the parties or other circumstances, including industry customs and practices.  The standard for determining the existence of a confidential relationship is an objective standard and such a relationship does not arise from the subjective expectations of one party that are not communicated to or accepted by the other party.

ELEMENT #4: USE

Design Innovation must prove that Fisher-Price actually used the submitted concept in Fisher-Price's products.  Because there often is no direct evidence of use, you may infer that Fisher-Price used the concept based on two factors:

    (1)  A substantial similarity between the submitted concept and Fisher-Price's later products; and

    (2)  Whether Fisher-Price had access to the submitted concept.

In your consideration of whether there is a substantial similarity between the submitted concept and Fisher-Price's accused products, you should focus on both the similarities and the differences between particular aspects of the submitted concept, and the design of the products actually sold later by Fisher-Price.  The products plaintiff claims used the concept are:

    (1)  Voice Tech Video Mission Action Figures;

    (2)  Voice Tech Mission Command Action Figures;

    (3)  Mission Select Action Figures; and

    (4)  "Telly Photo" Figure.

You must make separate determinations of whether plaintiff has proved that Fisher-Price made use of the concept for each of the accused Fisher-Price sub-lines of products.

In summary, unless you find that the plaintiff has proved

26

all four elements of misappropriation, it cannot prevail.  If you
do find misappropriation proved, you will then consider Fisher-
Price's two affirmative defenses in which Fisher-Price claims
that the accused products were created independently, and that
Design Innovation has waived its claims.  I will be describing
these affirmative defenses next.

## FISHER-PRICE'S AFFIRMATIVE DEFENSE OF INDEPENDENT CREATION

Fisher-Price has asserted the affirmative defense that the products at issue were developed independently by Fisher-Price or other outside inventors. Even if you find that Design Innovation has proven the elements of misappropriation, Fisher-Price will not be liable to Design Innovation for any product which it proves was developed independently and without reference to the Reel Heroes submissions. Fisher-Price bears the burden of establishing this affirmative defense of independent creation by a preponderance of the evidence.

Thus, if you find that Design Innovation has proven the elements of misappropriation, you must consider whether Fisher-Price has proved as to each accused product that such products were developed independently, without reference to the Reel Heroes concept submissions.

## FISHER-PRICE'S AFFIRMATIVE DEFENSE OF WAIVER

Fisher-Price asserts as an additional affirmative defense that Design Innovation is bound to the terms of the 1994 Policy & Agreement signed by Mr. Reiling in which Fisher-Price disclaimed that any confidential relationship was established by Mr. Reiling's disclosure or Fisher-Price's consideration of the submitted material. Fisher-Price has the burden of proving this affirmative defense by a preponderance of the evidence.

It is undisputed that no Policy & Agreement form specifically related to the Reel Heroes concept was signed. Mr. Reiling was dismissed as a party in this suit based on his 1994 Policy & Agreement, but you must decide whether, because of the nature of the relationship between Design Innovation and Mr. Reiling, Design Innovation is bound by the terms of the 1994 Policy & Agreement form signed by Mr. Reiling. In making this determination, you must decide whether Fisher-Price has proved that Design Innovation's relationship with Mr. Reiling was such that he was authorized by Design Innovation to bind it to the terms of Mr. Reiling's 1994 Policy & Agreement at the time the Reel Heroes concept was submitted to Fisher-Price in October 1998. Fisher-Price may prove its affirmative defense in one of two ways: on an agency theory or on a partner-as-agent theory.

In order to prove that Design Innovation was the principal and Mr. Reiling was its agent at the time the 1998 Reel Heroes

29

submission was made to Fisher-Price, Fisher-Price must demonstrate: (1) a manifestation by Design Innovation that Mr. Reiling would act for it; (2) an acceptance by Mr. Reiling of that undertaking; and (3) an understanding between Mr. Reiling and Design Innovation that Design Innovation would be in control of the undertaking.  A manifestation of an agent's authority may be actual or apparent:

    <u>Actual Authority</u>: Actual authority may be express, by an express oral or written agreement, or implied from the circumstances.  Implied authority is proven circumstantially, by deductions or inferences from the manifestations of consent of the principal and from the acts of the principal and the agent.

