UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,                        :
                                                :
                        Plaintiffs              :
                                                :        Civil No. 303CV222(JBA)
        v.                                      :
                                                :
FISHER-PRICE, INC.                              :
                                                :
                        Defendant.              :
                                                :

## DEFENDANT FISHER-PRICE, INC.'S PROPOSED
## ADDITIONAL JURY INSTRUCTIONS

**DEFENDANT'S PROPOSED REVISED INSTRUCTION NO. 1.3**

**MISAPPROPRIATION & UNFAIR COMPETITION --
CONFIDENTIAL RELATIONSHIP**

In order to maintain a claim for misappropriation, Design Innovation must also establish

that the disclosure of the concept to Fisher-Price was made on a confidential basis at the time of

Mr. Reiling's first submission of the concept.[1]  A confidential basis cannot exist if the parties

have expressly agreed that it does not exist.  A confidential relationship can be expressly waived

by a written agreement that states no confidential relationship exists.  Therefore, if you find that

Mr. Reiling and Fisher-Price agreed that no confidential relationship existed between them at the

time the concept was first submitted to Fisher-Price, you cannot find that Design Innovation has

proved this element of its misappropriation claim and therefore your verdict must be in favor of

Fisher-Price on the misappropriation claim.[2]

An ordinary business relationship does not become a confidential relationship merely

because one of the parties claims that there was a confidential relationship.[3]  Generally, a

confidential relationship does not arise between parties to a business transaction.[4]  Where

---

[1]     *M.H. Segan Limited Partnership v. Hasbro, Inc.*, 924 F. Supp. 512, 526 (S.D.N.Y. 1996)

[2]     *M.H. Segan Limited Partnership v. Hasbro, Inc.*, 924 F. Supp. 512, 523 (S.D.N.Y. 1996) ("The Waiver negates the existence of a legal relationship based on the presence of a fiduciary or confidential relationship.")

[3]     *Oursler v. Women's Interart Ctr., Inc.*, 170 A.D.2d 407, 408 (1st Dep't 1991).  *See also Compania Sud-Americana de Vapores, S.A. v. IBJ Schroder Bank & Trust Co.*, 785 F. Supp. 411, 426 (S.D.N.Y. 1992) ("New York law is . . . quite clear, however, that 'a conventional business relationship, without more, does not become a fiduciary relationship by mere allegation"); *Holloway v. King*, 361 F. Supp. 2d 351, 360 (S.D.N.Y. 2005) (stating same).

[4]     *Compania Sud-Americana de Vapores, S.A.*, 785 F. Supp. at 426.  *See also Nat'l Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 679 (S.D.N.Y. 1991) ("[C]ourt's have rejected the proposition that a fiduciary relationship can arise between parties to a business transaction.").

unrelated parties are negotiating a commercial transaction, and each party is looking out for its

own best interests, no confidential relationship will arise absent extraordinary circumstances.[5]

Accordingly, if you find that the only support for the existence of a confidential

relationship between Fisher Price and Design Innovation is Design Innovation's allegation of

such a relationship, your verdict must be in favor of Fisher-Price on the misappropriation claim.

Additionally, if you find that the relationship between Design Innovation and Fisher-Price is

merely a relationship between parties to a business transaction dealing at arm's length, and that

extraordinary circumstances do not exist to support the finding of a fiduciary relationship

between Fisher-Price and Design Innovation, then your verdict must be in favor of Fisher-Price

on the misappropriation claim.

---

[5]     *Compania Sud-Americana de Vapores, S.A.*, 785 F. Supp. at 426. *See also Nat'l Westminster Bank,*
*U.S.A.*, 130 B.R. at 679 ("Where parties deal at arms length in a commercial transaction, no relation of
confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent
extraordinary circumstances"); *Credit Suisse First Boston Mortgage Capital LLC v. Cohn*, 2004 U.S. Dist.
LEXIS 16577, at *14-15 (S.D.N.Y. Aug. 19, 2004) (stating same); *Fischer v. Viacom Int'l, Inc.*, 115 F.
Supp. 2d 535, 543 (D. Md. 2000) ("[N]o confidential relationship can exist between 'parties dealing at
arm's length, each seeking for himself the best advantage to be derived from a transaction . . . .'") (citing
*Sachs v. Cluett Peabody & Co.*, 265 A.D. 497, 500, 39 N.Y.S.2d 853, 856 (1st Dep't 1943)).

