~~January 31~~<ins>February 1</ins>, 2006

(~~9~~<ins>2</ins>:05pm)

## CAUSATION

It is the plaintiff Design Innovation's burden to prove that the defendant's actions were the cause of the losses it claims. Plaintiff claims that Fisher-Price's use of its Reel Heroes concept without acknowledgment caused it to lose licensing royalties it would otherwise have received. Plaintiff must prove the extent to which defendant's actions caused loss of royalties, if any.

In your determination of damages, if any, to be awarded to the plaintiff, you must determine that there is a causal connection between the misappropriation and/or unfair competition by the defendant and the royalty losses that you find plaintiff has proved.

(9̶2:05pm)                                              J̶a̶n̶u̶a̶r̶y̶ ̶3̶1February 1, 2006

## COMPENSATORY DAMAGES

The general rule is that the plaintiff is entitled to fair, just, and reasonable compensation for any losses it has proved it suffered.  Design Innovation may not be compensated twice for the same injury.  Thus, if you find that Design Innovation has proven its claims of misappropriation and unfair competition, you should make an award for all of the royalty losses that Design Innovation has proven were caused by the conduct for which you have found Fisher-Price liable.  However, you may not award multiple, or double, damages for the same loss.

Depending on your liability finding of the products, if any, in which Fisher-Price misappropriated plaintiff's concept, you must make a determination whether and in what amount Design Innovation has proved lost royalties for these products.  The claimed products are:

(1) The Voice Tech Mission Command Figures;

(2) The Voice Tech Video Mission Figures;

(3) The Mission Select Figures;

(4) The Optic Force Figure known as Telly Photo;

(5) Line extensions and accessories. **[COUNSEL: THIS NEEDS FURTHER DISCUSSION]**

**FISHER-PRICE OBJECTS TO INCLUDING ANY REFERENCE TO "LINE**

22

<del>January 31</del><ins>February 1</ins>, 2006
(<del>9</del><ins>2</ins>:05pm)

EXTENSIONS AND ACCESSORIES" IN THE JURY CHARGE OR IN THE JURY VERDICT. AS CONFIRMED BY PLAINTIFF'S COUNSEL DURING COLLOQUY WITH THE COURT, PLAINTIFF'S THEORY IS THAT ROYALTIES ARE DUE ONLY ON THOSE "ITEMS SOLD WITH OR USED WITH THE RESCUE HEROES THAT DID USE THE CONCEPT." (1/27/06 TR. 1812:12-1813:5) HOWEVER, THERE IS NO SUPPORT IN LAW FOR THIS THEORY AND KIPLING DID NOT PROVIDE A BASIS OR FOUNDATION FOR TESTIFYING THAT IT IS CUSTOM AND PRACTICE TO PAY ROYALTIES ON LINE EXTENSIONS. (SEE KIPLING 1/25/06 TR. 1359:24-1360:17; 1/26/06 TR. 1477:19-1497:16)

IF THE COURT DOES INSTRUCT THE JURY ON ROYALTIES FOR LINE EXTENSIONS, WITHOUT WAIVING ANY RIGHT TO APPEAL, FISHER-PRICE PRESENTS HERE ITS PRE-TRIAL PROPOSED INSTRUCTION BASED ON THE CLOSEST LAW THAT MAY APPLY - PATENT LAW:

Design Innovation asserts that it is entitled to collect a royalty on line extensions of the Rescue Heroes product including: (1) the Aquatic Rescue Command Center; (2) the Mountain Action Command Center; and (3) the Mission Select Vehicles (including the Mission Select Fire Truck and Mission Select Police Car), even though Design Innovation makes no claim that such line extensions embody the concept that was allegedly misappropriated by Fisher-Price.

