UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,
        Plaintiffs

v.              Civil No. 303CV222(JBA)

FISHER-PRICE, INC.
         Defendant.

## DEFENDANT FISHER-PRICE, INC.'S BENCH MEMORANDUM REGARDING SUBMISSION OF DEMONSTRATIVE EXHIBITS TO THE JURY

The Second Circuit has long approved the use of demonstrative exhibits in the form of summary charts for assistance in complex litigation and has allowed submission of such exhibits not received in evidence into the jury room during deliberations, so long as an instruction is given that the jury is not to consider the charts as evidence. *See United States v. Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989) (concluding that permitting jury to use government's summary charts during trial and deliberations was not improper in light of a proper jury instruction and no evidence showing that jury did not follow instruction not to consider charts as evidence or as fact); *see also United States v. Pinto*, 850 F.2d 927, 935 (2d Cir. 1988) (holding that trial judge did not abuse his discretion in determining that summary charts would be helpful to the jury and allowing the exhibits into the jury room during deliberations, when judge repeatedly reminded jurors of their responsibility to determine whether charts accurately reflected evidence presented); *United States v. Jasper*, 2003 WL 221740, at *2 (S.D.N.Y. Jan. 31, 2003)

(denying party's request for the exclusion of summary charts on motion in limine and emphasizing that summary charts must be based on foundation testimony or documents connecting it to underlying evidence).

Although the Second Circuit has not spoken on the issue, the submission of purely demonstrative exhibits that do not fall within the scope of Fed. R. Evid. 1006, but are used simply as an aid to the jury, has been addressed by other Circuits. Such exhibits may, in the right circumstances, also be submitted to the jury room, subject to the court's discretion and a proper limiting instruction. *See, e.g., United States v. Possick*, 849 F.2d 332 (5th Cir. 1988) (holding that the district court did not commit reversible error on admitting demonstrative charts and permitting jury to use them in deliberations, despite no limiting instruction); *United States v. Winn*, 948 F.2d 145 (5th Cir. 1991) (upholding admission of demonstrative charts when charts were based on competent evidence before the jury, primary evidence was available to the opponent, the preparer of the summary evidence was available for cross-examination, and the jury was properly instructed concerning consideration of the summary evidence); *see also Verizon Directories Corp. v. Yellow Book USA, Inc.*, 331 F.Supp.2d 136, 139-140 (E.D.N.Y. 2004) (noting that pedagogical devices may be used as illustrative aids in the presentation of evidence and admitted into evidence even though not within scope of Rule 1006 and that such demonstrative devices may be so accurate and reliable to summarize or extrapolate testimonial or other evidence as to reliably assist factfinder in understanding the evidence).

1

Westlaw.

887 F.2d 1141                                                                                                                    Page 1

887 F.2d 1141, 29 Fed. R. Evid. Serv. 551, 58 USLW 2299
**(Cite as: 887 F.2d 1141)**

▷

United States Court of Appeals, Second Circuit.
UNITED STATES of America, Appellee,
v.
Filippo CASAMENTO, Emanuele Palazzolo, Giovanni Cangialosi, Salvatore Salamone, Giovanni Ligammari, Frank Castronovo, Gaetano Badalamenti, Salvatore Catalano, Giuseppe Lamberti, Salvatore Mazzurco, Salvatore Lamberti, Giuseppe Trupiano, Giuseppe Vitale, Lorenzo Devardo, Salvatore Greco, Francesco Polizzi, Defendants-Appellants.
Nos. 201-217, Dockets 87-1294 to 87-1299, 87-1303 and 87-1357 to 87-1366.

Argued Jan. 26, 1989.
Decided Oct. 11, 1989.

Defendants were convicted in the United States District Court for the Southern District of New York, Pierre N. Leval, J., of conspiracy, other narcotics law violations, currency reporting crimes, and other offenses, and they appealed. The Court of Appeals, Pierce, Circuit Judge, held that: (1) joint trial of the numerous defendants did not deprive the individual defendants of their right to due process; (2) evidence was sufficient to establish that defendant knowingly participated in international narcotics conspiracy by facilitating communication between Sicilian narcotics supplier and New York buyers; (3) restitution order, which required defendants to pay restitution to a fund which would be utilized for the medical treatment, rehabilitation and restitution of persons injured by addiction to narcotics in the 1980's, was not authorized by law; and (4) Government failed to authenticate a plastic bag containing traces of heroin which Government alleged was seized from defendant's garage; however, error was harmless in light of proper admission of other evidence of heroin seized from defendant's garage.

