UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC., | Index No.: 3:03 CV 222 (JBA) |
| Plaintiffs, | |
| - against - | |
| FISHER-PRICE, INC., | January 29, 2006 |
| Defendant. | |

**PLAINTIFF'S OBJECTIONS TO THE DESIGNATIONS OF THE DEPOSITION
TESTIMONY OF PETER POOK AND PROPOSED COUNTER-DESIGNATIONS**

Plaintiff, Design Innovation, Inc., respectfully submits the following objections to Fisher-Price's designations of the deposition testimony of Peter Pook, and submits Plaintiff's counter-designations of testimony to be offered at trial:

## I.    OBJECTIONS

Fisher-Price's Designations:  page 141, line 21 - page 143, line 7
page 143, line 19 - page 146, line 23
page 150, line 12 - page 152, line 7

Plaintiff's Objections:         page 142, line 6 - page 143, line 7
page 143, line 19 - page 146, line 23
page 150 line, 12 - page 152, line 7

Plaintiff objects to the referenced portions of Mr. Pook's testimony because those portions relate to Mr. Pook's opinions on the ultimate issue of use, and specifically to whether or not Mr. Pook would have recommended paying a royalty on Plaintiff's submissions. The Court previously excluded Mr. Snyder's deposition testimony in which he opined that he would have recommended paying a royalty on one of the accused

product lines because it constituted an impermissible expert opinion from a lay witness. For the same reasons, the referenced portions of Mr. Pook's testimony, in which he states his opinion that he would not have recommended paying a royalty, should likewise be excluded.   Mr. Pook was never disclosed as an expert by Fisher-Price.   Further, no adequate foundation was laid for portions of Mr. Pook's testimony in which he testifies as an expert, nor was there adequate foundation for other aspects of his testimony.

Fisher-Price's Designations:   page 148, line 2 - page 149, line 5

Plaintiff's Objections:            page 148, line 2 - page 149, line 5

Plaintiff objects to the referenced portions of Mr. Pook's testimony because no adequate foundation was laid for his testimony inasmuch as he admits to leaving Fisher-Price in January 2001 and there is no foundation as to how or when he learned about Carterbench.

## II.    <u>COUNTER-DESIGNATIONS</u>

Page 4, lines 9 – 11
Page 10, lines 9 – 14
Page 12, lines 10-14
Page 56, line 22 to page 57, line 20
Page 59 line 12 to page 60, line 10
Page 66, lines 9 – 20
Page 68, line 24 to page 69, line 11
Page 75, lines 13 – 21
Page 80, line 22 to page 81, line 12
Page 104, line 14 to page 105, line 16
Page 106, line 11 to page 107, line 7

Dated: Norwalk, Connecticut
January 29, 2006

Respectfully Submitted,

GRIMES & BATTERSBY, LLP

By: _____
    Gregory J. Battersby (Bar No. 7386)
    Edmund J. Ferdinand, III (Bar No. 21287)
    Russell D. Dize (Bar No. 23064)
    Susan Schlesinger (Bar No. 26625)
    488 Main Avenue, Third Floor
    Norwalk, Connecticut 06851-1008
    (p) (203) 849-8300
    (f) (203) 849-9300

SANDAK HENNESSEY & GRECO, LLP
    Jay H. Sandak, Esq.
    Peter M. Nolin, Esq.
    707 Summer Street
    Stamford, Connecticut 06901-1026
    (p) (203) 425-4200
    (f) (203) 325-8608

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2006, a copy of the foregoing Objections to Designations of Deposition Testimony and Proposed Counter-Designations was served on all counsel of record below via electronic means to:

Jacqueline Bucar Esq.
Robert Allen, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
Hodgson Russ LLP
One M&T Plaza, Suite 2000
Buffalo, New York  14203-2391

William Wallace, Esq.
Milbank, Tweed, Hadley & McCoy-DC
1825 Eye St., N.W.
Suite 900
Washington, DC 20006

Russell D. Dize