UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR G. REILING ASSOCIATES and<br>DESIGN INNOVATION, INC., | : | |
| | : | |
| Plaintiffs | : | |
| | : | Civil No. 303CV222(JBA) |
| v. | : | |
| | : | MARCH 1, 2006 |
| FISHER-PRICE, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## FISHER-PRICE, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Fisher-Price, Inc. submits this memorandum in opposition to the motion by plaintiff Design Innovation, Inc. ("DI") for an extension of time to respond to Defendant's Motion for Judgment as a Matter of Law or For a New Trial. Fisher-Price opposes DI's motion for an extension for four reasons.

First, on February 6, 2006, after the jury returned its verdict, this Court instructed the parties that post-trial motions should be briefed in accordance with the regular deadlines.[1] Under those deadlines, DI's opposing papers are due on March 15, 2006.

Second, the terms of Rule 6(b) appear to prohibit granting DI's request for an extension. Rule 6(b) states expressly that a court:

---

[1] *See* 2/6/06 Transcript at 2657-58 ("I want full briefing [on the post-trial motions]. [W]e will use the regular deadlines for post-trial motions. . . . [Y]our briefing will come in on that under the ordinary schedule. . . ."). The Court's instruction in this regard is an accordance with the policy behind Rule 6(b) which prohibits enlargement of time deadlines relating to Rules 50(b) and 59(b) motions. MOORE'S FEDERAL PRACTICE § 6.06(5) at 6-50 (3d Ed. 2005).

> "may not extend the time for taking *any action* under Rules 50(b) . . . 59(b) . . ., except to the extent and under the conditions states in them." (Emphasis added).

The requirement that DI file its papers opposing Fisher-Price's motion for judgment as a matter of law or a new trial is, by its very terms, an "action" under Rules 50(b) and 59(b). Accordingly, extending the time to take such action is prohibited by Rule 6(b).[2]

Third, DI has not presented good cause for its request for an extension. The parties have already extensively briefed and argued the issues presented by Fisher-Price's motion. In addition, Fisher-Price's motion was filed on February 22, 2006 and DI's response is due on March 15, 2006, a full twenty-one days later. Fisher-Price was required to file its motion ten business days (and fifteen calendar days, including weekends and holidays) after the entry of judgment. Under these circumstances, DI has not shown any undue burden in meeting the Court-ordered deadline for filing its opposition papers.[3] For these reasons, DI has not shown good cause for supporting its request for an extension.

Fourth, Fisher-Price would be prejudiced by further delay in briefing and consideration of its motion. Rules 6, 50, and 59 expressly promote and encourage prompt filing and disposition of post-trial motions. Fisher-Price believes that the jury's verdict in this case was clearly erroneous and should be vacated. Fisher-Price is entitled to a prompt determination of its motion. Prompt determination has been made more important by the fact that DI issued a press

---

[2] DI does not suggest that its request for an extension is authorized by anything in Rules 50(b) or 59(b).

[3] DI's motion mentions that one of its counsel is going on vacation on March 11, 2006. March 11 falls seventeen days after DI received Fisher-Price's motion papers, allowing counsel more than sufficient time to be involved in preparing opposing papers. Moreover, DI's trial team includes four attorneys and a number of other support personnel. No reason is suggested why those attorneys and personnel would not be sufficient to file DI's opposing papers by March 15, along with the participation of counsel scheduled to go on vacation up through March 10.

release on February 9, 2006, widely publicizing the jury's verdict and characterizing Fisher-Price as "guilty" and having acted in "bad faith." (A copy of the press release is attached as Exhibit A). This has substantially increased the necessity for Fisher-Price to obtain a prompt determination of its motion.

Finally, DI argues in its motion for an extension that delay of the Rule 50 motion will not impact any other deadlines in this case. This is not accurate. It will certainly affect the prosecution of the appeal filed by DI and Reiling. (A copy of DI's pre-argument statement (without attachment) filed with the Second Circuit is attached as Exhibit B). Secondly, Fisher-Price believes it would be most efficient for the parties and the Court if its motion under Rules 50 and 59 could be fully briefed, argued, and even possibly determined prior to the currently-scheduled May 1 commencement date for a hearing on disgorgement damages.[4]

## Conclusion

For the foregoing reasons, DI's motion for an extension should be denied.

---

[4] Plaintiffs' attempt to notice and prosecute an appeal immediately upon the entry of the judgment on the jury verdict injects a serious issue as to this Court's continuing jurisdiction to proceed substantively with this matter at least until such time as plaintiffs' improper appeal has been dismissed. This issue will be the subject of a separate letter to the Court.

Dated: March 1, 2006

| | |
|---|---|
| **TYLER COOPER & ALCORN, LLP**<br><br>By _/s/ Jacqueline D. Bucar_<br>Jacqueline D. Bucar<br>e-mail: jbucar@tylercooper.com<br>Federal Bar No.: ct01187<br>Robert W. Allen<br>e-mail: rwallen@tylercooper.com<br>Federal Bar No.: ct04188<br>205 Church Street<br>P.O. Box 1936<br>New Haven, CT 06509-0906<br>Telephone: (203) 784-8269 | **MILBANK, TWEED, HADLEY & MCCLOY LLP**<br>William E. Wallace, III<br>email: wwallace@milbank.com<br>Federal Bar No. PVH 0480<br>International Square Building<br>1825 Eye Street, N.W., Suite 1100<br>Washington, D.C. 20006<br>Telephone: (202) 835-7500 |

**HODGSON RUSS LLP**
Robert J. Lane, Jr.
e-mail: rlane@hodgsonruss.com
Federal Bar No.: ct24598
Jodyann Galvin
e-mail: jgalvin@hodgsonruss.com
Federal Bar No.: ct24599
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391
Telephone: (716) 856-4000

*Attorneys for Fisher-Price, Inc.*

## CERTIFICATION

The undersigned hereby certifies that copies of the foregoing Fisher-Price, Inc.'s Memorandum In Opposition to Plaintiff's Motion For Extension of Time, dated March 1, 2006, was sent on the 1st day of March 2006 via first class mail to:

>Gregory J. Battersby, Esq. (Bar No. 07386)
>Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
>Russell D. Dize, Esq. (Bar No. 23064)
>Grimes & Battersby LLP
>488 Main Avenue, Third Floor
>Norwalk, CT 06851-1008
>Telephone: (203) 849-8300
>Facsimile: (203) 849-9300
>
>Peter M. Nolin, Esq. (Bar No. 06223)
>Jay H. Sandak (Bar No. 06703)
>Sandak Hennessey & Greco LLP
>707 Summer Street
>Stamford, CT 06901
>Telephone: (203) 425-4200
>Facsimile: (203) 325-8608

_____
Jacqueline D. Bucar (CT 01187)