# EXHIBIT A

Your topic is Mattel

Factiva (R) Dow Jones & Reuters
-------------------------------------------------------------
Grimes & Battersby Announces U.S. District Court Finds Fisher-Price Misappropriated Rescue Heroes' Toy Concepts; $1.7 Million in Damages Awarded to Toy Designer Design Innovation; Further Proceeding for Additional Damages is Pending
BWR0000020060209e22900bqc
572 Words
09 February 2006
21:03 GMT
Business Wire
English
(c) 2006 Business Wire. All Rights Reserved.

NEW HAVEN, Conn. - (BUSINESS WIRE) - Feb. 9, 2006 - Grimes & Battersby, LLP today announced that a jury has found that toy company Fisher-Price misappropriated a concept developed by Design Innovation for use in the Fisher-Price Rescue Heroes line of products. The verdict was reached in the case of Design Innovation v. Fisher-Price, Inc. on February 6, 2006 following a three week trial in the United States District Court for the District of Connecticut. The jury awarded Design Innovation damages of $1.7 million and also found Fisher-Price guilty of unfair competition, having acted in bad faith in its misappropriation of the toy concept.

The case now goes back to the judge to determine whether additional damages are warranted based on the profits Fisher-Price made on sales of those Rescue Heroes products that either include or are based on the misappropriated concept.

Design Innovation, in association with Victor Reiling, another toy inventor, developed a concept that was designed to be used in Fisher-Price's existing Rescue Heroes product line. The toys included police officers, firefighters and other emergency personnel, all of whom wear backpacks. Design Innovation and Reiling conceived of an idea for incorporating a still or moving image into each of the Rescue Heroes' backpacks. This would allow a child to view the respective characters on rescue missions, thus increasing the play value of the toys.

Design Innovation and Reiling had presented their concept to Fisher-Price in 1998, who informed them that they were genuinely excited by the concept and then paid the inventors two option fees to secure the concept and prevent it from being taken elsewhere. However, Fisher-Price eventually returned the concept.

In 2001, Fisher-Price introduced a line of action figures and related accessories that incorporated images in their backpacks -- similar to the concept presented to them by Design Innovation and Reiling. These lines included Fisher-Price's Voice Tech Video Mission, Voice Tech Mission Command, Mission Select and Telly Photo products.

Fisher-Price argued that they had independently created these products after having seen and optioned the Design Innovation and Reiling concepts. The jury rejected this argument. Reiling's claims were dismissed by the court before trial on legal grounds.

Design Innovation was represented by Grimes & Battersby of Norwalk, CT and trial counsel Peter M. Nolin and Jay H. Sandak of Sandak, Hennesey & Greco, LLP of Stamford, CT in a case that began more than three years ago. After the verdict, Gregory Battersby of Grimes & Battersby, said, "The verdict represents a resounding victory for the toy inventor community."

Both Design Innovation and Reiling are toy industry veterans. Reiling entered the business in the early 1970s as a toy designer with Fisher-Price after graduating from the U.S. Naval Academy and serving a tour of duty in Viet Nam. Design Innovation is one of the leading product design and development firms in the toy, game and juvenile products industries and, over the past 25 years, has worked for most of the major toy companies, including Fisher-Price. Fisher-Price is a wholly owned subsidiary of Mattel, Inc., which is the world's largest toy company.

SSA Public Relations Elliott Chang, 818-501-0700


-------------------------------------------------------------
For assistance, access Factiva's Membership Circle (http://customer.factiva.com).
-------------------------------------------------------------
(c) 2006 Dow Jones Reuters Business Interactive, LLC  (trading as Factiva). All Rights Reserved.

# EXHIBIT B

FEB 27 REC'D

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

1. SEE NOTICE ON REVERSE.   2. PLEASE TYPE OR PRINT.   3. STAPLE ALL ADDITIONAL PAGES

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| VICTOR G. REILING ASSOCIATES and DESIGN INNOVATION, INC.<br><br>v.<br><br>FISHER-PRICE, INC. | Dist. of Connecticut | Judge Arterton |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>01/12/2006 | District Court Docket No.:<br>3:03 CV 222 (JBA) |
| | Date the Notice of Appeal was Filed:<br>02/13/2006 | Is this a Cross Appeal?<br>☐ Yes   ☒ No |

| Attorney(s) for Appellant(s):<br>☒ Plaintiff<br>☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br>Peter M. Nolin  707 Summer St., 3rd Floor<br>Jay H. Sandak   Stamford, CT 06901  203-425-4200   203-325-8608   pnolin@shglaw.com<br>SANDAK HENNESSEY & GRECO, LLP<br>Edmund J. Ferdinand   488 Main Ave.  203-849-8300   203-849-9300   ferdinand@gandb.com<br>GRIMES & BATTERSBY, LLP  Norwalk, CT 06851 |
|---|---|
| Attorney(s) for Appellee(s):<br>☐ Plaintiff<br>☒ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br>William E. Wallace  1825 Eye St., NW, Suite 900<br>Milbank, Tweed   Washington, DC  202-835-7511   202-263-7511   wwallace@milbank.com<br>20006<br>Robert J. Lane, Jr.  One M&T Plaza, Suite 2000    rlane@hodgsonruss.com<br>Hodgson Russ, LLP   Buffalo, NY  14203  716-856-4000  716-849-0349 |

