UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Victor G. Reiling Associates** :
**and Design Innovation, Inc.,** :
       **Plaintiffs,** : Case. No. 3:03 CV 222 (JBA)
        :
**v.** :
        :
**Fisher-Price, Inc.,** :
       **Defendant.** :

**Order on Plaintiff's Motion for Extension of Time**
**[Doc. # 278]**

Plaintiff Design Innovation, Inc. seeks an extension of time until March 24, 2006 to respond to Defendant's Motion for Judgment as a Matter of Law or for a New Trial. See [Doc. ## 278, 280]. Defendant Fisher-Price, Inc. opposes the requested extension arguing, inter alia that Fed. R. Civ. P. 6(b) prevents the Court from granting the request. See [Doc. # 279] at 1-2.

Fed. R. Civ. P. 6(b) provides, inter alia, that courts "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them." This provision appears to apply only the filing of motions, and not to the briefing of such motions. See Fed. R. Civ. P. 6(b) Advisory Committee Notes, 1985 Amendment ("Under the current version of the Rule, parties bringing motions under rules with 10-day periods could have as few as 5 working days to prepare their motions. This hardship would be especially acute in the case of

1

Rules 50(b) and (c)(2), 52(b), and 59(b), (d), and (e), which may not be enlarged at the discretion of the court.") (emphasis added); Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 230 (2d Cir. 2000) ("Rule 6(b) makes the ten-day limitation jurisdictional so that the failure to make a timely motion divests the district court of power to modify the trial verdict.") (emphasis added).

Likewise, Rules 50(b) and 59(b) provide that a party seeking judgment as a matter of law or a new trial must file its motion no later than 10 days after entry of judgment.  Rule 59(c) also provides that a party opposing a motion for a new trial on the basis of affidavits "has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days . . .," for a total opposition time period of 30 days, which is consistent with plaintiff's request for an extension until March 24, 2006.  Thus, other than the restrictions provided in Rule 59(c) as to the filing of opposition briefs, no other Rule appears to limit the Court's authority to grant plaintiff's requested extension.

The Court has considered defendant's other arguments and finds them insufficient to justify denying plaintiff's Motion and concludes that plaintiff's claims of cause, including the length and scope of Fisher-Price's oversized brief, justify the short extension requested.  Thus, for the foregoing reasons,

plaintiff's Motion for extension of time for the filing of its opposition brief until March 24, 2006 is granted.

                                    IT IS SO ORDERED.

                                /s/
                           Janet Bond Arterton
                           United States District Judge

**Dated at New Haven, Connecticut this 3rd day of March, 2006.**