UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR G. REILING ASSOCIATES and
DESIGN INNOVATION, INC.,                    :
                                            :
                        Plaintiffs          :
                                            :
            v.                              :        CIVIL NO. 303CV222(JBA)
                                            :
FISHER-PRICE, INC.                          :
                                            :
                        Defendant.          :        APRIL 10, 2006
                                            :


MEMORANDUM IN SUPPORT OF FISHER-PRICE'S
MOTION TO CANCEL DISGORGEMENT HEARING


**TYLER COOPER & ALCORN, LLP**
Robert W. Allen
Jacqueline D. Bucar
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906

**MILBANK, TWEED, HADLEY &**
**MCCLOY LLP**
William E. Wallace III, Esq.
Jay I. Alexander, Esq.
International Square Building
1850 K Street, N.W., Suite 1100
Washington, D.C.  20006

**HODGSON RUSS LLP**
Robert J. Lane, Jr.
Jodyann Galvin
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391

**KENYON & KENYON LLP**
Charles A. Weiss
Richard L. DeLucia
Jeffrey M. Butler
One Broadway
New York, NY  10004

## TABLE OF CONTENTS

Page

Preliminary Statement.................................................................................................................1

Argument ......................................................................................................................................3

    I.      NEW YORK LAW DOES NOT RECOGNIZE DISGORGEMENT AS A
           REMEDY FOR <u>MISAPPROPRIATION OR UNFAIR COMPETITION</u>............3

    II.     DEFENDANT'S PROFITS MAY BE USED AS A MEASURE OF
           DAMAGES ONLY WHERE THE PLAINTIFF WOULD HAVE MADE
           THE SALES AND EARNED THE PROFITS MADE <u>BY DEFENDANT</u>...........6

    III.    DI'S ACTUAL LOSS HAS ALREADY <u>BEEN DETERMINED BY THE</u>
           <u>JURY</u>............................................................................................................12

    IV.    THE AUTHORITY PREVIOUSLY CITED BY DI TO SUPPORT
           DISGORGEMENT <u>DAMAGES IS INAPPOSITE</u>...............................................14

Conclusion .................................................................................................................................17

i

## Preliminary Statement

Fisher-Price, Inc. ("Fisher-Price") submits this memorandum in support of its motion to cancel the evidentiary hearing to determine whether plaintiff Design Innovation, Inc. ("DI") is entitled to an award of Fisher-Price's profits on the Rescue Heroes products that were the subject of the February 6, 2006 jury verdict. Because there is no set of facts consistent with the undisputed facts established at trial that could entitle DI to an award of Fisher-Price's profits, it would be a waste of the Court's and the parties' resources to proceed with a multi-day evidentiary hearing with only one result possible under the controlling law: judgment that DI is not entitled to an award of Fisher-Price's profits.

As discussed below, New York law prohibits disgorgement of defendant's profits as a remedy in misappropriation and unfair competition cases. Instead, the proper measure of damages is plaintiff's actual loss — *i.e.*, the profits the plaintiff would have earned if not for the defendant's wrong.

There are specific and limited circumstances where New York courts have utilized defendant's profits as a reasonable approximation or measure of plaintiff's lost profits. New York caselaw is clear that this is permissible *only* where: (1) the plaintiff shows that it would have made all of the accused sales if not for the defendant's wrongful conduct; and (2) it is reasonable to assume that plaintiff would have earned the same profit as defendant on those sales. In these specific and limited circumstances, defendant's profits operate as a measure of plaintiff's actual loss; they are not awarded as "disgorgement" in the sense of requiring a defendant to give up "wrongful" gains.

2

Here, the record at trial was undisputed that DI is not a competitor in the toy industry and that it would not have made any of the sales made by Fisher-Price under any circumstances. DI has no manufacturing capability, no marketing capability, no distribution capability, and no right to use for itself Fisher-Price's distinct Rescue Heroes line of toys. DI claimed that the Reel Heroes concept was presented to Fisher-Price (through Victor Reiling Associates) in the hope that Fisher-Price would license it and pay a royalty. Its witnesses testified that this was DI's business model and was standard practice in the toy industry. (Tr. 773:22-776:4, 965:7-966:23). DI's expert, James Kipling, testified at trial that the Reel Heroes concept was an idea of "specific applicability" — intended only for use with Fisher-Price's Rescue Heroes. (Tr.1339:14-1340:21). If Fisher-Price were not to license the Reel Heroes concept in return for a royalty, DI would make nothing.

