UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DESIGN INNOVATION, INC.,<br><br>                       Plaintiff,<br><br>- against -<br><br>FISHER-PRICE, INC.,<br><br>                       Defendant. | Index No.: 3:03 CV 222 (JBA)<br><br>June 22, 2006 |

### REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON DEFENDANT'S MOTION TO CANCEL DISGORGEMENT HEARING

Plaintiff, Design Innovation, Inc. ("DI"), respectfully submits its Reply Memorandum in Further Support of its Motion for Reconsideration of the Court's Ruling on Defendant's Motion to Cancel Disgorgement Hearing.

Despite Defendant's arguments to the contrary, DI is not arguing on its Motion for Reconsideration that its entitlement to disgorgement damages had already been determined by virtue of the Court's pre-trial rulings. (*See* Fisher-Price's Memorandum in Opposition to DI's Motion for Reconsideration, dated June 2, 2006 ("Def. Mem.") at 5-7). Nor is DI arguing that it was somehow "tricked" by the Court, as Defendant suggests. (*Id.* at 8-10). Instead, DI simply makes clear that going into the jury trial, based upon the pre-trial rulings, it had been determined that DI would have the right to argue disgorgement to the jury. During the jury trial, DI agreed to the Court's procedural solution regarding the supplemental expert report of DI's expert. Namely, as Defendant states in its opposition brief, DI agreed "to withdraw its claim of

disgorgement from the jury and have the Court act as trier of fact" on the disgorgement issue. This is precisely what DI agreed to. However, DI did not agree that its right to be heard on the disgorgement issue would be forfeit if the jury returned a verdict in DI's favor on the remaining theory of a reasonable royalty. To the contrary, it was expressly agreed that DI's right to proceed on disgorgement depended upon DI prevailing before the jury on the liability issue. Thus DI expected to have the same right to argue to the fact finder on a full record that disgorgement was the preferred remedy for the misappropriation and unfair competition claims.

Now, by virtue of the Court's Ruling on Defendant's Motion to Cancel Disgorgement Hearing, DI lost not only its right to argue disgorgement to the jury, but lost its entire right to present evidence regarding disgorgement damages to the Court during a bench trial. Therefore, by agreeing to the Court's procedural resolution on the expert issue, DI's legal position was changed from having the right to present the disgorgement issue to the jury and to argue that disgorgement was a preferable remedy to a royalty, to having no right to present the issue in any forum.

Defendant argues that DI has already had an opportunity to present all of its evidence on disgorgement to the Court during the jury trial. (Def. Mem. at 2, 4). However, this is simply not true. DI did not present any evidence regarding disgorgement damages during the jury trial. DI's damages expert, Alan Ratliff, did not even testify during the jury trial, and instead was reserved for the disgorgement phase of trial. Moreover, the only evidence that DI put into the record during the jury trial that was in any way related to disgorgement was financial documents which showed the accused sales of Defendant. Therefore, Defendant is simply wrong when it argues that the Court has heard all of the evidence with respect to disgorgement. Instead, the

2

Court's Ruling on Defendant's Motion to Cancel Disgorgement Hearing has ensured that this evidence will not be heard.

Defendant argues that DI lost its right to present evidence regarding disgorgement due to its own violation of the Federal Rules of Civil Procedure and the Court's scheduling order regarding the filing of expert reports. Defendant argues that the supplemental report of DI's expert was untimely. However, Federal Rule of Civil Procedure 26(e)(1) obligates a party to supplement its disclosures, including its expert disclosures, when "the party learns that in some material respect the information disclosed is incomplete or incorrect."

In this case, trial was about to commence and Defendant had not provided a reasonable basis for the calculation of disgorgement damages, despite its obligation to prove deductions from sales under the relevant case law and despite serving a supplemental report of its own expert that failed to address this issue on December 17, 2005. In view of these facts, Plaintiff's expert served a supplemental expert report attempting to provide a rational basis for approximating disgorgement damages on January 3, 2006, even though it was not Plaintiff's burden to do so. Plaintiff should not be penalized for attempting to provide a realistic approximation of disgorgement damages when Defendant utterly failed to meet its burden of proof.

Finally, Defendant places undue significance on the argument that DI did not manufacture, market or sell toys and therefore, could not under any circumstances, have earned the profits that Defendant earned on the sale of the accused products. (Def. Mem. at 7). Of course, such an argument ignores the fact that Fisher-Price could not under any circumstances have earned the profits it earned on the sale of the accused products without stealing the idea for

3

the accused products from DI. Notably, at trial, the jury found that Fisher-Price had misappropriated DI's novel concept in bad faith.

DI's principal, Bruce Popek, testified that although the Reel Heroes concept was intended specifically for Fisher-Price's Rescue Heroes line of action figures, it could have been adapted for other product lines by other manufacturers, had Defendant not misappropriated it. (Tr. at 806-08; 905-06). The compensation that DI would have received was not necessarily a reasonable royalty, as a toy company has the option to purchase an idea for a lump-sum payment. (Tr. at 651, 831; JX 10 ¶ 7). In addition, had Defendant not misappropriated the concept, it is also possible that DI could have reached an agreement with another company which would have resulted in a portion of the profits being paid to DI. Therefore, the reasonable royalty that Fisher-Price would have paid had it acted honorably under the Option Agreement does not necessarily equal DI's lost profits. Moreover, such reasoning ignores the fact that DI had to spend more than three years of its time and substantial legal and expert fees to vindicate its rights.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its Ruling on Defendant's Motion to Cancel Disgorgement Hearing and proceed with the trial on disgorgement damages at the earliest convenient date.

Dated: June 22, 2006

                Respectfully Submitted,

                GRIMES & BATTERSBY, LLP

                By: _____
                Gregory J. Battersby (Bar No. 7386)
                Edmund J. Ferdinand, III (Bar No. 21287)
                Russell D. Dize (Bar No. 23064)
                Susan M. Schlesinger (Bar No. 26625)
                488 Main Avenue, Third Floor
                Norwalk, Connecticut 06851-1008
                (p) (203) 849-8300
                (f) (203) 849-9300

                SANDAK HENNESSEY & GRECO, LLP
                Jay H. Sandak, Esq.
                Peter M. Nolin, Esq.
                707 Summer Street
                Stamford, Connecticut 06901-1026
                (p) (203) 425-4200
                (f) (203) 325-8608

                Attorneys for Plaintiff
                Design Innovation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2006, a copy of the foregoing Reply Memorandum in Further Support of Plaintiff's Motion for Reconsideration of the Court's Ruling on Defendant's Motion to Cancel Disgorgement Hearing was served on all counsel of record below by U.S. Mail, First Class, postage prepaid, with a courtesy copy sent via electronic means to:

Jacqueline Bucar Esq.
Robert Allen, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510

Bradford S. Babbitt, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597

Robert J. Lane, Jr., Esq.
Jodyann Galvin, Esq.
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

William Wallace, Esq.
Milbank, Tweed, Hadley & McCoy-DC
1825 Eye St., N.W., Suite 900
Washington, DC 20006

_____
Russell D. Dize