    <u>Apparent Authority</u>: Apparent authority is the semblance or appearance of authority which a principal, through its own acts, causes or allows third parties to believe its agent possesses.  Apparent authority is to be determined not by the agent's own acts, but by the acts of the principal. Thus, in order to find that Mr. Reiling possessed apparent authority to act as Design Innovation's agent for the 1998 concept submission, Fisher-Price must prove that by Design Innovation's conduct it held Mr. Reiling out as possessing authority to act as its agent or knowingly permitted Mr. Reiling to act as having such authority.  To find that such

apparent agency bound Design Innovation to Mr. Reiling's
1994 Policy & Agreement, Fisher-Price must prove that,
acting in good faith, it reasonably believed under all of
the circumstances that Mr. Reiling had the necessary
authority to bind Design Innovation by his 1994 Policy &
Agreement with Fisher-Price.

Fisher-Price may also prove that Mr. Reiling was Design
Innovation's agent by proving that Mr. Reiling and Design
Innovation were "partners" because, as a matter of law, a partner
is an agent of the partnership for the purpose of carrying on its
business.  In order to prove that Mr. Reiling and Design
Innovation were partners, Fisher-Price must demonstrate that Mr.
Reiling and Design Innovation associated to carry on as co-owners
of a business for profit, whether or not they actually intended
to form a partnership.  A partnership may exist for the sole
purpose of a single project or venture.  But joint property,
common property or part ownership does not by itself establish a
partnership, even if the co-owners share profits made by the use
of the property.  Likewise, the sharing of gross returns does not
by itself establish a partnership, even if the persons sharing
them have a joint or common right or interest in the property
from which the returns are derived.

Thus, in order to find that Design Innovation is bound by
the terms of Mr. Reiling's 1994 Policy & Agreement on a partner-
as-agent theory, you must find that Mr. Reiling was Design

31

Innovation's partner and that Mr. Reiling was given the authority by Design Innovation to bind it to the terms of Mr. Reiling's 1994 Policy & Agreement at the time the concept was submitted to Fisher-Price in 1998.

## DESIGN INNOVATION'S UNFAIR COMPETITION CLAIM

A claim of unfair competition involves the misappropriation for commercial advantage of a property right belonging to another. Liability for unfair competition requires proof of unfairness and an unjustifiable attempt to profit from another's expenditure of time, labor and talent. Central to the notion of unfair competition is an element of bad faith on the part of the defendant. Thus, in order to prove its claim that Fisher-Price unfairly competed with Design Innovation, Design Innovation must prove:

(1) That Fisher-Price misappropriated the submitted concept for its own commercial advantage, based on the four elements of misappropriation I just discussed; and

(2) That Fisher-Price acted in bad faith.

DAMAGES

I shall now instruct you on the issue of damages.  If you
find that Design Innovation has proven its misappropriation claim
and/or its unfair competition claim, and that Fisher-Price has
not proved its affirmative defenses, then you must determine the
amount of damages, if any, that Design Innovation has proved were
caused by the proved misappropriation and/or unfair competition.

It is not required that Design Innovation prove its losses
with mathematic precision, only with such definiteness and
accuracy as the circumstances permit, but without speculation or
conjecture.  Any damages must be based upon the evidence
presented and not on any sympathy you may feel for either of the
parties.  You may award damages only in the amount you find to be
justified by the evidence, no more and no less.

Design Innovation may not be compensated twice for the same
injury.  Thus, if you find that Design Innovation has proven its
claims of misappropriation and unfair competition, you should
make an award for all of the royalty losses that Design
Innovation has proven were caused by the conduct for which you
have found Fisher-Price liable.  However, you may not award
multiple, or double, damages for the same loss.

The fact that I am instructing you on damages does not mean
that I have any opinion as to whether the defendant should in
fact be held liable.

COMPENSATORY DAMAGES: REASONABLE ROYALTY

_____If you find that Design Innovation is entitled to damages because you found defendant liable for misappropriation and/or unfair competition, the measure of damages you will determine is a reasonable royalty.  A reasonable royalty award attempts to measure the value to plaintiff of what the defendant wrongfully obtained from it.  To measure this value, you must calculate, based on all of the evidence presented to you, what the parties reasonably would have agreed to as a fair royalty rate at the time that the misappropriation occurred.