**DEFENDANT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. ___**

**USE OF COMMON SENSE**

Although you are to consider only the evidence in the case in reaching a verdict, you must bring to the consideration of the evidence your everyday common sense and judgment as reasonable men and women. Thus, you are not limited solely to what you see and hear as the witnesses testify. You may draw reasonable inferences from the evidence which you feel are justified in the light of common experience, keeping in mind that such inferences should not be based on speculation or guess. A verdict may never be influenced by sympathy, prejudice or public opinion. Your decision should be the product of sincere judgment and sound discretion in accordance with these rules of law.

**DEFENDANT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. \_\_\_**

**COMPLAINTS IN EVIDENCE**

The Court has received into evidence the three complaints that were filed by the Plaintiff in this case. Although the complaints raise a number of claims, the only claims left in the case and the only claims you are to decide are the ones on which I will instruct you— misappropriation and unfair competition. All other claims alleged in the complaints have been dismissed. The allegations in the complaints are just that—allegations by the Plaintiff. The fact that other claims appear in the complaints is not evidence that any of the facts alleged in the complaints are true. However, any admissions made in the complaints by the Plaintiff can be taken as true. Thee complaints were introduced by the Defendant for the limited purpose to show how the Plaintiff was defining the concept at the time and you may consider these documents for that purpose and that purpose only.

**DEFENDANT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. \_\_\_\_**

**PATENTS ARE PUBLIC KNOWLEDGE**

You have seen a United States patent in this case, Exhibit 116, owned by Toy Biz. You should be aware that patents are public documents and are part of the general store of knowledge just as much as any product that was being sold in the market place. Therefore, in considering whether the Reel Heroes concept is novel, you may consider the Toy Biz patent in the same way as you consider any of the other prior commercial products that have been received into evidence in this case.[6]

---

[6]    *Ferber v. Sterndent Corp.*, 433 N.Y.S.2d 85, 86 (N.Y. 1980) (issuance of patent disclosing same idea puts idea into public domain.).

## DEFENDANT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. ___

## MEANING OF CONTRACTS

During the course of this case the Court has admitted into evidence a number of contracts. Although as I have said, this is not a breach of contract case, nevertheless, you may need to interpret the contracts admitted into evidence in order to determine the relationships among the parties.

When interpreting contracts, you must look to the language of the contract. Where the parties have expressed their agreement in a clear, complete document, you should interpret the document according to its terms. A contract is clear, or "unambiguous," when it has a definite and precise meaning. Where contract language is unambiguous, the intent of the parties must be gleaned from the agreement. Unambiguous contract terms are given their plain meaning. On the other hand, contract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire agreement.[7]

---

[7]    *G5 Technologies, Inc. v. International Business Machines, Inc.*, 2005 WL 2271741, *9 (S.D.N.Y. Sept. 19, 2005) ("In cases of contract interpretation, it is well settled that when parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms. A contract is unambiguous when it has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no basis for a difference of opinion. Where contract language is unambiguous, the intent of the parties must be gleaned from the agreement. Unambiguous contract terms are given their plain meaning. On the other hand, contract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement.")(internal citations and quotations omitted)

**MILBANK, TWEED, HADLEY & MCCLOY LLP**

By *S/ William E. Wallace III*

William E. Wallace, III
email: wwallace@milbank.com
Federal Bar No. PHV0480
International Square Building
1825 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

**TYLER COOPER & ALCORN, LLP**
Jacqueline D. Bucar, Esq.
e-mail: jbucar@tylercooper.com
Federal Bar No.: ct01187
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: (203) 784-8269

**HODGSON RUSS LLP**
Robert Lane
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000

**ROBINSON & COLE LLP**
Bradford S. Babbitt
e-mail: bbabbitt@rc.com
Federal Bar No.: ct13938
Michael J. Kolosky
email: mkolosky@rc.com
Federal Bar No.: ct22686
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200

## CERTIFICATION

The undersigned hereby certifies that copies of Defendant Fisher-Price, Inc.'s

Proposed Additional Jury Instructions, was served on the attorneys of record recited below on

this 31st day of January 2006:


Gregory J. Battersby, Esq. (Bar No. 07386)
Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
Russell D. Dize, Esq. (Bar No. 23064)
Grimes & Battersby LLP
488 Main Avenue, Third Floor
Norwalk, CT 06851-1008
Telephone:  (203) 849-8300
Facsimile:   (203) 849-9300


Peter M. Nolin, Esq. (Bar No. 06223)
Jay H. Sandak (Bar No. 06703)
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06901
Telephone:  (203) 425-4200
Facsimile:   (203) 325-8608


William E. Wallace III  s/
William E. Wallace III