23

<del>January 31</del><ins>February 1</ins>, 2006
(<del>9</del><ins>2</ins>:05pm)

<ins>Although in some instances, it is possible that an award of damages may include such line extensions, Design Innovation must show that the alleged misappropriation caused Design Innovation to lose royalties on line extensions.11   Therefore, you may include such line extensions as an element of damages only if the misappropriated concept formed the basis for customer's decisions to purchase the line extensions.12</ins>

---

11 *See generally Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 279 (2d Cir. 1992) (explaining necessity of proof of causation between tort (breach of fiduciary duty) complained of and loss alleged); *Buggs v. Veterans Butter & Egg Co.*, 502 N.Y.S.2d 12, 13 (1st Dept. 1986) (referring to "failure of proof regarding [future medical care] aspect of damages") *see also Smith v. D.A. Schulte, Inc.*, 116 N.Y.S.2d 212 (1st Dep't 1952) (in any action to recover damages, plaintiff must show that damage arose from the wrong complained of); *Vanguard Military Equipment Corp. v. Schulein*.42 N.Y.S.2d 526 (1st Dep't 1943) (same); *Sprewell v. NYP Holdings, Inc.*, 722 N.Y.S.2d 188 (N.Y. Sup. Ct. 2003) (in pleading special damages, actual loss must be identified and causally related to the alleged tortious act).

12 *See Imonex Services, Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1380 (Fed. Cir. 2005) ("The entire market value rule allows calculation of damages based on the value of an entire apparatus containing several features, when the patent-related feature is the 'basis for customer demand.' [quoting *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1549 (Fed. Cir. 1995)] Without any evident record that the patented features were the basis for customer demand for the laundry machines as a whole, the trial court properly foreclosed further evidence on this unsupported theory."); *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 22-23 (Fed. Cir. 1984) ("The "entire market value rule" allows for the recovery of damages based on the value of an entire apparatus containing several features, even though only one feature is patented. . . . '[I]t is not the physical joinder or separation of the contested items that determines their inclusion in or exclusion from the compensation base, so

24

~~January 31~~February 1, 2006

(~~9~~2:05pm)

---

much as their financial and marketing dependence on the patented item under standard marketing procedures for the goods in question.'") (quoting *Leesona Corp. v. United States*, 599 F.2d 958, 974 (Ct.Cl.1981)).

25

~~January 31~~February 1, 2006

(~~9~~2:05pm)

## COMPENSATORY DAMAGES: REASONABLE ROYALTY

If you find that Design Innovation is entitled to damages because you found defendant liable for misappropriation and/or unfair competition, the measure of damages you must determine in this case is an award of a reasonable royalty. A reasonable royalty award attempts to measure the value to plaintiff of what the defendant wrongfully obtained from it. To measure this value, you must calculate, based on all of the evidence presented to you, what the parties reasonably would have agreed to as a fair royalty rate at the time that the misappropriation occurred.

When the parties have previously agreed to a royalty for use of a concept or idea, that royalty percentage is some evidence, which is considered along with all the other evidence of royalty rates and their circumstances, to assist you in this determination.

<u>However, compensatory damages may not be awarded unless Plaintiff has proven damages with a reasonable degree of certainty and your determination of damages may not be based on speculation or conjecture.</u>13

---

13 McIntosh v. Irving Trust Co., 887 F. Supp. 662, 665 (S.D.N.Y. 1995) (ordering new trial on the issue of compensatory damages because the jury was forced to speculate in making an unjustifiable award and noting that

~~January 31~~February 1, 2006
(~~9~~2:05pm)

---

"speculation" is "insufficient to support a jury award.") (citing Cullen v. Nassau County Civil Serv. Comm'n, 53 N.Y.2d 492, 425 N.E.2d 858, 442 N.Y.S.2d 470 (1981); Gazzola Bldg. Corp. v. Shapiro, 580 N.Y.S.2d 477, 478 (2d Dep't 1992) ("[I]t was the plaintiff's burden to prove nonspeculative damages by a preponderance of the evidence . . . .").