Affirmed in part; reversed in part.

West Headnotes

**[1] Constitutional Law 92 €═══268(2.1)**

92 Constitutional Law
   92XII Due Process of Law
     92k256 Criminal Prosecutions
       92k268 Trial
          92k268(2) Particular Cases and Problems
            92k268(2.1) k. In General. Most Cited Cases
(Formerly 92k268(2))

**Constitutional Law 92 €═══268(2.5)**

92 Constitutional Law
   92XII Due Process of Law
     92k256 Criminal Prosecutions
       92k268 Trial
          92k268(2) Particular Cases and Problems
            92k268(2.5) k. Joinder, Consolidation, and Severance. Most Cited Cases

**Criminal Law 110 €═══620(1)**

110 Criminal Law
   110XX Trial
     110XX(A) Preliminary Proceedings
       110k620 Joint or Separate Trial of Separate Charges
          110k620(1) k. In General. Most Cited Cases

**Criminal Law 110 €═══622.7(13)**

110 Criminal Law
   110XX Trial
     110XX(A) Preliminary Proceedings
       110k622 Joint or Separate Trials of Codefendants
          110k622.7 Grounds for Severance or Joinder

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

887 F.2d 1141                                                                                                    Page 2
887 F.2d 1141, 29 Fed. R. Evid. Serv. 551, 58 USLW 2299
**(Cite as: 887 F.2d 1141)**

110k622.7(13) k. Absence of Codefendant; Number of Codefendants. Most Cited Cases
(Formerly 110k622)
Length and complexity of joint trial of 21 defendants on charges of conspiracy, other narcotics law violations, currency reporting crimes, and other offenses, which spanned more than 17 months and involved production of thousands of exhibits and testimony of more than 275 witnesses, did not deprive defendants of their right to due process. U.S.C.A. Const.Amend. 5.

[2] **Constitutional Law** 92 €==268(2.5)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k268 Trial
                92k268(2) Particular Cases and Problems
                    92k268(2.5) k. Joinder, Consolidation, and Severance. Most Cited Cases

**Criminal Law** 110 €==622.7(12)

110 Criminal Law
    110XX Trial
        110XX(A) Preliminary Proceedings
            110k622 Joint or Separate Trials of Codefendants
                110k622.7 Grounds for Severance or Joinder
                    110k622.7(12) k. Matters Pertaining to Counsel. Most Cited Cases
(Formerly 110k622)

**Criminal Law** 110 €==622.7(13)

110 Criminal Law
    110XX Trial
        110XX(A) Preliminary Proceedings
            110k622 Joint or Separate Trials of Codefendants
                110k622.7 Grounds for Severance or Joinder
                    110k622.7(13) k. Absence of Codefendant; Number of Codefendants. Most Cited Cases

(Formerly 110k622)
Defendants' lack of coordination in their defense strategies, even considered in conjunction with spillover prejudice allegedly suffered as consequence of introduction of evidence concerning conduct of other defendants in trial of 21 defendants on charges of conspiracy, other narcotics law violations, currency reporting crimes, and other offenses, did not result in a denial of defendants' due process rights. U.S.C.A. Const.Amend. 5.

[3] **Constitutional Law** 92 €==268(7)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k268 Trial
                92k268(2) Particular Cases and Problems
                    92k268(7) k. Bias and Prejudice Generally; Improper Publicity and Disclosing Other Offenses. Most Cited Cases

**Criminal Law** 110 €==633(1)

110 Criminal Law
    110XX Trial
        110XX(B) Course and Conduct of Trial in General
            110k633 Regulation in General
                110k633(1) k. In General. Most Cited Cases
Publicity and alleged atmosphere of violence which surrounded joint trial of 21 defendants on charges of conspiracy, other narcotics law violations, currency reporting crimes, and other offenses did not deprive defendants of due process. U.S.C.A. Const.Amend. 5.