| Has Transcript Been Prepared?<br><br>No | Approx. Number of Transcript Pages:<br><br>None Required | Number of Exhibits Appended to Transcript:<br><br>None Required | Has this matter been before this Circuit previously?  ☐ Yes   ☒ No<br>If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.:   Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; AND (3) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party      ☒ Diversity<br>☐ Federal question   ☐ Other (specify): _____<br>(U.S. not a party) | ☐ Final Decision       ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☒ Interlocutory Decision Appealable As of Right<br>☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. March 2005)

### PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- ☐ Pre-trial
- ☒ During trial
- ☐ After trial

**2. Type of Judgment/Order Appealed**
- ☐ Default judgment
- ☐ Dismissal/jurisdiction
- ☐ Dismissal/merit
- ☒ Summary judgment
- ☐ Declaratory judgment
- ☐ Judgment / Decision of the Court
- ☐ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☒ Other (specify): **Motion for Reconsideration**

**3. Relief**
- ☒ Damages: **(pending)**
  - Sought: $____
  - Granted: $____
  - Denied: $____
- ☐ Injunctions:
  - ☐ Preliminary
  - ☐ Permanent
  - ☐ Denied

### PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☐ Civil Rights
- ☐ Commerce
- ☐ Energy
- ☐ Commodities
- ☐ Other (specify): ___
- ☐ Communications
- ☐ Consumer Protection
- ☐ Copyright / Patent
- ☐ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

**2. Torts**
- ☐ Admiralty/Maritime
- ☐ Assault / Defamation
- ☐ FELA
- ☐ Products Liability
- ☒ Other (Specify): **Misappropriation Unfair Compet.**

**3. Contracts**
- ☐ Admiralty/Maritime
- ☐ Arbitration
- ☒ Commercial
- ☐ Employment
- ☐ Insurance
- ☐ Negotiable Instruments
- ☐ Other Specify

**4. Prisoner Petitions**
- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

**5. Other**
- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): ___
- ☒ Other (specify): **CT Unfair Trade Practices Act (CUTPA)**

**6. General**
- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

**7. Will appeal raise constitutional issue(s)?**
- ☐ Yes   ☒ No

Will appeal raise a matter of first impression?
- ☐ Yes   ☐ No

---

1. Is any matter relative to this appeal still pending below? ☒ Yes, specify: **Damages Hearing**   ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal?   ☐ Yes   ☒ No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal?   ☐ Yes   ☒ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
|  |  |  |  |

Name of Appellant:

Date: 2/23/06    Signature of Counsel of Record: [signature]

### NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only ten (10) calendar days in which to complete the following important steps:

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file an original and one copy with the Clerk of the Second Circuit.
2. File an original and one copy of the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit.
3. Pay the $255 docketing fee to the Clerk of the United States District Court, unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE:** IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN TEN (10) CALENDAR DAYS, YOUR APPEAL WILL BE DISMISSED. *SEE* THE CIVIL APPEALS MANAGEMENT PLAN OF THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT.

FORM C (Rev. March 2005)

# ADDENDUM A

## I. Nature of the Action

Appellants Victor G. Reiling Associates and Design Innovation, Inc. ("Appellants") are independent toy design firms which develop concepts for new toys. Appellants developed a new toy concept specifically for Fisher-Price, Inc.'s existing "Rescue Heroes" line of action figures, which line includes police officers, firefighters and other emergency personnel. Appellants conceived of an idea for adding an image component to the backpack of each "Rescue Heroes" action figure that enhanced role play for the child by depicting the mission of that particular "Rescue Heroes" character. For example, the backpack of the firefighter character would display images related to a fire.

Appellants' concept was disclosed to Fisher-Price ("Appellee") at a meeting in 1998, after which Appellants submitted a prototype, drawings illustrating the concept and a document summarizing the concept. Appellee expressed initial interest in the concept and entered into a written Option Agreement with Appellants, under which Appellee had the exclusive right to license the concept for a fixed period of time in exchange for the payment of an option fee. Appellee paid Appellants two (2) separate option fees to hold the property. The Option Agreement expired without Appellee exercising the option. When Appellee informed Appellants that the concept was too expensive, Appellants submitted alternate executions of the concept on two separate occasions. Shortly after the final submission was rejected, Appellee introduced a product which incorporated Appellants' concept, namely, an image component on the backpack of each "Rescue Heroes" action figure that enhanced role play for the child by depicting the mission of that particular "Rescue Heroes" character. Appellee has since changed its execution of the concept on several occasions, but the same basic underlying concept remains. Appellee

also has expanded its use of the concept into, *inter alia*, accessories and playsets for the characters.