DI does not claim that the profits Fisher-Price earned on the products at issue are a reasonable measure of — or have any relation to — the profits DI would have earned "but for" Fisher-Price's alleged "wrongful" conduct. Instead, DI claimed at trial that its actual losses were the royalties it would have received if it had negotiated a formal license agreement for use of the Reel Heroes concept. In these circumstances, an award of Fisher-Price's profits to DI is barred as a matter of law.

Accordingly, the evidentiary hearing scheduled for May 1-5 should be cancelled, and the only remaining task for the Court is to rule on Fisher-Price's motion for judgment as a matter of law.

3

## Argument

### I.   NEW YORK LAW DOES NOT RECOGNIZE DISGORGEMENT AS A REMEDY FOR MISAPPROPRIATION OR UNFAIR COMPETITION

The concept of requiring a defendant to disgorge its profits as a remedy for

misappropriation/unfair competition has been accepted by certain state courts other than New

York (mainly states that have adopted the Uniform Trade Secrets Act), as well as federal courts

applying the specific remedial provisions of the Copyright Act and the Lanham Act. These

courts recognize that disgorgement is not a compensatory measure of damages; it is justified as a

deterrent to future acts of misappropriation/unfair competition, or as providing punishment.[1]  In

contrast, New York (which has *not* adopted the Uniform Trade Secrets Act) does not seek to

achieve deterrence by awarding disgorgement damages in such cases — that purpose is served

by punitive damages awards.[2]  Consequently, New York law does not recognize "disgorgement"

of defendant's profits as an available remedy for unfair competition or misappropriation.

---

[1]   See *Jet Spray Cooler, Inc. v. Crampton*, 377 Mass. 159, 170 (1979); *Julius Hyman & Co. v. Velsicol Corp.*, 123 Colo. 563, 624 (Colo. 1951); *Monsanto Chem. Co., v. Perfect Fit Prods. Mfg. Co.*, 349 F.2d 389, 396-97 (2d Cir. 1965) (recognizing that deterrence is a main purpose of the provision under the Lanham Act providing for disgorgement of defendant's profits), *cert. denied*, 383 U.S. 942 (1966); *ASA Music Prods. v. Thomsun Elecs.*, 1998 U.S. Dist. LEXIS 22362, at *26-27 (S.D.N.Y. Sept. 29, 1998) (*"the need for deterrence"* argues in favor of disgorgement under the Copyright Act).

[2]   See *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 136, 146 (S.D.N.Y. 2000) (explaining the difference between the jury's award of defendant's profits under the Lanham Act and under New York common law, and finding that under the Lanham Act, such profits may be awarded *"in order to deter* [defendant] from infringing [plaintiff's] trademark in the future" but that "[t]he jury could not have used this same rationale in awarding [defendant's] profits under New York law, because *New York law achieves deterrence through punitive damages,* which were not at issue in this case") (emphasis added).

4

In *Suburban Graphics Supply Corp. v. Nagle*, 5 A.D.3d 663, 666, 774 N.Y.S.2d 160, 163-64 (2d Dep't 2004), plaintiff asserted claims of unfair competition and misappropriation involving confidential customer information. In that context, the court noted: "[t]he measure of damages for 'unfair competition and the misappropriation and exploitation of confidential information is the loss of [plaintiff's] profits sustained by reason of the improper conduct,' . . . *not the profits received by the defendants*" (emphasis added). Ruling that the proper measure of damages is "limited to lost profits [of plaintiff] resulting from the defendant's actual diverting of customers," the court specifically rejected "the profits received by the defendants" as an available measure of damages. 5 A.D.2d at 666, 774 N.Y.S.2d at 163-64. The court awarded damages based on the profits the plaintiff would have earned on sales lost due to defendant's wrongful conduct. *Id.*

The rule articulated by the court in *Suburban Graphics* has been consistently applied by courts at all levels in New York:

- *McRoberts Protective Agency, Inc. v. Lansdell Protective Agency, Inc.*, 61 A.D.2d 652, 655, 403 N.Y.S.2d 511, 513-14 (1st Dep't 1978) (affirming the trial court's decision to the extent that it computed the plaintiff's damages based on "the amount which the plaintiff would have made except for the defendant's wrong, . . . *not the profits or revenues actually received or earned by [defendant]*") (emphasis added).

- *Conviser v. J.C. Brownstone & Co.*, 209 A.D. 584, 592, 205 N.Y.S. 82 (2d Dep't 1924) ("*It is not what profit, if any, the wrongdoer made* [that is the measure of damages in an unfair competition case]—it is the profit the lawful owner would have made if his property had not been stolen") (emphasis added).