Where the parties have previously agreed to a royalty for use of a concept or idea, that royalty percentage is some evidence, which is considered along with all the other evidence of royalty rates and their circumstances, to assist you in this determination.

Depending on your misappropriation finding on the accused products, you must make a determination whether and in what amount Design Innovation has proved lost royalties for those products.  The accused products are:

(1)  The Voice Tech Mission Command Figures;

(2)  The Voice Tech Video Mission Figures;

(3)  The Mission Select Figures;

(4)  Telly Photo; and

_____(5)  Line Extensions and Accessories:

(A)  Aquatic Rescue Command Center;

35

        (B)   Mountain Action Command Center;

        (C)   Mission Select Fire Truck; and

        (D)   Mission Select Police Car.

CAUSATION

It is Design Innovation's burden to prove that the defendant's actions were the cause of the losses it claims. Plaintiff claims that Fisher-Price's use of the Reel Heroes concept without acknowledgment caused it to lose licensing royalties it would otherwise have received from both the accused products and certain line extensions and accessories. Plaintiff must prove the extent to which defendant's actions caused loss of royalty payments as to each of these.

In your determination of damages, if any, to be awarded to the plaintiff, you must determine that there is a causal connection between the misappropriation and/or unfair competition by the defendant and the royalty losses that you find proved.

Design Innovation claims royalty damages for the four products I listed previously as #1-4. Design Innovation also claims royalty damages on line extensions and accessories sold with and marketed for use with products on which you found misappropriation, previously listed as #5 A-D. Design Innovation does not claim that these line extensions and accessories actually misappropriated the submitted concept, but claims that Fisher-Price's misappropriation caused Design Innovation to lose royalty payments it would have collected from Fisher-Price but for Fisher-Price's misappropriation of the submitted concept. You will determine whether Design Innovation has proved that Fisher-Price caused Design Innovation's loss of royalty payments

37

for these line extensions and accessories and if so, in what

amount.

## PUNITIVE DAMAGES

Plaintiff Design Innovation also seeks an award of punitive damages against defendant Fisher-Price.  Plaintiff is not entitled to punitive damages as a matter of right, even if you determine that defendant is liable for misappropriation and/or unfair competition.  Punitive damages are not designed to compensate an injured party for past wrongs.  Rather, the law permits a jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer who has engaged in conduct that is morally culpable or actuated by evil and reprehensible motives, to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.  Punitive damages may be awarded only after cautious and thoughtful consideration of all of the evidence in the case.  To determine whether Fisher-Price's misconduct justifies an award of punitive damages, you must determine that it acted in a way that was intentional, malicious, outrageous, or otherwise aggravated beyond mere negligence.

You should always bear in mind that punitive damages may be allowed only if you first find Fisher-Price liable.

Your responsibility will be to determine whether Design Innovation has proved that it is entitled to punitive damages by a preponderance of the evidence.  If you determine that it is entitled to such damages, the Court will make a determination of the amount of punitive damages in a separate proceeding.

39

## NOTE TAKING

I have now concluded the instructions relating to the specific claims in this case.  In closing, I must add a few more general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.  Your notes are not evidence and should not be shared.

CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror.

Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors.  It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous.  However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  After you have retired to begin your deliberation, you are not to leave

41

your jury room without first notifying the marshal, who will escort you.  No deliberation may take place without all jurors being present.

## EXPLANATION OF VERDICT FORM

You will take this verdict form to the jury room and answer the questions asked as directed on the form.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form.  Then inform the marshal that you have reached a verdict.

You are about to go into the jury room to begin your deliberations.  You will have exhibits with you.  If you want any of the testimony read, you must request that.  Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request.  Your requests for testimony and, in fact, any communication with the court should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that in your communications with the court you should never specify your numerical division at any time.

It is proper to add a final caution.  Nothing that I have said in these instructions – and nothing that I have said or done during the trial – has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.  Thank you.

43