~~January 31~~<u>February 1</u>, 2006

(<s>9</s><u>2</u>:05pm)

## PUNITIVE DAMAGES

<u>FISHER-PRICE OBJECTS TO THIS INSTRUCTION IN ITS ENTIRETY BECAUSE PLAINTIFF HAS INTRODUCED NO EVIDENCE ON WHICH A JURY COULD AWARD PUNITIVE DAMAGES. FISHER-PRICE RESPECTFULLY SUBMITS THAT THE COURT'S PROPOSED INSTRUCTION MIS-STATES THE NEW YORK STANDARD FOR PUNITIVE DAMAGES AS SET FORTH IN WALKER V SHELDON. AMONG OTHER OBJECTIONS, THE DISJUNCTIVE PHRASE "MALICIOUS, WANTON OR OPPRESSIVE" IMPLIES THAT THE JURY CAN AWARD PUNITIVE DAMAGES ON THE BASIS OF ANY ONE OF THOSE COMNDITIONS INDIVIDUALLY, AND THE FURTHER DISJUNCTIVE DEFINITION OF "OPPRESSIVE" ALLOWS THE JURY TO AWARD PUNITIVE DAMAGES ON PROOF ONLY IF IT FINDS FISHER-PRICE TO HAVE "TAKEN ADVANTAGE" OF PLAINITFF'S "WEAKNESS." THIS STANDARD IS FAR TOO LENIENT AND IS CONTRARY TO LAW.</u>

<u>IF THE COURT DOES INSTRUCT THE JURY, WITHOUT WAIVING ANY RIGHT OF APPEAL, FISHER-PRICE PRESENTS HERE A MODIFIED FORM OF ITS PRETRIAL CHARGE ON THE ISSUE,</u>

28

~~January 31~~<ins>February 1</ins>, 2006

(~~9~~<ins>2</ins>:05pm)

## TAKING INTO ACCOUNT THE COURT'S RULING THAT THE JURY WOULD ONLY DECIDE ENTITLEMENT TO PUNITIVE DAMAGES AND NOT THE AMOUNT:

~~Plaintiff Design Innovation also seeks an award of punitive damages against defendant Fisher-Price. Plaintiff is not entitled to punitive damages as a matter of right, even if you determine that defendant is liable for misappropriation and/or unfair competition and you award plaintiff compensatory damages.~~

~~Punitive damages are not designed to compensate an injured party for past wrongs. Rather, the law permits a jury, under certain circumstances, to award punitive damages in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct. Punitive damages may be awarded only after cautious and thoughtful consideration of all of the evidence in the case.~~

~~January 31~~<ins>February 1</ins>, 2006

(~~9~~<ins>2</ins>:05pm)

~~In order to determine that Fisher-Price engaged in extraordinary misconduct capable of justifying an award of punitive damages, you would have to determine that it acted in a malicious, wanton or oppressive way. A person or entity acts in a "malicious" way if it is prompted or accompanied by ill will, or spite, or grudge, toward the injured person. A person or entity acts in a "wanton" way if it acts recklessly or with callous disregard of, or indifference to, the rights of one or more persons, including the injured person. A person or entity acts in an "oppressive" way if it acts in a way or manner which injures, damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.~~

~~You should always bear in mind that such extraordinary damages may be allowed only if you first unanimously award Design Innovation compensatory damages.~~

~~Your responsibility will be to determine whether Design Innovation has proved that it is entitled to punitive damages by a preponderance of the evidence. If you determine that it is entitled to such damages, the Court will make a determination of the appropriate amount of punitive damages in a separate proceeding.~~

<ins>Finally, only if you have found Fisher-Price liable for misappropriation and unfair competition may you consider the issue of punitive damages.</ins>

<ins>The standard for an award of punitive damages is very high. Punitive damages may only be awarded in those limited circumstances where it is necessary to deter defendants and others from engaging in conduct that may be characterized as gross and morally reprehensible</ins>

30

~~January 31~~<u>February 1</u>, 2006

(<s>9</s><u>2</u>:05pm)