[4] **Conspiracy** 91 €==47(1)

91 Conspiracy
    91II Criminal Responsibility
        91II(B) Prosecution
            91k44 Evidence
                91k47 Weight and Sufficiency
                    91k47(1) k. In General. Most Cited Cases
Once a conspiracy is shown to exist, evidence

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

887 F.2d 1141                                                                                                                    Page 3

887 F.2d 1141, 29 Fed. R. Evid. Serv. 551, 58 USLW 2299
**(Cite as: 887 F.2d 1141)**

sufficient to link another defendant to it need not be overwhelming; however, evidence must show that defendant, even if unaware of contours of broader conspiracy, at least had knowledge that a common unlawful endeavor existed, and that defendant agreed to join that endeavor.

[5] **Conspiracy 91** 47(12)

91 Conspiracy
    91II Criminal Responsibility
        91II(B) Prosecution
            91k44 Evidence
                91k47 Weight and Sufficiency
                    91k47(3) Particular Conspiracies
                        91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Evidence, which established that defendant imported tens of thousands of dollars worth of narcotics into United States, was sufficient to support finding that defendant was part of a single narcotics conspiracy which involved other defendants.

[6] **Controlled Substances 96H** 87

96H Controlled Substances
    96HIII Prosecutions
        96Hk70 Weight and Sufficiency of Evidence
            96Hk87 k. Continuing Criminal Enterprise; Drug Organizations. Most Cited Cases
(Formerly 138k123.4, 138k123(4) Drugs and Narcotics)
Evidence, which established that defendant committed a narcotics-related felony, that the felony was part of a series of narcotics law violations, that those violations were undertaken by defendant in concert with at least five people he supervised or managed, and that he obtained substantial income from narcotics law violations, was sufficient to support his conviction on continuing criminal enterprise count. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 408, 21 U.S.C.A. § 848.

[7] **Conspiracy 91** 47(12)

91 Conspiracy
    91II Criminal Responsibility
        91II(B) Prosecution
            91k44 Evidence
                91k47 Weight and Sufficiency
                    91k47(3) Particular Conspiracies
                        91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Evidence was sufficient to establish that defendant knowingly participated in international narcotics conspiracy by facilitating communication between Sicilian narcotics supplier and New York buyers.

[8] **Conspiracy 91** 47(12)

91 Conspiracy
    91II Criminal Responsibility
        91II(B) Prosecution
            91k44 Evidence
                91k47 Weight and Sufficiency
                    91k47(3) Particular Conspiracies
                        91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Evidence was sufficient to establish that defendant participated in international narcotics conspiracy by purchasing narcotics from a codefendant, who was a narcotics dealer.

[9] **Controlled Substances 96H** 87

96H Controlled Substances
    96HIII Prosecutions
        96Hk70 Weight and Sufficiency of Evidence
            96Hk87 k. Continuing Criminal Enterprise; Drug Organizations. Most Cited Cases
(Formerly 138k123.4, 138k123(4) Drugs and Narcotics)
Record lacked sufficient evidence to support conclusion that defendants, in course of committing a series of narcotics violations, supervised the requisite five persons and therefore he could not be convicted on continuing criminal enterprise count. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 408, 21 U.S.C.A. § 848.

[10] **United States 393** 34

393 United States
    393I Government in General
        393k34 k. Mints, Assay Offices, Coinage, and Money. Most Cited Cases

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

887 F.2d 1141                                                                                                   Page 4

887 F.2d 1141, 29 Fed. R. Evid. Serv. 551, 58 USLW 2299
**(Cite as: 887 F.2d 1141)**

Defendant's close association with certain defendants, evidence that he placed two packages in his car and drove to one defendant's residence, his delivery of certain packages and evidence of money, money wrappers, and guns in his home, provided sufficient evidence to support his convictions on money laundering counts contained in indictment charging offenses arising from international narcotics conspiracy.

[11] **Racketeer Influenced and Corrupt Organizations 319H** 🔑95

319H Racketeer Influenced and Corrupt Organizations
    319HI Federal Regulation
        319HI(C) Criminal Remedies and Proceedings
            319Hk92 Evidence
                319Hk95 k. Weight and Sufficiency. Most Cited Cases
(Formerly 83k82.70)
Evidence was sufficient to establish that defendant, who participated in narcotics conspiracy, committed a second racketeering act by making an interstate delivery of money as part of a money laundering operation and therefore he could properly be convicted for violation of Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C.A. § 1952(a)(3).