At the District Court, Appellants alleged that Appellee had misappropriated their novel concept. Appellants brought claims for Misappropriation of an Idea, Breach of Implied-In-Fact Contract, Common Law Unfair Competition and for violation of the Connecticut Unfair Trade Practices Act (CUTPA). Appellants sought disgorgement of Appellee's profits on sales of products which either utilize Appellants' concept or are line extensions related thereto. In the alternative, Appellants sought lost profits which may be calculated either assuming the reasonable royalty which Appellants would have received had Appellee rightfully compensated Appellants or some other amount based on the profits made by Appellee.

Appellants did not assert any claims under either patent or copyright law. Instead, Appellants relied upon misappropriation of an idea, which was recognized as a valid cause of action by the Second Circuit in *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368 (2nd Cir. 2000). *Nadel*, which involved an inventor's submission of a toy concept to a toy manufacturer, discusses the manner in which the toy invention industry operates, namely, inventors regularly make submissions of new toy concepts to toy companies with the expectation that they will be compensated if their concept is used by the toy company. Since these concepts are just that—concepts, the parties understand that the toy company will frequently make changes to the underlying concept to enhance commercialization, yet will still compensate the inventor for the underlying concept.

II.     The Result Below

At the Summary Judgment stage, the District Court dismissed Victor G. Reiling Associates' causes of action for Misappropriation and Common Law Unfair Competition on the

grounds that a 1994 Policy and Agreement form signed by Victor G. Reiling was deemed to constitute a release of any claim Victor G. Reiling Associates might have against Fisher-Price with regard to the submissions. The District Court also dismissed Victor G. Reiling Associates' and Design Innovation, Inc.'s cause of action for Breach of Implied-In-Fact Contract on the grounds that such claims were barred by the existence of the Option Agreement, which although expired, the Court nevertheless found was an express agreement covering the same subject matter. In addition, the District Court dismissed Victor G. Reiling Associates' and Design Innovation, Inc.'s cause of action for violation of the Connecticut Unfair Trade Practices Act (CUTPA) on the grounds that CUTPA could not apply because the alleged violations occurred outside the State of Connecticut.

Accordingly, all of Victor G. Reiling Associates' claims were dismissed on Summary Judgment. Design Innovation, Inc.'s Breach of Implied-In-Fact Contract and CUTPA claims were dismissed, but its Misappropriation and Common Law Unfair Competition claims survived. A jury trial was held in January 2006, and the jury returned a verdict in favor of Design Innovation, Inc. on February 6, 2006. A damages hearing is scheduled for May 1, 2006.

### III. Relevant Opinions/Orders Forming Basis for Appeal

The relevant orders forming the basis for appeal are: (1) the District Court's Ruling on Defendant's Motion for Summary Judgment [Doc. # 145] entered in this action on the 16th day of December, 2005, as allowed to stand by (2) the District Court's Ruling on Plaintiffs' Motion for Reconsideration [Doc. # 189] entered in this action on the 12th day of January, 2006. Both of these rulings are attached hereto.

## ADDENDUM B

### Issues Proposed to be Raised on Appeal

1. Did the District Court err in dismissing Victor G. Reiling Associates' causes of action for Misappropriation and Common Law Unfair Competition on the grounds that the 1994 Policy and Agreement form signed by Victor G. Reiling was deemed to constitute a release of any claim Victor G. Reiling Associates might have against Fisher-Price with regard to the submissions?

   Standard of Review: *de novo*

2. Did the District Court err in dismissing Victor G. Reiling Associates' and Design Innovation, Inc.'s cause of action for Breach of Implied-In-Fact Contract on the grounds that such claims were barred by the existence of the Option Agreement, which although expired, the Court nevertheless found was an express agreement covering the same subject matter?

   Standard of Review: *de novo*

3. Did the District Court err in dismissing Victor G. Reiling Associates' and Design Innovation, Inc.'s cause of action for violation of the Connecticut Unfair Trade Practices Act (CUTPA) on the grounds that CUTPA could not apply because the alleged violations occurred outside the State of Connecticut?

   Standard of Review: *de novo*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2006, a copy of the foregoing Form C with Addendum A and B was served on all counsel of record below via U.S. Mail, first-class, postage prepaid, to:

Jacqueline Bucar Esq.
Robert Allen, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
Hodgson Russ LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

William Wallace, Esq.
Milbank, Tweed, Hadley & McCoy-DC
1825 Eye St., N.W.
Suite 900
Washington, DC 20006

_____
Russell D. Dize