- *Michel Cosmetics, Inc. v. Tsirkas*, 282 N.Y. 195, 202 (1940) ("[T]he burden is on [the plaintiff in a misappropriation case] to prove by

5

        competent and sufficient evidence his lost sales, or that he was compelled
        to reduce prices as the result of his competitor's wrongful conduct").

- *Allan Dampf, P.C. v. Bloom*, 127 A.D.2d 719, 720, 512 N.Y.S.2d 116 (2d
  Dep't 1987) ("[T]he proper measure of damages for unfair competition
  and the misappropriation and exploitation of confidential information is
  the loss of [plaintiff's] profits sustained by reason of the improper
  conduct").

- *E. W. Bruno Co. v. Friedberg*, 21 A.D.2d 336, 341, 250 N.Y.S.2d 187,
  192 (1st Dep't 1964) (reversing an award of defendant's profits; "[t]he
  reparation to which plaintiff is entitled [in a misappropriation/unfair
  competition case] is the amount of loss sustained by it, including
  opportunities for profit on the accounts diverted from it through
  defendants' conduct. In other words, so far as profits are concerned, what
  is to be ascertained by the Referee is the amount which the plaintiff would
  have made except for the defendant's wrong") (citations omitted).

*See also Santa's Workshop v. Sterling*, 2 A.D.2d 262, 267, 153 N.Y.S.2d 839, 845 (3d Dep't

1956), (reversing an award of defendant's profits; "[t]he basic rule of damage in a case of unfair

business competition is the amount which the plaintiff would have made except for the

defendant's wrong"), *aff'd*, 3 N.Y.2d 757, 163 N.Y.S.2d 986 (1957); *Ronson Art Metal Works,

Inc. v. Gibson Lighter Mfg. Co.*, 3 A.D.2d 227, 232, 159 N.Y.S.2d 606, 611 (1st Dep't 1957)

(reversing an award of defendant's profits; "[t]he basic rule of damages in a case of unfair

competition is the amount which the plaintiff would have made, except for the defendant's

wrong"); *American Elecs., Inc. v. Neptune Meter Co.*, 33 A.D.2d 157, 159, 305 N.Y.S.2d 931,

934 (1st Dep't 1969) ("the basic rule of damage in a case of unfair business competition is the

amount plaintiff would have made except for the wrongful acts of defendant"); *Hertz Corp. v.

Avis, Inc.*, 106 A.D.2d 246, 251, 485 N.Y.S.2d 51, 54 (1st Dep't 1985) ("The law appears to be

reasonably clear in New York that in an unfair competition case a plaintiff is entitled to recover

as damages the amount of loss sustained by it, including opportunities for profit on the accounts

6

diverted from it through defendants' conduct") (citations omitted); *Electrolux Corp. v. Val-Worth, Inc.*, 6 N.Y.2d 556, 571, 190 N.Y.S.2d 977, 990 (1959) (reversing an award of defendant's profits in an unfair competition case and ruling "that the measure of damages would be any loss in business which can be traced directly to respondents'" wrongful conduct).

## II.    DEFENDANT'S PROFITS MAY BE USED AS A MEASURE OF DAMAGES ONLY WHERE THE PLAINTIFF WOULD HAVE MADE THE SALES AND EARNED THE PROFITS MADE BY DEFENDANT

Where New York cases have recognized the possibility of an award of damages measured by defendant's profits, courts have limited such awards to a specific set of circumstances. In *Hertz Corp. v. Avis, Inc.*, the court indicated that defendant's profits have on occasion been used as a measure of damages in unfair competition cases, but noted that this has been applied *only* in circumstances where it was a reasonable methodology for measuring the amount of *plaintiff's* lost profits. *See* 106 A.D.2d at 251, 485 N.Y.S.2d at 54 ("The accounting for [defendant's] profits in such cases is not in lieu of [plaintiff's] damages but is the method of computing [plaintiff's] damages"; "Avis' profits . . . would be relevant only as a measure of Hertz' lost profits"). Other New York courts have made the same observation.[3]

---

[3]     *See Gidatex, S.r.L.,* 82 F. Supp. 2d at 146 ("Under New York law, a jury awards a defendant's profits under the theory that a plaintiff is entitled to recover as damages the amount of loss sustained by it, including opportunities for profit on the accounts diverted from it through defendants' conduct"; making clear that when defendant's profits are awarded as a remedy for unfair competition under New York law, it is only as a measure of plaintiff's actual losses based on sales which would have gone to plaintiff) (citations omitted); *Ronson Art Metal Works*, 3 A.D.2d at 230, 159 N.Y.S.2d at 609 (recognizing that defendant's profits are an available damages measure only where the unfair competition operated to divert sales plaintiff would have made; "[t]he accounting for profits under such circumstances is not in lieu of nor an alternate measure of damages, but is a method of computing [plaintiff's] damages"); *Biltmore*

Footnotes continued on next page.