<u>and of such wanton dishonesty as to imply a criminal indifference to civil obligations. Therefore, you may award punitive damages only if you find that Fisher-Price's conduct was so gross and morally culpable or caused by evil and reprehensible motives and demonstrates such wanton dishonesty as to imply a criminal indifference to its civil obligations that it is necessary to punish Fisher-Price for its conduct. Fisher-Price's conduct must be intentional, malicious, outrageous or otherwise aggravated beyond mere negligence.14</u>

<u>You may award punitive damages only if you find that Design Innovation has proven these requirements by clear, unequivocal and convincing evidence.15 This means that if you believe that the question of whether Design Innovation has proven entitlement to punitive damages is close, you may not award punitive damages.</u>

You should always bear in mind that such extraordinary damages may be allowed only if

---

14 <u>*New York University v. Continental Insurance Co.*, 639 N.Y.S.2d 283, 287 (Ct. App. N.Y. 1995) ("Punitive damages are available only in those limited circumstances where it is necessary to deter defendant and others like it from engaging in conduct that may be characterized as 'gross' and 'morally reprehensible,' and of 'such wanton dishonesty as to imply a criminal indifference to civil obligations.' . . . . the tortious conduct must be of the egregious nature set forth in Walker v. Sheldon, 10 N.Y.2d 401, 404-405, 223 N.Y.S.2d 488, 179 N.E.2d 497 . . . .") (internal citations omitted); *Walker v. Sheldon*, 223 N.Y.S.2d 488, 490 (Ct. App. NY 1961) ("Punitive or exemplary damages have been allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future. . . .") (internal citations omitted); *Rosenberg, Minc & Armstrong v. Mallilo & Grossman*, 798 N.Y.S.2d 322, 330 (Sup. Ct. New York Cty. 2005) ("'Punitive damages are awarded in tort actions '[w]here the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime.' [quoting *Prozeralik v. Capital Cities Communications, Inc.*, 605 N.Y.S.2d 218 (Ct App. NY 1993). Thus, the harmful conduct must be 'intentional, malicious, outrageous, or otherwise aggravated beyond mere negligence.'") (certain internal citations omitted).</u>

15 <u>*Rosenberg, Minc & Armstrong v. Mallilo & Grossman*, 798 N.Y.S.2d 322, 330 (Sup. Ct. New York Cty. 2005) (in unfair competition and misappropriation case, stating standard as follows: "[A]n award of punitive damages must be supported by 'clear, unequivocal and convincing evidence.' [quoting *Munoz v. Puretz*, 753 N.Y.S.2d 463, 466 (1st Dept. 2003)].</u>

31

~~January 31~~<u>February 1</u>, 2006

(~~9~~<u>2</u>:05pm)

you first unanimously award Design Innovation compensatory damages.

Your responsibility will be to determine whether Design Innovation has proved that it is entitled to punitive damages ~~by a preponderance of the evidence~~. If you determine that it is entitled to such damages, the Court will make a determination of the appropriate amount of punitive damages in a separate proceeding..

32

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent by U.S. Postal Service, first class mail, to the attorneys of record recited below on this 3rd day of February, 2006.

                    Greogry J. Battersby, Esq. ( Bar No. 07386)
                    Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
                    Russell D. Dize, Esq. (Bar No. 23064)
                    Grimes & Battersby LLP
                    488 Main Avenue, Third Floor
                    Norwalk, CT 06851-1008
                    Telephone: (203) 849-8300
                    Facsimile: (203) 849-9300

                    Peter M. Nolin, Esq. (Bar No. 06223)
                    Jay H. Sandak (Bar No. 06703)
                    Sandak Hennessey & Greco LLP
                    707 Summer Street
                    Stamford, CT 06901
                    Telephone: (203) 425-4200
                    Facsimile: (203) 325-8608

                    _____
                    Jacqueline D. Bucar (CT 01187)