[12] **Conspiracy 91** 🔑47(12)

91 Conspiracy
    91II Criminal Responsibility
        91II(B) Prosecution
            91k44 Evidence
                91k47 Weight and Sufficiency
                    91k47(3) Particular Conspiracies
                        91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases

**Racketeer Influenced and Corrupt Organizations 319H** 🔑95

319H Racketeer Influenced and Corrupt Organizations
    319HI Federal Regulation
        319HI(C) Criminal Remedies and Proceedings
            319Hk92 Evidence
                319Hk95 k. Weight and Sufficiency. Most Cited Cases
(Formerly 83k82.74)
Evidence, which established that defendant agreed to help fund certain narcotics purchases, was sufficient to support defendant's convictions for conspiracy and racketeering.

[13] **Conspiracy 91** 🔑47(12)

91 Conspiracy
    91II Criminal Responsibility
        91II(B) Prosecution
            91k44 Evidence
                91k47 Weight and Sufficiency
                    91k47(3) Particular Conspiracies
                        91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Evidence was sufficient to establish that defendant knowingly participated in international narcotics conspiracy by acting as an assistant to one of Sicilian narcotics supplier's representatives in United States.

[14] **Conspiracy 91** 🔑47(12)

91 Conspiracy
    91II Criminal Responsibility
        91II(B) Prosecution
            91k44 Evidence
                91k47 Weight and Sufficiency
                    91k47(3) Particular Conspiracies
                        91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Evidence, which established that defendant helped narcotics dealer arrange to receive narcotics-related telephone calls from Sicily, and provided funds to help with purchase of narcotics, was sufficient to establish that defendant was a member of international narcotics conspiracy.

[15] **Racketeer Influenced and Corrupt Organizations 319H** 🔑13

319H Racketeer Influenced and Corrupt Organizations
    319HI Federal Regulation

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

887 F.2d 1141  Page 5

887 F.2d 1141, 29 Fed. R. Evid. Serv. 551, 58 USLW 2299
**(Cite as: 887 F.2d 1141)**

     319HI(A) In General
        319Hk4 Racketeering or Criminal Activity
           319Hk13 k. Drug Related Activity.
Most Cited Cases
(Formerly 83k82.70)
Defendant's participation in international narcotics conspiracy could properly serve as one of two predicate acts required for defendant's RICO conviction.

[16] **Conspiracy 91** 47(3.1)

91 Conspiracy
    91II Criminal Responsibility
       91II(B) Prosecution
          91k44 Evidence
             91k47 Weight and Sufficiency
                91k47(3) Particular Conspiracies
                   91k47(3.1) k. In General. Most Cited Cases
(Formerly 91k47(3))

**United States 393** 34

393 United States
    393I Government in General
       393k34 k. Mints, Assay Offices, Coinage, and Money. Most Cited Cases
Evidence, which established that defendant's main involvement in money laundering operation was to change small denominations of cash to larger denominations, was sufficient to support defendant's convictions for conspiracy to violate, and aiding and abetting the violation of, various currency reporting statutes.

[17] **Conspiracy 91** 47(12)

91 Conspiracy
    91II Criminal Responsibility
       91II(B) Prosecution
          91k44 Evidence
             91k47 Weight and Sufficiency
                91k47(3) Particular Conspiracies
                   91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Evidence was insufficient to establish that defendant agreed to participate in international narcotics conspiracy.

[18] **Conspiracy 91** 40

91 Conspiracy
    91II Criminal Responsibility
       91II(A) Offenses
          91k39 Persons Liable
             91k40 k. In General. Most Cited Cases

**Conspiracy 91** 40.1

91 Conspiracy
    91II Criminal Responsibility
       91II(A) Offenses
          91k39 Persons Liable
             91k40.1 k. Knowledge, Intent, and Participation. Most Cited Cases
An individual is not a conspirator merely because he is aware of a conspiracy and associates with its members; to be a conspirator, an individual must agree to participate in the conspiracy.