7

Thus, New York law has remained faithful to the principle that the purpose of monetary damages is solely to compensate the plaintiff for loss actually suffered; not to deter or punish.[4] Under New York law, defendant's profits are not awarded for the purpose of punishing the defendant or requiring it to give up or "disgorge" what it has obtained through tortious conduct; instead, defendant's profits are used only to measure *plaintiff's* losses under circumstances where such defendant's profits are causally related to and are a reasonable approximation of plaintiff's losses. In New York, unlike in other jurisdictions, defendant's profits may be used only as purely *compensatory measure* of plaintiff's actual losses.

---

Footnotes continued from previous page.

*Publ'g Co. v. Grayson Publ'g Corp.*, 272 A.D. 504, 507, 71 N.Y.S.2d 337, 339 (1st Dep't 1947) (stating that under New York law, an "accounting for profits is based upon the assumption and showing that the defendant . . . *unfairly competed in some way as to pre-empt business which would otherwise have gone to plaintiff.* The accounting for profits in such cases is not in lieu of damages *but is the method of computing damages*") (emphasis added); *E.W. Bruno Co.*, 21 A.D.2d at 341, 250 N.Y.S.2d at 192 (reversing award of defendant's profits where the record did not support "the trial court's assumption that the profits defendants made are necessarily a 'valid measure' of those plaintiff would have made").

[4] *See* 36 N.Y. JUR. 2D DAMAGES § 9 (2006) ("The fundamental principle of damages, whether the action is one for breach of contract or for a negligent act or omission, is fair and just compensation, commensurate with the loss or injury sustained from the wrongful act complained of. Unless the circumstances are such as to justify an award of punitive or exemplary damages, the injured party is entitled to indemnity for his or her loss, and no more. The plaintiff cannot hold the defendant liable for more than the actual loss which the defendant has inflicted by his or her wrong, and the plaintiff's recovery is limited to fair compensation and indemnity for the injury which he or she suffered."); *Reno v. Bull*, 226 N.Y. 546, 553 (1919) (stating, in an action for fraud and deceit, that "[t]he true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong" ); *Steitz v. Gifford*, 280 N.Y. 15, 20 (1939) (*"damages must be compensatory only"*) (emphasis added); *France & Canada S.S. Corp. v. Berwind-White Coal Mining Co.*, 229 N.Y. 89, 95 (1920) (recognizing, in a contract case, that "[i]t is elemental that damages cannot be recovered in excess of the actual damage sustained"); 36 N.Y. JUR. 2D DAMAGES § 8 ("Compensatory damages, as indicated by the word employed to characterize them, simply make good or replace the loss caused by the breach of contract or tortious conduct complained of."). *See also Gidatex, S.r.L.*, 82 F. Supp. 2d at 146.

8

Consistent with this rationale, New York courts have adopted a rule that defendant's profits are an available measure of damages *only* where the plaintiff and defendant are competitors and defendant's unfair competition or misappropriation diverted sales that plaintiff would otherwise have made. In those specific and limited circumstances, New York courts are willing to accept defendant's profits on the diverted sales as a reasonable measure of plaintiff's actual lost profits (*i.e.*, the profits plaintiff would have earned if not for defendant's wrongful conduct).[5] *Biltmore Publishing Co. v. Grayson Publishing Co.*, 272 A.D. 504, 71 N.Y.S.2d 337 (1st Dep't 1947), is a seminal New York case considering the availability of an award of defendant's profits for misappropriation and unfair competition. The defendant was found liable for unfair competition and "breach of trust," having stolen a title for a book that had been proposed by plaintiff. The court rejected plaintiff's claim that it was entitled to recover defendant's profits on the accused book, because "[t]here [was] no showing that the sales made by defendant would otherwise have gone to plaintiff or that plaintiff's sales [had] been lessened by defendants' sales." 272 A.D. at 507, 71 N.Y.S.2d at 339. The court ruled that such an award is available only where the defendant "unfairly competed in some way as to pre-empt business that would otherwise have gone to plaintiff. The accounting for [defendant's] profits in such cases is not in lieu of damages but is the method of computing damages [*i.e.*, plaintiff's actual loss]." 272 A.D. at 507, 71 N.Y.S.2d at 339.

---

[5]    *Hertz*, 106 A.D.2d at 251, 485 N.Y.S.2d at 54 ("[defendant's] profits . . . would be relevant only as a measure of [plaintiff's] lost profits"). *See also* cases cited in footnote 3.