[19] **Conspiracy 91** 40

91 Conspiracy
    91II Criminal Responsibility
       91II(A) Offenses
          91k39 Persons Liable
             91k40 k. In General. Most Cited Cases
Once defendant agreed to take trip to pick up narcotics shipment he became a member of narcotics conspiracy, notwithstanding fact that he may never have taken the trip.

[20] **Criminal Law 110** 662.9

110 Criminal Law
    110XX Trial
       110XX(C) Reception of Evidence
          110k662 Right of Accused to Confront Witnesses
             110k662.9 k. Availability of Declarant. Most Cited Cases
For purposes of confrontation clause, declarant is unavailable when declarant is absent despite good-faith efforts undertaken prior to trial to locate and present that witness; length to which confrontation clause requires prosecution to go to produce a witness is a question of reasonableness. U.S.C.A. Const.Amend. 6.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

887 F.2d 1141 Page 6

887 F.2d 1141, 29 Fed. R. Evid. Serv. 551, 58 USLW 2299
**(Cite as: 887 F.2d 1141)**

**[21] Criminal Law 110 €═662.9**

110 Criminal Law
    110XX Trial
        110XX(C) Reception of Evidence
            110k662 Right of Accused to Confront Witnesses
                110k662.9 k. Availability of Declarant. Most Cited Cases
Although Government's effort to procure declarant, who was incarcerated in an Italian prison, was made after trial began, declarant was "unavailable" for purposes of applicable federal rule and confrontation clause; having been told by Italian authority responsible for extraditions that Italy would not extradite declarant, Government had no obligation to take any further action. U.S.C.A. Const.Amend. 6; Fed.Rules Evid.Rule 804, 28 U.S.C.A.

**[22] Criminal Law 110 €═417(15)**

110 Criminal Law
    110XVII Evidence
        110XVII(M) Declarations
            110k416 Declarations by Third Persons
                110k417 In General
                    110k417(15) k. Self-Incriminating or Exculpating Declarations. Most Cited Cases
Circumstances in which statement by unavailable declarant was made to former business associate indicated that it was sufficiently trustworthy to be admitted against declarant's cousin as statement against penal interest for purpose of establishing that declarant was dealing drugs with a cousin in the United States. Fed.Rules Evid.Rule 804(b)(3), 28 U.S.C.A.

**[23] Criminal Law 110 €═417(15)**

110 Criminal Law
    110XVII Evidence
        110XVII(M) Declarations
            110k416 Declarations by Third Persons
                110k417 In General
                    110k417(15) k. Self-Incriminating or Exculpating Declarations. Most Cited Cases
Declarant's entire statement, which indicated that declarant was dealing drugs with a cousin in United States, was admissible as a statement against penal interest; reference to declarant's drug dealing was so closely linked to reference to cousin's drug dealing that admission of entire statement was proper. Fed.Rules Evid.Rule 804(b)(3), 28 U.S.C.A.

**[24] Criminal Law 110 €═427(4)**

110 Criminal Law
    110XVII Evidence
        110XVII(O) Acts and Declarations of Conspirators and Codefendants
            110k427 Preliminary Evidence as to Conspiracy or Common Purpose
                110k427(4) k. Competency. Most Cited Cases
In determining whether, for purposes of coconspirator exception to hearsay rule, declarant is a coconspirator of a party, court may look to statements of the declarant. Fed.Rules Evid.Rule 801(d)(2)(E), 28 U.S.C.A.

**[25] Criminal Law 110 €═422(1)**

110 Criminal Law
    110XVII Evidence
        110XVII(O) Acts and Declarations of Conspirators and Codefendants
            110k422 Grounds of Admissibility in General
                110k422(1) k. In General. Most Cited Cases
Declarant's statement to a former business associate whom he invited to participate in drug business along with his cousin, which indicated that cousin used pizza restaurants as a front for his drug trafficking, was admissible as a statement by a coconspirator. Fed.Rules Evid.Rule 801(d)(2)(E), 28 U.S.C.A.

**[26] Criminal Law 110 €═427(4)**

110 Criminal Law
    110XVII Evidence
        110XVII(O) Acts and Declarations of Conspirators and Codefendants
            110k427 Preliminary Evidence as to Conspiracy or Common Purpose

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.